72.     This claim is asserted against SCOR for common law fraud.

73.     Plaintiffs, without knowledge of material omissions by SCOR, and believing SCOR's statements to be true and complete, and in reasonable and justifiable reliance upon statements by SCOR, acquired an interest in SCOR's retrocessionaire, IRP.

74.     The following specific material misrepresentations or omissions were made by SCOR in the PPM and during Osouf's meeting with Highfields in November 2001, with the intent that Highfields would rely on them:

a.     Failed to disclose that SCOR had received a "massive upward revision" of losses and was in the midst of a thorough review of the accuracy of SCOR's prior financial accounts and projections;

b.     Failed to disclose that "negative factors" had emerged at the end of the 2001, including the need to boost SCOR's reserves by hundreds of millions of Euros;

c.     Failed to disclose that SCOR's true shareholders equity was not more than €1.3 billion but at least two-thirds (and possibly as much as 98%) less than represented;

d.     Failed to disclose that SCOR's had made grossly inadequate provision for its "legacy" business;

e.     Failed to disclose that SCOR was grossly under-reserved compared to its competitors in the industry;

f.     Failed to disclose that SCOR was about to make a series of announcements and financial restatements indicating that it had overstated its financial strength by more than two-thirds;

g.     Failed to disclose that SCOR was about to announce that its reserves were grossly inadequate;

h.     Failed to disclose that SCOR would not be able to maintain a high credit rating after announcing these losses and the inadequacy of its reserves;

i.     Failed to disclose that IRP's business and Highfields' investment would not be tied to an adequately reserved, high quality, AA- rated reinsurer that was engaged in selective underwriting and avoiding adverse selection;

j.     Failed to disclose that SCOR intended to assert that it had the right to block any revision to the QSA so as to prop up its ailing business;

21

k.      Failed to disclose that no matter how bad SCOR's financial condition became, SCOR would withhold relevant financial information and block any effort by IRP and Highfields to separate IRP from SCOR in search of better business.

75.     Patrick Thourot's November 3, 2003 representation that SCOR's financial position was improving and that a ratings upgrade was imminent was an additional material misrepresentation made by SCOR, with the intent that Highfields would rely on it, and part of SCOR's scheme to defraud Highfields. The representations were false in that Thourot failed to disclose that SCOR knew that on November 6, 2003, SCOR would announce a loss of €349 million for the nine months ending September 30, 2003, due primarily to its inadequate reserves.

76.     At the time the false statements and omissions by SCOR were made, SCOR knew them to be false.

77.     At the time of the false statements, misrepresentations and omissions, SCOR intended that the plaintiffs rely on them in deciding whether to acquire and maintain an interest in IRP.

78.     Plaintiffs justifiably relied to their detriment on the material false statements and omissions by SCOR. Had Plaintiffs known of the material misstatements and omissions by SCOR, Plaintiffs would not have acquired an interest in IRP.

79.     Plaintiffs, as a direct result of SCOR's material misstatements and omissions, have sustained damages for which SCOR is liable in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

80.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

81.     This claim is asserted against defendant for negligent misrepresentation.

22

82.    As described above, SCOR, in the course of business, made false representations of material facts and material omissions concerning the business and financial condition of SCOR, on which plaintiffs were intended to rely.

83.    SCOR knew or should have known that plaintiffs, as potential investors, would rely on such statements and omissions.

84.    SCOR failed to exercise reasonable care or competence in communicating this information to plaintiffs.

85.    Plaintiffs justifiably relied to their detriment on the false statements and omissions issued and disseminated by SCOR to plaintiffs.

86.    As a result of the foregoing, plaintiffs have sustained damages for which SCOR is liable in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Violation of Mass. Gen. Laws c. 93A, § 11)

87.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

88.    The transactions giving rise to this Complaint took place substantially and primarily within the Commonwealth of Massachusetts.

89.    Plaintiffs were, at all relevant times, engaged in trade or commerce in Massachusetts.

90.    SCOR was, at all relevant times, engaged in trade or commerce in Massachusetts.

91.    SCOR has committed unfair and deceptive acts and practices detailed above.

92.    SCOR used or employed these acts or practices in willful or knowing violation of Mass. Gen. Laws. c. 93A.

23

93.     As a direct result of the unfair and deceptive conduct of SCOR, plaintiffs

sustained monetary damages for which SCOR is liable in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs seek damages in an amount to be proven at trial and demand

judgment against defendant as follows:

1.    Compensatory damages in an amount to be proven at trial;

2.    Exemplary damages under Mass. Gen. Laws c. 93A, § 11;

3.    Prejudgment interest;

4.    The costs of investigation and suit;

5.    Reasonable attorneys' fees; and

6.    Such other relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.


Dated: Boston, Massachusetts
       March 31, 2004


                    FOLEY HOAG LLP


                    _____
                    Lisa C. Wood, BBO# 543811
                    Ian J. McLoughlin, BBO# 647203
                    Seaport World Trade Center West
                    155 Seaport Boulevard
                    Boston, MA 02210-2600
                    Tel: (617) 832-1000
                    Fax: (617) 832-7000

                    Attorneys for Plaintiffs


24

Of Counsel:

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Tel:  (212) 455-2000
Fax:  (212) 455-2502