UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 23  A 11: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP,<br><br>Plaintiffs,<br><br>v.<br><br>SCOR, S.A.,<br><br>Defendant. | Civil Action No.  04-10624 MLW |

### EMERGENCY MOTION TO EFFECTUATE
### SERVICE THROUGH ALTERNATIVE MEANS

Pursuant to Federal Rule of Civil Procedure 4 and Article 10 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP hereby move that the Court allow service of the Summons and Complaint in this action upon Defendant SCOR, S.A. through a process agent appointed in France.  Plaintiffs seek to effectuate service in this manner because: 1) Plaintiffs are having difficulty serving Defendant, a French corporation, through the conventional method of service under the Hague Convention; and 2) Defendant has refused to accept service even though it received courtesy copies of the Complaint and Summons at the time of filing.  As further grounds, Plaintiffs state as follows:

1.    Plaintiffs' efforts to serve Defendant formally have thus far not been successful. Plaintiffs filed the Complaint on March 31, 2004.  Immediately thereafter, Plaintiffs began the process of effectuating service through the Central Authority of France -- the principal mechanism for service under the Hague Convention.  See Federal Rule of Civil Procedure 4(h) and 4(f)(1); Hague Convention, Articles 2 through 6.  Plaintiffs' efforts through France's Central

Authority have yet to result in effective service.

2.   Although Defendant received courtesy copies of the Summons and Complaint at the time of filing, which were forwarded to Defendant's counsel, Defendant has adamantly refused to accept service.  On March 31, 2004 -- the date the Complaint was filed -- Plaintiffs e-mailed courtesy copies of the Complaint and Summons to Defendant, who in turn acknowledged receipt of same on April 1, 2004.  Shortly thereafter, the undersigned counsel contacted Garth Bray of Sullivan & Cromwell's London office, who Plaintiffs knew to represent Defendant, by telephone and left a voice-mail advising him of the action, offering to send a copy of the Complaint, and inquiring whether Sullivan & Cromwell would accept service of the Complaint.  On April 13, 2004, James H. Carter of Sullivan and Cromwell's New York City office returned the call.  During this call, Mr. Carter stated that: 1) he would be representing Defendant in this matter; 2) he did not need a copy of the Complaint because he already had one; and 3) Defendant would not accept service.

3.   Because the Central Authority of France has yet to effectuate service, and because Defendant has refused to accept service, Plaintiffs seek to effectuate service through a process agent appointed in France, also known as a huissier de justice.  The Federal Rules of Civil Procedure permit service upon a corporation in a foreign country by "means not prohibited by international agreement as may be directed by the Court."  Fed. R. Civ. P. 4(f)(3); 4(h).  Article 10 of the Hague Convention permits several methods of service other than service through the State of destination's Central Authority, so long as the State of destination does not object.  Article 10(c) in particular permits service through a process agent appointed in the State of destination.  Article 10(c) reads, in relevant part, as follows:

> provided the State of destination does not object, the present Convention shall not interfere with . . .

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

At least three federal cases uphold service pursuant to either Article 10(c), or Article 10(b), a similar provision. United States v. Islip, 18 F. Supp. 2d 1047, 1054-58 (CIT 1998); Tax Lease Underwriters, Inc. v. Blackwall Green, Ltd., 106 F.R.D. 595, 596-97 (E.D. Mo. 1985); Tamari v. Bache & Co., 431 F. Supp. 1226, 1228-29 (N.D. Ill. 1977). French counsel has advised that France allows service pursuant to Article 10(c). Because service under Article 10(c) is more than likely to provide Defendant reasonable notice of the Complaint and Summons (especially in light of the fact that Defendant and its counsel already have actual notice), the Court should authorize such method of service.

4. Plaintiffs have served a courtesy copy of this motion upon counsel for Defendant by facsimile, even though such counsel has not yet entered an appearance in this matter.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court allow service of the Summons and Complaint in this matter by a process agent appointed in France.

FOLEY HOAG LLP

Lisa C. Wood, BBO# 543811
Ian J. McLoughlin, BBO# 647203
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000

Attorneys for Plaintiffs

- 4 -

Of Counsel:

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502