UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------   X
Highfields Capital Ltd., Highfields               :
Capital I LP, Highfields Capital II LP,           :
                                                  :
                        Plaintiffs,               :   Case No. 04-10624 (MLW)
            v.                                    :
                                                  :
SCOR, S.A.,                                       :
                                                  :
                        Defendant.                :
------------------------------------------------   X
```

## AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS OR STAY

CITY OF DUBLIN )
                ) ss.:
IRELAND         )

        Conor McDonnell, being duly sworn, deposes and says:

    1.    I am a Partner in the law firm of Arthur Cox which has its principal place of business in Dublin, Ireland. I was admitted as a solicitor in Ireland in 1988 and I practice in the field of Commercial Litigation

    2.    Arthur Cox are the solicitors on record for SCOR, S.A. ("SCOR") in proceedings brought in the High Court of Ireland (2003 No. 576 Cos.) by Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP and Highfields Capital SPC (collectively, "Highfields") against SCOR (the "Irish Action"). SCOR is also represented by Paul Gallagher, Senior Counsel and David Barniville, Junior Counsel.

    3.    Highfields commenced the Irish Action on 1 December 2003 by issuing a Petition out of the High Court in Dublin. A copy is attached as Exhibit A.

4.     Highfields' claims in this action were elaborated in the 2 December 2003 Affidavit of Richard Grubman, the Managing Director of Highfields.  A copy is attached as Exhibit B (without the exhibits referred to).

5.     A schedule for the exchange of pleadings and the completion of certain procedural steps required prior to fixing a trial date was established by the High Court at an Initial Directions Hearing on 12 January 2004.  A copy of the Schedule is attached as Exhibit C .

6.     On 26 January 2004 SCOR filed the Affidavit of Denis Kessler, the Chairman and Chief Executive Officer of SCOR.  A copy is attached as Exhibit D (without the exhibits referred to).

7.     In purported compliance with the schedule set out on 12 January, Highfields delivered on 9 February 2004 a Points of Claim document.  However, following an exchange of correspondence in which SCOR alleged that the Points of Claim delivered failed to define adequately the case being made by Highfields, SCOR subsequently brought a motion to the High Court seeking to compel Highfields to deliver appropriate Points of Claim.  That motion was heard before the High Court on 29 March 2004, and the High Court made an Order striking out the initial Points of Claim, compelling Highfields to deliver Points of Claim in proper form.  A copy of the Order is attached as Exhibit E.

8.     Highfields duly delivered revised Points of Claim in compliance with this Order on 7 April 2004.  A copy is attached as Exhibit F.

9.     SCOR subsequently delivered its Points of Defence and Counterclaim on 6 May 2004.  A copy is attached as Exhibit G.

NY12525:351545.1

10.    The discovery process has commenced in the Irish Action.  On 3 June 2004 Highfields served a request for voluntary discovery.  A copy is attached as Exhibit H.

11.    SCOR served its request for voluntary discovery on 4 June 2004.  A copy is attached as Exhibit I.

12.    Highfields confirmed the categories of documentation in respect of which it is prepared to provide discovery by letter dated 17 June 2004.  A copy is attached as Exhibit J.

13.    SCOR intends to provide a substantial part, but not all, of the discovery requested as there are issues as to the relevance of certain of the documents requested and SCOR has also been advised and believes that the way in which many of the requests have been framed is inappropriate and oppressive and certain unnecessary documentation is sought.  Highfields have now brought a Motion to the High Court seeking this documentation, and this is listed for hearing on 5th July.  It is likely that the Motion will be adjourned on this date to a date later in July to allow SCOR to set out its position to the Court.  A copy of the Motion (without the Grounding Affidavit referred to) is attached as Exhibit K.

14.    The High Court does not sit for hearing from the end of July until the first Monday in October, except in matters of urgency.  SCOR expects that the parties will endeavour to complete the discovery process in the Irish Action in the next number of months.  Following a review of the discovery, Counsel for both sides will consider what remaining steps, if any, need to be taken to prepare the case for trial.  Once Counsel certifies that the case is ready for trial it will be placed in a High Court List to Fix Dates.  The hearing of the List to Fix Dates occurs once in each legal term (there being four legal terms in a year) at which time application is made to the High Court for the allocation of a trial date.  As things stand, SCOR believes and has been

-3-

advised by its Irish Counsel that it is likely that such an application can be made before the end of 2004 for a hearing in early 2005.

15.    The hearing in the Irish Action will proceed with oral evidence from witnesses who will be examined by their own Counsel, cross-examined by the Counsel for the other side and possibly re-examined by their own Counsel.  At the end of the evidence, there will be legal submissions from both sides.  The hearing will take place before a single Judge of the High Court, who will determine all issues.  An appeal may be taken from the High Court to the Supreme Court.

16.    The High Court of Ireland has considerable expertise and sophistication in dealing with issues similar to those arising in the Irish Action during more than 40 years since the Irish Companies Act of 1963 was introduced.  Candidates for appointment must be qualified Irish lawyers of considerable expertise and experience in the practice of law in Ireland.  Appointments are made by the Government from a list of suitable candidates submitted by the Judicial Appointments Commission which was set up in 1996.

Sworn by the said **CONOR McDONNELL**
this \ day of July 2004
at _Oúc Earlsfort Cútrue_
in the County of the City of Dublin
before me a Commissioner for Oaths
/Practicing Solicitor  and I know the
Deponent.

_Conor McDonnell_
**CONOR McDONNELL**

**COMMISSIONER FOR OATHS**
**PRACTISING SOLICITOR**

-4-