IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Highfields Capital Ltd., Highfields Capital I LP, )
Highfields Capital II LP, )
)
        Plaintiffs, )
)
v. ) Civil Action No.
) 04-10624-MLW
SCOR, S.A., )
)
        Defendant. )
)

## AFFIDAVIT OF LAURENCE K. SHIELDS

CITY OF DUBLIN  )
                : ss.
IRELAND  )

Laurence K. Shields, being duly sworn, deposes and says:

1. I am the senior partner of LK Shields Solicitors in Dublin, Ireland. I have been practicing law in Ireland since 1972. My practice is devoted primarily to corporate law and corporate litigation.

2. LK Shields Solicitors are the solicitors on record for Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP and Highfields Capital SPC ("Highfields") in proceedings they have brought in the High Court of Ireland (2003 No. 576 Cos.) against SCOR, S.A.

3. On December 1, 2003, Highfields commenced the Irish proceedings under Section 205 of the Companies Act of 1963. The Companies Act concerns the corporate

governance of Irish companies. Section 205 allows the Irish High Court to issue orders in relation to the protection of minority shareholders.

4. In the Irish proceedings, Highfields has petitioned the High Court for relief related to the conduct of the affairs of IRP Holdings Limited ("IRP"), beginning on January 1, 2002 and continuing through the present. Highfields seeks relief because IRP is being managed in a manner that is oppressive to Highfields and in disregard of Highfields' interests as a shareholder of IRP. The forms of relief sought by Highfields include, inter alia, an order that the affairs of IRP are being conducted in a manner oppressive to Highfields, an order that the affairs of IRP are being conducted in disregard of the interests of Highfields, an order directing that the Quota Share Agreement be terminated, an injunction that the Funds Withheld Arrangement be terminated and in the alternative an order that IRP be dissolved. Highfields has not sought damages in the Irish proceedings because the Irish Supreme Court has ruled that damages are not available to a petitioner under Section 205. In particular, Highfields has not asserted a claim against SCOR for damages arising out of SCOR's misrepresentations that took place prior to January 1, 2002, which I understand are at issue in this Massachusetts proceedings.

5. On May 6, 2004, SCOR delivered its "Points of Defence and Counterclaim" in the Irish proceedings. The purpose of the Points of Defence in the Irish proceedings is to deny matters put in issue by a petitioner. SCOR's Points of Defence includes denials of certain matters that were not raised in Highfields' claim in the Irish proceedings. It is not ordinarily appropriate for a party to deny matters in its Points of Defence that have not even been raised by the petitioner in the action and do not form part of the underlying claim. Accordingly, Highfields has moved to dismiss SCORs points of defence. The Irish High Court will not hear the motion until after it returns from summer vacation on October 4, 2004.

6. In its Counterclaim, SCOR seeks to obtain a declaration that there were no misrepresentations made by SCOR that induced Highfields to invest in IRP. By doing this SCOR is responding to an issue which was not part of Highfields claim. Similarly, the counterclaim asserted by SCOR refers to the fact that there were no misrepresentations by SCOR that induced petitioners to invest in IRP thus also responding to an issue which was not part of Highfields claim. The counterclaim itself does not make any clear assertions and itself appears predicated on the denials of the non-existent assertions. Accordingly, Highfields have moved to dismiss the counterclaim. The Irish High Court will not hear the motion until after it returns from summer vacation on October 4, 2004.

7. Following the filing of the Points of Defence and Counterclaim by SCOR on the 6th May 2004 Highfields furnished SCOR with a request for voluntary discovery on the 3rd June 2004. SCOR furnished Highfields with a request for voluntary discovery on the 4th June 2004. By letter dated 17th June 2004 Highfields agreed to make discovery of the categories of documentation as requested by SCOR in their letter of 4th June 2004. By letter dated 7th July 2004 SCOR refused to make discovery of some of the categories of documentation as requested by Highfields. A copy of the Letter from Arthur Cox (SCOR's Irish solicitors) to my office, dated July 7, 2004, describing SCOR's position on discovery is annexed as Exhibit A. As a result of this refusal by SCOR to make discovery of certain of the documentation a motion for discovery was issued by Highfields on the 22nd June 2004. This motion is for mention before the High Court of Ireland on the 4th October 2004. On the 4th October 2004 the High Court will grant a date for the hearing of the motion for discovery.

Sworn by the said Laurence K. Shields on this 3rd day of August, 2004 at 19, Upper Mount Street in the County of the City of Dublin before me as a Commissioner for Oaths / Practicing Solicitor and I know the Deponent.

_____
COMMISSIONER FOR OATHS
PRACTICING SOLICITOR

_____
Laurence K. Shields

Exhibit "A" referred to in the affidavit of Laurence K Shields

Sworn on the 3rd day of August, 2004

_____
LAURENCE K SHIELDS

_____
COMMISSIONER FOR OATHS/PRACTISING SOLICITOR

# ARTHUR COX

EARLSFORT CENTRE, EARLSFORT TERRACE, DUBLIN 2
TEL +353 1 618 0000  FAX +353 1 618 0618  Dx 27 DUBLIN
mail@arthurcox.com   www.arthurcox.com

| BELFAST | LONDON | NEW YORK |
|---|---|---|
| CAPITAL HOUSE, 3 UPPER QUEEN STREET | 29 LUDGATE HILL | 570 LEXINGTON AVENUE, 28TH FLOOR |
| BELFAST BT1 6PU | LONDON EC4M 7JE | NEW YORK, NY 10022 |
| TELEPHONE +44 28 9023 0007 | TELEPHONE +44 20 7213 0450 | TELEPHONE +1 212 759 0808 |
| FAX +44 28 9023 3464 | FAX +44 20 7213 0455 | FAX +1 212 688 3237 |

OUR REFERENCE        YOUR REFERENCE

JM3/CMcD/no     4276-001/JC/MMcG/04061611
Direct Dial : 618 0460

7th July 2004

**DRAFT**
**BY FAX & POST - 661 0883**

RECEIVED
9 JUL 2004
LK S[...]
SOLIC[...]

L K Shields
Solicitors
39/40 Upper Mount Street
Dublin 2

Re:   **The High Court 2003 Record No. 576COS**
      **In the matter of IRP Holdings Limited and in the matter of the Companies Act,**
      **1963-2001**

Dear Sirs

We refer to your letter dated 3 June 2004 requesting voluntary discovery in these proceedings.

We believe that the request furnished is oppressive, ill founded and constitutes, in part, a fishing expedition on the part of Highfields. In places the discovery sought goes well beyond the issues in the litigation. The categories of documents are also so widely drawn that this request would result in the production of large volumes of unnecessary documentation. You will no doubt be aware of the efforts in recent years by the Courts to cure the problems which have been caused by wide-ranging and unnecessary discovery. In our view, the Highfields request, as formulated, will undoubtedly lead to those very problems including delay in the matter getting to trial, the incurring of huge unnecessary cost and the lengthening of the hearing time for the trial. These consequences should be avoided.

Categories 4 and 5 of the request particularly illustrate the problems. As the Claimant is well aware, SCOR is a French publicly quoted company operating in the international reinsurance market. The request as formulated in those categories, is for all documents from SCOR (and in some cases its subsidiaries) in relation to the following areas:

JAMES O'DWYER  DANIEL E. O'CONNOR  ROBERT BOLTON  JOHN V. O'DWYER  RONAN WALSH  DONOUGH CROWLEY  JOHN S. WALSH  MICHAEL MEGHEN  JOSEPH LEYDEN  WILLIAM JOHNSTON
EUGENE McCAGUE  NICHOLAS G. MOORE  DECLAN HAYES  DAVID O'DONOHOE  COLM DUGGAN  CARL O'SULLIVAN  ISABEL FOLEY  JOHN MEADE  CONOR McDONNELL
PATRICK McGOVERN  GRAINNE HENNESSY  SEAMUS GIVEN  COLIN BYRNE  CAROLINE DEVLIN  CIARÁN BOLGER  GREGORY GLYNN  DAVID FOLEY  STEPHEN HEGARTY

ARTHUR COX                                                                                    Page 2

(1) All financial information in relation to business written by SCOR for each calendar year beginning with the period to 31 December 2001.

(2) All information in relation to loss reserves for the same period to include prior year reserves, adequacy of reserves and establishment of revenues for the same period as (1) above.

(3) Reports of any regulatory authority.

(4) The financial strength and credit ratings of SCOR, its <u>subsidiaries and employees, officers and agents</u> (emphasis added) for the period six months prior to the investment by the Claimant in IRP and continuing to date.

(5) Presentations made to re-insurance intermediaries for the period six months prior to the incorporation of IRP to date.

(6) The type of business written by IRP and ceded from SCOR for the same period as (5) above.

These requests would, for discovery purposes, effectively encompass all documents within SCOR and would result in the review and most likely production of literally millions of documents. Further we do not consider that the request conforms with the Rules on discovery. In particular the categories of documents are vague and of a general nature. No real case has been made out to establish that the discovery of such documents is necessary for the fair disposal of the case, as that concept is now understood, nor will the discovery lead to a savings in time or costs. On the contrary these requests will inevitably result in very significant delay and enormous unnecessary costs.

We would also point out that parts of the request cannot be justified by reference to the pleadings in this matter. As drafted, it clearly represents a "fishing" exercise on the part of Highfields and/or an attempt to substantiate matters which have not been set out in the pleadings. Such matters include SCOR's dealings with rating agencies, with re-insurance intermediaries and with regulatory authorities, etc.

By way of example, the request is justified, among other things, on the basis that Highfields have made the case that SCOR held itself out as having "highly developed and reliable actuarial and record keeping systems for estimating and establishing loss of reserves". No such case is made out by Highfields. Similarly, there is a request for documents relating regulatory inquiries although again this does not arise on the pleadings.

Furthermore we fail to see the necessity or relevance of such wideranging categories of documentation concerning the day-to-day operations of SCOR over a four-year period prior to proceedings brought under Sections 205 and 213 of the Companies Acts.

In all the circumstances SCOR cannot agree to the discovery requested by Highfields. SCOR recognises, however, that discovery is appropriate and necessary in this case. Having

considered the issue carefully SCOR is prepared to provide discovery of the categories of documents listed below. The categories reflect largely the discovery sought by SCOR in the proceedings which Highfields has agreed to provide. We consider that the discovery offered is sufficient to deal with the issues in the proceedings.

Please note that references to the "Company" are to IRP Holdings Limited. References to the "Operating Company" are to Irish Reinsurance Partners Limited. References to "IRP" are to both entities collectively.

1. *All documents which pertain to or are relevant to the circumstances in which the Claimants were solicited to invest, or invested, at any point, in IRP in particular by virtue of the following agreements set out hereunder, including all documentation which may have influenced the Claimants decision to invest therein:-*

    (a) *The Shareholders Agreement executed by the parties on 28th December 2001 ("the Shareholders Agreement")*

    (b) *The Memorandum and Articles of Association of IRP and of IRP Holdings (the "Memorandum and Articles of Association")*

    (c) *The Private Placement Memorandum for IRP dated 31st December 2001 ("The Private Placement Memorandum")*

    (d) *The Quota Share Agreements between IRP and each of 10 SCOR companies ("The QSA's") executed in January 2002*

    (e) *A Subscription Agreement executed by each of the initial investors in IRP on 21st December 2001 ("the Subscription Agreement")*

    *Without prejudice to the generality of the foregoing, this includes all notes and memoranda made in connection with this investment, all drafts of the said Agreements, all notes of meetings held between the parties in connection with the said Agreements, all notes or minutes of meetings held by representatives of the Claimants, their servants or agents, between themselves and/or between the Claimants and their legal, commercial and professional advisers in respect of these Agreements.*

    The above documents will deal adequately with Categories 1-3 inclusive of your request.

2. *All documents which pertain to the sale of shares in IRP held by Banque Nationale de Paris ("BNP") and Compagnie Ottoman Financier ("COF") in 2002/2003 and in particular all documentation relating to the subsequent exercise of pre-emption rights in these shares by the Claimants and Respondent. All documents which pertain to the sale by Westdeutsche Landesbank Girozentrale ("WLG") in 2003 of its shares in IRP. Without prejudice to the generality of the foregoing, this category includes all documentation relating to the Claimants' request on 12 June 2003 for a pro rata allotment for the right of first refusal of WLG shares and a waiver or amendment to the prohibition under the Articles of Association of IRP which prohibit a US person owning 10% of the company shares.*

The above documents will deal adequately with Category 6 of your request.

3. *All documents which pertain to the "funds withheld" arrangement alleged in the Points of Claim, including without limitation all documents which pertain to the amendment of the QSA's in mid 2002 to provide for a "funds withheld" arrangement whereby the Respondent was, subject to certain conditions, entitled to withhold payment of unearned premium otherwise payable to IRP. This includes all documentation relating to the original implementation of the "funds withheld" arrangement and all subsequent documentation evidencing communications within the Claimant, and between the Claimant and IRP in respect of the operation of the "funds withheld" arrangement.*

   The above documents will deal adequately with Category 9 of your request.

4. *All documents which relate to any proposed reduction of the share capital of the Company including without limitation, all documents which pertain to the dispute between the Claimant and Respondent in relation to the proposed reduction of the share capital of the Company.*

   The above documents will deal adequately with Category 8 of your request.

5. *All documents which relates to any proposal to terminate the QSA's, including without limitation, the proposed termination of the QSA's in 2003/2004. All documents concerning the renewal of the QSA's for the year beginning 1 January 2004 to include documents relating to the risk associated with and the price of business written by the Respondent and ceded to IRP under the QSA's.*

   The above documents will deal adequately with Categories 4 and 5 of your request. The above documents will also deal adequately with Category 7 (to the extent that the category has not already been dealt with above).

We do not consider that Category 10 of your request relates to any issue disclosed on the pleadings in these proceedings, and our client will not be providing the documentation sought in that category.

We consider that the above discovery will provide Highfields with all relevant documentation to deal fully with the issues in these proceedings. Even allowing for the revised categories of documents set out above, discovery will still be a very considerable undertaking and we would suggest a period of 14 weeks for SCOR to complete the task.

Yours faithfully

*Arthur Cox*
ARTHUR COX