UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
Highfields Capital Ltd., Highfields Capital I LP, :
Highfields Capital II LP, :
:
                Plaintiffs, : Case No. 04-10624 (MLW)
    v. :
:
SCOR, S.A., :
:
                Defendant. :
:
------------------------------------------------------------ x

**DEFENDANT SCOR'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS OR STAY**

    Douglas R. Meal, BBO# 340971
    ROPES & GRAY LLP
    One International Place
    Boston, MA 02110-2624
    Tel: 617-951-7000
    Fax: 617-951-7050

    Counsel for Defendant SCOR

August 17, 2004

Of Counsel:
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: 212-558-4000
Fax: 212-558-3588

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

ADDITIONAL RELEVANT FACTS ......................................................................................1

I.     THE IRISH FORUM SELECTION CLAUSE
       SHOULD BE ENFORCED. ..................................................................................5

II.    THIS ACTION SHOULD BE DISMISSED OR STAYED
       BECAUSE IRELAND IS THE MORE CONVENIENT FORUM. ........................8

CONCLUSION...........................................................................................................................10

## TABLE OF AUTHORITIES

### CASES

*Bense* v. *Interstate Battery Sys. of America, Inc.*,
    683 F.2d 718 (2d Cir. 1982) ..................................................................................8

*Borden, Inc.* v. *Meiji Milk Prods. Co.*,
    919 F.2d 822 (2d Cir. 1990) ..................................................................................9

*Home Prods. Int'l-N. Am., Inc.* v. *Peoplesoft USA, Inc.*,
    201 F.R.D. 42 (D. Mass. 2001) ..............................................................................8

*Intel Corp.* v. *Advanced Micro Devices, Inc.*,
    -- U.S. --, 124 S. Ct. 2466 (Jun. 21, 2004) ..........................................................8

*Lambert* v. *Kysar*,
    983 F.2d 1110 (1st Cir. 1993) .............................................................................4, 7

*Manela* v. *Garantia Banking Ltd.*,
    940 F. Supp. 584 (S.D.N.Y. 1996) ................................................................... 9-10

*McAdams* v. *Mass. Mut. Life Ins. Co.*,
    Civ. No. 99-30284 (FHF), 2002 U.S. Dist. LEXIS 9944
    (D. Mass. May 15, 2002) .......................................................................................4

*Piper Aircraft Co.* v. *Reyno*,
    454 U.S. 235 (1981) ..............................................................................................9

*Rooney* v. *Biomet, Inc.*,
    63 F. Supp. 2d 126 (D. Mass. 1999) ......................................................................7

*Rooney* v. *Biomet, Inc.*,
    197 F.R.D. 209 (D. Mass. 2000) ............................................................................7

*Scottish Air Int'l, Inc.* v. *British Caledonian Group, PLC*,
    81 F.3d 1224 (2d Cir. 1996) ..................................................................................9

*Scherk* v. *Alberto-Culver Co.*,
    417 U.S. 506 (1974) ..............................................................................................8

*Shields* v. *Mi Ryung Constr. Co.*,
    508 F. Supp. 891 (S.D.N.Y. 1981) .......................................................................10

*Smith* v. *Lucent Technologies, Inc.*,
    Civ. No. 02-0481, 2004 WL 515769
    (E.D. La. Mar. 16, 2004) .......................................................................................7

*Stewart Org., Inc.* v. *Ricoh Corp.*,
   810 F.2d 1066 (11th Cir. 1987),
   *aff'd and remanded* 487 U.S. 22 (1988) ..........................................................................8

*Vermont Pure Holdings, Ltd.* v. *Descartes Sys. Group, Inc.*,
   140 F. Supp. 2d 331 (D. Vt. 2001) ...................................................................................7

## STATUTES

28 U.S.C. § 1782....................................................................................................................8

Fed. R. Civ. P. 12(b)(3) .........................................................................................................7

Fed. R. Civ. P. 12(b)(6) .........................................................................................................7

LONDON:228973.2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP, | : : : |
| Plaintiffs, | : Case No. 04-10624 (MLW) |
| v. | : |
| SCOR, S.A., | : : |
| Defendant. | : : |

---

### DEFENDANT SCOR'S REPLY MEMORANDUM
### OF LAW IN SUPPORT OF MOTION TO DISMISS OR STAY

The Plaintiffs in this action ("Highfields") and Defendant SCOR are the only two shareholders of Irish Reinsurance Partners Limited ("IRP"). Highfields has sued SCOR in the High Court of Ireland. At issue in that proceeding, among other things, is Highfields' reliance during the course of its investment decision on statements made by SCOR now alleged to be false. Apparently not content with the progress of that lawsuit, Highfields is now seeking to sue on overlapping issues in this Court, even though it could and should bring these same claims in an Irish court. SCOR requests that this action either be dismissed or stayed.

### ADDITIONAL RELEVANT FACTS

First, as is explained in the Reply Declaration of Conor McDonnell (cited herein as "McDonnell Reply Decl. ¶ __"), Highfields' action in the Irish High Court (the "Irish Action") is proceeding and continues to involve issues that overlap closely with those presented by Highfields in this Court.

The Irish Action is not at an "early stage." Rather, the pleadings have closed (an important step in Irish proceedings) and the discovery process is well underway. (McDonnell Reply Decl. ¶ 3.) The President of the High Court has appointed Ms. Justice Mary Laffoy as the judge to deal with all interlocutory applications in the proceedings, and it is also likely that she will hear the trial of the action. This appointment, on joint application of the parties, is an exceptional step, apparently recognizing the significance of the Irish Action. (McDonnell Reply Decl. ¶ 4.)

The parties are engaged in formal discovery proceedings in accordance with Irish law and practice. While the parties have not yet exchanged discovery materials, they have issued their discovery requests and engaged in negotiations regarding, and are compiling the documents that they intend to produce in response to, those requests (which, in Highfields' case are overly and unnecessarily broad). (McDonnell Reply Decl. ¶¶ 5-6.)

Contrary to Highfields' allegations here, SCOR is not objecting in Ireland to furnishing any financial information relevant to this dispute. Indeed, in a letter of July 7, 2004, SCOR agreed to provide the following information requested by Highfields:

> All documents which pertain to or are relevant to the <u>circumstances in which the Claimants were solicited to invest, or invested, at any point, in IRP</u> in particular by virtue of the following agreements set out hereunder, <u>including all documentation which may have influenced the Claimants decision to invest therein:</u>
>
> (a) The Shareholders Agreement executed by the parties on 28th December 2001 ("the Shareholders Agreement")

      (b)      The Memorandum and Articles of Association of IRP and IRP Holdings (the "Memorandum and Articles of Association")

      (c)      The Private Placement Memorandum for IRP dated 31st December 2001 ("The Private Placement Memorandum")

      (d)      The Quota Share Agreements between IRP and each of 10 SCOR companies ("The QSA's") executed in January 2002

      (e)      A Subscription Agreement executed by each of the initial investors in IRP on 21st December 2001 ("the Subscription Agreement")

> Without prejudice to the generality of the foregoing, this includes all notes and memoranda made in connection with this investment, all drafts of the said Agreements, all notes of meetings held between the parties in connection with the said Agreements, all notes or minutes of meetings held by representatives of the Claimants, their servants or agents, between themselves and/or between the Claimants and their legal, commercial and professional advisers in respect of these Agreements.

(Emphasis added.)

This discovery regarding the Highfields Subscription Agreement and the prior Private Placement Memorandum is precisely the documentation that would be the subject of discovery were there a separate action in Massachusetts. (McDonnell Reply Decl. ¶ 7.)

Highfields disputes, but ultimately cannot evade, the fact that the question of whether there were misrepresentations by SCOR that caused harm to Plaintiffs by inducing their investment in IRP is subject to an agreement governed by Irish law and is before the Irish Court as a result of SCOR's counterclaim for a declaration that there were no misrepresentations. [1] Highfields has moved to dismiss that counterclaim, which

---

[1]     Were the matter to be decided under U.S. law, the question of whether tort claims are to be governed by forum selection provisions depends on the intention of the

motion will be heard in due course by the Irish Court. Although Highfields has not made a claim for damages in the Irish Action, the Irish Courts are available to entertain such claims and proceedings, should Highfields choose to initiate them. (McDonnell Reply Decl. ¶ 8-9.)

Second, Plaintiffs do not – and cannot – contest the relevant facts that demonstrate that proceeding in this forum would not foster the convenience of the Court or the parties. Instead they attempt to rely on various irrelevancies. Seeking to imply that Massachusetts is a convenient forum, Plaintiffs make much of the fact that although it is a French company, SCOR has subsidiaries and shareholders in the United States. As is explained more fully in the Affirmation of Patrick Thourot, SCOR's Chief Operating Officer (cited herein as "Thourot Affirm. ¶ __"), a SCOR subsidiary named SCOR U.S. Corporation, a Delaware corporation headquartered in New York, conducts business in the United States. (Thourot Affirm. ¶¶ 3-4.) SCOR U.S. Corporation has subsidiaries, SCOR Reinsurance Company and SCOR Life Re, and SCOR Reinsurance Company in turn has a subsidiary named General Security National Insurance Company. SCOR

---

parties reflected in the wording of particular clauses and the facts of each case. Federal common law, as articulated by the United States Court of Appeals for the First Circuit, holds that contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties. Similarly, a choice of law provision should apply to non-contract claims where the basic source of any duty owed by defendants to the plaintiff is derived from the contractual relationship structured by the underlying agreement. *McAdams* v. *Mass. Mut. Life Ins. Co.*, Civ. No. 99-30284 (FHF), 2002 U.S. Dist LEXIS 9944, at *37-39 (D. Mass. May 15, 2002); *see also Lambert* v. *Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993). To hold otherwise would give Highfields license to evade their agreements to litigate in a specified forum by styling claims arising out of, or relating to, their contractual relationships as claims in tort.

Reinsurance Company and General Security National Insurance Company are located in New York, and SCOR Life Re is located in Texas. These three entities conduct business in Massachusetts. (Thourot Affirm. ¶ 4.)

However, none of this has anything to do with Highfields' Irish investment with the French company SCOR that is the party to this action, nor do the activities of separately incorporated subsidiaries have any relevance to the convenience of Massachusetts as a better forum than Ireland for this action. The prospective witnesses for SCOR are in France and possibly Ireland, not the United States.

## I.

## **THE IRISH FORUM SELECTION CLAUSE SHOULD BE ENFORCED.**

Highfields and SCOR entered into a Subscription Agreement, governed by Irish law, which Highfields now claims was induced by fraud. SCOR and Highfields then entered into a Shareholders Agreement, governed by Irish law, with a mandatory Irish court jurisdiction clause.[2] These parties, now the only two shareholders in IRP,

---

[2]   Highfields' characterization of the Shareholders Agreement significantly oversimplifies the relationship established between the parties by that Agreement. Indeed, the Shareholders Agreement contains provisions that bear specifically on the claims that Highfields is attempting to assert here. In particular, Highfields specifically acknowledged when it signed the Shareholders Agreement that it had not relied upon "any statement, representation, warranty or understanding" not expressly set forth as a statement or warranty in the Shareholders Agreement, and released all "claims, rights or remedies which [it] might otherwise have had . . .". (*See* Def.'s Mem. at 3 (citing Shareholders Agreement).) Highfields' strategic and cynical allegations of fraud and misrepresentation under Massachusetts law, as well as its demands for damages, are exactly the sort of "claims" and "remedies" that it specifically relinquished when it negotiated and signed the Shareholders Agreement.

submitted to the exclusive jurisdiction of Irish courts "<u>for</u> <u>all</u> <u>purposes</u> <u>relating</u> <u>to</u>" the Shareholders Agreement.

Highfields in its brief struggles mightily to avoid the words "all purposes relating to" and to argue that its claim of fraudulent inducement to become a shareholder pursuant to the Shareholders Agreement does not "relate to" that Shareholders Agreement. Highfields' argument is essentially that the claims it asserts relate more closely to the Subscription Agreement, with its Irish law but non-mandatory Irish jurisdiction clause, than to the Shareholders Agreement. Highfields also notes that various substantive provisions of the Subscription Agreement are not extinguished by but are expressly preserved as part of the later Shareholders Agreement.

However, "related more closely to" is not the test. The clause requires Irish jurisdiction for "all purposes relating to" the Shareholders Agreement. A subsequent agreement such as this may preserve parts of a prior agreement and yet provide exclusive forum provisions for enforcement of them. This is entirely consistent with good business sense. While various parties in different parts of the world were subscribers to IRP shares but had not yet purchased them, their separate Subscription Agreements allowed them a choice of either their home court or Irish court jurisdiction for the resolution of potential disputes. Once the relationships merged into shareholdings, a single forum was agreed for "all" purposes "relating to" that Shareholders Agreement, including disputes involving the very provisions of the Subscription Agreements that the Shareholders Agreement now encompasses.

Thus, as the parties agreed, if a claim "relates" at all to the Shareholders Agreement, it is subject to exclusive Irish court jurisdiction. Highfields cannot avoid its bargained-for obligation to litigate in the Irish courts claims that relate to their investment in IRP by engaging in artful pleading in an effort to concoct a claim that relates more closely to the Subscription Agreement than to the Shareholders Agreement. This action therefore should be dismissed.[3]

One of the cases upon which Highfields relies, *Smith* v. *Lucent Technologies, Inc.*, Civ. No. 02-0481, 2004 WL 515769, at *8 (E.D. La. Mar. 16, 2004) (Pls.' Mem. at 11 n.3), usefully notes the breadth of the term "relating to," which goes beyond disputes that merely "arise" from an agreement. Although the facts were quite different from the present case and involved "distinct" rather than integrated agreements such as those found here, the court noted that "the term 'relating to' has a much broader meaning than 'arising out of.'" *Id.* (citing *Vermont Pure Holdings, Ltd.* v. *Descartes Sys. Group, Inc.*, 140 F. Supp. 2d 331, 335 (D. Vt. 2001)).

In such circumstances, U.S. courts have interpreted forum selection clauses quite broadly to recognize and implement the force of strong clause language of

---

[3]  Plaintiffs contend that venue is proper simply because SCOR has not challenged personal jurisdiction in this Court. (Pls.' Mem. at 8-9.) That is incorrect, because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(b)(3), which SCOR has made, is the proper way to raise a defense based on a forum selection clause. *See Lambert*, 983 F.2d at 1116 n.10 (noting that federal common law and Massachusetts law "treat forum selection clauses identically"); *Rooney* v. *Biomet, Inc.*, 63 F. Supp. 2d 126, 127 (D. Mass. 1999) (order vacated and reentered for clarification by *Rooney v. Biomet, Inc.,* 197 F.R.D. 209 (D. Mass. 2000)). It is not necessary to challenge personal jurisdiction for this purpose.

the type chosen here by Highfields and SCOR.  *See, e.g.*, *Stewart Org., Inc.* v. *Ricoh Corp.*, 810 F.2d 1066, 1069-70 (11th Cir. 1987), *aff'd and remanded*, 487 U.S. 22 (1988) ("any case or controversy arising under or in connection with this Agreement"); *see also Bense* v. *Interstate Battery Sys. of America, Inc.*, 683 F.2d 718, 720 (2d Cir. 1982) ("any suits or causes of action arising directly or indirectly from this [Agreement]").  Courts also enforce forum selection clauses in the face of fraud allegations, unless the inclusion of the forum clause in the contract was itself the product of fraud or coercion.  *See, e.g.*, *Home Prods. Int'l-N. Am., Inc.* v. *Peoplesoft USA, Inc.*, 201 F.R.D. 42, 45-46 (D. Mass. 2001); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 515-17, 519-20 (1974).

## II.

### THIS ACTION SHOULD BE DISMISSED OR STAYED BECAUSE IRELAND IS THE MORE CONVENIENT FORUM.

Highfields' only argument for the convenience of Massachusetts is that a single former Highfields employee is subject to process in Massachusetts but not Ireland and, Plaintiffs say, thus might not be available to testify on its behalf in the Irish Action.

U.S. courts regularly give assistance to foreign tribunals in the collection of evidence.  28 U.S.C. § 1782 provides expressly for such assistance and also permits persons within the United States to give testimony or produce documents voluntarily for use in foreign proceedings.  *See Intel Corp.* v. *Advanced Micro Devices, Inc.*, -- U.S. --, 124 S.Ct. 2466, 2479-83 (Jun. 21, 2004).  There is no reason why Highfields will not be able to obtain the testimony of American witnesses, if necessary in the United States, for

use in the Irish Action. Since there seems to be only one such witness, the inconvenience would be slight indeed.

Against that minor factor stands the inconvenience to everyone of coordinating claims or actions between the same parties that are closely related in two different fora. As Highfields points out, there are issues of document discovery now in the Irish Action which may have consequences for the claims that Highfields wishes to assert in Massachusetts and that SCOR has asserted as its counterclaim in Ireland. Presumably there will be witnesses with testimony common to both the present Irish Action and the claims Highfields wishes to assert. Rather than have all of this heard in two courts, with overlaps and inefficiencies, it would be more sensible to let the parties resolve all of their issues in the Irish courts, whose law is applicable to all aspects of this dispute.

Nor does the Irish court lack authority to provide appropriate relief to Highfields in the event it finds any merit to Highfields' claim. Highfields' present Irish Action does not seek damages from SCOR based on misrepresentation, but its claim does seek the payment of monetary compensation by SCOR. (McDonnell Reply Decl. ¶ 8.) Highfields also is free to initiate additional proceedings in Ireland seeking damages for alleged misrepresentations. *See, e.g., Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 247-54 (1981) (differences in substantive law, such as differences in amount of damages available, do not render forum inadequate); *Scottish Air Int'l, Inc.* v. *British Caledonian Group, PLC*, 81 F.3d 1224, 1234-35 (2d Cir. 1996); *Borden, Inc.* v. *Meiji Milk Prods. Co.*, 919 F.2d 822, 829 (2d Cir. 1990); *Manela* v. *Garantia Banking Ltd.*, 940 F. Supp.

-9-

584, 591 (S.D.N.Y. 1996) (unavailability of U.S. style discovery insufficient to render forum inadequate); *Shields* v. *Mi Ryung Constr. Co.*, 508 F. Supp. 891, 895 (S.D.N.Y. 1981) (stating that "some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate").

## CONCLUSION

For the foregoing reasons, SCOR respectfully requests that the Court dismiss this action in deference to the action pending in the High Court of Ireland or, in the alternative, that the Court stay this action until a final judgment is rendered in the Irish Action. SCOR also requests such other and further relief as the Court may seem just and proper.

Respectfully submitted,

ROPES & GRAY LLP

By  */s/ Douglas R. Meal*
   Douglas R. Meal
   One International Place
   Boston, MA 02110-2624
   Tel:  617-951-7000
   Fax:  617-951-7050

   Counsel for Defendant SCOR

August 17, 2004
Of Counsel:
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel:  212-558-4000
Fax:  212-558-3588