UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------- x
Highfields Capital Ltd., Highfields          :
Capital I LP, Highfields Capital II          :      Case No. 04-10624 (MLW)
LP,                                          :
                                             :
                        Plaintiffs,          :
              v.                             :      REPLY DECLARATION OF
                                             :      CONOR McDONNELL
SCOR, S.A.,                                  :
                                             :
                        Defendant.           :
------------------------------------------------- x
```

Conor McDonnell, being duly sworn deposes and says:

1.    I am a Partner in the law firm of Arthur Cox which has its principal place of business in Dublin, Ireland.  Arthur Cox are the solicitors on record for SCOR, in proceedings brought in the High Court of Ireland (2003 No 576COS) by Highfields Capital Limited, Highfields Capital ILP, Highfields Capital 11LP and Highfields Capital SPC (collectively "Highfields" or the Plaintiffs) against SCOR ("the Irish Action").  I previously have sworn an Affidavit in support of SCOR's Motion to Dismiss or Stay these proceedings.

2.    I have received a copy of the Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Stay and I wish to make a number of points in relation to what the Plaintiffs assert in that document.

3.    Firstly, the Plaintiffs state in the Memorandum that the Irish Action is at an *"early stage"* in the proceedings and that it has not yet proceeded beyond *"initial*

*stages"*. This is not the case. My earlier Affidavit set out in some detail the extent of exchanges which have taken place over the last nine months in the Irish Action leading to a position where, as set out therein, the pleadings have closed. I also gave an indication of the remaining steps to trial. This has not been disputed by Highfields. Indeed the discovery process, with which I will deal with further below, could not have commenced without the closure of pleadings between the parties. On 5 August 2004 we received a Notice of Motion from L.K. Shields, on behalf of Highfields, returnable for 4 October next, seeking to strike out certain portions of SCOR's Defence and Counterclaim. This is a recent development which appears to be an effort on the part of Highfields to reopen pleadings which had been closed for some time and may be related to the progress of the US proceedings.

4.      It should also be noted that in late July the President of the High Court appointed a judge, Ms Justice Mary Laffoy, to deal with all interlocutory applications in these proceedings. It is also likely that she will hear the trial of the action when that is scheduled. The allocation of a judge specifically to a particular matter occurs only in exceptional cases. Further it may be noted that this application was made jointly by SCOR and Highfields. On October 4 2004, the Irish Action is listed for mention generally before Ms Justice Laffoy to obtain a hearing date for Highfields discovery motion and to deal with other case management issues. In addition, Highfields' Motion to strike out certain portions of SCOR's Defence and Counterclaim is listed before Ms Justice Laffoy on the same date.

5.     In relation to the Discovery process, it is true that no documents have yet been exchanged between the parties, but this is not to say that the discovery process has not yet started. It is worth pointing out that Highfields agreed by letter dated 17 June 2004 from L.K. Shields to make Discovery in the terms sought by SCOR (appended as Exhibit J to my earlier Affidavit). They agreed to furnish their Affidavit of Discovery no later than 8 August 2004 and one must assume that considerable work has been carried out by Highfields to comply with that undertaking. By letter dated 10 August 2004 from L.K. Shields (appended to this Declaration as Exhibit A) we have now been told that further documents have come to Highfields' attention which require to be included in the Affidavit of Discovery and they suggest an extended deadline for filing of their Affidavit. It is the case that not alone have pleadings formally closed in the Irish Action but also that Highfields and SCOR have substantially engaged in the discovery process in the Irish Action. The Irish Action is, therefore, well advanced towards trial.

6.     There is a dispute between the parties regarding the form and extent of the Highfields discovery request in the Irish Action which has led to the Highfields motion which is listed before Ms. Justice Laffoy on 4 October 2004. To set this aspect of the Irish Action in context I wish to draw the Court's attention to a letter dated 7 July 2004 (appended to this Declaration as Exhibit B) from Arthur Cox to L.K. Shields in which we set out on SCOR's behalf the categories of documentation which it is prepared to provide in the discovery process and which we submit are justified and appropriate by reference to the pleadings and Irish discovery rules. An examination of the discovery which SCOR is willing to produce demonstrates that, contrary to what is being suggested, SCOR

intends to and will produce extensive discovery in the Irish Action. Given the huge volume of documentation required to comply with the categories which SCOR has volunteered, work has already commenced on identifying and accumulating relevant documents. As is set out in the letter of 7 July 2004, SCOR's attitude to discovery is designed to prevent the Irish Action being delayed unnecessarily in the discovery process so that it can proceed quickly to trial.

7.    I wish to comment particularly on the allegation in the Plaintiffs' Memorandum that SCOR has not agreed to furnish any financial information in respect of the period prior to incorporation of IRP. This is simply not the case. I would refer this Court to Category 1 set out in the letter of Arthur Cox to L.K. Shields of 7 July 2004 which agrees to provide the following documentation:-

> *"All documents which pertain to or are relevant to the circumstances in which the Claimants were solicited to invest, or invested, at any point, in IRP in particular by virtue of the following agreements set out hereunder, including all documentation which may have influenced the Claimants decision to invest therein:-*

> (a)    *The Shareholders Agreement executed by the parties on 28th December 2001 ("the Shareholders Agreement")*

> (b)    *The Memorandum and Articles of Association of IRP and of IRP Holdings (the "Memorandum and Articles of Association")*

> (c)    *The Private Placement Memorandum for IRP dated 31st December 2001 ("The Private Placement Memorandum")*

> (d)    *The Quota Share Agreements between IRP and each of 10 SCOR companies ("The QSA's") executed in January 2002*

> (e)    *A Subscription Agreement executed by each of the initial investors in IRP on 21st December 2001 ("the Subscription Agreement")*

-4-

*Without prejudice to the generality of the foregoing, this includes all notes and memoranda made in connection with this investment, all drafts of the said Agreements, all notes of meetings held between the parties in connection with the said Agreements, all notes or minutes of meetings held by representatives of the Claimants, their servants or agents, between themselves and/or between the Claimants and their legal, commercial and professional advisers in respect of these Agreements".*

Accordingly it is clear that the foregoing category would include relevant and necessary documents relating to SCOR's financial position at the time of the negotiations leading up to the agreements at issue.   The Plaintiffs' assertion in the Memorandum as to the inadequacy of the offered discovery in the Irish Action is, in my view, incorrect.

8.     The Plaintiffs' Memorandum also makes the point that damages cannot be awarded by the Irish court on foot of the Irish action as presently constituted. Whilst the jurisprudence of the Irish courts would support this claim as a matter of principle, I would draw the Court's attention to the reliefs sought in the Irish Action by Highfields at page 10 of their revised Points of Claim (appended as Exhibit F to my earlier Affidavit). At paragraph number 7, the relief sought by Highfields is:-`

*"Further or in the alternative an Order directing the Respondent to make such payment to the Company or the Operating Company (as the case may be) to compensate for the writing of inferior risk for such period as the court may direct, or for an Order indemnifying the Company and/or the Operating Company from any loss associated with such risk".*

Whilst this might not be characterized as a claim for damages by Highfields, it is, nevertheless, seeking the ultimate payment of monetary compensation by SCOR, and SCOR does not concede that Highfields is entitled to that relief.  Highfields' pleadings in the Irish Action make it clear that they believe that SCOR knew, at the time of incorporation of IRP, of the need to write *"inferior risks"* due to its poor financial

position. This offers the possibility that SCOR is required to defend against the possibility of monetary awards against it in both Ireland and the US in relation to matters which arise from the same set of circumstances.

9.     Further, it is also open to Highfields to issue separate proceedings in Ireland seeking damages in respect of the alleged misrepresentations which form the basis of the US proceedings. Such proceedings could properly be issued in Ireland and ultimately heard and determined at trial by the Irish High Court.

Sworn by the said **CONOR McDONNELL**
this   I 7 ᵗʰ   day of August 2004
at *Cearlyfort Yemeye*
in the County of the City of Dublin
before me a Commissioner for Oaths
/Practicing Solicitor  and I know the
Deponent.

**CONOR McDONNELL**

**COMMISSIONER FOR OATHS**
**PRACTISING SOLICITOR**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------  x
Highfields Capital Ltd., Highfields          :
Capital I LP, Highfields Capital II LP,      :    Case No. 04-10624 (MLW)
                                             :
                         Plaintiffs,         :
              v.                             :
                                             :
SCOR, S.A.,                                  :
                                             :
                         Defendant.          :
-------------------------------------------  x
```

# EXHIBIT A

### As referred to in the Affidavit of Conor McDonnell

Sworn by the said **CONOR McDONNELL**
this  1 7 th    day of August 2004
at  *Ceariafort Gervare*
in the County of the City of Dublin
before me a  ~~Commissioner for Oaths~~
/Practicing  Solicitor  and I know the
Deponent.

**CONOR McDONNELL**

~~COMMISSIONER FOR OATHS~~
**PRACTISING SOLICITOR**

10/06 '04 16:39 FAX +353 1 661 2526      LAT. - COMN                    ☑002

**VIA FACSIMILE & DX**
**618 0618**



SOLICITORS

39 /40 UPPER MOUNT STREET
DUBLIN 2, IRELAND.

TELEPHONE: 353 +1 661 0866
FACSIMILE: 353 + 1661 0883
D.D.E Box No: 123
E-MAIL: email@lkshields.ie
WEBSITE: www.lkshields.ie

Arthur Cox,
Solicitors,
Earlsfort Centre,          OUR REF:    4276-001/EBA/SS/040809L1
Earlsfort Terrace,
Dublin 2.                  YOUR REF    CMcD/NO
DX 27

10th August, 2004

Re:    **The High Court 2003 Record No. 576COS**
       **In the matter of IRP Holdings Limited and in the matter of the Companies Acts, 1963-**
       **2001**
       **Your Client: SCOR SA**
       **Our Clients: Highfields Capital Management LP and Others**

Dear Sirs,

We are instructed that further relevant documentation exists in relation to your client's request
for discovery dated 4th June 2004.

Accordingly, our clients will be in a position to furnish a sworn copy of their Affidavit of
Discovery on 5 October 2004, being a period of eight weeks from the date hereof.

We trust this is in order.

Yours faithfully,

*LKShields Solicitors*
**LK SHIELDS SOLICITORS**

LAURENCE K. SHIELDS, EDMUND BUTLER, PATRICIA McGOVERN, HUGH GARVEY, JOSEPH M. SMYTH, EMMET SCULLY, GERARD HALFPENNY,
JUSTIN McKENNA, MICHAEL KAVANAGH, DAVID J.H. WILLIAMS, FIONA THORNTON, NICOLA BALMER, PHILIP DALY, MARCO W. HICKEY, RON CUNNEEN,
ERIN BARRETT, AGNÉS BRADLEY, STEPHEN BRENNAN, JILL CALLANAN, THOMAS CASEY, JENNIFER CLARKE, SUSAN CONNOLLY,
JONATHAN CULLEN, GILLIAN DULLY, JENNIFER HIGGINS, AINE MATTHEWS, JENNIFER MOGUILL, RACHEL MURPHY, ORLAITH O'DWYER,
DONAL O'HALLORAN, GERARD O HANLON, JENNIFER O'NEILL, KATRINA SMITH, OGRA CRAFTON (Special Counsellor), THOMAS JACKSON (Consultant)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
------------------------------------------------  x
Highfields Capital Ltd., Highfields              :
Capital I LP, Highfields Capital II LP,          :      Case No. 04-10624 (MLW)
                                                 :
                          Plaintiffs,            :
              v.                                 :
                                                 :
SCOR, S.A.,                                      :
                                                 :
                          Defendant.             :
------------------------------------------------  x
```

## EXHIBIT B

### As referred to in the Affidavit of Conor McDonnell

Sworn by the said **CONOR McDONNELL**
this 17th day of August 2004
at _[signature]_
in the County of the City of Dublin
before me a Commissioner for Oaths
/Practicing Solicitor and I know the
Deponent.

_[signature]_
CONOR McDONNELL

_[signature]_
~~COMMISSIONER FOR OATHS~~
PRACTISING SOLICITOR

JM3/CMcD/no    4276-001/JC/MMcG/04061611
Direct Dial : 618 0460

7th July 2004

**BY FAX & POST - 661 0883**

L K Shields
Solicitors
39/40 Upper Mount Street
Dublin 2

Re:    **The High Court 2003 Record No. 576COS
In the matter of IRP Holdings Limited and in the matter of the Companies Act,
1963-2001**

Dear Sirs

We refer to your letter dated 3 June 2004 requesting voluntary discovery in these
proceedings.

We believe that the request furnished is oppressive, ill founded and constitutes, in part, a
fishing expedition on the part of Highfields. In places the discovery sought goes well beyond
the issues in the litigation.  The categories of documents are also so widely drawn that this
request would result in the production of large volumes of unnecessary documentation.  You
will no doubt be aware of the efforts in recent years by the Courts to cure the problems which
have been caused by wide-ranging and unnecessary discovery.  In our view, the Highfields
request, as formulated, will undoubtedly lead to those very problems including delay in the
matter getting to trial, the incurring of huge unnecessary cost and the lengthening of the
hearing time for the trial.  These consequences should be avoided.

Categories 4 and 5 of the request particularly illustrate the problems.  As the Claimant is well
aware, SCOR is a French publicly quoted company operating in the international reinsurance
market.  The request as formulated in those categories, is for all documents from SCOR (and
in some cases its subsidiaries) in relation to the following areas:

(1)    All financial information in relation to business written by SCOR for each calendar year beginning with the period to 31 December 2001.

(2)    All information in relation to loss reserves for the same period to include prior year reserves, adequacy of reserves and establishment of revenues for the same period as (1) above.

(3)    Reports of any regulatory authority.

(4)    The financial strength and credit ratings of SCOR, its subsidiaries and employees, officers and agents (emphasis added) for the period six months prior to the investment by the Claimant in IRP and continuing to date.

(5)    Presentations made to re-insurance intermediaries for the period six months prior to the incorporation of IRP to date.

(6)    The type of business written by IRP and ceded from SCOR for the same period as (5) above.

These requests would, for discovery purposes, effectively encompass all documents within SCOR and would result in the review and most likely production of literally millions of documents. Further we do not consider that the request conforms with the Rules on discovery. In particular the categories of documents are vague and of a general nature. No real case has been made out to establish that the discovery of such documents is necessary for the fair disposal of the case, as that concept is now understood, nor will the discovery lead to a savings in time or costs. On the contrary these requests will inevitably result in very significant delay and enormous unnecessary costs.

We would also point out that parts of the request cannot be justified by reference to the pleadings in this matter. As drafted, it clearly represents a "fishing" exercise on the part of Highfields and/or an attempt to substantiate matters which have not been set out in the pleadings. Such matters include SCOR's dealings with rating agencies, with re-insurance intermediaries and with regulatory authorities, etc.

By way of example, the request is justified, among other things, on the basis that Highfields have made the case that SCOR held itself out as having "highly developed and reliable actuarial and record keeping systems for estimating and establishing loss of reserves". No such case is made out by Highfields. Similarly, there is a request for documents relating regulatory inquiries although again this does not arise on the pleadings.

Furthermore we fail to see the necessity or relevance of such wideranging categories of documentation concerning the day-to-day operations of SCOR over a four-year period prior to proceedings brought under Sections 205 and 213 of the Companies Acts.

In all the circumstances SCOR cannot agree to the discovery requested by Highfields. SCOR recognises, however, that discovery is appropriate and necessary in this case. Having

considered the issue carefully SCOR is prepared to provide discovery of the categories of documents listed below. The categories reflect largely the discovery sought by SCOR in the proceedings which Highfields has agreed to provide. We consider that the discovery offered is sufficient to deal with the issues in the proceedings.

Please note that references to the "Company" are to IRP Holdings Limited. References to the "Operating Company" are to Irish Reinsurance Partners Limited. References to "IRP" are to both entities collectively.

1.    *All documents which pertain to or are relevant to the circumstances in which the Claimants were solicited to invest, or invested, at any point, in IRP in particular by virtue of the following agreements set out hereunder, including all documentation which may have influenced the Claimants decision to invest therein:-*

    (a)    *The Shareholders Agreement executed by the parties on 28th December 2001 ("the Shareholders Agreement")*

    (b)    *The Memorandum and Articles of Association of IRP and of IRP Holdings (the "Memorandum and Articles of Association")*

    (c)    *The Private Placement Memorandum for IRP dated 31st December 2001 ("The Private Placement Memorandum")*

    (d)    *The Quota Share Agreements between IRP and each of 10 SCOR companies ("The QSA's") executed in January 2002*

    (e)    *A Subscription Agreement executed by each of the initial investors in IRP on 21st December 2001 ("the Subscription Agreement")*

*Without prejudice to the generality of the foregoing, this includes all notes and memoranda made in connection with this investment, all drafts of the said Agreements, all notes of meetings held between the parties in connection with the said Agreements, all notes or minutes of meetings held by representatives of the Claimants, their servants or agents, between themselves and/or between the Claimants and their legal, commercial and professional advisers in respect of these Agreements.*

The above documents will deal adequately with Categories 1-3 inclusive of your request.

2.    *All documents which pertain to the sale of shares in IRP held by Banque Nationale de Paris ("BNP") and Compagnie Ottoman Financier ("COF") in 2002/2003 and in particular all documentation relating to the subsequent exercise of pre-emption rights in these shares by the Claimants and Respondent. All documents which pertain to the sale by Westdeutsche Landesbank Girozentrale ("WLG") in 2003 of its shares in IRP. Without prejudice to the generality of the foregoing, this category includes all documentation relating to the Claimants' request on 12 June 2003 for a pro rata allotment for the right of first refusal of WLG shares and a waiver or amendment to the prohibition under the Articles of Association of IRP which prohibit a US person owning 10% of the company shares.*

The above documents will deal adequately with Category 6 of your request.

3. *All documents which pertain to the "funds withheld" arrangement alleged in the Points of Claim, including without limitation all documents which pertain to the amendment of the QSA's in mid 2002 to provide for a "funds withheld" arrangement whereby the Respondent was, subject to certain conditions, entitled to withhold payment of unearned premium otherwise payable to IRP. This includes all documentation relating to the original implementation of the "funds withheld" arrangement and all subsequent documentation evidencing communications within the Claimant, and between the Claimant and IRP in respect of the operation of the "funds withheld" arrangement.*

The above documents will deal adequately with Category 9 of your request.

4. *All documents which relate to any proposed reduction of the share capital of the Company including without limitation, all documents which pertain to the dispute between the Claimant and Respondent in relation to the proposed reduction of the share capital of the Company.*

The above documents will deal adequately with Category 8 of your request.

5. *All documents which relates to any proposal to terminate the QSA's, including without limitation, the proposed termination of the QSA's in 2003/2004. All documents concerning the renewal of the QSA's for the year beginning 1 January 2004 to include documents relating to the risk associated with and the price of business written by the Respondent and ceded to IRP under the QSA's.*

The above documents will deal adequately with Categories 4 and 5 of your request. The above documents will also deal adequately with Category 7 (to the extent that the category has not already been dealt with above).

We do not consider that Category 10 of your request relates to any issue disclosed on the pleadings in these proceedings, and our client will not be providing the documentation sought in that category.

We consider that the above discovery will provide Highfields with all relevant documentation to deal fully with the issues in these proceedings. Even allowing for the revised categories of documents set out above, discovery will still be a very considerable undertaking and we would suggest a period of 14 weeks for SCOR to complete the task.

Yours faithfully

_____
ARTHUR COX