UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------x
                                                          :
Highfields Capital Ltd., Highfields Capital I LP,         :
Highfields Capital II LP,                                 :
                                                          :
            Plaintiffs,                                   :
                                                          : Civ. No. 04-10624 (MLW)
      v.                                                  :
                                                          :
SCOR, S.A.,                                               :
                                                          :
            Defendant.                                    :
                                                          :
----------------------------------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN
<u>FURTHER SUPPORT OF ITS MOTION TO DISMISS OR STAY</u>**


                                        FOLEY HOAG LLP
                                        Seaport World Trade Center West
                                        155 Seaport Boulevard
                                        Boston, Massachusetts 02210
                                        Tel: (617) 832-1000
                                        Fax: (617) 832-7000

*Of Counsel:*

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

August 31, 2004

SCOR's motion for leave to file a reply in further support of its motion to dismiss should be denied.[1] The issues SCOR seeks to raise now do not merit further briefing because SCOR addressed or could have addressed them in its moving papers.

## ARGUMENT

### I. SCOR'S PROPOSED REPLY IS NOT HELPFUL BECAUSE IT MERELY REPEATS THE CONCLUSORY ASSERTION THAT THE SHAREHOLDERS AGREEMENT'S FORUM SELECTION CLAUSE APPLIES

In opposition to SCOR's motion to dismiss, Highfields argued that SCOR's pre-Subscription Agreement solicitation activities and fraudulent misrepresentations are not subject to the Shareholders Agreement's forum selection clause. *See* Plaintiffs' Brief at 9-14. SCOR's proposed reply merely repeats its conclusory assertion that the forum selection clause applies because this case "relates" to the Shareholders Agreement. SCOR ignores the Complaint and the applicable legal test. To determine whether tort claims "relate" to a contract for purposes of the contract's forum selection clause, the Court must look to *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993). *Lambert* requires an examination of whether the tort claims in a complaint parallel a claim for breach of the contract.[2] Tellingly, SCOR's proposed reply makes no effort to analyze whether the tort claims in this case involve the same operative facts as a parallel claim for a breach of the Shareholders Agreement. Such an analysis demonstrates that

---

[1] Capitalized and defined terms shall have the same meaning herein as in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Stay, dated August 3, 2004 ("Plaintiffs' Brief"), unless otherwise indicated.

[2] SCOR concedes as much in footnote 1 of its proposed reply. Further, to the extent that SCOR is suggesting that the substantive claims in this case are not governed by Massachusetts law, it is wrong. *See Massachusetts Asset Financing Corp. v. Harter, Secrest & Emery, LLP*, 220 F. Supp. 2d 20, 23 (D. Mass. 2002) (fraudulent misrepresentations in Massachusetts governed by Massachusetts law); *see generally Crellin Technologies, Inc. v. Equipmentlease Corp.*, 18 F.3d 1 (1st Cir. 1994) (Chapter 93A claims based on fraudulent misrepresentation considered under tort rubric for choice-of-law assessment); *Trent Partners and Assocs., Inc. v. Digital Equipment Corp.*, 120 F. Supp. 2d 84, 97-98 (D. Mass. 1999) (same).

Highfields' claims for fraud, negligent misrepresentation and breach of § 93A plainly <u>do not</u> parallel a claim for breach of the Shareholders Agreement and thus are not subject to its forum selection clause.[3]

Further, to the extent Highfields' claims here parallel, in part, any hypothetical contractual claims, those contractual claims would be for breach of the Subscription Agreement, not the Shareholders Agreement. Claims related to the Subscription Agreement may be brought in this Court. SCOR's proposed reply ignores these undisputed facts and merely re-asserts the dubious proposition that the Subscription Agreement and Shareholders Agreements merged, *sub silentio*, for purposes of forum selection. SCOR's proposed reply fails to acknowledge: (i) the language of the Shareholders Agreement's forum selection clause which states that it applies to only "this Agreement," (Shareholders Agreement ¶ 7.16), (ii) the language of the Subscription Agreement that states that it survives closing on the Shareholders Agreement, (Subscription Agreement ¶ 10 ("The representations, warranties and agreements...contained in this Subscription Agreement...shall survive the Closing.")), and (iii) the absence of language which

---

[3]   SCOR's suggestion in its proposed reply that Highfields' claims under the Shareholders Agreement have been released merely seeks to build on SCOR's false foundation. Highfields is not asserting a claim under the Shareholders Agreement. The Shareholders Agreement is no defense to the warranties under the Subscription Agreement, which survive closing of the Shareholders Agreement. *See* Subscription Agreement ¶ 10. And, more importantly, the Shareholders Agreement is no defense to Highfields' pre-Subscription Agreement tort and statutory claims. *Cf. Cummings v. HPG Intern., Inc.* 244 F.3d 16, 21 (1st Cir. 2001) ("Massachusetts courts, for public policy reasons, have long held that a party cannot *induce* a contract by fraudulent misrepresentations and then use contractual devices to escape liability.") (citing *Bates v. Southgate,* 308 Mass. 170, 182, 31 N.E.2d 551, 558 (1941) ("[C]ontracts or clauses attempting to protect a party against the consequences of his own fraud are against public policy and void where fraud inducing the contract is shown....")); *Standard Register Co. v. Bolton-Emerson, Inc.*, Mass. App. Ct. 545, 549, 649 N.E.2d 791, 794 (Mass. App. Ct. 1995) ("[A] chapter 93A claim analogous to a tort-based recovery overrides any contractual defenses"). Further, the lack of merit in SCOR's position is manifest in its failure to move to dismiss on grounds of this so-called "release."

states that the parties intended the Shareholders Agreement to supersede the Subscription Agreement, (indeed the language states the opposite, *cf.* Shareholders Agreement ¶ 7.9(a) ("This Agreement…and the Subscription Agreement constitute the entire agreement between the parties hereto…"); Subscription Agreement ¶ 11 ("This Subscription Agreement and the Shareholders Agreement constitute the entire agreement between [the parties]")).

SCOR likewise fails to address the myriad case law, including the decisions from Massachusetts courts, holding that even if the Shareholders Agreement's forum selection clause could somehow apply under the *Lambert* analysis, it would not apply to the pre-contractual fraudulent misrepresentations at issue in this case. *See* Plaintiffs' Brief at 13-14; *see, e.g.*, *Jacobson v. Mailboxes Etc. U.S.A. Inc.*, 419 Mass. 572, 579, 646 N.E.2d 741, 745-56 (1995) (forum selection clause does not apply to wrongs committed before the parties entered into a contractual relationship, including allegations of pre-contract violations of M.G.L. ch. 93A); *LaBoeuf v. Biglazzi*, No. 000048B, 2001 WL 881469, at *7 (Mass. Super. Ct. Apr. 10, 2001) (contractual choice of law provision does not apply because claims alleging fraud and deceit in contract formation do not involve rights and obligations under the contract).[4]

Accordingly, because SCOR's proposed reply merely repeats conclusory assertions without addressing the applicable law and relevant contractual language, leave to reply should be denied.

---

[4] SCOR suggests that Irish law bears on the forum selection issue before this Court. SCOR is wrong. But, more importantly, SCOR has failed to identify any applicable conflict of law. Therefore, the Court should apply the prevailing rule in the forum as articulated in Highfields' brief. *See Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 27 (D. Mass. 2003) (court need not even undertake a choice-of-law inquiry unless an actual conflict is demonstrated.).

3

## II. SCOR'S REPLY IS NOT HELPFUL BECAUSE IT FAILS TO ADDRESS CONTROLLING CASE LAW PRECLUDING THIS COURT FROM DISMISSING THIS CASE ON ABSTENTION GROUNDS

In opposition to SCOR's motion to dismiss, Highfields argued that the First Circuit's decision in *DeMauro v. DeMauro* precludes this Court from granting SCOR's request to dismiss on abstention grounds. *See* Plaintiffs' Brief at 15 (citing *DeMauro v. DeMauro*, 115 F.3d 94, 98 (1st Cir. 1997)). *DeMauro* holds that where, as here, plaintiff seeks damages, the Court may not dismiss the case on abstention grounds. SCOR's reply is not helpful because it ignores the controlling authority of *DeMauro* that precludes dismissal of this case. Accordingly, leave to reply should be denied.

## III. SCOR'S REPLY IS NOT HELPFUL BECAUSE ALL OF ITS ARGUMENTS ABOUT "OVERLAP" WITH THE IRISH ACTION COULD HAVE BEEN RAISED IN ITS OPENING BRIEF

In certain circumstances (not present here), the Court may abstain where there is overlap with a case pending in another jurisdiction. SCOR's proposed reply merely repeats and re-packages its arguments that this case (which concerns 2001 misrepresentations to Highfields) "overlaps" with the Irish Action (which concerns the operations and management of IRP in 2002, 2003 and 2004). Highfields' claims in this case center on SCOR's failure to disclose its poor financial condition until weeks after Highfields signed the Subscription Agreement and then closed on the investment. The Irish Action does not.

Discovery in this action will largely concern who at SCOR knew what and when about SCOR's deteriorating financial condition in 2001. The financial data to be produced concerning SCOR's financial ills that existed in 2001 will allow a side-by-side comparison of what was known by SCOR with what SCOR told Highfields before Highfields signed the Subscription Agreement in December 2001. In its opposition to SCOR's motion to dismiss, Highfields pointed out that SCOR had refused to produce 2001 financial data in Ireland. Now, in

4

its proposed reply, SCOR tries to put a favorable spin on its July 7, 2004 letter in which it refused to make such discovery available in Ireland.[5] But SCOR's letter is before the Court, and speaks for itself. The Court needs no further briefing to determine that SCOR has not agreed to produce 2001 financial data in the Irish Action, and that there is no "overlap" between the Irish Action about the dissolution of IRP and this case, concerning SCOR's fraudulent misrepresentations about its own financial condition before IRP even commenced operations. Moreover, by arguing on page 9 of its proposed reply that Highfields "is free to initiate additional proceedings in Ireland seeking damages for alleged misrepresentations," SCOR concedes that the proceedings in Ireland are not "parallel" to this case. *See also* Affidavit of Conor McDonnell in Reply to Highfields' Opposition to SCOR's Motion to Dismiss or Stay, dated August 17, 2004 at ¶ 8 (Highfields' damages are not recoverable in the Irish Action). The Irish Action is not a case in favor of which this Court should abstain even were it permitted to do so. For this reason as well, leave to reply should be denied.

### IV. SCOR'S REPLY IS NOT HELPFUL BECAUSE THE COURT DOES NOT NEED FURTHER BRIEFING AND AFFIDAVITS TO DETERMINE IF THE IRISH ACTION IS IN ITS EARLY STAGES

In opposition to SCOR's motion to dismiss, Highfields argued that SCOR's alternative request for a stay must be denied because, among other things, the Irish Action is in its early stages. *See* Plaintiffs' Brief at 15 (citing *Herbstein v. Bruetman*, 743 F. Supp. 184, 189 (S.D.N.Y. 1986) (holding that "where a foreign litigation is still in its preliminary stages, motions to stay must be denied" especially where the claims are not identical)). In its proposed reply, SCOR quibbles over whether the Irish Action is in an "early stage." This Court does not need further argument and a supplemental affidavit from SCOR's Irish counsel to determine that

---

[5] Such discovery is relevant to the Irish Action to, *inter alia*, show the precarious nature of SCOR's financial condition, and SCOR's self-interest in exposing IRP's assets to SCOR's own financial

the Irish Action is at an "early stage." From the record, the Court can determine that, in U.S. terms, a verified complaint, answer and the exchange of two letters between counsel concerning discovery is the sum and substance of the proceedings in Ireland. The only new event cited in SCOR's proposed reply papers is the appointment of an Irish judge to hear "interlocutory applications" — i.e., discovery disputes and the like — when the Irish Court returns from vacation in October. SCOR fails to explain how the appointment of a judge who will not function on the case for more than a month (at the earliest) advances the proceedings. Also, SCOR does not dispute the critical fact that it has not produced a single page of document discovery in the Irish Action. The Irish Action cannot be characterized as anything but in its early stages. Indeed, if the instant case proceeds, it can be tried prior to the Irish Action. Accordingly, because the Court can determine on its own that the Irish Action is in its "early stages," leave to reply should be denied.

### V. SCOR'S REPLY IS NOT HELPFUL BECAUSE SCOR COULD HAVE RAISED ALL OF ITS ARGUMENTS CONCERNING THE CONVENIENCE FACTOR IN ITS OPENING PAPERS

It is undisputed that Highfields' choice of a Massachusetts forum is entitled to great weight. In its opposition to SCOR's motion to dismiss, Highfields argued that Massachusetts is a convenient forum for all parties and witnesses. SCOR's proposed reply is not helpful because it does not present any new facts or law to show that the "convenience" factor weighs in favor of abstention. SCOR never says Massachusetts is inconvenient or that Ireland is more convenient. Instead, SCOR asks the Court to "presume" there will be witnesses with testimony common to both the Irish Action and this case and that Ireland is more convenient for them. In contrast to Highfields' identification of witnesses for whom Massachusetts is certainly more convenient, SCOR does not identify any witness for whom Ireland is more convenient.

---

problems.

Without more, the invitation to speculate in SCOR's proposed reply does not make it helpful to this Court in deciding the motion to dismiss. *See generally Gupta v. Austrian Airlines*, 211 F. Supp. 2d 1078, 1087-1088 (N.D. Ill. 2002) (motion denied where party seeking forum non conveniens dismissal failed to identify witnesses and specify documents); *Haywin Textile Products, Inc. v. International Finance Inv.*, 137 F. Supp. 2d 431, 436-437 (S.D.N.Y. 2001) (denying forum non conveniens dismissal where defendant "failed to identify with specificity the witnesses who will be necessary to litigate this action but whose presence in [forum] will be difficult to secure").

Rather than focusing on helpful information, SCOR's proposed reply tries to defend the and misleading statement of Arnaud Chneiweiss (SCOR's secretary) that "SCOR does not conduct business in Massachusetts." In its proposed reply, SCOR now admits that it does do business in Massachusetts through wholly-owned subsidiaries, which it contends have boards of directors that are independent of (albeit overlapping with) SCOR. This time, Patrick Thorout, SCOR's chief operating officer, and a director of SCOR's wholly-owned U.S. subsidiary says in a sworn affirmation that "SCOR itself" does not conduct business in the United States. Even if true, this "new" argument is a red herring. If personal jurisdiction or piercing the corporate veil were at issue, how or through whom SCOR does business in the United States might be relevant. But, whether Massachusetts is a convenient forum for SCOR to litigate does not turn on which part of SCOR does business here. SCOR "does business" in Massachusetts, under any common understanding of the term, and therefore has not alleged (and cannot allege) that Massachusetts is inconvenient or that Ireland is a more convenient forum than Massachusetts in which to litigate the misrepresentations SCOR made to Highfields while soliciting Highfields in Massachusetts.

7

## CONCLUSION

In sum, far from being helpful, SCOR's proposed reply brief illustrates why this Court does not permit the filing of reply briefs as a matter of course. SCOR's reply brief rehashes its opening arguments while failing to address the legal standards and significant points made by Highfields' opposition papers. For this reason and all other reasons set forth above, Defendant's motion for leave to file a reply memorandum should be denied and Highfields awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Of Counsel:*

Mark G. Cunha
Bryce L. Friedman
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITALS I LP, and
HIGHFIELDS CAPITAL II LP,

By: /s/ Lisa C. Wood
Lisa C. Wood, BBO # 5438111
Ian J. McLoughlin, BBO # 647203
Joshua A. McGuire, BBO # 651877

FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

Dated: August 31, 2004

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------x
                                                             :
Highfields Capital Ltd., Highfields Capital I LP,            :
Highfields Capital II LP,                                    :
                                                             :
        Plaintiffs,                                          :
                                                             :   Civ. No. 04-10624 (MLW)
              v.                                             :
                                                             :
SCOR, S.A.,                                                  :
                                                             :
        Defendant.                                           :
                                                             :
                                                             :
-------------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

I, Joshua A. McGuire, hereby certify that, on the 31st day of August, 2004, I caused a true and accurate copy of the Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motion For Leave To File A Reply Memorandum In Further Support Of Its Motion To Dismiss Or Stay to be delivered by hand to counsel for SCOR, S.A., Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Respectfully submitted,

_____
Joshua A. McGuire (BBO # 651877)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel.: (617) 832-1000
Fax: (617) 832-7000

Dated: August 31, 2004