## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 2, 2005

By Hand Delivery

Hon. Mark L. Wolf,
    United States District Judge,
        John Joseph Moakley U.S. Courthouse,
            1 Courthouse Way - Suite 2300,
                Boston, Massachusetts 02210

Re:   *Highfields Capital Ltd. v. SCOR, S.A*
      Civil Action No. 04-10624 (MLW)

Dear Judge Wolf:

I write on behalf of defendant SCOR to bring to the Court's attention important events that have occurred since briefing was concluded on the pending motion in this matter. On June 24, 2005, pursuant to the terms of the Shareholders Agreement to which they are parties, each of the Highfields entities that are plaintiffs in this action accepted SCOR's June 14, 2005 Exchange Notice and transferred its shares in IRP Holdings Limited ("IRP") to SCOR in exchange for payment of the consideration due under the Shareholders Agreement, plus interest. Highfields received more than €184 million, equivalent to approximately $220 million, representing full return of Highfields $142.2 million investment with a healthy profit. Consequently, Highfields is no longer an investor in IRP, and last week the parties agreed that the current Irish litigation between the parties will be dismissed.

1. **Recent Developments**

The Highfields plaintiffs now have received €184,302,712 in consideration for their IRP shares, plus a €12,474,746 dividend paid earlier. This sum, equivalent to a total of more than $235 million at current exchange rates, represents <u>a profit in excess of 38 percent</u> earned over the course of Highfields' approximate three and

Honorable Mark L. Wolf                                                                                           -2-

one-half year investment of $142.2 million in IRP. Highfields thus has not been damaged by its investment in IRP but instead has profited handsomely.

Highfields, through its Irish counsel, admits as much. In a July 5, 2005 letter to SCOR's Irish counsel, a copy of which is enclosed, Highfields' Irish counsel acknowledged that Highfields has received the relief it sought: "our clients also sought the dissolution of IRP so that their portion of the net asset value of IRP would be preserved and paid to them in cash . . . ." Highfields' counsel continues: "until two weeks ago, our clients were not assured of receiving cash for their IRP Shares and were in danger of being issued with tens of millions of shares of SCOR capital stock." That "danger" has passed. The exchange of Highfields' IRP shares took place in cash. As Highfields' Irish counsel have stated, "our clients succeeded in obtaining three of the principle reliefs (sic) as set out in its Petition."

On July 28, 2005 Highfields' Irish counsel wrote to SCOR's Irish counsel agreeing to a dismissal pursuant to which Highfields will bear a portion of SCOR's costs and stating that the dismissal is without prejudice to events in the action before this Court. In that letter, a copy of which is enclosed, Highfields' lawyers specifically reserved rights in connection with "any claim in relation to the calculation in respect of the exchange ratio and the exchange process" by which the recent redemption of IRP shares was accomplished. A copy of SCOR's Irish counsel's letter of July 29, 2005, noting that SCOR does not agree that any such claims are valid, also is enclosed.

**2. Recent Developments Emphasize That Any Remaining Issues Between the Parties are Subject to the Exclusive Jurisdiction of the Irish Courts.**

The claim on which Highfields filed the present action in this Court -- that "no reasonable investor" would have purchased the IRP shares that Highfields has just sold at a large profit (Highfields Complaint dated March 31, 2004 at ¶ 69) -- has turned out to be a bad prediction. It is unclear what claim for damages Highfields now seeks to assert; but if there is one, it remains subject to the exclusive jurisdiction of the courts of Ireland. Highfields has submitted to the exclusive jurisdiction of the courts of Ireland for <u>all purposes relating to the Shareholders Agreement</u>.

Dismissal of the initial Irish action, which was appropriate because Highfields has ceased to be an IRP shareholder, does not change that fact. The proceedings before the High Court of Ireland that are coming to a close sought primarily corporate dissolution of IRP, which is no longer relevant. But, as was stated in Conor McDonnell's Reply Declaration dated August 17, 2004, submitted in this action, Irish courts would have entertained Highfields' damages claims, and those courts remain available for that purpose if Highfields wishes to maintain such a claim.

Honorable Mark L. Wolf                                                                                              -3-

    Highfields' transfer of its IRP shares and receipt of due consideration underscores the fact that the parties' relationship, and any issue relating thereto, is governed by the Shareholders Agreement and its exclusive jurisdiction clause. Highfields received €184,302,712 in exchange for its shares pursuant to the terms of Article VI of the Shareholders Agreement. Any grievance Highfields may have regarding its decision to make an investment in IRP or the amount of money Highfields received as a result of its agreement to terminate that investment in IRP is governed by Paragraph 7.16 of the Shareholders Agreement, whereby Highfields "submit[ed] to the exclusive jurisdiction of the courts of Ireland for all purposes relating to this Agreement." Any claim by Highfields for further remuneration, however categorized, relates to the value accorded its shares in IRP under the terms of the Shareholders Agreement. Indeed, Highfields' Irish counsel's July 28 letter refers expressly to reservation and possible assertion of such claims. Therefore, the Irish Courts remain the only proper venue, and SCOR respectfully urges that Highfields' complaint here be dismissed.

3. **If the Action Is Not Dismissed on the Basis of Improper Venue, SCOR Should Be Permitted to Move for a More Definitive Statement of Highfields' Remaining Claim.**

    In light of its lucrative exit from IRP, Highfields' March 31, 2004 Complaint in this Court is no longer reasonably amenable to a properly focused response. Highfields has now sold its interest in IRP, earning a 38 percent return on its three-year investment, which makes it difficult to imagine that Highfields still claims that "…Highfields would not have invested in IRP. Indeed, no reasonable investor would have done so." (Complaint at ¶ 11.)

    Other important key elements of the Complaint also no longer make sense. Highfields alleges that "SCOR's motive is clear: It wants to continue to use IRP and Highfields' capital…" (Complaint at ¶ 60.) As neither IRP nor SCOR now possesses any of Highfields' capital, the allegation that SCOR wants to continue to use such capital is surely wrong, or at least untimely. Similarly, Highfields' allegation that "…IRP and Highfields remain exposed to SCOR's deteriorating business" has been completely overtaken and rendered irrelevant by recent developments. (Complaint at ¶ 61.)

    The crux of Highfields' allegations of fraud has, with the passage of time, proved to be demonstrably false. Highfields alleged:

> Contrary to its inducements, SCOR (and Osouf) knew but did not disclose to Highfields:…(c) that when the time came for the redemption of IRP shares by Highfields, SCOR would be a "junk" rated reinsurer unable or unwilling to redeem shares for cash, and (d) that when the

Honorable Mark L. Wolf -4-

       time came for the redemption of IRP shares, Highfields
       would become financially exposed to SCOR's undisclosed
       liabilities that pre-dated Highfields' investment in IRP and
       from which IRP investors were intended to be protected.
       (Complaint at ¶ 68.)

       The time for the redemption of IRP shares now has come and passed. As evidenced by the €184,302,712 Highfields received for its IRP shares, SCOR was both willing and capable of redeeming the shares in cash; therefore, Highfields has not become "financially exposed" as it alleges. Instead, Highfields has earned a 38 percent return on its investment in IRP. Highfields' claim that "no reasonable investor would have[] made the investment solicited by SCOR" is incapable of proof. (Complaint at ¶ 69.)

       Rule 12(e) of the Federal Rules of Civil Procedure permits a motion for a more definite statement of a claim when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." If SCOR's pending motion to dismiss for improper venue is not granted, this case should not proceed to discovery. Instead, SCOR should be permitted to make a motion for a more definite statement. Only after Highfields clarifies through an amended pleading how it claims to have been injured by the events that have occurred, in light of its 38 percent profit on the transaction, could the parties or the Court fairly be asked to address the purported bases of Highfields' claims and the sufficiency of Highfields' pleading.

       Respectfully,

       James H. Carter

(Enclosures)

cc:    Lisa C. Wood, Esq.
       (Foley Hoag LLP)
       (Attorney for Plaintiffs)

       Douglas H. Meal, Esq.
       Giselle J. Joffre, Esq.
       (Ropes & Gray LLP)
       (Attorney for Defendant)



**SOLICITORS**

VIA FACSIMILE & POST
618 0618

39/40 Upper Mount Street
Dublin 2, Ireland.

TELEPHONE: 353+1 661 0866
FACSIMILE: 353+1 661 0883
D.D.E. Box No: 123
E-MAIL: email@lkshields.ie
WEBSITE: www.lkshields.ie

Arthur Cox,
Solicitors,
Earlsfort Centre,
Earlsfort Terrace,
Dublin 2.
F.A.O. James Murray Esq.

OUR REF: 4276-001/JC/MMcG/050705ac1

YOUR REF: JM3/KM

5th July, 2005

Re:  In the matter of IRP Holdings Limited ("IRP") and in the matter of the Companies Acts, 1963- 2001
     Your Client: SCOR SA
     Our Clients: Highfields Capital Management LP and Others

Dear Sirs,

We refer to the above and in particular to your letter of 29th inst.

With regard to paragraph 2 of your letter under reply, we confirm that our clients will consent to the making of an Order striking out the proceedings, together with your client's Counterclaim, bearing record number 2003 576COS with no order as to costs. We confirm, that in circumstances where your client is agreeable to the foregoing, our clients will not pursue the costs of your client's counterclaim.

With regard to the issue of costs, we note that your client alleges that it is entitled to claim its costs against our clients in the proceedings. You should note that our clients will strenuously object to any such application by your client for its costs in the proceedings.

In paragraph 4 of your letter under reply, you state that, *"Your clients chose to institute these proceedings in late 2003 with a considerable degree of urgency in circumstances where there was clearly no evidence of oppression of the minority shareholders by our clients".*

As is clearly set out in our clients' Petition of 1st December, 2003, proceedings pursuant to section 205 were issued by our clients in circumstances where the credit ratings of SCOR SA were falling dramatically since in and around September 2002. In light of the provisions of the Quota Share Agreement as entered into between SCOR SA and Irish Reinsurance Partners Limited and in light of your client's refusal to terminate this agreement, our clients had no option but to issue the proceedings in December 2003 in order to protect its interests in IRP. Events and circumstances since the proceedings were instituted only confirm that such proceedings were necessary to protect our clients' interests, and that without such proceedings it is likely that their interests would have been further harmed.

LAURENCE K. SHIELDS, EDMUND BUTLER, PATRICIA McGOVERN, HUGH GARVEY, JOSEPH M. GAVIN, EMMET SCULLY, GERARD HALFPENNY, JUSTIN McKENNA, MICHAEL KAVANAGH, DAVID J.L. WILLIAMS, FIONA THORNTON, PHILIP DALY, MARCO W. HICKEY, EOIN CUNNEEN. ERIN BARRETT, AOIFE BRADLEY, STEPHEN BRENNAN, JILL CALLANAN, THOMAS CASEY, CLAIR CASSIDY, JENNIFER CLARKE, SUSAN CONNOLLY, JONATHAN CULLEN, ZELDA DEASLY, MARTINA DEVANEY, GILLIAN DULLY, ORLA GILLEN, TRACY GILARRY, HAZEL LARKIN, SARAH LYONS, AINE MATTHEWS, JENNIFER McGUIRE, RACHEL MURPHY, CAOLAIGH O'DWYER, DONAL O'HALLORAN, GERARD O'HANLON, JENNIFER O'NEILL, SHAUN POWELL, KATRINA SMYTH, CORA CRAMPTON

- 2 -

As you are fully aware, the primary relief sought in our clients' Petition was the termination of the Quota Share Agreement so that IRP would not be further exposed to your client's damaged credit rating and business underwritings. This relief was subsequently received by our clients in circumstances where on 31st December, 2004 your client agreed not to renew the Quota Share Agreement.

Other reliefs sought by our clients in the proceedings included the return of the funds under the Fund Withheld Arrangement and the return of capital. On the 3rd December 2004 a dividend in the sum of €13 million was paid to our clients.

Finally, our clients also sought the dissolution of IRP so that their portion of the net asset value of IRP would be preserved and paid to them in cash. Our clients repeatedly asked for such return of capital before commencing the proceedings in 2003, and were rebuffed then and several times afterwards. Now that your client has seen fit to offer an exchange on such basis, you claim that it is evidence that commencement of the proceedings was unnecessary. In fact, the fact that your client finally offered such exchange proves that our clients' demands, and the proceedings brought to enforce them, were always reasonable, appropriate and necessary. It was your client's refusal to do so that led to the commencement of the proceedings and the resultant expenses.

Further, as you well aware, until just two weeks ago, our clients were not assured of receiving cash for their IRP Shares and were in danger of instead being issued with tens of millions of shares of SCOR capital stock. In fact, your client consistently maintained over the past months and until late June 2005, that it may issue such SCOR shares to our clients in exchange for our clients' IRP Shares. Given your client's financial condition, had such June 2005 exchange notice sought to issue SCOR shares to our clients, our clients would have exercised their right of deferral, our clients' proceedings in the High Court would have continued and we would have continued to seek return of all our clients' capital.

Accordingly, in issuing the proceedings as against your client our clients succeeded in obtaining three of the principle reliefs as set out in its Petition.

With regard to our clients' two motions, as you are fully aware these motions were initially adjourned in circumstances where there were ongoing discussions between our respective clients and in circumstances where your client was arranging to terminate the Quota Share Agreement. The two motions were subsequently adjourned in circumstances where our clients were unaware whether they would remain a shareholder of IRP subsequent to 31st May 2005.

We look forward to hearing from you by return.

Yours faithfully

*LK Shields Solicitors*
LK SHIELDS SOLICITORS



**VIA FACSIMILE & POST**
618 0618

39/40 UPPER MOUNT STREET
DUBLIN 2, IRELAND.

TELEPHONE: 353+1 661 0866
FACSIMILE: 353+1 661 0883
D.D.E. Box No: 123
E-MAIL: email@lkshields.ie
WEBSITE: www.lkshields.ie

Arthur Cox,
Solicitors,
Earlsfort Centre,
Earlsfort Terrace,
Dublin 2.
F.A.O. James Murray Esq.

OUR REF: 4276-001/LKS/JC/MMcG/05072811

YOUR REF: JM3/KM

28th July, 2005

Re:    In the matter of IRP Holdings Limited
       Your Client: SCOR SA
       Our Client: Highfields Capital Management LP

Dear Sirs,

We refer to the above and in particular to the discussions between our client's Counsel, Michael Collins S.C., and your client's Counsel, David Barniville B.L. of this afternoon.

We have now received instructions in relation to your client's proposal. We confirm that our client will consent to the striking out of the proceedings bearing record number 2003 No. 576 COS on the following conditions:-

1.   Each party will bear their own costs of the proceedings bearing record number 2003 No. 576 COS. However, our client will discharge your client's costs in respect of your client's Motion to dismiss our client's Points of Claim dated 27th February 2004 as per the Order of the High Court of 29th March 2004. However, this is on condition that the costs of the said Motion are to be taxed in default of agreement.

2.   The striking out of the proceedings bearing record number 2003 No. 576 COS is not to prejudice the US proceedings (Case No. 04-10624 MTW). In addition, our client reserves all rights in relation to the issuing of any further claim against your client and in particular any claim in relation to the calculation in respect of the exchange ratio and the exchange process as referred to in Article VI of the Shareholders Agreement dated 28th December 2001.

In the event that your client is agreeable to the foregoing we would be obliged if you would confirm this in writing by return.

Yours faithfully,
*LK Shields Solicitors*

LAURENCE K. SHIELDS, EDMUND BUTLER, PATRICIA McGOVERN, HUGH GARVEY, JOSEPH M. GAVIN, EMMET SCULLY, GERARD HALPENNY, JUSTIN McKENNA, MICHAEL KAVANAGH, DAVID J.H. WILLIAMS, FIONA THORNTON, PHILIP DALY, MARCO W. HICKEY, EOIN CUNNEEN.
ERIN BARRETT, AOIFE BRADLEY, STEPHEN BRENNAN, JILL CALLANAN, THOMAS CASEY, CLAIR CASSIDY, JENNIFER CLARKE, SUSAN CONNOLLY, JONATHAN CULLEN, ZELDA DEASEY, MARTINA DEVANEY, GILLIAN DULLY, ORLA GILLEN, TRACY GILVARRY, HAZEL LARKIN, SARAH LYONS, AINE MATTHEWS, JENNIFER McGUIRE, RACHEL MURPHY, ORLAIGH O'DWYER, DERVAL O'HALLORAN, GERARD O'HANLON, JENNIFER O'NEILL, SHANE POWER, KATRINA SMYTH, CORA CRAMPTON (Financial Controller).

# ARTHUR COX

EARLSFORT CENTRE, EARLSFORT TERRACE, DUBLIN 2
TEL. +353 1 618 0000  FAX +353 1 618 0618  DX 27 DUBLIN
mail@arthurcox.com   www.arthurcox.com

| BELFAST | LONDON | NEW YORK |
|---|---|---|
| Capital House, 3 Upper Queen Street | 29 Ludgate Hill | 570 Lexington Avenue, 28th Floor |
| Belfast BT1 6PU | London EC4M 7JE | New York, NY 10022 |
| Telephone +44 28 9023 0007 | Telephone +44 20 7213 0450 | Telephone +1 212 759 0808 |
| Fax +44 28 9023 3464 | Fax +44 20 7213 0455 | Fax +1 212 688 3237 |

JM3/KM
Direct Dial : 618 0403

29th July 2005

**BY FAX & DX - 661 0883**

L K Shields
Solicitors
39/40 Upper Mount Street
Dublin 2
**DDE Box No - 123**

## EXTREMELY URGENT

Re:  In the matter of IRP Holdings Limited
     Our client: SCOR S.A.
     Your clients: Highfields Capital Limited, Highfields Capital I LP, Fields Capital II L.P. and Highfields Capital SPC.
     The High Court 2003 No. 576 COS. (The "Proceedings")

Dear Sirs

We refer to the above matter and to your faxed letter of 28 July 2005 which was received yesterday evening at 20:43.

We confirm that our client consents to the Proceedings (being the claim and counterclaim) being struck out with no order as to costs save for those costs which are the subject of the Order of the High Court made on 29 March 2004.

As regards the conditions referred to in your letter, we respond as follows:

1.  We agree that each party will bear its own costs of the proceedings save that your clients will discharge our client's costs which are the subject of the Order of the High Court of 29 March 2004. We agree the costs the subject of that Order should be taxed in default of agreement.

2.  We agree that the striking out of the Proceedings is not to prejudice the United States Proceedings referred to in paragraph 2 of your letter. While we note that your clients purport to reserve rights to issue further claims against our client, our client does not acknowledge the existence of any such rights or claims and nothing in this letter or in

[Partners and consultants list at bottom of page]

ARTHUR COX

Page 2

the striking out of the Proceedings should be taken as an acknowledgement of the existence thereof. Furthermore, our client reserves the right to rely on such defences as are open to it in response to any further claims which may be made by or on behalf of your clients.

As you know the Proceedings have now been adjourned to 1.45pm today. We are most anxious that the Proceedings are resolved today as this is the last day of the Law Term.

Please confirm now that the Proceedings can be struck out at 1.45pm on the above basis.

We await hearing from you.

Yours faithfully

*Arthur Cox*
ARTHUR COX