# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 2, 2005

By Hand Delivery

Hon. Mark L. Wolf,
   United States District Judge,
      John Joseph Moakley U.S. Courthouse,
         1 Courthouse Way - Suite 2300,
            Boston, Massachusetts 02210

      Re:  *Highfields Capital Ltd.* v. *SCOR, S.A*
            Civil Action No. 04-10624 (MLW)

Dear Judge Wolf:

      I write on behalf of defendant SCOR to bring to the Court's attention important events that have occurred since briefing was concluded on the pending motion in this matter. On June 24, 2005, pursuant to the terms of the Shareholders Agreement to which they are parties, each of the Highfields entities that are plaintiffs in this action accepted SCOR's June 14, 2005 Exchange Notice and transferred its shares in IRP Holdings Limited ("IRP") to SCOR in exchange for payment of the consideration due under the Shareholders Agreement, plus interest. Highfields received more than €184 million, equivalent to approximately $220 million, representing full return of Highfields $142.2 million investment with a healthy profit. Consequently, Highfields is no longer an investor in IRP, and last week the parties agreed that the current Irish litigation between the parties will be dismissed.

**1. Recent Developments**

      The Highfields plaintiffs now have received €184,302,712 in consideration for their IRP shares, plus a €12,474,746 dividend paid earlier. This sum, equivalent to a total of more than $235 million at current exchange rates, represents <u>a profit in excess of 38 percent</u> earned over the course of Highfields' approximate three and

Honorable Mark L. Wolf                                                                                              -2-

one-half year investment of $142.2 million in IRP. Highfields thus has not been damaged by its investment in IRP but instead has profited handsomely.

Highfields, through its Irish counsel, admits as much. In a July 5, 2005 letter to SCOR's Irish counsel, a copy of which is enclosed, Highfields' Irish counsel acknowledged that Highfields has received the relief it sought: "our clients also sought the dissolution of IRP so that their portion of the net asset value of IRP would be preserved and paid to them in cash . . . ." Highfields' counsel continues: "until two weeks ago, our clients were not assured of receiving cash for their IRP Shares and were in danger of being issued with tens of millions of shares of SCOR capital stock." That "danger" has passed. The exchange of Highfields' IRP shares took place in cash. As Highfields' Irish counsel have stated, "our clients succeeded in obtaining three of the principle reliefs (sic) as set out in its Petition."

On July 28, 2005 Highfields' Irish counsel wrote to SCOR's Irish counsel agreeing to a dismissal pursuant to which Highfields will bear a portion of SCOR's costs and stating that the dismissal is without prejudice to events in the action before this Court. In that letter, a copy of which is enclosed, Highfields' lawyers specifically reserved rights in connection with "any claim in relation to the calculation in respect of the exchange ratio and the exchange process" by which the recent redemption of IRP shares was accomplished. A copy of SCOR's Irish counsel's letter of July 29, 2005, noting that SCOR does not agree that any such claims are valid, also is enclosed.

**2. Recent Developments Emphasize That Any Remaining Issues Between the Parties are Subject to the Exclusive Jurisdiction of the Irish Courts.**

The claim on which Highfields filed the present action in this Court -- that "no reasonable investor" would have purchased the IRP shares that Highfields has just sold at a large profit (Highfields Complaint dated March 31, 2004 at ¶ 69) -- has turned out to be a bad prediction. It is unclear what claim for damages Highfields now seeks to assert; but if there is one, it remains subject to the exclusive jurisdiction of the courts of Ireland. Highfields has submitted to the exclusive jurisdiction of the courts of Ireland for all purposes relating to the Shareholders Agreement.

Dismissal of the initial Irish action, which was appropriate because Highfields has ceased to be an IRP shareholder, does not change that fact. The proceedings before the High Court of Ireland that are coming to a close sought primarily corporate dissolution of IRP, which is no longer relevant. But, as was stated in Conor McDonnell's Reply Declaration dated August 17, 2004, submitted in this action, Irish courts would have entertained Highfields' damages claims, and those courts remain available for that purpose if Highfields wishes to maintain such a claim.

Honorable Mark L. Wolf                                                                                           -3-

    Highfields' transfer of its IRP shares and receipt of due consideration underscores the fact that the parties' relationship, and any issue relating thereto, is governed by the Shareholders Agreement and its exclusive jurisdiction clause. Highfields received €184,302,712 in exchange for its shares pursuant to the terms of Article VI of the Shareholders Agreement. Any grievance Highfields may have regarding its decision to make an investment in IRP or the amount of money Highfields received as a result of its agreement to terminate that investment in IRP is governed by Paragraph 7.16 of the Shareholders Agreement, whereby Highfields "submit[ed] to the exclusive jurisdiction of the courts of Ireland for all purposes relating to this Agreement." Any claim by Highfields for further remuneration, however categorized, relates to the value accorded its shares in IRP under the terms of the Shareholders Agreement. Indeed, Highfields' Irish counsel's July 28 letter refers expressly to reservation and possible assertion of such claims. Therefore, the Irish Courts remain the only proper venue, and SCOR respectfully urges that Highfields' complaint here be dismissed.

**3. If the Action Is Not Dismissed on the Basis of Improper Venue, SCOR Should Be Permitted to Move for a More Definitive Statement of Highfields' Remaining Claim.**

    In light of its lucrative exit from IRP, Highfields' March 31, 2004 Complaint in this Court is no longer reasonably amenable to a properly focused response. Highfields has now sold its interest in IRP, earning a 38 percent return on its three-year investment, which makes it difficult to imagine that Highfields still claims that "…Highfields would not have invested in IRP. Indeed, no reasonable investor would have done so." (Complaint at ¶ 11.)

    Other important key elements of the Complaint also no longer make sense. Highfields alleges that "SCOR's motive is clear: It wants to continue to use IRP and Highfields' capital…" (Complaint at ¶ 60.) As neither IRP nor SCOR now possesses any of Highfields' capital, the allegation that SCOR wants to continue to use such capital is surely wrong, or at least untimely. Similarly, Highfields' allegation that "…IRP and Highfields remain exposed to SCOR's deteriorating business" has been completely overtaken and rendered irrelevant by recent developments. (Complaint at ¶ 61.)

    The crux of Highfields' allegations of fraud has, with the passage of time, proved to be demonstrably false. Highfields alleged:

> Contrary to its inducements, SCOR (and Osouf) knew but
> did not disclose to Highfields:…(c) that when the time
> came for the redemption of IRP shares by Highfields,
> SCOR would be a "junk" rated reinsurer unable or
> unwilling to redeem shares for cash, and (d) that when the

Honorable Mark L. Wolf                                                                      -4-

       time came for the redemption of IRP shares, Highfields would become financially exposed to SCOR's undisclosed liabilities that pre-dated Highfields' investment in IRP and from which IRP investors were intended to be protected. (Complaint at ¶ 68.)

       The time for the redemption of IRP shares now has come and passed. As evidenced by the €184,302,712 Highfields received for its IRP shares, SCOR was both willing and capable of redeeming the shares in cash; therefore, Highfields has not become "financially exposed" as it alleges. Instead, Highfields has earned a 38 percent return on its investment in IRP. Highfields' claim that "no reasonable investor would have[] made the investment solicited by SCOR" is incapable of proof. (Complaint at ¶ 69.)

       Rule 12(e) of the Federal Rules of Civil Procedure permits a motion for a more definite statement of a claim when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." If SCOR's pending motion to dismiss for improper venue is not granted, this case should not proceed to discovery. Instead, SCOR should be permitted to make a motion for a more definite statement. Only after Highfields clarifies through an amended pleading how it claims to have been injured by the events that have occurred, in light of its 38 percent profit on the transaction, could the parties or the Court fairly be asked to address the purported bases of Highfields' claims and the sufficiency of Highfields' pleading.

       Respectfully,

       James H. Carter

(Enclosures)

cc:    Lisa C. Wood, Esq.
       (Foley Hoag LLP)
       (Attorney for Plaintiffs)

       Douglas H. Meal, Esq.
       Giselle J. Joffre, Esq.
       (Ropes & Gray LLP)
       (Attorney for Defendant)