

**LK SHIELDS**

SOLICITORS

VIA FACSIMILE & POST
618 0618

39/40 Upper Mount Street
Dublin 2, Ireland.

TELEPHONE: 353+1 661 0866
FACSIMILE: 353+1 661 0883
D.D.E. Box No. 123
E-MAIL: email@lkshields.ie
WEBSITE: www.lkshields.ie

Arthur Cox,
Solicitors,
Earlsfort Centre,
Earlsfort Terrace,
Dublin 2.
F.A.O. James Murray Esq.

OUR REF:   4276-001/JC/MMcG/050705ac1

YOUR REF:   JM3/KM

5th July, 2005

Re: **In the matter of IRP Holdings Limited ("IRP") and in the matter of the Companies Acts, 1963- 2001**
**Your Client: SCOR SA**
**Our Clients: Highfields Capital Management LP and Others**

Dear Sirs,

We refer to the above and in particular to your letter of 29th inst.

With regard to paragraph 2 of your letter under reply, we confirm that our clients will consent to the making of an Order striking out the proceedings, together with your client's Counterclaim, bearing record number 2003 576COS with no order as to costs. We confirm, that in circumstances where your client is agreeable to the foregoing, our clients will not pursue the costs of your client's counterclaim.

With regard to the issue of costs, we note that your client alleges that it is entitled to claim its costs against our clients in the proceedings. You should note that our clients will strenuously object to any such application by your client for its costs in the proceedings.

In paragraph 4 of your letter under reply, you state that, *"Your clients chose to institute these proceedings in late 2003 with a considerable degree of urgency in circumstances where there was clearly no evidence of oppression of the minority shareholders by our clients".*

As is clearly set out in our clients' Petition of 1st December, 2003, proceedings pursuant to section 205 were issued by our clients in circumstances where the credit ratings of SCOR SA were falling dramatically since in and around September 2002. In light of the provisions of the Quota Share Agreement as entered into between SCOR SA and Irish Reinsurance Partners Limited and in light of your client's refusal to terminate this agreement, our clients had no option but to issue the proceedings in December 2003 in order to protect its interests in IRP. Events and circumstances since the proceedings were instituted only confirm that such proceedings were necessary to protect our clients' interests, and that without such proceedings it is likely that their interests would have been further harmed.

- 2 -

As you are fully aware, the primary relief sought in our clients' Petition was the termination of the Quota Share Agreement so that IRP would not be further exposed to your client's damaged credit rating and business underwritings. This relief was subsequently received by our clients in circumstances where on 31st December, 2004 your client agreed not to renew the Quota Share Agreement.

Other reliefs sought by our clients in the proceedings included the return of the funds under the Fund Withheld Arrangement and the return of capital. On the 3rd December 2004 a dividend in the sum of €13 million was paid to our clients.

Finally, our clients also sought the dissolution of IRP so that their portion of the net asset value of IRP would be preserved and paid to them in cash. Our clients repeatedly asked for such return of capital before commencing the proceedings in 2003, and were rebuffed then and several times afterwards. Now that your client has seen fit to offer an exchange on such basis, you claim that it is evidence that commencement of the proceedings was unnecessary. In fact, the fact that your client finally offered such exchange proves that our clients' demands, and the proceedings brought to enforce them, were always reasonable, appropriate and necessary. It was your client's refusal to do so that led to the commencement of the proceedings and the resultant expenses.

Further, as you well aware, until just two weeks ago, our clients were not assured of receiving cash for their IRP Shares and were in danger of instead being issued with tens of millions of shares of SCOR capital stock. In fact, your client consistently maintained over the past months and until late June 2005, that it may issue such SCOR shares to our clients in exchange for our clients' IRP Shares. Given your client's financial condition, had such June 2005 exchange notice sought to issue SCOR shares to our clients, our clients would have exercised their right of deferral, our clients' proceedings in the High Court would have continued and we would have continued to seek return of all our clients' capital.

Accordingly, in issuing the proceedings as against your client our clients succeeded in obtaining three of the principle reliefs as set out in its Petition.

With regard to our clients' two motions, as you are fully aware these motions were initially adjourned in circumstances where there were ongoing discussions between our respective clients and in circumstances where your client was arranging to terminate the Quota Share Agreement. The two motions were subsequently adjourned in circumstances where our clients were unaware whether they would remain a shareholder of IRP subsequent to 31st May 2005.

We look forward to hearing from you by return.

Yours faithfully

*LK Shields Solicitors*
LK SHIELDS SOLICITORS

28/07 '05 20:43 FAX 0035316612379      LK SHIELDS LITIGATION                     ☒002



**LK SHIELDS**
SOLICITORS

VIA FACSIMILE & POST
618 0618

39/40 Upper Mount Street
Dublin 2, Ireland.

TELEPHONE: 353+1 661 0866
FACSIMILE: 353+1 661 0883
D.D.E. Box No: 123
E-MAIL: email@lkshields.ie
WEBSITE: www.lkshields.ie

Arthur Cox,
Solicitors,
Earlsfort Centre,
Earlsfort Terrace,
Dublin 2.
F.A.O. James Murray Esq.

OUR REF:  4276-001/LKS/JC/MMcG/05072811

YOUR REF:  JM3/KM

28th July, 2005

Re:  In the matter of IRP Holdings Limited
     Your Client: SCOR SA
     Our Client: Highfields Capital Management LP

Dear Sirs,

We refer to the above and in particular to the discussions between our client's Counsel, Michael Collins S.C., and your client's Counsel, David Barniville B.L. of this afternoon.

We have now received instructions in relation to your client's proposal. We confirm that our client will consent to the striking out of the proceedings bearing record number 2003 No. 576 COS on the following conditions:-

1   Each party will bear their own costs of the proceedings bearing record number 2003 No. 576 COS. However, our client will discharge your client's costs in respect of your client's Motion to dismiss our client's Points of Claim dated 27th February 2004 as per the Order of the High Court of 29th March 2004. However, this is on condition that the costs of the said Motion are to be taxed in default of agreement.

2.  The striking out of the proceedings bearing record number 2003 No. 576 COS is not to prejudice the US proceedings (Case No. 04-10624 MTW). In addition, our client reserves all rights in relation to the issuing of any further claim against your client and in particular any claim in relation to the calculation in respect of the exchange ratio and the exchange process as referred to in Article VI of the Shareholders Agreement dated 28th December 2001.

In the event that your client is agreeable to the foregoing we would be obliged if you would confirm this in writing by return.

Yours faithfully,
*LK Shields* *[signature]*
LK Shields Solicitors

LAURENCE K. SHIELDS, EDMUND BUTLER, PATRICIA McGOVERN, HUGH GARVEY, JOSEPH M. GAVIN, EMMET SCULLY, GERARD HALPENNY, JUSTIN McKENNA, MICHAEL KAVANAGH, DAVID J.M. WILLIAMS, FIONA THORNTON, PHILIP DALE, MARCO W. RICKEY, EOIN CUNNEEN, ERIN BARRETT, AOIFE BRADLEY, STEPHEN BURNHAM, BILL CALLANAN, THOMAS CASEY, CLAIR CASSIDY, JENNIFER CLARKE, SUSAN CONNOLLY, JONATHAN CULLEN, ZILDA DEASY, MARTINA DEVANEY, GILLIAN DUFFY, ORLA GILLEN, TRACY GRANT, HAZEL LARKIN, SARAH LYONS, AINE MATTHEWS, JENNIFER McGUIRE, RACHEL MURPHY, ORLAGH O'DWYER, DERVAL O'HALLORAN, GERARD O'HANLON, JENNIFER O'NEILL, EMAN POWER, KATERINA SMYTH, CIARA CRANE