UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP, <br><br>  Plaintiffs, <br><br> v. <br><br> SCOR, S.A., <br><br>  Defendant. | Civil Action No.  04-10624 MLW |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO COURT'S AUGUST 3, 2005 ORDER CONCERNING DISMISSAL OF IRISH ACTION**

Pursuant to this Court's August 3, 2005 Order, and in response to the August 2, 2005 letter to this Court from James H. Carter, counsel to defendant SCOR, S.A. ("SCOR") (the "SCOR Counsel Letter"), plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP (collectively, "Highfields") submit this memorandum concerning the impact on this proceeding of the voluntary agreed-upon dismissal of the action (the "Irish Action") between Highfields and SCOR in the High Court of Ireland (the "Irish Court").

Notwithstanding any misunderstanding or confusion that may have been created by the SCOR Counsel Letter, the litigation pending before this Court has *not* been settled.  In fact, as SCOR knows, in agreeing to dismiss the Irish Action, SCOR's Irish counsel explicitly stated that "[w]e agree that the striking out of the [Irish] Proceedings is not to prejudice the United States Proceedings" (referring to this case).  See July 29, 2005 letter from SCOR's counsel, Arthur Cox, to Highfields' counsel, L K Shields, a copy of which is attached to the SCOR Counsel Letter.  Just days later, SCOR now wants to ignore the plain words and agreement made on its behalf in the Irish Court.

B3081124.2

Highfields continues to seek damages in this proceeding that will likely be in the hundreds of millions of dollars as a result of SCOR's fraudulent misrepresentations that caused Highfields to invest in IRP Holdings Limited ("IRP"). In June, 2005, pursuant to contractual requirements of the IRP Shareholders Agreement, SCOR purchased Highfields' shares in IRP for approximately €183.1 million (about $226 million). Though SCOR would like the Court to believe this relieves SCOR of responsibility for its fraudulent actions in 2001, on the contrary, that purchase only serves to help define the damages Highfields suffered as a result of such wrongdoing. As explained below, the Irish Action was an action in equity, specifically targeted to require SCOR to respect Highfields' rights and interests as an IRP shareholder. Money damages were not sought in the Irish Action and, in fact, were not available. The Irish Action was dismissed because once Highfields was no longer an IRP shareholder, these equitable remedies were moot. The Irish Action, and therefore its dismissal, were wholly irrelevant to the claims of the proceedings in this Court that are grounded in SCOR's fraud before Highfields became a shareholder in IRP.

The only impact of the dismissal of the Irish Action on this proceeding is that it unequivocally eliminates one of the two grounds on which defendant sought dismissal of this proceeding, namely, that this Court should abstain in favor of the Irish Action. SCOR's motion to dismiss is premised on the existence of an active parallel litigation in Ireland to which this Court might defer. Now that such action has been dismissed by agreement of the parties, there is no pending proceeding in Ireland, and SCOR's motion to dismiss should be denied.

**Relevant Procedural History and Background**

*The United States Proceedings*

Highfields filed this action on March 31, 2004, seeking damages for SCOR's common law fraud, negligent misrepresentation, and violations of Massachusetts General Laws chapter 93A. SCOR made a series of misrepresentations to Highfields in the latter part of 2001, which misrepresentations caused Highfields to make an approximately $150 million investment in IRP pursuant to a Subscription Agreement (the "Subscription Agreement"). While falsely portraying SCOR as financially stable, and touting such financial health as a key driver of IRP's business plan for success, SCOR at the same time withheld information that would have revealed that SCOR's financial health was an illusion and about to crumble. Only days after Highfields' December 21, 2001 investment in IRP, on January 15, 2002, SCOR disclosed massive losses that it stated it had discovered in "early December." As a result, SCOR's critical financial strength ratings, and the quality (and volume) of its business suffered greatly, as did the prospects and value of Highfields' investment in IRP. This action arises out of those misrepresentations and the Subscription Agreement.

On July 6, 2004, SCOR moved to dismiss Highfields' Complaint or stay these proceedings ("Motion to Dismiss"). SCOR advanced two arguments in support of its Motion to Dismiss. First, it argued that a forum selection clause contained in the IRP Shareholders Agreement required Highfields to bring its claims in Ireland. Second, SCOR argued, in much greater detail, that this Court should abstain and await the outcome of the Irish Action. Highfields opposed the motion. A hearing on the Motion to Dismiss and the Rule 16 scheduling conference are set for August 24, 2005.

*The Irish Proceedings*

As set forth in detail in Highfields' briefs and supporting documents submitted in opposition to the Motion to Dismiss, on December 1, 2003, Highfields commenced the Irish Action seeking to compel certain corporate action to protect IRP (and, by extension, Highfields' interests as an IRP shareholder) from SCOR's dominance and misuse of IRP's assets. At the time, Highfields was a minority shareholder of IRP. SCOR, as majority shareholder, was a party to that action. In the Irish Action, Highfields sought a number of equitable remedies, including (1) the termination of a certain Quota Share Agreement between IRP and SCOR; (2) the return of certain funds and capital to IRP from SCOR; and (3) the dissolution of IRP, so that the net asset value of IRP would be preserved and paid to IRP's shareholders. Highfields did not seek monetary damages in the Irish Action, nor could it. See Affidavit of Laurence K. Shields, dated August 3, 2002 at ¶ 4, submitted with Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Stay.

On May 6, 2004, following commencement of this action, SCOR brought a counterclaim against Highfields in the Irish Action. The counterclaim sought a declaration that SCOR had not made material misrepresentations to Highfields in connection with Highfields' initial investment in IRP in December 2001. The Irish Action proceeded very slowly. The parties did not exchange discovery. The parties never litigated the substance of the claims or counterclaim, nor did the Irish Court ever decide any substantive issue in the case.

*Termination of Highfields' Investment in IRP*

The Irish Action has been dismissed because Highfields is no longer a shareholder of IRP. Accordingly, the minority shareholder equitable remedies and protections that Highfields sought in the Irish Action are no longer meaningful or appropriate. SCOR would somehow have

this Court believe that the contractually required purchase of Highfields' IRP shares by SCOR and the dismissal of the Irish Action was a settlement of Highfields' claims against SCOR for defrauding Highfields. This insinuation, however, is patently false and clearly irreconcilable with SCOR's own agreement to dismiss the Irish Action.

First, the SCOR Counsel Letter neglected to mention that SCOR's purchase of Highfields' IRP shares was mandated by the IRP Shareholders Agreement (which agreement is not even at issue in this case). The purchase was not in any way a voluntary, negotiated settlement of the claims in the United States proceedings, nor in any way related to them. Instead, the purchase was required, and the purchase price established, by the terms and formulas set out in the IRP Shareholders Agreement.[1] See IRP Shareholders Agreement § 6.1(a)(ii)(1) ("[F]ollowing the third anniversary of the Closing Date [December 28, 2004], SCOR shall furnish to the Shareholders an Exchange Notice . . . and shall exchange, all of the shares held by the Shareholders (other than SCOR) . . . and such Exchange shall be completed no later than May 31, 2005.") The value of the IRP shares subject to this exchange was to be determined by a formula set forth in the IRP Shareholders Agreement.[2] See id. § 6.2. Also under this agreement, Highfields had no choice other than either to deliver the IRP shares for purchase by SCOR, or to elect to defer the sale and purchase for one year, until 2006. See id. § 6.1(a)(ii).

On June 14, 2005, pursuant to Section 6.1(c) of the IRP Shareholders Agreement, SCOR issued the Exchange Notice required thereunder. See Exhibit A to the Affidavit of Ian J.

---

[1] A copy of the Shareholders Agreement is attached to the Affidavit of Arnaud Chneiweiss, submitted with SCOR's Motion to Dismiss, at Exhibit C.

[2] Highfields, as a shareholder of IRP, could elect to defer the mandatory exchange of IRP stock for one year, until May 31, 2006, if certain financial ratios relating to the performance of SCOR were not met. See IRP Shareholders Agreement § 6.1(a). In such event, the value ascribed to the IRP shares was much lower than if these ratios were met. Not surprisingly, SCOR claimed that it did not meet this threshold and offered Highfields approximately $50 million less than Highfields would have received had the threshold been exceeded. Nevertheless, Highfields did tender its IRP shares pursuant to the Exchange Notice issued by SCOR.

McLoughlin (the "McLoughlin Affidavit"), submitted herewith. Although Highfields objected to SCOR's valuation of the IRP shares, Highfields tendered its IRP shares on June 24, 2005 and received cash equal to €183.1 million, or about $226 million (the "Exchange Consideration"). See June 22, 2005 letter from Joseph F. Mazzella to Denis Kessler and Joanne Conlon, attached as Exhibit B to the McLoughlin Affidavit ("Mazzella Letter"). In the Mazzella Letter, Highfields specifically noted that the transfer of the IRP shares and the acceptance of payment by Highfields "in no way shall be deemed to constitute a . . . waiver, release or accord and satisfaction of . . . the causes of action and claims which are the subject of pending litigation between the Highfields Funds and SCOR . . . in the United States District Court in the Eastern District of Massachusetts, or be deemed to constitute resolution, settlement or compromise of any such claims, causes of action, rights or litigation, and the Highfields Funds reserve all of such rights, claims and causes of action."

As noted above, Highfields had the right to defer the exchange of the IRP shares for one year. Given that deferring the transaction for one year would expose Highfields to another year of SCOR's de facto business management of IRP, however, Highfields determined to accept the cash payment in 2005 in order to mitigate its damages.

Following the exchange of Highfields' IRP shares, the parties agreed to strike out the Irish Action, an action that is akin to a voluntary dismissal. This agreement was not a settlement of the underlying dispute in Ireland, but instead a recognition that the Irish Action could not go forward since Highfields was no longer a shareholder in IRP.

Highfields did not seek or receive any damages in the Irish Action, nor did the money it received under the IRP share exchange compensate it in any way for SCOR's misrepresentations relating to Highfields' initial investment in IRP. Moreover, none of the issues in the United

States litigation were resolved in the Irish Action. To the contrary, SCOR expressly agreed that "the striking out of the [Irish] Proceedings is not to prejudice the United States Proceedings...." See July 29, 2005 letter from SCOR's counsel, Arthur Cox, to Highfields' counsel, L K Shields, a copy of which is attached to the SCOR Counsel Letter.

### Discussion

I.  **SCOR's Motion to Dismiss is Moot Insofar as it Urges this Court to Abstain in Favor of the Irish Action.**

To the extent that the dismissal of the Irish Action implicates this proceeding, it moots the primary basis for the Motion to Dismiss, namely, that the Court should abstain in favor of the Irish Action. A major part of SCOR's argument in its Motion to Dismiss rests on the assumption that there is an active Irish proceeding to which this Court may defer. See e.g., Defendant SCOR, S.A.'s Memorandum of Law in Support of Motion to Dismiss or Stay at 10 - 17. Indeed, SCOR argued that this Court should dismiss or stay this case in favor of the Irish Action because, among other things, the parties and issues in the two cases were substantially the same and dismissing this case would promote judicial efficiency. Now that the Irish case is being dismissed, there is no longer any "parallel" proceeding to which this Court may defer, and any concerns regarding similarity of parties and issues or judicial efficiency have evaporated. Compare National Union Fire Insurance Co. v. Kozeny, 115 F.Supp.2d 1243, 1247 (S.D.N.Y. 1999) (dismissing action due to pendency of "two concurrent and simultaneous proceedings") (internal citation and quotation omitted, emphasis added).[3]

Notwithstanding that the dismissal of the Irish Action renders moot a large portion of the Motion to Dismiss, SCOR has refused to withdraw any part of its motion. By letter dated July

---

[3] The National Union case, and the quoted language herein, appear on page 13 of SCOR's memorandum in support of its Motion to Dismiss.

29, 2005, Highfields' counsel urged SCOR's counsel to withdraw the Motion to Dismiss. See Exhibit C to the McLoughlin Affidavit. To date, SCOR has not responded formally to this request, although in a telephone conversation last week, SCOR's counsel stated that he was not inclined to waive any arguments. SCOR did, however, submit the SCOR Counsel Letter, which appears to indicate that SCOR intends to pursue its Motion to Dismiss in full. It makes no sense for SCOR to insist on burdening the Court with adjudicating an issue that is so obviously irrelevant. Moreover, it is utterly illogical for SCOR to suggest that the Court should abstain in favor of a parallel foreign proceeding when there is no parallel foreign proceeding.

## II. The Forum Selection Clause in the Shareholders Agreement Does Not Apply to Highfields' Claims in these Proceedings.

The recent developments in Ireland do not directly affect SCOR's forum selection clause argument in its Motion to Dismiss, nor do they give this argument the substance that it lacked from the beginning. On the contrary, that argument still fails for the reasons set forth in Highfields' opposition papers. See Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss or Stay at 9-14; Plaintiffs' Proposed Memorandum of Law in Opposition to Defendant's Motion for Leave to File a Reply Memorandum in Further Support of its Motion to Dismiss or Stay at 1-3.

In fact, the developments in Ireland only highlight the differing nature of the claims brought in this Court versus those in the Irish Action. The case here concerns the fraudulent misrepresentations made by SCOR in order to induce Highfields to invest in IRP and to sign the Subscription Agreement. That Subscription Agreement contains a permissive forum selection clause and leaves Massachusetts open as a forum for resolution of any disputes between the parties relating to Highfields' investment. By contrast, claims regarding how IRP was later managed were properly before the Irish Court because they concerned the rights and obligations

under the Shareholders Agreement. Once Highfields was no longer a shareholder in IRP, however, it had no on-going rights under the Shareholders Agreement. Accordingly, it was entirely proper that the Irish Action was dismissed since there were no further proceedings in Ireland that needed to be resolved. All that remains to be resolved is whether SCOR defrauded Highfields and the magnitude of the damages Highfields suffered, matters that are properly before this Court as related to the Subscription Agreement.

### III.     The Remainder of the SCOR Counsel Letter is Irrelevant.

SCOR spends a good portion of the SCOR Counsel Letter discussing the amount of money paid to Highfields in connection with the mandatory purchase of its IRP shares. It is difficult for Highfields to ascertain why this issue is relevant to the two matters scheduled for hearing on August 24 -- the Motion to Dismiss and the Rule 16 conference -- and Highfields can only conclude that SCOR has raised these matters solely to distract from the issues scheduled for hearing.

SCOR seems to believe that the fact that Highfields received more for its IRP shares than it initially invested in IRP somehow absolves SCOR of its fraud in soliciting Highfields' investment, or establishes as a matter of law that Highfields suffered no damages from that fraud. Both premises are unfounded. While the amount that Highfields recovered on account of its investment in IRP might be relevant to the amount of Highfields' damages, it does not bear on whether Highfields was damaged in the first instance. In any event, Highfields is confident that it will be able to prove that it suffered hundreds of million of dollars in damages due to SCOR's gross misrepresentations. The difference between the prospects, business and value of the investment as represented by SCOR and the true opportunity and value, as affected by SCOR's undisclosed financial crisis, is staggering. Highfields' exchange of its IRP shares pursuant to a

contractually agreed-upon provision was simply part of its efforts to mitigate damages and should not foreclose its ability to pursue its claims in this litigation. In addition, Highfields has sent previously a settlement demand to SCOR, so SCOR is well aware that the level of damages sought by Highfields exceeds any return obtained by Highfields in connection with the exchange of the IRP shares. Any further questions SCOR may have about Highfields' damages are more properly the subject of fact and expert discovery, which highlights the need for moving forward with discovery in this action immediately.

Finally, the SCOR Counsel Letter suggests that as a result of the IRP share exchange, SCOR might wish, at some undefined point, to move to require Highfields to amend its complaint to provide a more definite statement. As SCOR has not actually made such a motion, none of these arguments are properly before the Court and, in any event, SCOR has already waived its right to demand a more definite statement. See Fed. R. Civ. P. 12(g).

Moreover, a more definite statement is not required. The Complaint is extremely detailed, consisting of approximately 25 pages and 93 numbered paragraphs. Highfields is under no obligation to explain every facet of its damages claims in the Complaint. To the extent that SCOR wishes to probe further into Highfields' damages and damages theories, it can certainly pursue those questions in discovery, which Highfields is prepared to commence immediately following the Rule 16 conference.

## Conclusion

For the foregoing reasons, and the reasons contained in its opposition to the Motion to Dismiss, plaintiffs respectfully request that the Court deny defendant's Motion to Dismiss; allow discovery to proceed immediately; and grant such other and further relief as is just and proper.

Respectfully submitted,

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITALS I LP, and
HIGHFIELDS CAPITAL II LP,

By: /s/ Ian J. McLoughlin
Lisa C. Wood, BBO # 5438111
Ian J. McLoughlin, BBO # 647203


FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Plaintiffs*