UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>SCOR, S.A., <br><br>　　　　　　Defendant. | Civil Action No.  04-10624 MLW |

### AFFIDAVIT OF IAN J. McLOUGHLIN

I, Ian J. McLoughlin, do hereby depose and state as follows:

1.　　I am an attorney with the law firm of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts, and am duly licensed to practice law in the courts of the Commonwealth of Massachusetts.

2.　　I am an attorney for Plaintiffs in the above-captioned matter. This Affidavit is made in support of Plaintiffs' Memorandum in Response to Court's August 3, 2005 Order Concerning Dismissal of Irish Action.

3.　　Attached as Exhibit A is a true and accurate copy of a June 14, 2005 letter from Denis Kessler to Richard Grubman.

4.　　Attached as Exhibit B is a true and accurate copy of a June 22, 2005 letter from Joseph F. Mazzella to Denis Kessler and Joanne Conlon.

5.　　Attached as Exhibit C is a true and accurate copy of a July 29, 2005 letter from Lisa C. Wood to James H. Carter.

B3080775.1　　　　　　　　　　　　　　-1-

Signed under the pains and penalties of perjury this 12th day of August, 2005.

/s/ Ian J. McLoughlin
Ian J. McLoughlin

Exhibit A

Denis KESSLER
Chairman and Chief Executive Officer




Richard Grubman
Highfields Capital
200 Clarendon Street
Boston, Massachusetts 02116


Paris, June 14, 2005



Re : Exchange Notice

Dear Richard:

Pursuant to Section 6.1(c) of the IRP shareholders' agreement (the "Agreement"), dated as of December 28, 2001, as amended, among the shareholders listed in Schedule I thereto, SCOR hereby delivers to Highfields this Exchange Notice. The terms of the Exchange were approved by the board of directors of SCOR at a meeting on June 14, 2005. Terms not otherwise defined herein are defined in the Agreement.

SCOR hereby requires that Highfields:

(i) exchange all of its Shares for a cash amount of €183.1 million (which is the amount payable for Highfields' Shares under the Agreement, given the Exchange Ratio, calculated by Tillinghast as Calculation Agent, of 0.984);

or

(ii) defer such exchange until 2006.

In the event Highfields exchanges its Shares for cash, SCOR will also pay interest pursuant to the terms of the Agreement for the period from June 1, 2005 to the date of completion of the exchange (provided that Highfields duly notifies SCOR of its election to exchange for cash within the deadline described below and that there are no further delays to completion attributable to Highfields).

We note that Section 6.2(e) of the Agreement provides that a copy of the Calculation Agent's exchange calculations, as delivered to the board of directors of SCOR, will be delivered to Highfields no later than fifteen business days prior to the date when the meeting of the board of directors of SCOR is due to be held to approve the terms of the Exchange. Tillinghast, as Calculation Agent, will not circulate a copy of its calculations to Highfields because Highfields has refused to sign a waiver letter required by Tillinghast.

www.scor.com

SCOR
1, Avenue du Général de Gaulle
92074 Paris La Défense Cedex
France

Tel +33 (0)1 46 98 74 54
Fax +33 (0)1 47 78 79 70
e-mail : scor@scor.com

RCS Nanterre B 562 033 357
Siret 562 033 357 00020
Société Anonyme au Capital
de 645 335 978 Euros

However, the fifteen business-day period between the finalization of the Tillinghast report and the holding of the SCOR board meeting approving the exchange has now run. Therefore, pursuant to the timetable outlined in the Agreement, we are proceeding now with the delivery of this Exchange Notice.

Pursuant to Section 6.1(d) of the Agreement, Highfields has five business days from receipt of this notice to notify SCOR whether it elects to exchange its Shares. Should Highfields elect to exchange its Shares for €183.1 million in cash, SCOR will proceed with such a cash payment promptly following receipt of Highfields' notice. If Highfields has not responded to this Exchange Notice by 5:00 PM, Paris time, on June 21, 2005, SCOR will conclude that Highfields has elected to defer its exit from IRP until 2006. For the avoidance of doubt, if Highfields defers its exit from IRP until 2006 SCOR reserves all of its rights under the Agreement to determine the form of consideration to be paid in exchange for Highfields' IRP interest at that time.



Yours sincerely,

Denis Kessler

cc:

- IRP Board of Directors
- Matthew Botein
- Joe Mazzella

2

Exhibit B



June 22, 2005

Mr. Denis Kessler, Chairman and CEO  
SCOR  
1, Avenue du General de Gaulle  
92074 Paris La Defense, France

Ms. Joanne Conlon  
William Fry Solicitors  
Fitzwilton House, Wilton Place  
Dublin 2, Ireland

Dear Sirs/Madam:

This package is being delivered to you on June 24, 2005, by our counsel, LK Shields & Co. in connection with a closing of a transfer of shares of capital stock of IRP Holdings Ltd. Enclosed herewith please find Stock Certificates representing an aggregate of 139,944 Shares of capital stock of IRP Holdings Ltd. standing in the name of Highfields Capital I LP, Highfields Capital II LP, Highfields Capital Ltd. and Highfields Capital SPC (the "Highfields Funds"). We are also enclosing originally executed Stock Transfer Powers for each of such entities by which the transfer of such IRP Shares will be made to SCOR, and Certificates evidencing the authority of the signatory on those Stock Transfer Powers.

Such transfers of IRP shares are being made in exchange for wire transfer to the Highfields Funds of the following amounts on June 24, 2005:

| | |
|---|---|
| Highfields Capital I | € 13,546,402 |
| Highfields Capital II | € 28,474,311 |
| Highfields Capital LTD | €129,112,252 |
| Highfields Capital SPC | € 13,169,747 |

The transfer of such IRP Shares, and acceptance of payment therefore by the Highfields Funds, in no way shall be deemed to constitute a waiver by the Highfields Funds of any rights or claims under the Shareholder Agreement, the exchange provided for thereunder or otherwise, nor does the transfer and payment constitute a waiver, release or accord and satisfaction of any such claims, or of the causes of action and claims which are the subject of pending litigation between the Highfields Funds and SCOR, either in the High Court of Ireland, or in the United States District Court in the Eastern District of Massachusetts, or be deemed to constitute resolution, settlement or compromise of any such claims, causes of action, rights or litigation, and the Highfields Funds reserve all of such rights, claims and causes of action.

Very truly yours,

Joseph F. Mazzella  
Managing Director

cc:   Garth Bray, Sullivan & Cromwell  
      Gary Horowitz, Esq., Simpson Thatcher & Bartlett  
      Xavier Farde, Esq., Latham & Watkins

Highfields Capital Management LP  
200 Clarendon Street • Boston • Massachusetts 02116  
*Telephone* 617-850-7500 • *Facsimile* 617-850-7501



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

Exhibit C

July 29, 2005

Lisa C. Wood
Boston Office
617.832.1117

**Via Facsimile (212) 558-3588**

James H. Carter, Jr.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

      Re:   *Highfields Capital Ltd. et al. v. SCOR, S.A.*
             U.S. District Court of Massachusetts C.A. No. 04-10624 MLW

Dear James:

    I write regarding the upcoming Scheduling Conference and Motion Hearing on August 24, 2005. Please let me know when you are available to conduct another telephone conference pursuant to Local Rule 16.1. While we have already conferred twice pursuant to Local Rule 16.1 (before the Court cancelled the two previously scheduled Scheduling Conferences in this matter), in light of recent events in Ireland and the unresolved issues at our prior conferences, it makes sense to confer again. I will be out of the office on vacation from August 5 to August 21, so I ask that you provide possible dates to confer between now and August 3, 2005.

    One of the issues we have discussed relates to the Discovery and Scheduling Plan we will submit to the Court in our Joint Statement. After further consideration, we have decided it makes sense to propose a slightly relaxed schedule. This schedule adds three additional months for fact discovery to reflect the delays we expect with conducting depositions in France per the Hague Convention. Accordingly, attached please find a new proposed Joint Statement.

    I also write to request that you voluntarily withdraw SCOR's motion to dismiss, as it is moot in light of recent events in Ireland. Your motion is premised on the existence of an active parallel litigation in Ireland. As we understand it, the parties have agreed to strike out/discontinue the Irish proceedings, and the Irish High Court has ordered that proceeding to be "struck out on consent." Therefore, there is no longer any "parallel" proceeding to which the United States District Court may defer. As you know, the Irish proceedings were predicated upon Highfields being a member of IRP Holdings Limited. Because Highfields is no longer a member of IRP Holdings Limited, the Irish case cannot proceed. We

B3071778.3

July 29, 2005
Page 2

further understand that SCOR has agreed that the striking out of the proceedings in Ireland is not to prejudice the above-captioned proceedings in the United States. Consequently, we ask that you withdraw your motion prior to the upcoming hearing.

Please contact me at your earliest convenience to schedule a Rule 16.1 Conference so that we may discuss these issues and agree on a revised Joint Statement.

Thank you for your attention.

Sincerely yours,

Lisa C. Wood

cc: Douglas H. Meal, Esq., by Fax and Regular Mail
Giselle J. Joffre, Esq., by Fax and Regular Mail
Ian J. McLoughlin, Esq.