UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP, <br><br> Plaintiff, <br><br> v. <br><br> SCOR, S.A. <br><br> Defendant. | Civil Action No. 04-10624 MLW |

## JOINT STATEMENT REGARDING SCHEDULING

The parties submit this Joint Statement pursuant to the Court's Notice of Rescheduling/Cancellation dated June 13, 2005.

1. <u>Discovery Limitations</u>

    (a) Plaintiffs propose that the Court expand the discovery limits under the Local Rules and the Federal Rules of Civil Procedure so that each side may take 40 depositions. In support, Plaintiffs attach a copy of a May 27, 2005 letter from Plaintiffs' counsel to Defendants' counsel, explaining the need for additional depositions. Defendant proposes, if its motion to dismiss or stay is denied, that Plaintiffs be required to replead and that discovery proceed only thereafter, subject to any further motion practice. Plaintiffs state that there is no need for them to "replead," and that Defendant has waived any argument that they are required to do so. If discovery proceeds in this action, Defendant opposes any expansion of discovery limits. Otherwise, the parties propose that the discovery limits provided by the Local Rules and the Federal Rules of Civil Procedure apply. In addition, Defendant proposes that discovery limits imposed by the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and

B3071804.2

Commercial Matters ("Hague Convention") also apply. Plaintiffs intend to request that the Court require SCOR, and all parties and witnesses under its control, to comply with the Federal Rules of Civil Procedure with respect to discovery and refrain from using the Hague Convention to circumvent the Federal Rules. Plaintiffs will also seek the Court's assistance in arranging for efficient discovery overseas, as it did in connection with its motion to effectuate service of the complaint through alternative means when the conventional method of service under the Hague Convention was delayed.

     (b)    As to the desirability of phased discovery, the parties do not believe that phasing is necessary.

2.    <u>Discovery and Scheduling Plan</u>

Plaintiffs submit the following discovery plan and scheduling plan for the Court's consideration, assuming there is no stay of discovery.

    (a)    Exchange of initial disclosures: September 15, 2005.

    (b)    Completion of fact discovery: September 15, 2006.

    (c)    Designation of expert(s) and disclosure by plaintiffs: October 15, 2006.

    (d)    Designation of expert(s) and disclosure by defendant: November 15, 2006.

    (e)    Completion of expert depositions: January 15, 2007.

    (f)    Deadline for filing motions for summary judgment: February 15, 2007.

    (g)    Deadline for responding to motions for summary judgment: March 15, 2007.

    (h)    Final pre-trial conference: April 15, 2007.

    (i)    Trial: May 15, 2007.

3. <u>Certification of Counsel and Parties</u>

        Certifications by the parties and their respective counsel pursuant to Local Rule 16.1(D)(3) have been filed previously.

| | |
|---|---|
| Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, | Defendant SCOR, S.A., |
| By their attorneys, | By its attorneys, |
| /s/ Ian J. McLoughlin<br>Lisa C. Wood, BBO# 543811<br>Ian J. McLoughlin, BBO# 647203<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210-2600 | /s/ Douglas H. Meal<br>Douglas H. Meal, BBO# 340971<br>Giselle J. Pinto, BBO# 658047<br>Ropes & Gray LLP<br>One International Place<br>Boston, MA 02110-2624 |
| | Of Counsel:<br>James H. Carter<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498 |

Dated: August 17, 2005

B3071804.2

-4-



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

May 27, 2005

Lisa C. Wood
Boston Office
617.832.1117

<u>**Via Facsimile (212) 558-3588**</u>

James H. Carter, Jr.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

     Re:   <u>*Highfields Capital Ltd. et al. v. SCOR, S.A.*
              U.S. District Court of Massachusetts C.A. No. 04-10624 MLW</u>

Dear James:

     I write regarding the Court's May 17, 2005 Notice of Scheduling Conference and Motion Hearing in the above-referenced matter. Per our recent e-mails, we will conduct a conference pursuant to Local Rule 16.1 on June 1, 2005, at 3:00 p.m., by telephone conference. While we had already conferred pursuant to Local Rule 16.1 before the Court cancelled the Scheduling Conference previously scheduled for February 25, 2005, given the passage of time, and the several unresolved issues at our last conference, it makes sense to confer again, at least briefly. I have e-mailed you a suggested agenda, and invited your suggestions of additional agenda topics.

     During our initial Rule 16.1 conference on February 3, 2005, we proposed to ask the Court to expand the discovery limits under the Local Rules and the Federal Rules of Civil Procedure so that each side may take 40 depositions. You responded that SCOR would not be inclined to expand the discovery limits, but invited us to provide you with more information explaining why we proposed 40 depositions. The Court postponed the hearing before we had a chance to continue that conversation.

     Having investigated the matter further, including an extensive review of Highfields' documents in connection with preparation of our automatic disclosures, we are more convinced than ever that allowing each party to take up to 40 depositions is appropriate. Indeed, Highfields believes that at least the following 47 individuals and entities have relevant knowledge and documents relating to this dispute. Please review the following list, and let us know whether SCOR contends that any of the entities or

B3040907.3

May 27, 2005
Page 2

individuals listed should not be deposed. If SCOR believes that any of those listed should not be deposed, please explain your reasons.

First, there are numerous individuals currently affiliated with SCOR with knowledge of the solicitation of and circumstances surrounding Highfields' investment in IRP, IRP's business, communications between IRP and SCOR, and SCOR's business (including but not limited to its reserving practices and financial condition). We propose to depose at least the following individuals:

- Jean-Luc Besson (SCOR's Chief Risk Officer and Reserving Actuary);

- SCOR's Directors on the Audits and Ethics Committee, Accounts and Audit Committee and Risks Committee during the relevant time periods, including without limitation, Antonio Borges and Allan Chapin;

- Marcel Kahn (SCOR's Chief Financial Officer);

- Denis Kessler (SCOR's Chairman and Chief Executive Officer); and

- Patrick Thourot (SCOR's Chief Operating Officer and a Director of IRP).

Highfields also intends to depose other SCOR employees with relevant knowledge, including internal operations and accounting personnel responsible for reviewing claims against SCOR and establishing or evaluating reserves in the latter half of 2001. Accordingly, in this category alone, assuming there are three internal operations and accounting personnel with relevant knowledge, there are at least **nine** deponents.

Second, there are a number of individuals formerly affiliated with SCOR with knowledge of the solicitation of and circumstances surrounding Highfields' investment in IRP, IRP's business, communications between IRP and SCOR, and SCOR's business (including but not limited to its reserving practices and financial condition). We propose to depose at least the following individuals:

- Jacques Blondeau (Former Chief Executive Officer of SCOR);

- Jerome Faure (Former Chief Executive Officer of SCOR US, former IRP Director);

- Serge Osouf (Former President and Chief Operating Officer of SCOR;

- Francois Reach (Former Executive Vice President of SCOR); and

May 27, 2005
Page 3

- François Terren (Former Chief Financial Officer of SCOR).

In this category alone, there are at least **five** deposition witnesses, and discovery may well identify additional deponents in this category.

Third, there are several people affiliated with IRP with knowledge of the circumstances of Highfields' investment in IRP, IRP's business, and IRP's relationship with SCOR. We propose to depose at least the following individuals:

- Arnaud Chneiweiss (IRP Director, General Counsel for SCOR);

- Christian Delannes (IRP's Chief Executive Officer and General Manager);

- Gus Hatch (IRP Director); and

- Brian Wilson (IRP Director).

In this category alone, there are at least **four** deponents.

Fourth, there are several entities with knowledge of and documents concerning SCOR's solicitation of investments in IRP, including without limitation persons affiliated with the following former IRP investors:

- West LB AG, Westdeutsche Landesbank Girozentrale;

- Compagnie Financiere Ottomane; and

- BNP Paribas Ireland.

Fifth, there are several entities who assisted SCOR with the solicitation of investors in IRP, with relevant knowledge and documents, including without limitation people affiliated with the following entities:

- Sullivan & Cromwell: Counsel for SCOR in connection with the IRP transaction (including without limitation corporate attorneys Garth Bray and Robert Bruno); and

- Lazard Freres & Co. LLC and Lazard Capital Markets (Private Placement Agent in connection with the IRP transaction).

Sixth, there are numerous individuals with knowledge of and documents concerning SCOR's business and financial condition and in particular its reserves and reserving practices, including without limitation individuals affiliated with the following entities:

May 27, 2005
Page 4

- Goldman Sachs;

- Groupama Insurances;

- Ernst & Young Paris, Dublin, Audit, and U.S.;

- Milliman (including, but not limited to, Brian Brown) and any other actuarial or other comparable consultants who worked with SCOR; and

- Various industry analysts who have covered SCOR during the relevant time period, including without limitation Credit Agricole Chevreux, BNP Exane, and Societe Generale.

Finally, there are individuals with knowledge of and documents concerning SCOR's business and financial condition and the effect of its financial condition on its ratings, as well as knowledge of and documents concerning SCOR's reserves and reserving practices, including without limitation people with the following rating agencies:

- AM Best Company, Inc.;

- Moody's Investor Services;

- Standard & Poor's; and

- Fitch.

Accordingly, in categories four through seven, even assuming we depose only two people from each entity and three industry analysts, there are **twenty-nine** deponents. While we may depose less than two individuals from some of the listed entities and more than two from others, this analysis yields a total of at least **forty-seven** deponents.

While there may be other individuals and entities with relevant knowledge, and Highfields reserves any and all rights with respect to obtaining knowledge from them, it is apparent from this list alone that there are at least 40 deponents that Highfields must depose or obtain documents from. As you know, this is a significant matter, in which Highfields seeks substantial damages in the amount of hundreds of millions of dollars. We hope that you will reconsider your decision to propose only ten depositions per side.

Please provide comments on our list, as well as a list of people and entities that you intend to depose, at your earliest convenience. We hope that we can use these lists to engage in a constructive dialogue in order to reach agreement as to a realistic limit on the number of depositions in this matter.

May 27, 2005
Page 5


Thank you for your attention.

Sincerely yours,

Lisa C. Wood

cc: Douglas H. Meal, Esq., by Fax and Regular Mail
Giselle J. Joffre, Esq., by Fax and Regular Mail
Ian J. McLoughlin, Esq.