UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Highfields Capital Limited, Highfields Capital I LP, )
Highfields Capital II LP, )
)
           Plaintiffs, )
)
v. )   Civil Action No. 04-10624 MLW
)
SCOR, S.A., )
)
           Defendant. )

### AFFIDAVIT OF LAURENCE K. SHIELDS

I, Laurence K. Shields, do hereby depose and state as follows:

1. I am the senior partner with the firm of LK Shields Solicitors in Dublin, Ireland. I have been practicing law in Ireland since 1972. My practice is devoted primarily to corporate law and corporate litigation.

2. LK Shields Solicitors were the solicitors on record for Highfields Capital Limited., Highfields Capital I LP, Highfields Capital II LP, and Highfields Capital SPC ("Highfields") in proceedings they brought in the High Court of Ireland (2003 No. 576 Cos.) against SCOR, S.A. Highfields previously submitted an affidavit sworn by me on 3rd August, 2004 regarding those proceedings. Earlier this year, the parties agreed to strike out those proceedings in circumstances where Highfields was no longer a shareholder of IRP. I understand the Court has already been provided with copies of the parties' correspondence relative to this agreement to strike out those proceedings.

3. I make this Affidavit in response to the Court's order dated September 19, 2005, requesting information concerning Irish law. In preparing this Affidavit, I reviewed the Court's order, the Shareholders Agreement and Subscription Agreement at issue in this case, and the law

B3097819.1                          -1-

of Ireland with respect to contract interpretation. To the extent Irish law applies to the proceedings in the United States at all, I offer the following observations.

4.   Construing the Shareholders Agreement and Subscription Agreement under principles of Irish law, I am of the view that the forum selection clause in the Shareholders Agreement does not supersede or modify the forum selection clause in the Subscription Agreement. There are a number of reasons for this conclusion. First and foremost, each agreement expressly defines *both* agreements as constituting the entire agreement of the parties. *See* Shareholders Agreement ¶ 7.9(a) ("This Agreement...and the Subscription Agreement constitute the entire agreement between the parties hereto..."); Subscription Agreement ¶ 11 ("This Subscription Agreement and the Shareholders Agreement constitute the entire agreement between [the parties]"). I am of the view that under the Irish law of contract interpretation, this language demonstrates unequivocally that both agreements remain in force and exist side by side. According to Chitty on Contracts, Volume 1, General Principles (page 730), "The cardinal presumption is that the parties have intended what they have in fact said, so that their words must be confirmed as they stand". In LAC Minerals Limited v. Chevron Mineral Corporation of Ireland and Ivernia West Plc (6th August, 1993, HC unreported), Keane J. of the Irish High Court held that, "If a term in a contract is unambiguous and can only have one meaning, the court cannot go beyond that unambiguous meaning so as to seek to interpret the intention of the parties". In the subsequent Supreme Court case of Bula and Others and Tara Mines and Others [15th January, 1999], the court held that, "In considering whether the construction advanced on behalf of the plaintiffs is the one that should have been adopted in the High Court, two general principles should be borne in mind. In the first place, where (as here) a transaction has been reduced to writing by agreement of the parties, generally speaking no evidence may be given to

prove its terms except the document itself: extrinsic evidence is not admissible to vary the terms of the document. (See Macklin v. Graecen & Company IR 61). In the second place, that general rule is subject to the qualification that oral evidence may be received as to the "factual matrix" in which a written arrangement was concluded so as to explain or interpret the terms of the agreement. That is not to say that evidence of negotiations and of the parties' subjective intentions is admissible; what is permissible is evidence of the factual context in which the parties came to terms". I beg to refer to a copy of the aforementioned cases upon which pinned together and marked with the letter "A" I have signed my name prior to the swearing hereof.

5.      Furthermore, the language of the two forum selection clauses indicates that the clause in the Shareholders Agreement does not supersede the clause in the Subscription Agreement. The terms of the forum selection clauses are different. The Subscription Agreement provides for the non-exclusive jurisdiction of the Irish courts, while the Shareholders Agreement provides for the exclusive jurisdiction of the Irish courts. In light of decisions of the Irish courts referred to in paragraph 4 above and in this paragraph 5, I believe that this plain language would be interpreted under Irish law as evidence that the parties intended to provide for the *exclusive* jurisdiction of the Irish courts under the Shareholders Agreement, while preserving the ability of the parties to submit to courts outside Ireland under the Subscription Agreement. In John Francis Kutchera v. Buckingham International Holdings Limited (formerly Allied Venture Properties Limited), 1st March, 1988, the Irish Supreme Court held that, "There is no dispute between the parties as to what is the proper law of the contract. It is quite clearly Irish law because that is the express provision of the contract according to the agreement of the parties. The proper law of the contract in this case is Irish law and the parties have expressly agreed that their rights and obligations under the contract are to be determined in accordance with Irish law, and to be

determined by an Irish court". I beg to refer to a copy of the aforementioned case upon which marked with the letter "B" I have signed my name prior to the swearing hereof.

6.   The fact that the Subscription Agreement expressly states that it survives closing of the Shareholders Agreement further indicates that the forum selection clause of the Subscription Agreement survives the Shareholders Agreement under Irish law. *See* Subscription Agreement ¶ 10 ("The representations, warranties and agreements…contained in this Subscription Agreement…shall survive the Closing."). I refer to Kutchera v. Buckingham International Holdings Limited as referred to at paragraph 5 above and to LAC Minerals Limited v. Chevron Mineral Corporation of Ireland and Ivernia West Plc as referred to at paragraph 4 above.

7.   Moreover, neither agreement contains language indicating that the parties intended the Shareholders Agreement to supersede the Subscription Agreement. Pursuant to Irish law, an intent to have one agreement supersede another will not be implied absent plain language to that effect. In Carroll v. An Post National Lottery Company [1996 1 IR 443], the court held that, "The court cannot properly imply into the parties' contract a term which is not only not contained in the rules but which would be directly contrary to an express term in the rules as approved by the Minister". In Carna Foods Limited v. Eagle Star Insurance [1997 2 ILRM 499], the Supreme Court stated that, "one can imply a term into a contract only when the implied term gives effect to the true intentions of all parties to the contract who might be affected by such implied term". I beg to refer to a copy of the aforementioned cases upon which pinned together and marked with the letter "C" I have signed my name prior to the swearing hereof.

B3097819.1

-4-

8.  Highfields would experience several potential drawbacks if it had to litigate the tort claims currently before this Court in Ireland. It is likely that such claims would be heard by the High Court. First, Highfields would not have the right to a jury trial. Second, Highfields would only have the opportunity to take narrower discovery than I believe would be available to Highfields in US litigation. Third, Highfields would not be able to take any depositions. Finally, Highfields would have to litigate before an Irish Judge unfamiliar with chapter 93A, which I understand is the Massachusetts statute governing unfair or deceptive trade practices. An Irish court would require expert evidence on chapter 93A in order to decide that claim, which would be cumbersome. According to the Supreme Court in Kutchera v. Buckingham International Holdings Limited (as referred to in paragraph 5 above), in O'Callaghan v. O'Sullivan [1925] 1 IR 90 and MacNamara and Son v. The Owner of the Steamship Hatteras [1933] IR 675, the court established that, "in Irish law, foreign law must generally be proved by expert evidence. The burden of proving foreign law lies upon the party who bases a claim or a defence upon the foreign law, and if that party produces no evidence, or only insufficient evidence of the foreign law, the court applies Irish law. These cases also established that if there is any conflicting evidence as to what is the foreign law, or what is the correct interpretation of the foreign law, then it is a matter for the Irish court to decide as between the conflicting expert testimonies". I beg to refer to a copy of the aforementioned cases upon which pinned together and marked with the letter "D" I have signed my name prior to the swearing hereof.

*[signature: Laurence Shields]*

SWORN by the said **LAURENCE K. SHIELDS**
on this the 22 day of September, 2005 at
29 Upper Mount St, Dublin 2
in the County of the City of Dublin before me a
Commissioner for Oaths/Practising Solicitor and I know
the Deponent.

_____
**COMMISSIONER FOR OATHS/ PRACTISING SOLICITOR**