UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
———————————————————————x
HIGHFIELDS CAPITAL LTD.,            :
HIGHFIELDS CAPITAL I LP,            :
HIGHFIELDS CAPITAL II LP,           :
                                    :    Civ. No. 04-10624 (MLW)
                 Plaintiffs,        :
                                    :
         v.                         :
                                    :
SCOR, S.A.,                         :
                                    :
                 Defendant.         :
———————————————————————x
```

**DEFENDANT SCOR'S MEMORANDUM ON THE IMPLICATIONS OF THE
PARTIES' CHOICE OF IRISH LAW TO GOVERN THEIR AGREEMENTS**

Douglas H. Meal (BBO# 340971)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Tel: 617-951-7000
Fax: 617-951-7050

Counsel for Defendant SCOR

September 23, 2005

Of Counsel:
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: 212-558-4000
Fax: 212-558-3588

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................ ii

SUMMARY OF ARGUMENT ............................................................................2

I. THE APPLICATION OF IRISH LAW TO THE PARTIES' AGREEMENTS
REQUIRES THAT THIS DISPUTE BE RESOLVED IN IRELAND ...................2

II. IRISH LAW DOES NOT DIFFER FROM  MASSACHUSETTS LAW IN
ANY MATERIAL WAY, AND THIS ACTION SHOULD BE DISMISSED
BECAUSE IRELAND REMAINS THE MORE CONVENIENT FORUM ..........4

A.    Ireland Is An Adequate Alternative Forum .................................................5

B.    Trial of Highfields' Claims in Ireland Would Promote Both Convenience
and Judicial Efficiency...........................................................................8

    1.    Private interest factors weigh strongly in favor of an Irish forum...8

    2.    Public interest factors, particularly the application of Irish law to
    this dispute, also weigh heavily in favor of an Irish forum ...........10

CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

*Page*

## FEDERAL CASES

*Doe* v. *Hyland Therapeutics Div.*, 807 F. Supp. 1117 (S.D.N.Y. 1992) ................5

*Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501 (1947)....................................................5, 8

*Howe* v. *Goldcorp Inv., Ltd.*, 946 F.2d 944 (1st Cir. 1991)................6, 7, 9, 10, 11

*Iragorri* v. *Int'l Elevator Inc.*, 203 F.3d 8 (1st Cir. 2000) .....................5, 6, 7, 8, 10

*Lambert* v. *Kysar*, 983 F.2d 1110 (1st Cir. 1993)................................................2, 3

*Mercier* v. *Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992).....................7, 9, 10

*M/S Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1 (1972) .......................................3

*Murray* v. *British Broadcasting Corp.*, 81 F.3d 287 (2d Cir. 1996).......................8

*Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235 (1981)...............................5, 6, 8, 10, 11

*Royal Bed and Spring Co., Inc.* v. *Famossul Industria e Comercio de Moveis Ltda*, 906 F.2d 45 (1st Cir. 1990).........................................................7

*Thompson Info. Servs.* v. *British Telecomm. Plc*, 940 F. Supp. 20 (D. Mass. 1996)...................................................................................................7, 9

## STATE CASES

*Jacobson* v. *Mailboxes Etc. U.S.A., Inc.*, 646 N.E.2d 741 (Mass. 1995).............3, 4

*Leffell* v. *Longwood Texaco Corp.*,No. 980038, 2000 WL 1476086, (Mass. Super Ct. May 15, 2000*)* ........................................................................4

*Morris* v. *Watsco, Inc.*, 433 N.E.2d 886 (Mass. 1982) ...........................................3

*Starr* v. *Fordham*, 648 N.E.2d 1261 (Mass. 1995) ..................................................4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
――――――――――――――――――x
HIGHFIELDS CAPITAL LTD.,            :
HIGHFIELDS CAPITAL I LP,            :
HIGHFIELDS CAPITAL II LP,           :
                                    :   Civ. No. 04-10624 (MLW)
                  Plaintiffs,       :
            v.                      :
                                    :
SCOR, S.A.,                         :
                                    :
                  Defendant.        :
――――――――――――――――――x
```

## DEFENDANT SCOR'S MEMORANDUM ON THE IMPLICATIONS OF THE PARTIES' CHOICE OF IRISH LAW TO GOVERN THEIR AGREEMENTS

Defendant SCOR submits this memorandum, pursuant to the Court's Order of September 19, 2005 (the "Order"), to address the implications of the choice of Irish law by SCOR and the Highfields Capital entities (collectively, "Highfields" or the "Plaintiffs") as the law governing their agreements with respect to Plaintiffs' former investment in IRP Holdings Limited and Irish Reinsurance Partners Limited (collectively, "IRP").

Both of the agreements state that they are to be governed by and construed in accordance with the laws of Ireland. (Subscription Agreement at ¶ 18; Shareholders Agreement at ¶ 7.15.) SCOR contends that the Shareholders Agreement's forum selection clause, which provides for the exclusive jurisdiction of the Irish courts for "all purposes relating to" that agreement, controls the present dispute between the parties and requires that Highfields bring its claims in Ireland. Resolution of this dispute requires interpretation of a provision of the Shareholders Agreement, and this dispute "relates to"

that agreement. Highfields asserts that its claims of fraud and misrepresentation arise

from and relate only to the Subscription Agreement and are subject only to that

agreement's permissive forum selection clause.

## SUMMARY OF ARGUMENT

Irish contract law governs interpretation of the exclusive forum selection

clause in the Shareholders Agreement. Irish law would give effect to the parties' intent

and require that such a determination be made exclusively by an Irish court, in

accordance with the terms of the Shareholders Agreement. To the extent Irish law is

unsettled on this matter, Irish courts are in the best position to determine Irish law.

Secondly, there are no material differences between Irish and

Massachusetts law with respect to determination of the merits. The action should be

dismissed based on the doctrine of forum non conveniens, because Ireland is an adequate

alternative forum and considerations of convenience and judicial efficiency, including the

choice of Irish law by the parties, strongly favor litigating the present claims there.

## I.
## THE APPLICATION OF IRISH LAW TO THE PARTIES' AGREEMENTS REQUIRES THAT THIS DISPUTE BE RESOLVED IN IRELAND.

It is a settled rule of Massachusetts law that a court faced with a

mandatory forum selection clause designating an alternative venue, such as the one found

in the Shareholders Agreement, may decline jurisdiction in favor of the chosen forum.

*Lambert* v. *Kysar*, 983 F.2d 1110, 1118 n.11 (1st Cir. 1993) (court considering

enforceability of forum selection clause has discretion to decline jurisdiction and defer to

selected forum). Where parties stipulate the governing law for their agreements in a
choice of law provision, Massachusetts courts determine the enforceability of forum-
selection clauses under the law governing the contract. *See id.* at 1118; *Jacobson* v.
*Mailboxes Etc. U.S.A., Inc.*, 646 N.E.2d 741, 744 (Mass. 1995) (applying California law).

       Irish rules of contract interpretation recognize and give effect to forum
selection clauses in commercial agreements (Affidavit of Robert Clark, dated September
23, 2005, at ¶¶ 3, 6-9 (cited herein as "Clark Aff. at ¶ __")), and Massachusetts state and
federal courts regularly enforce forum selection clauses under the rule established in *M/S
Bremen* v. *Zapata Off-Shore Company*, 407 U.S. 1, 17 (1972). *See Lambert*, 983 F.2d at
1116 ("Federal courts have long enforced forum selection clauses"); *Jacobson*, 646
N.E.2d at 743 ("We accept the modern view that forum selection clauses are to be
enforced if it is fair and reasonable to do so."). In addition, both Irish and Massachusetts
courts give effect to choice of law clauses in commercial agreements. (Clark Aff. at ¶¶ 3-
8); *see Morris* v. *Watsco, Inc.*, 433 N.E.2d 886, 888 (Mass. 1982) (choice of law
provisions enforceable in Massachusetts).

       Allegations of tortious conduct relating to the formation of a contract do
not provide a basis for escape from a forum selection clause in either Ireland or
Massachusetts, and to the extent that Irish law is unsettled on these issues, Irish courts are
best suited to determine matters of first impression. (Clark Aff. at ¶ 11, 13, 8); *see
Lambert*, 983 F.2d at 1121. Highfields' "artful pleading" of pre-contract fraud cannot
evade the breadth of the Shareholders Agreement's forum selection clause, which

mandates exclusive jurisdiction in the Irish courts for "all purposes relating to this

Agreement." *Compare Jacobson*, 646 N.E.2d at 744 (clause conferring venue and

jurisdiction only for "all actions <u>enforcing</u> this agreement" did not apply to allegations of

pre-contract fraud) (applying California law) (emphasis added).

In its assessment of competing forum selection clauses, an Irish court

would rely on principles of contract interpretation that are familiar to most common law

jurisdictions, such as giving effect to the parties' intentions, attributing plain and ordinary

meaning to the words of the agreement and, subject to certain exceptions, excluding parol

evidence. (Clark Aff. at ¶¶ 11-16.)

Massachusetts law also favors these principles of interpretation and

construction. Contract "interpretation is largely an individualized process, with the

conclusion in a particular case turning on the particular language used against the

background of other indicia of the parties' intention." *Starr* v. *Fordham*, 648 N.E.2d

1261, 1269 (Mass. 1995) (citations omitted); *see also Leffell* v. *Longwood Texaco Corp.*,

No. 980038, 2000 WL 1476086, at *5 (Mass. Super. Ct. May 15, 2000) (collecting

cases).

## II.
## <u>IRISH LAW DOES NOT DIFFER FROM</u>
## <u>MASSACHUSETTS LAW IN ANY MATERIAL WAY,</u>
## <u>AND THIS ACTION SHOULD BE DISMISSED BECAUSE</u>
## <u>IRELAND REMAINS THE MORE CONVENIENT FORUM.</u>

The Order asks briefing, secondly, on how "Irish law differs from

Massachusetts law in any other way that may be material to the merits underlying the

-4-

dispute and how any such difference should impact the Court's choice of forum if both Massachusetts and Ireland are legally available." The answer is that SCOR is not aware of any such material difference, so that the Court should apply the customary forum non conveniens analysis if it does not conclude that it should dismiss solely on the basis of the exclusive jurisdiction clause of the Shareholders Agreement.

Irish law applies to this case because of the explicit and unambiguous terms of the parties' agreements. The doctrine of forum non conveniens is "designed in part to help courts avoid conducting complex exercises in comparative law." *Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 251 (1981) (citing *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 509 (1947)). The First Circuit has determined that a party moving for dismissal on forum non conveniens grounds must show that (i) "an adequate alternative forum exists" and (ii) "that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Iragorri* v. *Int'l Elevator, Inc.,* 203 F.3d 8, 12 (1st Cir. 2000). These considerations require dismissal of Highfields' claims in favor of Ireland, the contractually designated forum, because the courts of Ireland are best situated to interpret and apply its own law, and because dismissal will promote both convenience and judicial efficiency.

A.    **Ireland Is An Adequate Alternative Forum.**

Ireland is both an adequate and available alternate forum for this dispute. *See Doe* v. *Hyland Therapeutics Div.*, 807 F. Supp. 1117, 1124 (S.D.N.Y. 1992)

(granting dismissal on forum non conveniens grounds and finding Ireland a "sufficiently suitable forum to hear plaintiffs' claims").

Courts in the First Circuit consider an alternative forum adequate "if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amenable to service of process there." *Iragorri*, 203 F.3d at 12 (citation omitted). Ireland satisfies both of these conditions. Irish law permits a cause of action for fraud and misrepresentation and provides for damages where the elements of such claims are proved at trial. (Affidavit of Conor McDonnell, dated September 23, 2005, at ¶¶ 3-4 (cited herein as "McDonnell Aff. at ¶ __")); (Clark Aff. at ¶¶ 17-20.) In addition, SCOR is amenable to service of process in Ireland. (McDonnell Aff. at ¶ 4.) Further, Irish civil procedure is generally similar to United States civil procedure and provides for appropriate discovery and the opportunity for examination and cross-examination of witnesses. (McDonnell Aff. at ¶¶ 5-8.)

Courts in this Circuit do not require precise symmetry between the causes of action and the remedies available in the chosen and alternate forum. *Howe* v. *Goldcorp Inv., Ltd.*, 946 F.2d 944, 952 (1st Cir. 1991) (Breyer, C.J.) ("[c]ontrolling precedent makes clear, however that small differences in standards and procedural differences . . . are beside the point") (citing cases); *see also Piper Aircraft Co.*, 454 U.S. at 238 ("the possibility of an unfavorable change in law should not, by itself, bar dismissal").

-6-

In *Thompson Information Services* v. *British Telecommunications*, a contract dispute in which an American data services corporation brought claims, including allegations arising under Massachusetts General Laws Chapter 93A, against its British joint venture partner, the court rejected the argument that the laws of England were inadequate because they did not provide an exact analogue to Massachusetts law. 940 F. Supp. 20, 23 (D. Mass. 1996) ("[d]etermining the adequacy of an alternative forum does not rest on whether that forum offers the full panoply of remedies available in the plaintiff's chosen forum"); *accord Howe*, 946 F.2d at 947 (affirming dismissal on forum non conveniens grounds where plaintiffs' claims sounded in fraud, misrepresentation and under Massachusetts General Laws Chapter 93A); *see also Iragorri*, 203 F.3d at 14 (affirming dismissal where alternative forum "has limited damages for pain and suffering . . . to amounts that seem paltry when converted into United States dollars").

Finally, Ireland is an adequate and acceptable alternate forum because it has been specifically designated by the parties as a forum for their disputes, and indeed, has been designated by the parties as the <u>only</u> forum for all purposes relating to the Shareholders Agreement. *See Mercier* v. *Sheraton Int'l, Inc.,* 981 F.2d 1345, 1350 (1st Cir. 1992) (express contractual designation of alternative forum as valid locus for litigation among the parties supports the adequacy of the designated forum); *Royal Bed and Spring Co., Inc.* v. *Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 48 (1st Cir. 1990) ("forum-selection clause in the exclusive distributorship agreement of the parties clearly indicates the existence of an alternate forum").

-7-

**B.    Trial of Highfields' Claims in Ireland Would Promote Both Convenience and Judicial Efficiency.**

The second element in the forum non conveniens analysis, convenience and judicial efficiency, requires the consideration of a "compendium of factors" relevant to both the private and public interests in the case that, when considered as a whole, strongly favor dismissal in favor of the alternative forum. *Iragorri*, 203 F.3d at 12.  The First Circuit has adopted the listing of "illustrative" private and public interests set out by the Supreme Court in *Gulf Oil Corporation*, 330 U.S. at 508-09 (1947) and *Piper Aircraft Company*, 454 U.S. at 241 n.6 (1981).

**1.    Private interest factors weigh strongly in favor of an Irish forum.**

The private interests relevant to the Court consideration include:  "the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses." *Iragorri*, 203 F.3d at 12.  In addition, the evaluation of private interests requires the Court to "pay heed to all other practical problems that make trial of a case easy, expeditious and inexpensive [as well as] consider those factors that threaten to make trial more cumbersome, prolong it, or drive up costs." *Id.* (citation omitted).

Highfields has declared its intention to depose 47 witnesses, none of whom appear to be located in Massachusetts and most of whom reside in Europe.  The cost, in both time and money, to obtain their testimony would be extraordinary.  *See Murray* v. *British Broad. Corp.*, 81 F.3d 287, 295 (2d Cir. 1996) (distant "location of witnesses weighed heavily in favor" of dismissal).  Many of the non-party witnesses,

including those SCOR may wish to call in its defense, likely will be unwilling to testify and will not be amenable to compulsory process in this Judicial District.  In contrast, under the aegis of Council Regulation EC 1206/2001, Irish courts can compel the testimony of citizens of other EU-member nations, including France, and such testimony may be taken via videoconference. (McDonnell Aff. at ¶ 9); *see also Howe*, 946 F.2d at 952. ("Compulsory process would seem especially important where, as here, fraud and subjective intent are elements of the claim, making live testimony of witnesses for the purposes of presenting demeanor evidence essential to a fair trial."); *Mercier*, 981 F.2d at 1355 (inability of court to compel the testimony of individual "who played a significant role in negotiating" the agreements underlying the claims was a "very important" factor urging dismissal).  Further, the documentary evidence is predominantly located in France and Ireland, thus adding to the convenience of Irish courts relative to the present forum. *See Howe*, 946 F.2d at 951 (affirming dismissal where "[m]ost of the background facts that might show th[e] statements or omissions to be materially false or misleading occurred" in the alternate forum).  In addition to the important ability to utilize compulsory process, Irish courts are also better situated to oversee discovery without resort to the Hague Convention.  (McDonnell Aff. at ¶ 9); *see also Thompson Info. Servs.*, 940 F. Supp at 25 (complication of discovery by necessity of complying with Hague Convention weighed in favor of alternate forum).

2.    **Public interest factors, particularly the application of Irish law to this dispute, also weigh heavily in favor of an Irish forum.**

Factors relevant to the Court's consideration of the public interest include the "administrative difficulties of docket congestion; the general goal of having localized controversies decided at home [and the] ease of access to the proceedings on the part of interested citizens; the trier's relative familiarity with the appropriate rules of decision; and the burdens of jury duty." *Iragorri*, 203 F.3d at 12 (citations omitted).

Highfields has expressly agreed to Ireland as a forum, in both the Subscription and Shareholders Agreements. *See Mercier*, 981 F.2d at 1358 (forum selection clause "is a factor to be considered in the forum non conveniens analysis"). Both agreements also state they will be governed by Irish law. *See Piper Aircraft Co.*, 454 U.S. at 260 n.29 ("Many forum non conveniens decisions have held that the need to apply foreign law favors dismissal.") (collecting cases). This Court would have to rely on affidavits from various experts seeking to inform the court on Irish law. *See id.* at 243 (affirming dismissal where trial court "was unfamiliar with Scottish law and thus would have to rely upon experts from that country"). An Irish court would be "more familiar with relevant law [to] make the requisite legal determinations." *Howe*, 946 F.2d at 951. In contrast to the congested dockets of United States District Courts, Ireland has a commercial court specifically designated to preside over cases such as this. (McDonnell Aff. at ¶¶ 5-8); *see also Mercier*, 981 F.2d at 1357 (affirming dismissal where trial court found alternative forum "significantly less congested than the civil docket of the United States District Court for the District of Massachusetts"). Thus, dismissal in favor of an

Irish forum would avoid "the practical difficulties of unnecessarily imposing upon a busy court (or citizens called to jury duty) the obligation to hear a case more fairly adjudicated elsewhere." *Howe*, 946 F.2d at 951.

Deference is typically due to a plaintiff's choice of forum. However, little deference is due to Highfields' choice here because this forum has always been Highfields' second choice. When Highfields filed suit in this Court, it had already filed a related action in Ireland months earlier. Highfields' decision to file here was not driven by its own convenience, but rather was motivated by its desire to harass SCOR, seek favorable law and improve on, through cynical allegations of fraud and misrepresentation, the compensation it would receive pursuant to the Shareholders Agreement upon its exit from IRP. Accordingly, this action should be dismissed. *See Piper Aircraft Co.*, 454 U.S. at 249 n.15 ("dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law").

-11-

## CONCLUSION

SCOR respectfully requests that the Court dismiss this action.

Respectfully submitted,

*/s/ Douglas H. Meal*

Douglas H. Meal (BBO# 340971)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Tel: 617-951-7000
Fax: 617-951-7050

Counsel for Defendant SCOR, S.A.

September 23, 2005

Of Counsel:
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel: 212-558-4000
Fax: 212-558-3588