UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
--------------------------------------------------- x
Highfields Capital Ltd., Highfields          :
Capital I LP, Highfields Capital II LP,      :
                                             :
                        Plaintiffs,          :   Case No. 04-10624 (MLW)
            v.                               :
                                             :
SCOR, S.A.,                                  :
                                             :
                        Defendant.           :
--------------------------------------------------- x
```

## AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS

CITY OF DUBLIN)
                    ) ss.:
IRELAND         )

       Conor McDonnell, being duly sworn, deposes and says:

     1.    I am a Partner in the law firm of Arthur Cox  which has its principal place of business in Dublin, Ireland.  Arthur Cox acted as solicitors for the Defendant in prior proceedings brought in Ireland by the Plaintiff, which have now ended.

     2.    I understand that, by Order of September 19 2005, the Court has requested a Memorandum from the parties in relation to a number of issues regarding Irish law and Irish procedure. At the request of the Defendant's US lawyers I will deal in this affidavit with how the Irish Courts would deal with a dispute of this nature from a procedural aspect, were it to come before them.

     3.    I have reviewed the Complaint originally filed by the Plaintiff on March 31 2004.  That complaint identifies (at pages 20-24 inclusive) three causes of action against the Defendant, namely the claims of common law fraud, negligent misrepresentation and the alleged violation of Massachusetts Gen Laws C.93A and 11. As regards the first two claims,

it is the case that fraudulent and negligent misrepresentation are also well known causes of action under Irish law which include the entitlement to damages. The cause of action could readily be litigated before an Irish court by the Plaintiff. I believe that the Irish High Court would be familiar with the issues likely to arise in the course of any trial of such claims including, if necessary, determining the proper law to be applied to the claims and the interaction between the contractual provisions in the Subscription and Shareholders Agreements (which are governed by Irish law) and any such claims. To the extent that in dealing with such claims an Irish Court had to apply or resolve issues of Massachusetts law the Irish Court would do so with the assistance of evidence from appropriately qualified experts in Massachusetts law. This evidence is usually presented by the parties. I believe that no Statute of Limitations issues arise at present under Irish law which would prevent the Plaintiff bringing proceedings here, as there is generally a six year limitation period for tort and contract claims.

4.    As regards the third claim, I am advised by the Defendant's US lawyers and believe that there is no procedural or other bar under Massachusetts law which would preclude an Irish Court from dealing with a claim under that Statute. From my understanding of the nature of that cause of action I do not believe that any equivalent statutory based action exists in Irish law. However, I understand from the Defendants' US lawyers that were the Plaintiffs to litigate these causes of action in Ireland the Defendant would not object to the Irish Court determining any or all of the issues relating to the three causes of action including whether in all of the circumstances any such causes of action properly arise. In relation to the third cause of action I should point out that as far as I can ascertain the Irish Courts have not yet considered whether foreign judgments which involve punitive damages, and/or which are calculated under a foreign Statute as a multiple of compensatory damages, should not be enforced in Ireland either on public policy grounds or because it might be considered to be

the enforcement of a foreign penal law. Such statutory remedies affording a Plaintiff the prospect of multiple damages do not exist in Ireland. The thirteenth edition of *"Dicey & Morris, The Conflict of Laws"*, the leading English textbook on the subject, suggests that awards of multiple damages are not contrary to public policy in the United Kingdom (at Volume 1, page 526, paragraph 14-146) which would be of persuasive authority in Ireland (Exhibit A). However, the United Kingdom did introduce the Protection of Trading Interests Act 1980 specifically prohibiting the enforcement of foreign judgments for multiple damages and similar legislation was introduced in Australia, Canada and South Africa. In my view the possibility exists, although perhaps a remote one, that an Irish Court would decline of its own accord to give effect to a damages claim for multiple damages over and above any amount for compensatory damages, or in particular circumstances aggravated damages. It is possible to obtain aggravated damages in Ireland although it is a rare occurrence and available in limited circumstances.

5.      Irish proceedings in this type of dispute commence by way of a Plenary Summons issued in the High Court in Dublin and then served on the Defendant(s). Within 28 days a Plaintiff must deliver its Statement of Claim which sets out the causes of action, nature of the allegations being made and the reliefs sought by it in much the same way as the Complaint in these proceedings.

6.      As of January 2004, it is open to a Plaintiff (once it has issued the Plenary Summons and delivered a Statement of Claim) to seek admission to the Commercial List within the High Court. This is a specialist branch of the High Court, set up to ensure that commercial disputes (generally defined as disputes with a significant commercial aspect and/or with a monetary value in excess of one million euros) are dealt with in a modern and efficient manner. I believe that any proceedings which the Plaintiff might choose to issue in

Ireland in relation to the matters set out in the Complaint herein would be suitable for admission to the Commercial List. Once admitted to this list, such cases are case managed (by judges with particular expertise in commercial litigation) so as to ensure that they proceed towards trial as quickly as possible, often within a matter of months.

7.      In order to assist the Court I have attached at Exhibit B, a copy of Statutory Instrument No. 2 of 2004 which sets out the Rules of the Superior Courts governing proceedings in the Commercial List ("the Commercial Rules"). These contain a comprehensive and sophisticated set of rules and procedures to ensure the speedy and efficient administration of justice in commercial disputes which I believe are at least comparable with procedures existing in other developed common law jurisdictions. Among other things, the Commercial Rules provide for initial directions from the High Court to determine the mode of trial. This is usually by way of an exchange of written pleadings and a trial on oral evidence and I believe that such a procedure would be applied to this type of dispute. The Commercial Rules also provide for documentary discovery, interrogatories, active case management, pre-trial case conferences and certain pre-trial steps such as the delivery by each party of written statements outlining the essential elements of the evidence of each witness to be called. Because of these procedures, and also because there is no back log of cases in the Commercial List (or indeed in the High Court generally), there is no delay involved in bringing such matters to trial.

8.      A trial in the High Court Commercial List would involve a hearing before a single judge of the High Court who has been chosen because of expertise and experience in commercial matters. Parties are usually represented by solicitors and barristers and witnesses are examined cross-examined and if necessary re-examined by the parties' lawyers. The

lawyers also make any necessary legal submissions. The civil standard of proof is the balance of probabilities.

9.      As the Defendant is a French corporation, should any issue arise as to the compellability or attendance of a French witness the Irish Court can invoke, if necessary, Council Regulation EC 1206/2001 on the Cooperation between the Courts of Member States in the Taking of Evidence in Civil or Commercial Matters (Exhibit C). This would allow the Irish Court to request the designated French Court to secure the attendance of the witness in question before a French Court for examination in the Irish proceedings. All Member States of the European Union, including Ireland and France, designate a Court within their own national court system to process such requests. In my experience this is a less cumbersome and more efficient procedure than that under the Hague Convention and the grounds on which a national court can refuse to accede to a request are extremely limited and set out in Article 14 of the Regulation. In addition, the Regulation permits the use of videoconferencing and similar communication technology as set out in Article 10.

SWORN by the said *Conor McDonnell*
this *23rd* day of *September*, 2005
at *Eaglefort Terrace*
in the City of Dublin before me a ~~Commissioner~~
~~for Oaths~~/a Practising Solicitor and I know the
Deponent.

_____
**DEPONENT**

_____
~~COMMISSIONER FOR OATHS~~/
**PRACTISING SOLICITOR**

Filed this            day of                , 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------- x
Highfields Capital Ltd., Highfields            :
Capital I LP, Highfields Capital II LP,        :
                                               :
                    Plaintiffs,                :   Case No. 04-10624 (MLW)
          v.                                   :
                                               :
SCOR, S.A.,                                    :
                                               :
                    Defendant.                 :
-------------------------------------------------- x
```

## **EXHIBIT A**

**As referred to in the Affidavit in Support of Motion to Dismiss
of Conor McDonnell**

CONOR McDONNELL

COMMISSIONER FOR OATHS
PRACTISING SOLICITOR

RULE 44 *Jurisdiction and Foreign Judgments*

refused to enforce an English order for costs in favour of a wife against her husband which was ancillary to an English divorce decree. The grounds of this decision were partly that the cause of action was of such a character that it could not have supported an action in the Republic, where divorce was then not allowed, and partly that to enforce an order ancillary to a divorce decree was contrary to Irish public policy.

**14–144**  In *Israel Discount Bank of New York v. Hadjipateras*[92] it was suggested that it might be contrary to public policy to enforce a judgment based on a contract which had been executed as a result of undue influence. But the decision has been convincingly criticised[93] on the grounds that it is the recognition of the judgment which must be contrary to public policy, and not the underlying contract on which the cause of action is based[94]; and that as a matter of domestic English law the enforcement of a contract obtained by undue influence is not contrary to public policy, although it may be rescinded in equity.

**14–145**  It will be contrary to public policy to recognise or enforce a judgment which has been obtained in disobedience of an injunction not to proceed with the action in a foreign court.[95] It is now established that a foreign judgment will not be recognised if it is inconsistent with a previous decision of a competent English court in proceedings between the same parties (or their privies). In *Vervaeke v. Smith*[96] it was held that the principle of *res judicata* in English law was a rule of public policy, and that it would therefore be contrary to public policy to recognise a foreign decree of nullity which was inconsistent with an earlier decision of the English court that the marriage was valid. This principle was applied to a foreign judgment *in personam* in *E. D. & F. Man (Sugar) Ltd. v. Haryanto (No. 2)*,[97] where the English court had dismissed the defendant's action for a declaration that he was not bound by contracts for the purchase of sugar, and an Indonesian court had subsequently decided that the contracts were illegal and contrary to Indonesian public policy. The Indonesian judgment was denied recognition.

**14–146**  It would seem that the enforcement of a judgment for exemplary or punitive damages is not contrary to public policy[98]; and it has been held in New Zealand that, although the court will not directly or indirectly enforce a foreign public law,[99] the enforcement of a foreign judgment for costs is not contrary to public policy merely because the costs if recovered would be payable to a foreign legal aid fund.[1] The 1933 Act contains a separate provision[2] excluding from its registration provisions a foreign judgment for taxes or for a fine or other penalty.

---

[92] [1984] 1 W.L.R. 137 (C.A.).
[93] Collier [1984] C.L.J. 47.
[94] But *cf.* 1920 Act, s.9(2)(*f*).
[95] *Phillip Alexander Securities & Futures Ltd. v. Bamberger* [1997] I.L.Pr. 73, at p. 103 (Waller J.) affd. *ibid.* 104, at p. 115 (C.A.); *cf. Fakih Bros. v. A.P. Moller (Copenhagen) Ltd.* [1994] 1 Lloyd's Rep. 103.
[96] [1983] 1 A.C. 145. For a similar rule under the 1968 Convention and the Lugano Convention see *post*, para. 14–214.
[97] [1991] 1 Lloyd's Rep. 429 (C.A.), stated, *post*, Illustration, para. 14–148.
[98] *S.A. Consortium General Textiles v. Sun & Sand Agencies Ltd* [1978] Q.B. 279, 299–300, *per* Lord Denning M.R., *obiter; Four Embarcadero Center Venture v. Kalen* (1988) 65 O.R. (2d) 551. But see para. 14–020, *ante*, and *cf.* Rule 52, *post*.
[99] Rule 3
[1] *Connor v. Connor* [1974] 1 N.Z.L.R. 632.
[2] s. 1(2)(*b*).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------- x
Highfields Capital Ltd., Highfields              :
Capital I LP, Highfields Capital II LP,          :
                                                 :
                          Plaintiffs,            :   Case No. 04-10624 (MLW)
             v.                                  :
                                                 :
SCOR, S.A.,                                      :
                                                 :
                          Defendant.             :
-------------------------------------------------- x
```

## **EXHIBIT B**

**As referred to in the Affidavit in Support of Motion to Dismiss
of Conor McDonnell**

**CONOR McDONNELL**

~~COMMISSIONER FOR OATHS~~
PRACTISING SOLICITOR



STATUTORY INSTRUMENTS

S.I. No. 2 of 2004

**Rules of the Superior Courts (Commercial Proceedings), 2004.**

Published by the Stationery Office, Dublin

to be purchased directly from
the Government Publications Sale Office,
Sun Alliance House, Molesworth Street, Dublin 2

or by mail order from Government Publications, Postal Trade Section, 51 St. Stephen's
Green, Dublin 2.
(Tel. 01 6476834/35/36/37: Fax. 01 6476843)
or through any other bookseller.

PRN No 1631

Price: €3 56

Arthur Cox
Library Accession Number

34809

S.I. No. 2 of 2004

The Rules of the Superior Courts (Commercial Proceedings), 2004

We, the Superior Courts Rules Committee, constituted pursuant to the provisions of the Courts of Justice Act, 1936, section 67, and reconstituted pursuant to the provisions of the Courts of Justice Act, 1953, section 15, by virtue of the powers conferred upon us by the Courts of Justice Act, 1924, section 36, and the Courts of Justice Act, 1936, section 68 (as applied by the Courts (Supplemental Provisions) Act, 1961, section 48), and the Courts (Supplemental Provisions) Act, 1961, section 14, and of all other powers enabling us in this behalf, do hereby make the following Rules of Court.

Dated this 15th day of December, 2003

Ronan Keane                Anthony Hunt

Joseph Finnegan           Matthew Feely

Patrick Groarke

Noel Rubotham

Michael Cush

I concur in the making of the following Rules of Court.

Dated this 5th day of January, 2004

MICHAEL MCDOWELL
Minister for Justice, Equality and Law Reform

2

S.I. No. 2 of 2004

### RULES OF THE SUPERIOR COURTS (COMMERCIAL PROCEEDINGS), 2004

1  The Rules of the Superior Courts are hereby amended by the insertion of the following Order after Order 63:

"**Order 63A**

Commercial Proceedings

I. Preliminary

*Definitions*

1  In this Order unless the context or subject matter otherwise requires –

"Commercial List" means the list in which proceedings have been entered in accordance with rule 4 of this Order;

"commercial proceedings" means:

(a) proceedings in respect of any claim or counterclaim, not being a claim or counterclaim for damages for personal injuries, arising from or relating to any one or more of the following:

(i) a business document, business contract or business dispute where the value of the claim or counterclaim is not less than €1,000,000;

(ii) the determination of any question of construction arising in respect of a business document or business contract where the value of the transaction the subject matter thereof is not less than €1,000,000;

(iii) the purchase or sale of commodities where the value of the claim or counterclaim is not less than €1,000,000;

(iv) the export or import of goods where the value of the claim or counterclaim is not less than €1,000,000;

(v) the carriage of goods by land, sea, air or pipeline where the value of the claim or counterclaim is not less than €1,000,000;

(vi) the exploitation of oil or gas reserves or any other natural resource where the value of the claim or counterclaim is not less than €1,000,000;

3

(vii) insurance or re-insurance where the value of the claim or counterclaim is not less than €1,000,000;

(viii) the provision of services (not including medical, quasi-medical or dental services or any service provided under a contract of employment) where the value of the claim or counterclaim is not less than €1,000,000;

(ix) the operation of markets or exchanges in stocks, shares or other financial or investment instruments, or in commodities where the value of the claim or counterclaim is not less than €1,000,000;

(x) the construction of any vehicle, vessel or aircraft where the value of the claim or counterclaim is not less than €1,000,000;

(xi) business agency where the value of the claim or counterclaim is not less than €1,000,000;

(b) proceedings in respect of any other claim or counterclaim, not being a claim or counterclaim for damages for personal injuries, which the Judge of the Commercial List, having regard to the commercial and any other aspect thereof, considers appropriate for entry in the Commercial List;

(c) any application or proceedings under the Arbitration Acts 1954 to 1998 (other than an application in pursuance of section 5 of the Arbitration Act, 1980 to stay proceedings in respect of a matter referred to arbitration) where the value of the claim or any counterclaim is not less than €1,000,000;

(d) any proceedings instituted or any application or reference made or appeal lodged under the provisions of the Patents Act, 1992, not including an application under section 108(4) of that Act;

(e) any proceedings instituted, application made or appeal lodged under –

(i) the Trade Marks Act, 1996;

(ii) the Copyright and Related Rights Act, 2000;

(iii) the Industrial Designs Act, 2001;

(f) any proceedings instituted for relief in respect of passing off;

(g) any appeal from, or application for judicial review of, a decision or determination made or a direction given by a person or body authorised by statute to make such decision or determination or give such direction, where the Judge of the Commercial List considers that the appeal or application is,

having regard to the commercial or any other aspect thereof, appropriate for entry in the Commercial List;

"initial directions hearing" means a hearing in accordance with rules 4 (5) (b) or 6 of this Order for the purpose of the giving of directions or making of orders as to preparation of the proceedings for trial and case management, and for the other purposes mentioned in rule 6;

"Judge of the Commercial List" means the Judge of the High Court for the time being assigned by the President of the High Court to carry out the functions of Judge of the Commercial List conferred by this Order;

"Judge" means any Judge of the High Court, including the Judge of the Commercial List, assigned for the time being by the President of the High Court to hear and determine proceedings, or any application in relation to proceedings, entered in the Commercial List;

"Registrar" means the registrar, for the time being and with the approval of the President of the High Court, assigned by the officer for the time being having the management of the Central Office to carry out the functions of Registrar conferred by this Order;

### Application of this Order

2    Save where otherwise expressly provided by this Order, in the event that any conflict shall arise between the provision of any rule of this Order and any other provision of these Rules, the provision of the rule of this Order shall, in respect of any proceedings entered in the Commercial List in accordance with rule 4 of this Order, prevail.

### Use of forms

3. (1) The forms in Appendix X to these Rules shall be used as provided for in this Order in applications for the entry of proceedings in the Commercial List or in proceedings entered in the Commercial List, as the case may be, with such variations as the Judge of the Commercial List or the Registrar may permit or circumstances may require. The directions contained in any form shall be observed in relation thereto. Where such forms are applicable, any costs occasioned by failure to comply with the provisions of any rule relating to the content of a form or by failure to comply with any directions contained in a form shall be borne by or disallowed to the party using the same, unless the Judge shall otherwise direct.

(2) Applications made to the Judge of the Commercial List for the entry of proceedings in the Commercial List, and all proceedings entered therein shall be entitled:

"THE HIGH COURT

COMMERCIAL"

*Entry in the Commercial List*

4    (1) Upon application made in accordance with sub rule 2 of this rule, commercial proceedings may be entered in the Commercial List by order of the Judge of the Commercial List.

(2) A party to commercial proceedings may, at any time prior to:

    (a) the close of pleadings, in the case of plenary proceedings, or

    (b) completion of the filing of affidavits, in the case of summary proceedings or any other proceedings to be heard on affidavit without pleadings,

by motion on notice to the other party or parties to those proceedings, apply to the Judge of the Commercial List for an order entering the proceedings in the Commercial List. The notice of motion shall have appended thereto a certificate of the solicitor for the applicant to the effect that the proceedings are appropriate to be treated as commercial proceedings within the meaning of rule 1 of this Order, and setting out such facts relating to the proceedings as shall demonstrate this.

(3) At the hearing of the motion referred to in sub rule 2 of this rule, the applicant shall produce the certificate appended to the notice of motion, or a certified copy or certified copies thereof,

(4) Upon the hearing of the motion referred to in sub rule 2 of this rule, the Judge of the Commercial List may direct that the proceedings be entered in the Commercial List, in which event all further motions or applications in respect of such proceedings shall be made to a Judge.

(5) Where the Judge of the Commercial List directs that proceedings be entered in the Commercial List in accordance with this rule, he shall:

    (a) fix a date for the initial directions hearing; or

    (b) treat the hearing of the motion as the initial directions hearing.

6

## II  Pre-trial procedure

*General*

5   A Judge may, at any time and from time to time, of his own motion and having heard the parties, give such directions and make such orders, including the fixing of time limits, for the conduct of proceedings entered in the Commercial List, as appears convenient for the determination of the proceedings in a manner which is just, expeditious and likely to minimise the costs of those proceedings.

*Initial directions*

6.  (1) Without prejudice to the generality of rule 5 of this Order, a Judge may, at the initial directions hearing –

> (a) of his own motion and after hearing the parties, or

> (b) on the application of a party by motion on notice to the other party or parties returnable to the initial directions hearing,

give any of the following directions to facilitate the determination of the proceedings in the manner mentioned in that rule:

> (i) as to whether the proceedings shall continue –

>> (I) with pleadings and hearing on oral evidence,

>> (II) without formal pleadings and by means of a statement of issues of law or fact, or of both law and fact,

>> (III) without formal pleadings and to be heard on affidavit with oral evidence, or

>> (IV) without formal pleadings and to be heard on affidavit without oral evidence;

> (ii) fixing any issues of fact or law to be determined in the proceedings;

> (iii) for the consolidation of the proceedings with another cause or matter pending in the High Court;

> (iv) for the defining of issues by the parties, or any of them, including the exchange between the parties of memoranda for the purpose of clarifying issues;

(v) allowing any party to alter or amend his indorsement or pleadings, or allowing amendment of a statement of issues;

(vi) requiring delivery of interrogatories, or discovery or inspection of documents;

(vii) requiring the making of inquiries or taking of accounts;

(viii) requiring the filing of lists of documents, either generally or with respect to specific matters;

(ix) directing any expert witnesses to consult with each other for the purposes of —

  (a) identifying the issues in respect of which they intend to give evidence,

  (b) where possible, reaching agreement on the evidence that they intend to give in respect of those issues, and

  (c) considering any matter which the Judge may direct them to consider,

and requiring that such witnesses record in a memorandum to be jointly submitted by them to the Registrar and delivered by them to the parties, particulars of the outcome of their consultations:

provided that any such outcome shall not be in any way binding on the parties;

(x) providing for the exchange of documents or information between the parties, or for the transmission by the parties to the Registrar of documents or information electronically on such terms and subject to such conditions and exceptions as a Judge may direct;

(xi) for the examination upon oath before a Judge, Registrar or other officer of the Court, or any other person, and at any place, of any witness, in accordance with Part II of Order 39;

(xii) as to whether or not the proceedings should, by virtue of their complexity, the number of issues or parties, the volume of evidence, or for other special reason, be subject to case management in accordance with Rules 14 and 15 of this Order;

(xiii) on the application of any of the parties or of his own motion, that the proceedings or any issue therein be adjourned for such time, not exceeding

8

twenty-eight days, as he considers appropriate to allow the parties time to consider whether such proceedings or issue ought to be referred to a process of mediation, conciliation or arbitration, and where the parties decide so to refer the proceedings or issue, to extend the time for compliance by any party with any provision of these Rules or any order of the Court

(2) Without prejudice to any enactment or rule of law by virtue of which documents or evidence are privileged from disclosure, to assist him in deciding whether or not to make any order or give any direction in accordance with sub rule 1 of this rule, a Judge may direct the parties, or any of them, to provide information in respect of the proceedings, including:

    a)   a list of the persons expected to give evidence;

    b)   particulars of any matter of a technical or scientific nature which may be at issue or may be the subject of evidence;

    c)   a reasoned estimate of the time likely to be spent in -

        (i) preparation of the proceedings for trial, and

        (ii) the trial of the proceedings;

    d)   particulars of any mediation, conciliation or arbitration arrangements which may be available to the parties.

(3) A Judge may, where he deems fit, at the initial directions hearing, hear any application for relief of an interlocutory nature, whether in the nature of an injunction or otherwise .

*Motions and Applications*

7. All notices of motion, applications and the affidavits or other documents grounding the same shall be lodged with the Registrar and shall bear the code or number assigned to the application or proceedings, as the case may be, in accordance with rule 27 of this Order.

8. (1) A Judge may direct that the parties to a motion or application shall prepare a written submission, bearing the name of the author, which submission shall be concise and avoid lengthy argument, specifying:

    (i)   the nature of the case generally and the background facts insofar as they are relevant to the matter before the court;

    (ii)  the submissions of law to be relied upon, citing the supporting authorities;

(iii)   the submissions of fact to be made with reference to the evidence;

(2) The written submissions shall be lodged with the Registrar not less than one clear day prior to the date of the hearing of the motion or application.

*Interrogatories*

9   A party to proceedings entered in the Commercial List may at any time after delivering his statement or points of claim, or defence or points of defence, as the case may be, deliver interrogatories in writing for the examination of any other party to the proceedings, and such interrogatories when delivered shall have a note at the foot thereof, stating which of such interrogatories each of such persons is required to answer: provided that no party shall deliver more than one set of interrogatories to the same party without an order for that purpose; provided also that interrogatories which do not relate to any matters in question in the proceedings shall be deemed irrelevant, notwithstanding that they might be admissible on the oral cross-examination of a witness.

10.  Interrogatories delivered in accordance with rule 9 of this Order shall be in the Form No 1. in Appendix X to these Rules.

11   Answers to interrogatories shall be made by affidavit to be filed within twenty-one days from receipt thereof, or within such other time as a Judge may allow.

12.  An affidavit in answer to interrogatories shall be in the Form No. 2 in Appendix X to these Rules.

13.   The provisions of rules 3, 5, 6, 7, 10 and 11 of Order 31 of these Rules shall, with any necessary modifications, apply to any interrogatories delivered or to be delivered in accordance with this rule.

*Case management*

14   (1) Where, in accordance with rule 6, a Judge directs that the proceedings be subject to case management, he shall fix a date for a case management conference, and may give any further directions for the completion prior to such conference of such, if any, steps in the proceedings (including the preparation of a case booklet in accordance with sub rule 9 of this rule) as he considers appropriate.

(2) The case management conference shall be chaired and regulated by a Judge.

(3) Where the case management conference is adjourned, it shall be adjourned to a specific date.

(4) The case management conference shall be attended by the solicitors appearing for each of the parties or, where a party, not being a body corporate, is not represented by a solicitor, by the party himself. Where the Judge chairing the case management conference considers it necessary or desirable, he may direct that party, or, where the party is a body corporate, the proper officer of a party, attend the case management conference, notwithstanding the fact that the party may be represented by a solicitor.

(5) Each solicitor attending the case management conference shall ensure that he is sufficiently familiar with the proceedings, and has authority from the party he represents to deal with any matters that are likely to be dealt with at the conference.

(6) Where a party is represented by counsel, such counsel may attend the case management conference, but the attendance of only one of such counsel will be allowed in the taxation or fixing of costs.

(7) The purpose of the case management conference shall be to ensure that the proceedings are prepared for trial in a manner which is just, expeditious and likely to minimise the costs of the proceedings, and in particular that, as soon as may be in advance of the trial:

    a)   the issues, whether as to fact or law, are defined as clearly, as precisely and as concisely, as possible;

    b)   all pleadings, affidavits and statements of issues are served;

    c )  any applications by letter for particulars and replies thereto, any admissions, or requests for admissions, notices to admit documents or facts and replies thereto, and any affidavits made in pursuance of any notices to admit facts or documents, are served or delivered, as the case may be;

    d)   all applications for relief of an interlocutory nature intended to be made by any of the parties are made;

    e)   any directions given or orders made at the initial directions hearing, or in the course of a case management conference have been complied with.

(8) Where no direction has been given that the proceedings be subject to case management, either party may, at any time before the trial, apply to the Judge of the Commercial List by motion on notice to the other party or parties for a direction that a case management conference be held. The affidavit grounding the motion shall set out clearly and concisely the grounds on which the case management conference is sought. Where any party objects to such a direction, they shall furnish their objections by replying affidavit

(9) The plaintiff, applicant or other party prosecuting the proceedings shall, in consultation with the other party or parties, prepare a case booklet to be lodged with

the Registrar and served on the other party or parties not later than four clear days prior to the first date fixed for the case management conference

(10) The case booklet shall contain –

    (a) a case summary, comprising

        (i)   an agreed outline of the case and sequence of relevant events not in dispute;

        (ii)   a list of those issues which are not in dispute;

        (iii)   an agreed statement of those issues that are in dispute, and

    (b) pre-trial documentation in chronological sequence, including (where appropriate) copies of pleadings exchanged, affidavits filed (other than affidavits of service), statements of issues, orders made or directions given, and any correspondence between the parties, not being expressed to be "without prejudice", relating to the preparation of the case for trial.

(11) The case booklet shall be produced and maintained by the party responsible for preparing the same in such form, including electronic form as the Judge of the Commercial List may direct and, where the Judge so directs, shall be lodged or served by electronic means, and on such conditions and subject to such exceptions as he may prescribe.

(12) The party responsible for preparing the case booklet shall, in consultation with the other party or parties, revise or add to its contents from time to time as necessary.

15.  At the case management conference the Judge chairing the case management conference may:

    (a) fix a timetable for the completion of preparation of the case for trial, and may for that purpose adopt any proposed timetable agreed by the parties if satisfied that it is reasonable;

    (b) make any orders or give any directions which he may make or direct under rule 6(1) or (2) of this Order;

    (c) if he considers that there is undue delay in, or he is otherwise dissatisfied with, the conduct of the proceedings, and without prejudice to any powers conferred on the Judge by Order 33, rule 11, require the party appearing to be responsible therefor, or the proper officer of or solicitor instructed in the proceedings by that party, to attend before him to explain the delay or other conduct with which he is dissatisfied, and may thereupon make or

12

give such ruling or direction as he may consider appropriate for the purposes of expediting the proceedings or the conduct thereof;

(d) without prejudice to any powers conferred on the Judge by Order 99, rule 37, sub rule13, disallow the costs of any indorsement of claim, pleading statement of issues or other document in the proceedings which contains unnecessary matter, or is of unnecessary length, and award against that party the costs thereby occasioned to any other party;

(e) without prejudice to any powers conferred on the Judge by Order 33, rule 11 and Order 99, rule 37, sub rule 31, disallow the costs of any party occasioned by a delay or default by that party in complying with a time limit for doing any act or taking any proceeding, and award against that party the costs thereby occasioned to any other party.

*Preparation for trial*

16  (1) Where no direction has been given that the proceedings be subject to case management, once the exchange of pleadings, affidavits or statements of issues has been completed, any of the parties may apply to the Registrar for the fixing of a date for a pre-trial conference.

(2) Where a direction has been given that the proceedings be subject to case management, the Judge chairing the case management conference shall fix a date for a pre-trial conference once all orders made or directions given in the course of the case management conference have been complied with.

17  Each party shall, in consultation with their respective counsel, complete and lodge with the Registrar not later than four clear days before the date fixed for the pre-trial conference a pre-trial questionnaire in the Form No. 3 in Appendix X to these Rules.

18  (1) The pre-trial conference shall be chaired and regulated by a Judge

(2) Where the pre-trial conference is adjourned, it shall be adjourned to a specific date.

(3) (a) Where a party intends to be represented at the trial by a solicitor then the leading solicitor whom it is intended shall so represent the party shall attend the pre-trial conference
(b) Where a party intends to be represented at the trial by solicitor and counsel then the leading counsel whom it is intended shall so represent the party shall attend the pre-trial conference.

19  At the pre-trial conference the Judge chairing the same shall establish what steps remain to be taken to prepare the case for trial, the likely length of the trial and the

arrangements, if any, for witnesses, information and communications technology (including video conferencing) and any other arrangements which require to be made for the trial, and may make any orders and give any directions in respect of arrangements for the trial as he considers necessary.

20. When the Judge chairing the pre-trial conference is satisfied that the proceedings are ready to proceed to trial, he shall fix a trial date.

21 (1) Subject to sub rule 2 of this rule, unless the Judge chairing the pre-trial conference otherwise directs, the plaintiff, applicant or other party prosecuting the proceedings shall, in consultation with the other party or parties, prepare and lodge with the Registrar, not less than four clear days prior to the date fixed for the trial:

(a) a trial booklet, indexed and in chronological sequence, and containing copies of any pleadings, affidavits, statements of issues, documents or extracts therefrom in respect of which agreement has been reached between the parties under sub rule 2 of this rule, statements provided for in rule 22 of this Order, correspondence and any other documents intended to be relied upon at the trial, and

(b) a case summary, comprising -

(i) an agreed outline of the case and sequence of relevant events not in dispute;

(ii) a list of those issues which are not in dispute;

(iii) a list of the persons principally involved in the matters or events the subject of the proceedings and,

(iv) where appropriate, a glossary of technical terms which are likely to be used in the course of the trial.

(2) (a) The Judge chairing the pre-trial conference may request the parties to consult with each other with a view to agreeing, where possible, upon a list of the documents and, as appropriate, any extracts from documents intended to be relied upon at the trial.

(b) In the event of any such agreement being reached by the parties , the plaintiff, applicant or other party prosecuting the proceedings shall, in consultation with the other party or parties, prepare and lodge with the Registrar, not less than four clear days prior to the date fixed for the trial, a booklet indexed and in chronological sequence, containing copies of such documents or extracts and, where appropriate, indicating, by means of tags, colour highlighting or otherwise as the Judge of the Commercial List or the Registrar may direct, any relevant extracts therefrom intended to be relied upon at the trial.

(c) In the event that the parties are unable to reach any such agreement they shall notify the Registrar and, unless the Judge chairing the pre-trial conference shall

14

otherwise order, the plaintiff, applicant or other party prosecuting the proceedings shall proceed in accordance with sub rule 1 of this rule as if no request had been made by the Judge under paragraph (a) of this sub rule.

(3) The trial booklet shall be produced by the party responsible for preparing the same in such form, including electronic form as the Judge of the Commercial List may direct and, where the Judge of the Commercial List so directs, shall be lodged or served by electronic means, and on such conditions and subject to such exceptions as he may prescribe.

### III. Evidence

*Oral evidence*

22. (1) Unless a Judge shall otherwise order, a party intending to rely upon the oral evidence of a witness as to fact or of an expert at trial shall, not later than one month prior to the date of such trial in the case of the plaintiff, applicant or other party prosecuting the proceedings and not later than seven days prior to that date in the case of the defendant, respondent or other party defending the proceedings, serve upon the other party or parties a written statement outlining the essential elements of that evidence signed and dated by the witness or expert, as the case may be.

(2) A Judge may, in exceptional circumstances to be recited in the order and after hearing all of the parties, make an order directing that the written statement referred to in sub rule 1 of this rule or any part thereof shall be treated as the evidence in chief of the witness or expert concerned but only after it has been verified on oath by such witness or expert.

*Evidence by video link or other means*

23. (1) A Judge may allow a witness to give evidence, whether from within or outside the State, through a live video link or by other means.

(2) Evidence given in accordance with sub rule 1 of this rule shall be recorded by video or otherwise as the Judge may direct.

### IV. Trial venue

24. All applications made to the Judge of the Commercial List for the entry of proceedings, all proceedings entered in the Commercial List, and all trials of such proceedings shall, unless a Judge shall in any particular proceedings and for special reason otherwise order, take place in an appropriate courtroom designated by the President of the High Court in consultation with the Judge of the Commercial List and situate in Dublin.

## V. The Registrar

*Functions*

25. The Registrar may refer to a Judge proceedings listed in the Commercial List in respect of which he considers there has been undue delay.

*Records*

26. (1) The Registrar shall establish and maintain the following records:

    (a)    a register of applications for entry of proceedings in the Commercial List;

    (b)    a register of proceedings entered in the Commercial List;

    (c)    a register of orders made or directions given by Judges in proceedings listed in the Commercial List,

    (d)    calendar of sittings of Judges;

    (e)    a record of progress in each of the proceedings entered in the Commercial List.

(2) Such records may be held electronically and may be held separately or in an amalgamated form.

27. The Registrar shall establish and maintain a file for each application for entry of proceedings in, and for each of the proceedings entered in the Commercial List, which file may, in whole or in part, be in electronic form, and each such application or proceedings shall be assigned a code or number in sequence for the purposes of identification.

## VI. Costs

28. The costs of the initial directions hearing shall, unless the Judge before whom that hearing takes place otherwise orders, be deemed to be costs in the cause

29. The Judge of the Commercial List may prescribe requirements as to the form and content of bills of costs to be prepared in respect of proceedings entered in the Commercial List. Where he has not done so, such bills of costs shall be prepared in the manner prescribed by Order 99, rule 29.

30. Upon the determination of any interlocutory application by a Judge, the Judge shall make an award of costs save where it is not possible justly to adjudicate upon liability for costs on the basis of the interlocutory application.

### VII  Electronic service, exchange and lodgement of documents

31. (1) Documents required under these Rules to be served or exchanged in commercial proceedings entered in the Commercial List may, where the President of the High Court by practice direction permits, and on such terms and conditions and subject to such exceptions as the President of the High Court may by such practice direction specify, be served or exchanged, as the case may be, electronically.

(2)  Documents required under these Rules to be filed in commercial proceedings entered in the Commercial List may, where the President of the High Court by practice direction permits, and on such terms and conditions and subject to such exceptions as the President of the High Court may by such practice direction specify, be filed electronically with the Registrar and stored by the Registrar in like manner.

(3) Without prejudice to the generality of sub rules 1 or 2 of this rule, a practice direction given by the President of the High Court in pursuance of either of those sub rules may prescribe requirements as to-

    a)  the hardware and other equipment, diskettes or CD-Roms and communications protocol or protocols to be employed by parties filing, serving or exchanging documents electronically;

    b)  the use of passwords, electronic signatures, digital signatures or other means of authenticating documents filed, served or exchanged electronically;

    c)  the use of firewalls, anti-virus tools or other devices or applications for the purpose of avoiding damage to the information system of the Courts Service or of any party or their solicitor or counsel;

    d)  compliance with practices or protocols for the purpose of ensuring that harmful, deleterious or offensive material does not enter the information system of the Courts Service or of any party or their solicitor or counsel;
    e) the formatting, organising, identifying, coding and indexing of documents to be filed, served or exchanged electronically;
    f) the manner in which documents filed, served or exchanged electronically, or copies of such documents, may be presented or otherwise used in Court ".

2. The Rules of the Superior Courts are hereby amended by the insertion after Appendix W thereof of the following Appendix:

## "Appendix X

No. 1

O. 63A r. 10                          INTERROGATORIES.

[Title of proceedings].

Interrogatories on behalf of the [*plaintiff or defendant, appellant or respondent* ] for the examination of the [*defendant or plaintiff, respondent or appellant* ].

1  Did not, &c.,?
2  Has not, &c.,?
&c., &c.,

---

No. 2

O.63A r. 12            ANSWER TO INTERROGATORIES.

[Title of Proceedings]

The answer of the…to the interrogatories for his examination by the ..

In answer to the said interrogatories, I, the above-named C.D. make oath and say as follows: –

---

18

No.3

O.63A, r. 17                          PRE-TRIAL QUESTIONNAIRE

[Title of proceedings]

Section A: Pre-Trial Procedures

1.      Pleadings and Proofs
(*Delete where not applicable*)

(a)     Are all Pleadings exchanged?                              yes/no

        If not, what pleading was last exchanged?

(b)     Have proofs been advised?                                yes/no

(c)     If proofs have not been advised, please
        confirm whether or not same will
        be sought and advised prior to pre-trial
        conference.

                                                                 yes/no

(d)     If proofs have been advised, please confirm that you are in a position to
        comply.
                                                                 yes/no

2       Have all pre-trial procedures been fully complied with including:-
        (*Delete where not applicable*)

        (a) Discovery?                                           yes/no

        (b) Admissions; Notices to admit facts?                  yes/no

19

(c) Interrogatories?                                                    yes/no

(d) Fixing of issues?                                                   yes/no

(e) Any other directions given by the Judge?                           yes/no

3       If any matters referred to at paragraphs 1-2 above remain outstanding, please
set out reasons for same.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.      Are there any further directions required to prepare the case for trial?     yes/no

If yes, please explain the directions required and give reasons.

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
___

### Section B: Trial

1.    Set out your estimate of the likely duration of the trial.

_____
_____
_____
_____
_____

2.    Please attach chronology of the relevant
events likely to be referred to in the course
of the hearing. Has this been agreed with
the other parties and if not, why not?

_____
_____
_____
_____

3    Please furnish an agreed statement of the
issues to be determined at trial or, insofar
as such issues may not be agreed, a brief
statement thereof as perceived by you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

___

4.   Has the Judge dispensed with the need for
the lodgement of the trial booklet or case
summary required by Order 63A rule 21?

yes/no

If not, please confirm that same will be
lodged with the Registrar not less than four
clear days prior to the date fixed for trial.

yes/no

5.   Do the parties intend to have overnight
transcripts?                                                    yes/no

Section C: Expert and other Witnesses

1.    List the witnesses you intend to call, indicating which of these are expert witnesses.

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   ___

2.    Have the parties endeavoured to exchange expert- witnesses' reports with the other side?

   If not, why not?

23

—

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

—

3.    Are special facilities required in the Court room to facilitate the giving of any expert evidence?

If so, give details.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

—

4.  Does any witness require special facilities?                                yes/no
    If so, give details.

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        —

5.  Does any witness require an interpreter?                                    yes/no

    If so, give details.

        _____

        _____

        _____

        _____

        _____

        _____

―

_____

_____

6.     Are any special information and communications technology facilities (e g digital audio voice-recording, video-conferencing) required in the courtroom to facilitate the trial of the case?

yes/no

If so, give details.

_____
_____
_____
_____
_____
_____
_____
_____`

_____"`

3 (1) These rules may be cited as the Rules of the Superior Courts (Commercial Proceedings), 2004.

--

## EXPLANATORY NOTE

*(This note is not part of the instrument and does not purport to be a legal interpretation.)*

These Rules amend the Rules of the Superior Courts by the addition of Order 63A in order to facilitate the operation of the Commercial List in the High Court.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------- x
Highfields Capital Ltd., Highfields             :
Capital I LP, Highfields Capital II LP,         :
                                                :
                        Plaintiffs,             :   Case No. 04-10624 (MLW)
            v.                                  :
                                                :
SCOR, S.A.,                                     :
                                                :
                        Defendant.              :
------------------------------------------------- x
```

# **EXHIBIT C**

**As referred to in the Affidavit in Support of Motion to Dismiss
of Conor McDonnell**

**CONOR McDONNELL**

~~COMMISSIONER FOR OATH~~S
**PRACTISING SOLICITOR**

(1) OJ C 314, 3 11 2000, p 2
(2) Opinion delivered on 14 March 2001 (not yet published in the Official Journal)
(3) Opinion delivered on 28 February 2001 (not yet published in the Official Journal).
(4) OJ L 160, 30 6 2000, p. 37
(5) OJ L 281, 23 11 1995, p. 31
(6) OJ L 24, 30 1 1998, p. 1
(7) OJ L 184, 17 7 1999, p. 23

**COUNCIL REGULATION (EC) No 1206/2001 of 28 May 2001**

**on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters**

THE COUNCIL OF THE EUROPEAN UNION,

Having regard to the Treaty establishing the European Community, and in particular Article 61(c) and Article 67(1) thereof,

Having regard to the initiative of the Federal Republic of Germany[1],

Having regard to the opinion of the European Parliament[2],

Having regard to the opinion of the Economic and Social Committee[3],

Whereas:

(1) The European Union has set itself the objective of maintaining and developing the European Union as an area of freedom, security and justice in which the free movement of persons is ensured For the gradual establishment of such an area, the Community is to adopt, among others, the measures relating to judicial cooperation in civil matters needed for the proper functioning of the internal market

(2) For the purpose of the proper functioning of the internal market, cooperation between courts in the taking of evidence should be improved, and in particular simplified and accelerated

(3) At its meeting in Tampere on 15 and 16 October 1999, the European Council recalled that new procedural legislation in cross-border cases, in particular on the taking of evidence, should be prepared

(4) This area falls within the scope of Article 65 of the Treaty

(5) The objectives of the proposed action, namely the improvement of cooperation between the courts on the taking of evidence in civil or commercial matters, cannot be sufficiently achieved by the Member States and can therefore be better achieved at Community level. The Community may adopt measures in accordance with the principle of subsidiarity as set out in Article 5 of the Treaty In accordance with the principle of proportionality, as set out in that Article, this Regulation does not go beyond what is necessary to achieve those objectives

(6) To date, there is no binding instrument between all the Member States concerning the taking of evidence The Hague Convention of 18 March 1970 on the taking of evidence abroad in civil or commercial matters applies between only 11 Member States of the European Union

(7) As it is often essential for a decision in a civil or commercial matter pending before a court in a Member State to take evidence in another Member State, the Community's activity cannot be limited to the field of transmission of judicial and extrajudicial documents in civil or commercial matters which falls within the scope of Council Regulation (EC) No 1348/2000 of 29 May 2000 on the serving in the Member States of judicial and extrajudicial documents in civil or commercial matters[4] It is therefore necessary to continue the improvement of cooperation between courts of Member States in the field of taking of evidence

(8) The efficiency of judicial procedures in civil or commercial matters requires that the transmission and execution of requests for the performance of taking of evidence is to be made directly and by the most rapid means possible between Member States' courts

(9) Speed in transmission of requests for the performance of taking of evidence warrants the use of all appropriate means, provided that certain conditions as to the legibility and reliability of the document received are observed So as to ensure the utmost clarity and legal certainty the request for the performance of taking of evidence must be transmitted on a form to be completed in the language of the Member State of the requested court or in another language accepted by that State For the same reasons, forms should also be used as far as possible for further communication between the relevant courts

(10) A request for the performance of the taking of evidence should be executed expeditiously. If it is not possible for the request to be executed within 90 days of receipt by the requested court, the latter should inform the requesting court accordingly, stating the reasons which prevent the request from being executed swiftly.

(11) To secure the effectiveness of this Regulation, the possibility of refusing to execute the request for the performance of taking of evidence should be confined to strictly limited exceptional situations.

(12) The requested court should execute the request in accordance with the law of its Member State.

(13) The parties and, if any, their representatives, should be able to be present at the performance of the taking of evidence, if that is provided for by the law of the Member State of the requesting court, in order to be able to follow the proceedings in a comparable way as if evidence were taken in the Member State of the requesting court. They should also have the right to request to participate in order to have a more active role in the performance of the taking of evidence. However, the conditions under which they may participate should be determined by the requested court in accordance with the law of its Member State.

(14) The representatives of the requesting court should be able to be present at the performance of the taking of evidence, if that is compatible with the law of the Member State of the requesting court, in order to have an improved possibility of evaluation of evidence. They should also have the right to request to participate, under the conditions laid down by the requested court in accordance with the law of its Member State, in order to have a more active role in the performance of the taking of evidence.

(15) In order to facilitate the taking of evidence it should be possible for a court in a Member State, in accordance with the law of its Member State, to take evidence directly in another Member State, if accepted by the latter, and under the conditions determined by the central body or competent authority of the requested Member State.

(16) The execution of the request, according to Article 10, should not give rise to a claim for any reimbursement of taxes or costs. Nevertheless, if the requested court requires reimbursement, the fees paid to experts and interpreters, as well as the costs occasioned by the application of Article 10(3) and (4), should not be borne by that court. In such a case, the requesting court is to take the necessary measures to ensure reimbursement without delay. Where the opinion of an expert is required, the requested court may, before executing the request, ask the requesting court for an adequate deposit or advance towards the costs.

(17) This Regulation should prevail over the provisions applying to its field of application, contained in international conventions concluded by the Member States. Member States should be free to adopt agreements or arrangements to further facilitate cooperation in the taking of evidence.

(18) The information transmitted pursuant to this Regulation should enjoy protection. Since Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data[5], and Directive 97/66/EC of the European Parliament and of the Council of 15 December 1997 concerning the processing of personal data and the protection of privacy in the telecommunications sector[6], are applicable, there is no need for specific provisions on data protection in this Regulation.

(19) The measures necessary for the implementation of this Regulation should be adopted in accordance with Council Decision 1999/468/EC of 28 June 1999[7] laying down the procedures for the exercise of implementing powers conferred on the Commission.

(20) For the proper functioning of this Regulation, the Commission should review its application and propose such amendments as may appear necessary.

(21) The United Kingdom and Ireland, in accordance with Article 3 of the Protocol on the position of the United Kingdom and Ireland annexed to the Treaty on the European Union and to the Treaty establishing the European Community, have given notice of their wish to take part in the adoption and application of this Regulation.

(22) Denmark, in accordance with Articles 1 and 2 of the Protocol on the position of Denmark annexed to the Treaty on European Union and to the Treaty establishing the European Community, is not participating in the adoption of this Regulation, and is therefore not bound by it nor subject to its application,

HAS ADOPTED THIS REGULATION:

## CHAPTER I

### GENERAL PROVISIONS

*Article 1*

Scope

1. This Regulation shall apply in civil or commercial matters where the court of a Member State, in accordance with the provisions of the law of that State, requests:

(a) the competent court of another Member State to take evidence; or

(b) to take evidence directly in another Member State

2 A request shall not be made to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated

3 In this Regulation, the term 'Member State' shall mean Member States with the exception of Denmark

*Article 2*

Direct transmission between the courts

1. Requests pursuant to Article 1(1)(a), hereinafter referred to as 'requests', shall be transmitted by the court before which the proceedings are commenced or contemplated, hereinafter referred to as the 'requesting court', directly to the competent court of another Member State, hereinafter referred to as the 'requested court', for the performance of the taking of evidence

2 Each Member State shall draw up a list of the courts competent for the performance of taking of evidence according to this Regulation The list shall also indicate the territorial and, where appropriate, the special jurisdiction of those courts

*Article 3*

Central body

1 Each Member State shall designate a central body responsible for:

(a) supplying information to the courts;

(b) seeking solutions to any difficulties which may arise in respect of a request;

(c) forwarding, in exceptional cases, at the request of a requesting court, a request to the competent court.

2 A federal State, a State in which several legal systems apply or a State with autonomous territorial entities shall be free to designate more than one central body

3 Each Member State shall also designate the central body referred to in paragraph 1 or one or several competent authority(ies) to be responsible for taking decisions on requests pursuant to Article 17

## CHAPTER II

### TRANSMISSION AND EXECUTION OF REQUESTS

Section 1

**Transmission of the request**

*Article 4*

Form and content of the request

1. The request shall be made using form A or, where appropriate, form I in the Annex. It shall contain the following details:

(a) the requesting and, where appropriate, the requested court;

(b) the names and addresses of the parties to the proceedings and their representatives, if any;

(c) the nature and subject matter of the case and a brief statement of the facts;

(d) a description of the taking of evidence to be performed;

(e) where the request is for the examination of a person:

—the name(s) and address(es) of the person(s) to be examined,

—the questions to be put to the person(s) to be examined or a statement of the facts about which he is (they are) to be examined,

—where appropriate, a reference to a right to refuse to testify under the law of the Member State of the requesting court,

—any requirement that the examination is to be carried out under oath or affirmation in lieu thereof, and any special form to be used,

—where appropriate, any other information that the requesting court deems necessary;

(f) where the request is for any other form of taking of evidence, the documents or other objects to be inspected;

(g) where appropriate, any request pursuant to Article 10(3) and (4), and Articles 11 and 12 and any information necessary for the application thereof.

2  The request and all documents accompanying the request shall be exempted from authentication or any equivalent formality

3  Documents which the requesting court deems it necessary to enclose for the execution of the request shall be accompanied by a translation into the language in which the request was written

*Article 5*

Language

The request and communications pursuant to this Regulation shall be drawn up in the official language of the requested Member State or, if there are several official languages in that Member State, in the official language or one of the official languages of the place where the requested taking of evidence is to be performed, or in another language which the requested Member State has indicated it can accept  Each Member State shall indicate the official language or languages of the institutions of the European Community other than its own which is or are acceptable to it for completion of the forms

*Article 6*

Transmission of requests and other communications

Requests and communications pursuant to this Regulation shall be transmitted by the swiftest possible means, which the requested Member State has indicated it can accept  The transmission may be carried out by any appropriate means, provided that the document received accurately reflects the content of the document forwarded and that all information in it is legible

Section 2

**Receipt of request**

*Article 7*

Receipt of request

1  Within seven days of receipt of the request, the requested competent court shall send an acknowledgement of receipt to the requesting court using form B in the Annex  Where the request does not comply with the conditions laid down in Articles 5 and 6, the requested court shall enter a note to that effect in the acknowledgement of receipt

2  Where the execution of a request made using form A in the Annex, which complies with the conditions laid down in Article 5, does not fall within the jurisdiction of the court to which it was transmitted, the latter shall forward the request to the competent court of its Member State and shall inform the requesting court thereof using form A in the Annex

*Article 8*

Incomplete request

1  If a request cannot be executed because it does not contain all of the necessary information pursuant to Article 4, the requested court shall inform the requesting court thereof without delay and, at the latest, within 30 days of receipt of the request using form C in the Annex, and shall request it to send the missing information, which should be indicated as precisely as possible

2  If a request cannot be executed because a deposit or advance is necessary in accordance with Article 18(3), the requested court shall inform the requesting court thereof without delay and, at the latest, within 30 days of receipt of the request using form C in the Annex and inform the requesting court how the deposit or advance should be made  The requested Court shall acknowledge receipt of the deposit or advance without delay, at the latest within 10 days of receipt of the deposit or the advance using form D

*Article 9*

Completion of the request

1  If the requested court has noted on the acknowledgement of receipt pursuant to Article 7(1) that the request does not comply with the conditions laid down in Articles 5 and 6 or has informed the requesting court pursuant to Article 8 that the request cannot be executed because it does not contain all of the necessary information pursuant to Article 4, the time limit pursuant to Article 10 shall begin to run when the requested court received the request duly completed

2  Where the requested court has asked for a deposit or advance in accordance with Article 18(3), this time limit shall begin to run when the deposit or the advance is made

Section 3

**Taking of evidence by the requested court**

*Article 10*

General provisions on the execution of the request

1  The requested court shall execute the request without delay and, at the latest, within 90 days of receipt of the request

2  The requested court shall execute the request in accordance with the law of its Member State.

3  The requesting court may call for the request to be executed in accordance with a special procedure provided for by the law of its Member State, using form A in the Annex  The requested court shall comply with such a requirement unless this procedure is incompatible with the law of the Member State of the requested court or by reason of major practical difficulties  If the requested court does not comply with the requirement for one of these reasons it shall inform the requesting court using form E in the Annex

4  The requesting court may ask the requested court to use communications technology at the performance of the taking of evidence, in particular by using videoconference and teleconference

The requested court shall comply with such a requirement unless this is incompatible with the law of the Member State of the requested court or by reason of major practical difficulties

If the requested court does not comply with the requirement for one of these reasons, it shall inform the requesting court, using form E in the Annex

If there is no access to the technical means referred to above in the requesting or in the requested court, such means may be made available by the courts by mutual agreement

*Article 11*

Performance with the presence and participation of the parties

1  If it is provided for by the law of the Member State of the requesting court, the parties and, if any, their representatives, have the right to be present at the performance of the taking of evidence by the requested court

2  The requesting court shall, in its request, inform the requested court that the parties and, if any, their representatives, will be present and, where appropriate, that their participation is requested, using form A in the Annex  This information may also be given at any other appropriate time

3  If the participation of the parties and, if any, their representatives, is requested at the performance of the taking of evidence, the requested court shall determine, in accordance with Article 10, the conditions under which they may participate

4  The requested court shall notify the parties and, if any, their representatives, of the time when, the place where, the proceedings will take place, and, where appropriate, the conditions under which they may participate, using form F in the Annex

5  Paragraphs 1 to 4 shall not affect the possibility for the requested court of asking the parties and, if any, their representatives, to be present at or to participate in the performance of the taking of evidence if that possibility is provided for by the law of its Member State

*Article 12*

Performance with the presence and participation of representatives of the requesting court

1.  If it is compatible with the law of the Member State of the requesting court, representatives of the requesting court have the right to be present in the performance of the taking of evidence by the requested court

2.  For the purpose of this Article, the term 'representative' shall include members of the judicial personnel designated by the requesting court, in accordance with the law of its Member State. The requesting court may also designate, in accordance with the law of its Member State, any other person, such as an expert

3.  The requesting court shall, in its request, inform the requested court that its representatives will be present and, where appropriate, that their participation is requested, using form A in the Annex. This information may also be given at any other appropriate time

4.  If the participation of the representatives of the requesting court is requested in the performance of the taking of evidence, the requested court shall determine, in accordance with Article 10, the conditions under which they may participate

5.  The requested court shall notify the requesting court, of the time when, and the place where, the proceedings will take place, and, where appropriate, the conditions under which the representatives may participate, using form F in the Annex

*Article 13*

Coercive measures

Where necessary, in executing a request the requested court shall apply the appropriate coercive measures in the instances and to the extent as are provided for by the law of the Member State of the requested court for the execution of a request made for the same purpose by its national authorities or one of the parties concerned

*Article 14*

Refusal to execute

1.  A request for the hearing of a person shall not be executed when the person concerned claims the right to refuse to give evidence or to be prohibited from giving evidence,

(a)  under the law of the Member State of the requested court; or

(b)  under the law of the Member State of the requesting court, and such right has been specified in the request, or, if need be, at the instance of the requested court, has been confirmed by the requesting court

2.  In addition to the grounds referred to in paragraph 1, the execution of a request may be refused only if:

(a)  the request does not fall within the scope of this Regulation as set out in Article 1; or

(b)  the execution of the request under the law of the Member State of the requested court does not fall within the functions of the judiciary; or

(c)  the requesting court does not comply with the request of the requested court to complete the request pursuant to Article 8 within 30 days after the requested court asked it to do so; or

(d)  a deposit or advance asked for in accordance with Article 18(3) is not made within 60 days after the requested court asked for such a deposit or advance

3.  Execution may not be refused by the requested court solely on the ground that under the law of its Member State a court of that Member State has exclusive jurisdiction over the subject matter of the action or that the law of that Member State would not admit the right of action on it

4.  If execution of the request is refused on one of the grounds referred to in paragraph 2, the requested court shall notify the requesting court thereof within 60 days of receipt of the request by the requested court using form H in the Annex.

*Article 15*

Notification of delay

If the requested court is not in a position to execute the request within 90 days of receipt, it shall inform the requesting court thereof, using form G in the Annex. When it does so, the grounds for the delay shall be given as well as the estimated time that the requested court expects it will need to execute the request

*Article 16*

Procedure after execution of the
request

The requested court shall send without delay to the requesting court the documents establishing the execution of the request and, where appropriate, return the documents received from the requesting court. The documents shall be accompanied by a confirmation of execution using form H in the Annex

Section 4

**Direct taking of evidence by the
requesting court**

*Article 17*

1. Where a court requests to take evidence directly in another Member State, it shall submit a request to the central body or the competent authority referred to in Article 3(3) in that State, using form I in the Annex

2. Direct taking of evidence may only take place if it can be performed on a voluntary basis without the need for coercive measures

Where the direct taking of evidence implies that a person shall be heard, the requesting court shall inform that person that the performance shall take place on a voluntary basis.

3. The taking of evidence shall be performed by a member of the judicial personnel or by any other person such as an expert, who will be designated, in accordance with the law of the Member State of the requesting court

4. Within 30 days of receiving the request, the central body or the competent authority of the requested Member State shall inform the requesting court if the request is accepted and, if necessary, under what conditions according to the law of its Member State such performance is to be carried out, using form J

In particular, the central body or the competent authority may assign a court of its Member State to take part in the performance of the taking of evidence in order to ensure the proper application of this Article and the conditions that have been set out.

The central body or the competent authority shall encourage the use of communications technology, such as videoconferences and teleconferences

5. The central body or the competent authority may refuse direct taking of evidence only if:

(a) the request does not fall within the scope of this Regulation as set out in Article 1;

(b) the request does not contain all of the necessary information pursuant to Article 4; or

(c) the direct taking of evidence requested is contrary to fundamental principles of law in its Member State

6. Without prejudice to the conditions laid down in accordance with paragraph 4, the requesting court shall execute the request in accordance with the law of its Member State

Section 5

**Costs**

*Article 18*

1. The execution of the request, in accordance with Article 10, shall not give rise to a claim for any reimbursement of taxes or costs

2. Nevertheless, if the requested court so requires, the requesting court shall ensure the reimbursement, without delay, of:

—the fees paid to experts and interpreters, and

—the costs occasioned by the application of Article 10(3) and(4)

The duty for the parties to bear these fees or costs shall be governed by the law of the Member State of the requesting court

3. Where the opinion of an expert is required, the requested court may, before executing the request, ask the requesting court for an adequate deposit or advance towards the requested costs. In all other cases, a deposit or advance shall not be a condition for the execution of a request

The deposit or advance shall be made by the parties if that is provided for by the law of the Member State of the requesting court

# CHAPTER III
## FINAL PROVISIONS
### *Article 19*
#### Implementing rules

1. The Commission shall draw up and regularly update a manual, which shall also be available electronically, containing the information provided by the Member States in accordance with Article 22 and the agreements or arrangements in force, according to Article 21

2. The updating or making of technical amendments to the standard forms set out in the Annex shall be carried out in accordance with the advisory procedure set out in Article 20(2)

### *Article 20*
#### Committee

1. The Commission shall be assisted by a Committee

2. Where reference is made to this paragraph, Articles 3 and 7 of Decision 1999/468/EC shall apply

3. The Committee shall adopt its Rules of Procedure

### *Article 21*
#### Relationship with existing or future agreements or arrangements between Member States

1. This Regulation shall, in relation to matters to which it applies, prevail over other provisions contained in bilateral or multilateral agreements or arrangements concluded by the Member States and in particular the Hague Convention of 1 March 1954 on Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, in relations between the Member States party thereto

2. This Regulation shall not preclude Member States from maintaining or concluding agreements or arrangements between two or more of them to further facilitate the taking of evidence, provided that they are compatible with this Regulation

3. Member States shall send to the Commission:

(a) by 1 July 2003, a copy of the agreements or arrangements maintained between the Member States referred to in paragraph 2;

(b) a copy of the agreements or arrangements concluded between the Member States referred to in paragraph 2 as well as drafts of such agreements or arrangements which they intend to adopt; and

(c) any denunciation of, or amendments to, these agreements or arrangements

### *Article 22*
#### Communication

By 1 July 2003 each Member State shall communicate to the Commission the following:

(a) the list pursuant to Article 2(2) indicating the territorial and, where appropriate, the special jurisdiction of the courts;

(b) the names and addresses of the central bodies and competent authorities pursuant to Article 3, indicating their territorial jurisdiction;

(c) the technical means for the receipt of requests available to the courts on the list pursuant to Article 2(2);

(d) the languages accepted for the requests as referred to in Article 5.

Member States shall inform the Commission of any subsequent changes to this information

### *Article 23*
#### Review

No later than 1 January 2007, and every five years thereafter, the Commission shall present to the European Parliament, the Council and the Economic and Social Committee a report on the application of this Regulation, paying special attention to the practical application of Article 3(1)(c) and 3, and Articles 17 and 18

*Article 24*

Entry into force

1   This Regulation shall enter into force on 1 July 2001

2   This Regulation shall apply from 1 January 2004, except for Articles 19, 21 and 22, which shall apply from 1 July 2001

This Regulation shall be binding in its entirety and directly applicable in the Member States in accordance with the Treaty establishing the European Community

Done at Brussels, 28 May 2001

*For the Council*

*The President*

T BODSTRÖM