# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HIGHFIELDS CAPITAL LTD., HIGHFIELDS CAPITAL I LP, HIGHFIELDS CAPITAL II LP, )<br><br>Plaintiffs, )<br><br>SCOR, S.A., )<br><br>Defendant. ) | **ANSWER**<br><br>Civ. No. 04-10624 (MLW) |

Defendant, SCOR ("SCOR"), incorrectly named herein as "SCOR, S.A.," by and through its counsel, Ropes & Gray LLP and Sullivan & Cromwell LLP, answers the Complaint of Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP (collectively, "Highfields") as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 1; except admits that SCOR is a reinsurance company organized under the laws of France; admits that Highfields made initial investments aggregating approximately €125 million in a joint venture in which SCOR also was a participant; admits that Highfields subsequently invested an additional €17,185,600 in the joint venture without any purported solicitation or inducement by SCOR; and denies that SCOR has engaged in any misrepresentation, omission or unfair trade practice.

2.      Denies each and every allegation of Paragraph 2; except admits that, in the Fall of 2001, SCOR had an AA- credit rating from Standard & Poor's; admits that SCOR later

determined to increase its reserves; admits that, on or about November 6, 2003, Standard & Poor's reduced SCOR's credit rating to BBB-; admits that, on or about December 2, 2003, Standard & Poor's increased SCOR's credit rating to BBB+ and that, on or about August 11, 2005, Standard & Poor's increased that rating to A-; and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the credit ratings of other reinsurers or Highfields' knowledge with respect to those ratings.

3.      Denies each and every allegation of Paragraph 3.

4.      Denies each and every allegation of Paragraph 4; except admits that, in 2001, SCOR participated in the creation and partial capitalization of two new companies known, respectively, as Irish Holdings Limited and Irish Reinsurance Partners Limited (collectively, "IRP") for the purposes of increasing SCOR's underwriting capacity during what was expected to be a profitable period for the industry, with risks and benefits of this increased capacity to be shared with the other investors in IRP on a *pro rata* basis; admits that IRP Holdings Limited is a holding company for Irish Reinsurance Partners Limited; admits that SCOR participated in discussions with Highfields regarding the structure and purposes of IRP, and that SCOR, directly or indirectly, solicited various investors, including Highfields, to invest in IRP, subject to the investors' conduct of due diligence on IRP and SCOR; and respectfully refers the Court to the Quota Share Agreements ("QSAs") for their contents.

5.      Denies each and every allegation of Paragraph 5; except admits that, during the period of September 2001 to November 2001, SCOR sent a Private Placement Memorandum ("PPM"), directly or indirectly, to various potential investors, including to Highfields' Boston headquarters, to solicit an investment in IRP, that SCOR's then Chief

Operating Officer visited Highfields personnel in Boston on or about November 14, 2001 in order to discuss a proposed investment in IRP; admits that, after the World Trade Center terrorist attacks of September 11, 2001, prices and demand in the insurance and reinsurance markets were expected to increase and that this anticipated "hardening" of the market presented reinsurance companies with an anticipated opportunity to generate profits; and respectfully refers the Court to the PPM for its contents.

   6. Denies each and every allegation of Paragraph 6; except admits that Paragraph 6 purports to be based on selective references to the PPM, SCOR's 2000 Annual Report on Form 20-F and the Subscription Agreement; but denies that the allegations of Paragraph 6 fully and accurately reflect the terms of the documents quoted, and respectfully refers the Court to those documents for their contents.

   7. Denies each and every allegation of Paragraph 7; except admits that Highfields agreed to, and did, make an initial investment of approximately €125 million in IRP; and admits that, in March 2003, Highfields purchased an additional 14,944 IRP shares for €17,185,600 without any solicitation or inducement by SCOR.

   8. Denies each and every allegation of Paragraph 8; except admits that SCOR issued a press release on January 15, 2002 referring, among other things, to SCOR's reserves; and respectfully refers the Court to that announcement for its contents.

   9. Denies each and every allegation of Paragraph 9; except admits that SCOR is rated by various credit rating agencies, that those ratings are updated periodically, that some or all of the rating agencies typically issue public announcements relating to those rating updates, and that, on January 15, 2002, Standard & Poor's announced that it had revised SCOR's

credit rating from AA- (negative outlook) to A+, and respectfully refers the Court to SCOR's credit ratings and to the rating agencies' public announcements regarding those ratings for their contents; and denies that SCOR blocked Highfields' efforts to obtain any information to which Highfields was entitled pursuant to the parties' negotiated agreements.

10.     Denies each and every allegation of Paragraph 10; except admits that, on June 24, 2005, Highfields agreed to and did exchange its interests in IRP for €183.1 million, which, together with interest and the prior cash dividend of €12,474,746 paid to Highfields on December 2, 2004, represented a 38% return on Highfields' investment.

11.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 11; except denies that Highfields had any unilateral right to modify or terminate the QSAs; denies that no reasonable investor would have invested in IRP; denies having made material misrepresentations and omissions or intending to deceive Highfields; denies that Highfields' alleged reliance, if any, was justifiable or to its detriment; and admits that the claims in the Complaint purport to seek money damages on the grounds of alleged fraud, misrepresentation and unfair trade practices, including treble damages under Mass. Gen. Laws. C. 93A § 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 13.

14.     Denies each and every allegation of Paragraph 14; except admits that SCOR is a *société anonyme*, or limited liability company, organized under the laws of France, with its principal place of business in Paris, France.

15.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 15; except admits that, since October 10, 1996, SCOR's American Depository Receipts have been listed on the New York Stock Exchange and that, as indicated in SCOR's 2004 Annual Report on Form 20-F, Ordinary Shares representing 1.38% of SCOR's share capital were held in the form of American Depository Shares.

16.     Denies each and every allegation of Paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 17; except denies the validity of the claims that the Complaint purports to assert.

18.     Denies each and every allegation of Paragraph 18; except admits that a SCOR executive participated in one meeting with Highfields in Boston, Massachusetts, with respect to Highfields' initial investment in IRP.

19.     Denies each and every allegation of Paragraph 19; except admits that, in November 2001, SCOR caused a copy of the PPM to be sent to Highfields in Massachusetts; admits that, later that month, SCOR's former Chief Operating Officer was present at a meeting on one occasion at Highfields' offices in Boston, Massachusetts to solicit Highfields' investment in IRP; admits that, in December 2001, SCOR, through its employees and representatives, negotiated with Highfields' employees and representatives by transatlantic telephone calls and

meetings in Europe to determine the final terms of Highfields' aggregate investment of approximately €125 million in IRP; and admits that, since that time, SCOR has participated in some exchanges of telephone calls and correspondence from outside the United States to Highfields in Massachusetts concerning, among other things, Highfields' investment in IRP.

20.     Denies each and every allegation of Paragraph 20.

21.     Denies each and every allegation of Paragraph 21; except admits that one SCOR employee traveled to Massachusetts, to attend one meeting with Highfields in Boston in 2001 to discuss Highfields' investment in IRP.

22.     Admits that SCOR is a reinsurance company and that Paragraph 22 quotes selectively from SCOR's 2000 Annual Report on Form 20-F filed with the United States Securities and Exchange Commission; but denies that the allegations of Paragraph 22 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to SCOR's 2000 Annual Report on Form 20-F for its contents.

23.     Denies each and every allegation of Paragraph 23; except admits that Paragraph 23 purports to be based on a selective quotation from the PPM; and denies that the allegations of Paragraph 23 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the PPM for its contents.

24.     Denies each and every allegation of Paragraph 24; except admits that Paragraph 24 quotes selectively from the PPM; but denies that the allegations of Paragraph 24 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the PPM for its contents.

25.    Denies each and every allegation of Paragraph 25.

26.    Denies each and every allegation of Paragraph 26; except admits that SCOR offered investors a majority interest in IRP for the purposes of increasing SCOR's underwriting capacity during what was expected to be a profitable period for the industry, with risks and benefits of this increased capacity to be shared with the other investors in IRP on a *pro rata* basis; admits that Paragraph 26 quotes selectively from a November 30, 2001 press release; and denies that the allegations of Paragraph 26 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to its November 30, 2001 press release for its contents.

27.    Denies each and every allegation of Paragraph 27; except admits that SCOR intended to cede to IRP 25% of certain new business through the QSAs and thereby endeavor to increase SCOR's capacity to underwrite new business, the risks and benefits of which would be shared on a *pro rata* basis by SCOR and the other investors in IRP; admits that SCOR's former president and chief operating officer was expected to serve as IRP's chairman and another SCOR employee was expected to serve as IRP's chief executive officer; and denies that the allegations in Paragraph 27 fully and accurately reflect the terms of the QSAs and governing documents of IRP, and respectfully refers the Court to the QSAs, the IRP Articles of Association, and the IRP Shareholders Agreement for the contents thereof.

28.    Admits each and every allegation of Paragraph 28; except denies that the allegations of Paragraph 28 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to SCOR's 2000 Annual Report on Form 20-F for its contents.

29.    Denies each and every allegation of Paragraph 29; except admits that SCOR ceded to IRP 25% of certain new business, the risks and benefits of which would be shared on a *pro rata* basis by SCOR and the other investors in IRP while structurally shielding IRP from any business underwritten by SCOR prior to 2002; admits that Paragraph 29 quotes selectively from the form of QSA attached to the PPM; and denies that the allegations of Paragraph 29 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the form of QSA attached to the PPM for its contents.

30.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 30; except admits that SCOR, directly or through its agents or advisors, mailed a copy of the PPM, dated November 1, 2001, including, among other things, a copy of SCOR's 2000 Annual Report on Form 20-F and SCOR's June 30, 2001 Report on Form 6-K, to Highfields' Boston, Massachusetts office, and that the PPM was supplemented on several occasions; denies that SCOR knew that Highfields would, or that SCOR intended Highfields to, rely on the PPM in making its investment decision; and admits that the PPM contains multiple explicit admonitions that no prospective investor should rely on the contents of the PPM in deciding whether to make an investment, including the express caution that "[t]his private placement memorandum . . . does not purport to be all-inclusive or to contain all the information that a prospective investor may desire.  In all cases, each prospective investor and its investment, tax and legal advisors should conduct their own independent investigation and analysis of the Companies and the data set forth in this private placement memorandum" (PPM, dated December 21, 2001, at 2), and that Highfields was expected and expressly encouraged to make its own decision as to whether to invest in IRP on the basis of its own inquiry and analysis; admits the penultimate sentence of Paragraph 30 and that the PPM was prepared by SCOR

employees and advisors and was provided to Highfields by SCOR representatives; and admits that SCOR and its representatives participated in discussions with Highfields regarding Highfields' investment in IRP.

31.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 31; except admits that, on or about November 14, 2001, Serge Osouf (SCOR's former Chief Operating Officer) visited Highfields' office in Boston, Massachusetts.

32.    Denies each and every allegation of Paragraph 32; except admits that Paragraph 32 selectively quotes a sentence from SCOR's 2000 Annual Report on Form 20-F; and denies that the allegations of Paragraph 32 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to SCOR's 2000 Annual Report on Form 20-F for its contents.

33.    Admits that Paragraph 33 quotes selectively from SCOR's 2000 Annual Report on Form 20-F; and denies that the allegations contained in Paragraph 33 of the Complaint fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to SCOR's 2000 Annual Report on Form 20-F for its contents.

34.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 34.

35.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 35; except denies that the PPM contains any promise

or representation by SCOR regarding the future commercial or financial condition or prospects of SCOR or IRP.

36.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 36; except denies that the PPM contains any promise or representation by SCOR regarding the future commercial or financial condition or prospects or any future credit rating of SCOR or IRP.

37.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 37; except denies that SCOR made any promise to Highfields in or by means of the PPM regarding the future commercial or financial condition or prospects of SCOR or IRP; denies that Highfields had any unilateral right to modify or terminate the QSAs under the parties' governing agreements; admits that Paragraph 37 quotes selectively from the PPM; and denies that the allegations of Paragraph 37 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the PPM for its contents.

38.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 38; except denies that SCOR made any representation in or by means of the PPM regarding the future commercial or financial condition or prospects of SCOR or IRP; admits that Paragraph 38 quotes selectively from SCOR's 2000 Annual Report on Form 20-F; and denies that the allegations of Paragraph 38 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to SCOR's 2000 Annual Report on Form 20-F for its contents.

39.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 39; except denies that an investment in IRP constitutes

an investment in SCOR; denies that SCOR made any representation in or by means of the PPM as to the future commercial or financial condition or prospects of SCOR or IRP; admits that on or about December 21, 2001 (erroneously referenced in the Complaint as December 28, 2001), Highfields affiliates executed a series of Subscription Agreements for an aggregate 125,000 shares in IRP at an aggregate cost of approximately €125 million; admits that Paragraph 39 quotes selectively from the IRP Subscription Agreement; and denies that the allegations of Paragraph 39 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the IRP Subscription Agreement for its contents.

40.    Denies each and every allegation of Paragraph 40.

41.    Denies each and every allegation of Paragraph 41; except admits that, in January 2003, Highfields purchased an additional 14,944 shares of IRP without any solicitation or inducement by SCOR; admits that, in the spring of 2003, SCOR purchased additional shares of IRP sufficient to gain majority control of IRP and, at that time, owned 160,056 IRP shares and Highfields owned 139,944 IRP shares; denies that SCOR's attaining majority control of IRP would materially have affected Highfields' rights as a shareholder in IRP; and admits that, effective June 24, 2005, Highfields agreed to, and did, exchange its interests in IRP for €183.1 million, which, together with interest and a prior cash dividend of €12,474,746 paid to Highfields on December 2, 2004, represented a 38% return on Highfields' investment.

42.    Denies each and every allegation of Paragraph 42; except admits that SCOR issued a press release on January 15, 2002 about its business and made some subsequent announcements; and respectfully refers to the Court to the January 15, 2002 press release and to those subsequent announcements for their contents.

43.    Denies each and every allegation of Paragraph 43; except admits that Paragraph 43 selectively quotes a phrase from a January 15, 2002 SCOR press release; and denies that the allegations of Paragraph 43 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the January 15, 2002 press release for its contents.

44.    Denies each and every allegation of Paragraph 44; except admits that Paragraph 44 quotes selectively from a SCOR January 15, 2002 press release; admits that the facts disclosed in that press release were neither known to nor disclosed by SCOR prior to the preparation of that press release; and denies that the allegations of Paragraph 44 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the January 15, 2002 press release for its contents.

45.    Denies each and every allegation of Paragraph 45; except admits that SCOR's former Chief Executive Officer Jacques Blondeau announced that he anticipated that SCOR would report break-even results for 2001; admits that Paragraph 45 includes a selective reference to SCOR's January 15, 2002 press release; admits that the facts disclosed in that press release were neither known to nor disclosed by SCOR prior to Highfields' investment in IRP; and denies that the allegations of Paragraph 45 fully and accurately reflect the terms of the document referenced, and respectfully refers the Court to the January 15, 2002 press release for its contents.

46.    Denies each and every allegation of Paragraph 46; except admits that Paragraph 46 quotes selectively from SCOR's 2001 Annual Report on Form 20-F and that the statements quoted in Paragraph 46 were neither known to nor disclosed by SCOR prior to Highfields' investment in IRP; and denies that the allegations of Paragraph 46 fully and

accurately reflect the terms of the document quoted, and respectfully refers the Court to the SCOR's 2001 Annual Report on Form 20-F for its contents.

47.    Denies each and every allegation of Paragraph 47.

48.    Denies each and every allegation of Paragraph 48; except admits that SCOR made certain public disclosures on November 18, 2002, January 23, 2003, April 1, 2003 (erroneously referenced in Paragraph 48 of the Complaint as April 4, 2003) and November 6, 2003; and denies that Paragraph 48 fully and accurately reflects the terms of those documents, and respectfully refers the Court to those disclosures for their contents.

49.    Denies each and every allegation of Paragraph 49; except refers to the announcements cited in Paragraph 48, above; and denies that the allegations of Paragraph 49 fully and accurately reflect the terms of those documents, and respectfully refers the Court to those disclosures for their contents.

50.    Denies each and every allegation of Paragraph 50; except admits that SCOR prepared a Rights Offering document dated December 2, 2003, and that Paragraph 50 quotes selectively and inaccurately from that document; and denies that the allegations of Paragraph 50 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the December 2, 2003 Rights Offering for its contents.

51.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 51; except admits that SCOR is rated by various credit rating agencies, that those ratings are updated periodically, that some or all of the rating agencies typically issue public announcements relating to those rating updates and that, on

January 15, 2002, Standard & Poor's announced that it had revised SCOR's credit rating from

AA- (negative outlook) to A+, and that, on or about November 6, 2003, Standard & Poor's

reduced SCOR's credit rating to BBB-; admits that, on or about December 2, 2003, Standard &

Poor's increased SCOR's credit rating to BBB+, and that, on or about August 1, 2005, Standard

& Poor's increased that rating to A-; and respectfully refers the Court to SCOR's credit ratings

and to the rating agencies' public announcements regarding those ratings for their contents.

52.    Denies each and every allegation of Paragraph 52.

53.    Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation of Paragraph 53; except admits that on or about December 2, 2002,

SCOR's former Chief Operating Officer informed the IRP Board of Directors that AIG had

indicated that it was not likely to renew its business with SCOR; and admits that at the same

meeting, SCOR's former Chief Operating Officer indicated that AIG was not a major client of

SCOR.

54.    Admits the allegations of Paragraph 54.

55.    Denies each and every allegation of Paragraph 55; except admits that, on

November 6, 2003, SCOR issued a press release reporting, among other things, that it had

recorded a loss of €349 million for the first nine months of 2003; admits that, on or about

November 19, 2003, Aon confirmed that it had removed SCOR from the list of reinsurers with

which it would normally do business, and that SCOR was returned to this list by Aon on or about

December 10, 2003; admits that SCOR is rated by various credit rating agencies, that those

ratings are updated periodically, and that some or all of the rating agencies typically issue public

announcements relating to those rating updates; and denies that Paragraph 55 fully and

accurately reflects the terms of the press releases and announcements referenced in Paragraph 55, and respectfully refers the Court to those press releases and announcements and to SCOR's credit ratings for their contents.

56.     Denies each and every allegation of Paragraph 56; except admits that SCOR issued a press release dated February 26, 2004; and denies that the allegations of Paragraph 56 fully and accurately reflect the terms of the referenced document, and respectfully refers the Court to the February 26, 2004 press release for its contents.

57.     Denies each and every allegation of Paragraph 57; except admits that a form of QSA was attached to the PPM and that Paragraph 57 quotes selectively from it; denies that the allegations of Paragraph 57 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to the form of QSA attached to the PPM for its contents; denies that SCOR misrepresented any rights that Highfields had as a shareholder of IRP or, in particular, that Highfields would have a unilateral right to amend or terminate the QSAs; and admits that the QSAs explicitly state that the termination right belongs to "the retroscessionaire," *i.e.*, IRP, not Highfields, and that Section 3.12(a) of the Shareholders Agreement, which was attached as an exhibit to the PPM and was extensively negotiated by Highfields, states that amendments to, or termination of, the QSAs require an affirmative vote of holders of at least 75% of the shares of IRP.

58.     Denies each and every allegation of Paragraph 58; except admits that Paragraph 58 quotes selectively from the form of QSA provided to Highfields during the negotiations with SCOR over Highfields' investment in IRP; denies that the allegations of Paragraph 58 fully and accurately reflect the terms of the document quoted, and respectfully

refers the Court to the PPM for its contents; and incorporates by reference its answer to Paragraph 57, above, as though fully set forth herein.

59.    Denies each and every allegation of Paragraph 59; denies that the allegations of Paragraph 59 fully and accurately reflect the terms of the referenced document, and respectfully refers the Court to the PPM for its contents; and incorporates by reference its answer to Paragraph 57, above, as though fully set forth herein.

60.    Denies each and every allegation of Paragraph 60.

61.    Denies each and every allegation of Paragraph 61; except admits that, in November and December 2003, the management of IRP and the IRP Board of Directors considered revising or renewing the QSAs and that, on December 10, 2003, the IRP Board of Directors (including the Highfields designee) voted unanimously to renew the QSAs without modification.

62.    Denies each and every allegation of Paragraph 62.

63.    Denies each and every allegation of Paragraph 63; except admits that, on or about July 17, 2003, Highfields requested that IRP retain an auditor independent of SCOR to audit certain aspects of IRP's business; admits that Paragraph 63 quotes selectively from an article published by Reuters in July 2003; denies that the allegations of Paragraph 63 fully and accurately reflect the terms of the document quoted, and respectfully refers the Court to that article for is contents; denies that SCOR acted in a manner contrary to its obligations under the IRP Shareholders Agreement and other constituent documents; and incorporates by reference its answer to Paragraph 61, above, as though fully set forth herein.

64.     Denies each and every allegation of Paragraph 64; except admits that, on or about September 23, 2003, IRP delivered to SCOR, pursuant to the terms of the QSAs, a notice relating to possible changes to the QSAs; and further admits that, in November and December 2003, the IRP management and the IRP Board of Directors considered revising or renewing the QSAs and that, on December 10, 2003, the IRP Board of Directors (including the Highfields' designee) voted unanimously to renew the QSAs without modification.

65.     Denies each and every allegation of Paragraph 65; except admits that SCOR issued a press release dated November 6, 2003; denies that the allegations of Paragraph 65 fully and accurately reflect the terms of the referenced document, and respectfully refers the Court to the November 6, 2003 press release for its contents; admits that the unanimous decision of the IRP Board of Directors to renew the QSAs without amendment took place more than a month after the issuance of the November 6, 2003 press release; admits that SCOR is rated by various credit rating agencies, that those ratings are updated periodically, that some or all of the rating agencies typically issue public announcements relating to those rating updates and that, on or about November 6, 2003, Standard & Poor's reduced SCOR's credit rating to BBB-; admits that, on or about December 2, 2003, Standard & Poor's increased SCOR's credit rating to BBB+, and that, on or about August 1, 2005, Standard & Poor's increased that rating to A-, and respectfully refers the Court to SCOR's credit ratings and to the rating agencies public announcements regarding those ratings for their contents; and admits that the trading prices of SCOR's securities are published in various sources, and respectfully refers the Court to those sources for an accurate indication of the price of those securities.

66.     Denies each and every allegation of Paragraph 66; except admits that SCOR filed a 2000 Annual Report on Form 20-F with the United States Securities and Exchange

Commission; admits that SCOR prepared Rights Offering materials dated November 20, 2002; admits that Paragraph 66 selectively quotes phrases from these documents; denies that the allegations of Paragraph 66 fully and accurately reflect the terms of the documents quoted, and respectfully refers the Court to SCOR's 2000 Annual Report on Form 20-F and the November 20, 2002 Rights Offering for their contents; and denies knowledge or information sufficient to form a belief as to the allegations of the second sentence of Paragraph 66.

67.     Denies each and every allegation of Paragraph 67; except admits that Highfields has requested that SCOR provide certain information regarding SCOR and IRP to which Highfields was not entitled under the governing documents and agreements relating to IRP; and admits that SCOR has always complied with its obligations under the documents and agreements governing IRP, including the IRP Articles of Association and the IRP Shareholders Agreement.

68.     Denies each and every allegation of Paragraph 68.

69.     Denies each and every allegation of Paragraph 69.

70.     Denies each and every allegation of Paragraph 70.

71.     Incorporates by reference and restates its answers to Paragraphs 1 through 70, above, as if fully set forth herein.

72.     Denies each and every allegation of Paragraph 72; except admits that Highfields asserts such a claim.

73.     Denies each and every allegation of Paragraph 73; except admits that Plaintiffs acquired an interest in SCOR's retrocessionaire, IRP.

74.     Denies each and every allegation of Paragraph 74.

75.     Denies each and every allegation of Paragraph 75.

76.     Denies each and every allegation of Paragraph 76.

77.     Denies each and every allegation of Paragraph 77.

78.     Denies each and every allegation of Paragraph 78.

79.     Denies each and every allegation of Paragraph 79.

80.     Incorporates by reference and restates its answers to Paragraphs 1 through 79, above, as if fully set forth herein.

81.     Denies each and every allegation of Paragraph 81; except admits that Highfields asserts such a claim.

82.     Denies each and every allegation of Paragraph 82.

83.     Denies each and every allegation of Paragraph 83.

84.     Denies each and every allegation of Paragraph 84.

85.     Denies each and every allegation of Paragraph 85.

86.     Denies each and every allegation of Paragraph 86.

87.    Incorporates by reference and restates its answers to Paragraphs 1 through 86, above, as if fully set forth herein.

88.    Denies each and every allegation of Paragraph 88.

89.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation of Paragraph 89.

90.    Denies each and every allegation of Paragraph 90.

91.    Denies each and every allegation of Paragraph 91.

92.    Denies each and every allegation of Paragraph 92.

93.    Denies each and every allegation of Paragraph 93.

### FIRST AFFIRMATIVE DEFENSE

94.    The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

95.    Effective June 24, 2005, Highfields exchanged its interests in IRP for €183.1 million, which, together with interest and a prior cash dividend of €12,474,746 paid to Highfields on December 2, 2004, represented a 38% return on Highfields' investment.

96.    As a consequence, Highfields has suffered no damage from its investment in IRP shares.

### THIRD AFFIRMATIVE DEFENSE

97.    The Complaint fails to state a claim for which relief may be granted because Highfields cannot establish that SCOR intentionally made materially false or misleading communications to Highfields or intentionally failed to disclose to Highfields material information relating to Highfields' investment in IRP.

### FOURTH AFFIRMATIVE DEFENSE

98.    The Complaint fails to state a claim for which relief may be granted because Highfields cannot establish that SCOR negligently made materially false or misleading communications to Highfields or negligently failed to disclose to Highfields material information relating to Highfields' investment in IRP.

### FIFTH AFFIRMATIVE DEFENSE

99.    The Complaint fails to state a claim for which relief may be granted because Plaintiffs cannot establish the essential element of justifiable reliance.

### SIXTH AFFIRMATIVE DEFENSE

100.    The Complaint fails to state a claim for which relief may be granted because Plaintiffs cannot establish the essential element of loss causation.

### SEVENTH AFFIRMATIVE DEFENSE

101.    Highfields is barred from any recovery due to its failure to mitigate its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

102.    The Complaint fails to state a claim under Mass. Gen. Laws ch. 93A, § 11 because Highfields cannot prove that SCOR engaged in an unfair or deceptive act or practice.

## NINTH AFFIRMATIVE DEFENSE

103.    The Complaint fails to state a claim under Mass. Gen. Laws ch. 93A, § 11 because the conduct at issue in the Complaint occurred between shareholders in a single commercial enterprise and, therefore, does not constitute a commercial transaction covered by Mass. Gen. Laws ch. 93A, § 11.

## TENTH AFFIRMATIVE DEFENSE

104.    The Complaint fails to state a claim for which relief may be granted under Mass. Gen. Laws ch. 93A, § 11 because Plaintiffs cannot establish that the transactions that allegedly gave rise to the Complaint took place substantially and primarily within the Commonwealth of Massachusetts and, therefore, that the "center of gravity" of the acts alleged in the Complaint to constitute the basis for the claim under Mass. Gen. Laws ch. 93A, § 11 took place within the Commonwealth of Massachusetts.

## ELEVENTH AFFIRMATIVE DEFENSE

105.    In March 2003, following the disclosure of a substantial amount of the information that the Complaint alleges was withheld from Highfields, Highfields invested an additional €17,185,600 in IRP and attempted, also in or about March 2003, to acquire even more shares in IRP, without any solicitation or inducement by SCOR.  Accordingly, the Complaint fails to state a claim for which relief may be granted under Mass. Gen. Laws ch. 93A, § 11 because Highfields cannot prove that it would have acted differently with respect to its investment in IRP even if that information had been disclosed prior to Highfields' initial investment in IRP.

## TWELFTH AFFIRMATIVE DEFENSE

106.    In the event that Highfields is held to be entitled to some recovery under Mass. Gen. Laws ch. 93A, § 11, that recovery should be limited to actual damages because SCOR has made a reasonable offer to resolve Highfields' claims.

## PRAYER FOR RELIEF

WHEREFORE, SCOR respectfully asks that the Court:

(a)    Dismiss Plaintiffs' complaint on the merits and with prejudice;

(b)    Award SCOR the costs of this action; and

(c)    Grant SCOR such other and further relief as may to the Court appear just

and proper.

Dated: November 18, 2005
        Boston, Massachusetts

                                      Respectfully submitted,

                                      ROPES & GRAY LLP


                                      By   /s/ Douglas H. Meal
                                           Douglas H. Meal (BBO# 340971)
                                           Giselle J. Joffre (BBO# 658047)
                                           One International Place
                                           Boston, MA 02110-2624
                                           Tel:  617-951-7000
                                           Fax:  617-951-7050

                                           *Counsel for Defendant, SCOR*


Of Counsel:
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Tel:  212-558-4000
Fax:  212-558-3588