## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.  04-10624 MLW ) |
| SCOR, S.A., | ) ) |
| Defendant. | ) ) |

## PLAINTIFFS' MOTION TO AFFIRM SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO REFER CASE TO STATE COURT

Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP (collectively, "Plaintiffs" or "Highfields"), respectfully request that the Court affirm that it has subject matter jurisdiction over the present action under 28 U.S.C. § 1332(a)(2) or, in the alternative, refer this matter to Massachusetts state court.  As its grounds, Plaintiffs state that a January 2006 First Circuit ruling, as well as certain document requests propounded recently by defendant SCOR, S.A. ("SCOR" or "Defendant"), has alerted Plaintiffs' current lead counsel to the fact that the basis for federal subject matter jurisdiction over Plaintiffs' claims may be questionable.  Any party can raise the issue of subject matter jurisdiction at any time, as can the Court on its own accord.  Because this issue has only recently surfaced, this case is in its infancy, and Highfields can recommence this case in state court, if necessary, pursuant to Mass. Gen. Laws ch. 260 § 32, Plaintiffs are raising this issue before additional resources are expended by the Court in this matter.

If the Court determines that its lacks subject matter jurisdiction, Plaintiffs respectfully request that the Court initiate a referral of this case to the Massachusetts Superior Court, Suffolk

County, consistent with the process utilized by another Court in this District in *Pallazola v. Rucker,* 621 F. Supp. 764, 769–71 (D. Mass. 1985).

In further support of its motion, Plaintiffs rely on the contemporaneously filed Memorandum of Law in Support of Plaintiffs' Motion to Affirm Subject Matter Jurisdiction or, in the Alternative, to Refer Case to State Court, and the Affidavit of Joseph Mazzella.

WHEREFORE, Plaintiffs respectfully request that the Court affirm that it has subject matter jurisdiction over Highfields' state law claims and, if not, initiate a referral of this case to the Massachusetts Superior Court, Suffolk County, consistent with the process utilized in *Pallazola v. Rucker,* and grant Plaintiffs such other and further relief as is just and proper in the circumstances.

FOLEY HOAG LLP

/s/    *Ian J. McLoughlin*
Lisa C. Wood, BBO# 543811
Kenneth S. Leonetti, BBO #629515
Ian J. McLoughlin, BBO # 647203
Patrick J. Vallely, BBO # 663866 (admission to D. Mass. pending)
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000
e-mail - lwood@foleyhoag.com

Attorneys for Plaintiffs

April 19, 2006

**Rule 7.1 Certification**

Pursuant to LR 7.1(A)(2), I hereby certify that counsel to Highfields has conferred with counsel to SCOR in an effort to resolve or narrow the issues subject of this motion. Counsel met in person on April 4, 2006 to discuss subject matter jurisdiction, among other issues, exchanged letters in early April 2006 and had telephone conferences on April 18 and 19, 2006. At present, the parties have not been able to agree upon the relief requested herein.

/s/    *Kenneth S. Leonetti*
Kenneth S. Leonetti, BBO# 629515

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2006, a true copy of the above document was served by facsimile and first class United States mail upon Douglas H. Meal, the attorney of record for Defendant at Ropes & Gray LLP, One International Place, Boston, MA 02110-2624.

/s/    *Kenneth S. Leonetti*
Kenneth S. Leonetti, BBO# 629515