**DECLARATION OF DOUGLAS H. MEAL
EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action Number 04-10624-MLW |
| SCOR, S.A., | ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT SCOR'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS BY PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 26.5 and 34.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP (collectively, the "Plaintiffs" or "Highfields") hereby respond to Defendant SCOR's First Request for the Production of Documents by Plaintiff (the "Requests") as follows:

### General Objections and Responses

1.     Highfields objects to the Requests to the extent that any Request seeks documents which are protected by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or immunity, and it shall not produce such documents.

2.     Highfields objects to the Instructions to the extent they seek to impose obligations different from or beyond those contained in the Federal Rules of Civil Procedure.

3.     Highfields objects to the Requests to the extent that they are vague, ambiguous, unintelligible, overly broad, unduly burdensome, oppressive and/or calculated to harass.

4.      Highfields objects to the Requests to the extent that they seek documents not in Highfields' possession, custody, or control.

5.      Highfields objects to the Requests to the extent that they seek documents already in the possession of the Defendants.

6.      Highfields objects to the Requests to the extent that they are duplicative.

7.      Highfields objects to the Requests to the extent that they seek documents not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Highfields objects to the Requests to the extent that they seek materials equally available to the Defendants through public sources or records on the grounds that this subjects Highfields to unreasonable and undue annoyance, oppression, burden, and expense.

9.      Highfields objects to Definition H. ("*employee*" or "*employees*") of the Requests and to each and every Request that incorporates that definition on the grounds that the definition is vague and ambiguous, overly broad, and unduly burdensome.  Highfields further objects to the definition on the grounds that it would require Highfields to guess whether outside contractors, advisors, and consultants fall within the scope of the definition, and would require Highfields to produce documents covered by the attorney-client privilege and/or work product doctrine because "in-house attorneys" are included within the definition.  Highfields further objects to the definition to the extent it imposes obligations on Highfields to obtain documents from third parties.  In responding further to, and producing documents and information in connection with, the Requests, Highfields will include within any definition of "employee" or "employees" only those persons who at any time during the relevant period acted, or purported to act, on behalf of Highfields, including all present and former officers, directors, executives, partners, principals,

managers, staff personnel, accountants, agents, and representatives, but excluding in-house or outside legal counsels.

10.    Highfields objects to Definition I. ("*Highfields," "you"* and *"your"*) of the Requests and to each and every request for production that incorporates that definition on the grounds that the definition is vague and ambiguous, overly broad, and unduly burdensome. Highfields further objects to the Definition on the grounds that it would require Highfields to produce documents protected by the attorney-client privilege and/or the work product doctrine. Joseph Mazella, who is specifically included within the definition, is Highfields' General Counsel, and the Plaintiffs object to producing documents sent to or from him which are protected by the attorney-client and work product doctrine. In responding further to, and producing documents and information in connection with, the Requests, Highfields will include within any definition of "Highfields," "you" and "your," only those entities named as Plaintiffs in the Complaint, their predecessors, successors, assigns, and all other persons acting or purporting to act on behalf of Highfields, excluding those individuals providing legal counsel to the Highfields.

11.    Highfields objects to Definition Q. of the Requests and to each and every request for production that incorporates that definition on the grounds that the definition is overly broad and unduly burdensome. Highfields does not know the identity of each entity directly or indirectly affiliated with SCOR, or each and every officer, director, employee, representative, or agent of SCOR or such SCOR Affiliates. In responding further to, and producing documents and information in connection with, the Requests, Highfields will include within any definition of "SCOR" only SCOR and those entities known to be directly affiliated with SCOR, and such entities' officers, directors, and employees known to Highfields.

12.    Highfields objects to each and every request for production insofar as it seeks documents or information concerning October 1, 2001 to July 31, 2005 but dated, prepared, generated, used or received prior to October 1, 2001, on the grounds that such a request would be overly broad and unduly burdensome, seek documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence in the Litigation, and Highfields itself objects to producing documents dated, created, existing, or prepared prior to October 1, 2001.

13.    Highfields objects to Instruction E. insofar as it asks for documents to be produced in their "native format" to the extent that SCOR itself is unwilling to produce documents in native format. Counsel for Highfields is prepared to meet with counsel for SCOR to discuss the appropriate parameters for the production of documents in electronic format responsive to the Requests.

14.    A response to a request that indicates that Highfields will produce certain documents is not a representation that such documents do now or have ever existed, but only a representation that, to the extent such documents do exist and are within the possession, custody, or control of Highfields, they will be produced to the Defendant in accordance with the terms of the response.

15.    Subject to and without waiving the general and specific objections set forth herein, Highfields will produce documents within a reasonable timeframe and in a reasonable manner as agreed to by the parties and subject, in all events, to the confidentiality agreement entered into by the parties.

16.    These general objections are continuing and are incorporated by reference in response to each and every request set forth below. By providing any documents in response to a

request for production, Highfields does not concede that any of the information or any of the

documents are relevant to the issues in this case.

17.    In responding to each of the document requests contained herein, Highfields

incorporates, as if fully stated therein, each and every general objection made herein.

## Specific Objections and Documents Responses

Request Number 1:

All documents concerning, discussing, or prepared or reviewed in connection with, any
contemplated, proposed or actual acquisition, purchase, sale, transfer, pledge, retention or
disposition of any security of, or investment or interest in, IRP by, in the name of or on behalf of,
Highfields.

Specific Objection and/or Response:

Highfields objects to Request Number 1 to the extent that it seeks documents protected

by the attorney-client privilege and/or work product doctrine.  Highfields further objects to this

request on the grounds that it is vague and ambiguous.

Subject to and without waiver of its specific and general objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 2:

All documents concerning, discussing, or prepared or reviewed in connection with, any
contemplated, proposed or actual acquisition, purchase, sale, transfer, pledge, retention or
disposition of any security of, or investment or interest in, IRP by, in the name of or on behalf of,
any person other than Highfields (with or without involvement by Highfields).

Specific Objection and/or Response:

Highfields objects to Request Number 2 to the extent that it seeks documents protected

by the attorney-client privilege and/or work product doctrine.  Highfields further objects to this

request because it is illogical that Highfields would review or have documents concerning an

investment in IRP in the name of or on behalf of any person other than Highfields.

Subject to and without waiver of its specific and general objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 3:

All documents concerning, discussing, or prepared or reviewed in connection with, any proposal, consideration or decision by, in the name of or on behalf of, Highfields to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, IRP, including all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, Highfields or any employees, representatives, or advisors of Highfields concerning or relating to a possible investment in IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 3 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is vague and ambiguous. Highfields further objects to Request Number 3 to the extent that it purports to request documents and/or information purportedly requested in Request Number 1.

Subject to and without waiver of its general objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 4:

All documents concerning, discussing, or prepared or reviewed in connection with, any proposal, consideration or decision by, in the name of or on behalf of, any person other than Highfields—with or without involvement by Highfields—to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, IRP, including all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, any person other than Highfields or any employees, representatives, or advisors of, any person other than Highfields concerning or relating to a possible investment in IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 4 on the grounds that the terms "representatives" and "advisors," as used in Request Number 4, are undefined and may purport to seek documents and information covered by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is vague and ambiguous. Highfields further objects to this request to the extent that it purports to request documents and/or information purportedly requested in Request Number 2. Highfields further objects to this request because it is illogical that Highfields would review or have documents concerning an investment in IRP in the name of or on behalf of any person other than Highfields.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 5:

All documents concerning, discussing, or prepared or reviewed in connection with, any contemplated, proposed or actual acquisition, purchase, sale, transfer, pledge, disposition or retention of any security of, or investment or interest in, SCOR by, in the name of or on behalf of, Highfields.

Specific Objection and/or Response:

Highfields objects to Request Number 5 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to Request Number 5 to the extent that it seeks documents covered by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is vague and ambiguous.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 6:

All documents concerning, discussing, or prepared or reviewed in connection with, any contemplated, proposed or actual acquisition, purchase, sale, transfer, pledge, disposition or retention of any security of, or investment or interest in, SCOR by, in the name of or on behalf of, any person other than Highfields (with or without involvement by Highfields).

Specific Objection and/or Response:

Highfields objects to Request Number 6 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to Request Number 6 on the grounds that it is vague and ambiguous. Highfields further objects to the request to the extent that it seeks documents covered by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request to the extent that it imposes duties upon Highfields that are outside the scope of Fed. R. Civ. P. 34. Highfields further objects to Request Number 6 because it is illogical that Highfields would review or have documents concerning an investment in SCOR in the name of or on behalf of any person other than Highfields.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 7:

All documents concerning, discussing, or prepared or reviewed in connection with, any proposal, consideration or decision by, in the name of or on behalf of, Highfields to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, SCOR, including, all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, Highfields or any employees, representatives, or advisors of Highfields concerning or relating to a possible investment in SCOR.

Specific Objection and/or Response:

Highfields objects to Request Number 7 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to the request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to Request Number 7 on the grounds that the terms "representatives" and "advisors," as used in Request Number 7, are undefined and may purport to seek documents and information covered by the attorney-client privilege and/or work product doctrine. Highfields further objects to Request Number 7 to the extent that it purports to request documents and/or information purportedly requested in Request Number 5. Highfields further objects to the request on the grounds that it is vague and ambiguous.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 8:

All documents concerning, discussing, or prepared or reviewed in connection with, any proposal, consideration or decision by, in the name of or on behalf of, any person other than Highfields—with or without involvement by Highfields—to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, SCOR, including, all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, any person other than Highfields or any employees, representatives, or advisors of any person other than Highfields concerning or relating to a possible investment in SCOR.

Specific Objection and/or Response:

Highfields objects to Request Number 8 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects on the grounds that the terms

- 9 -

"employees," "representatives," and "advisors," as used in Request Number 8, are undefined and

may purport to seek documents and information covered by the attorney-client privilege and/or

work product doctrine. Highfields further objects to Request Number 8 on the grounds that it is

vague and ambiguous. Highfields further objects to the request to the extent that it seeks

documents protected by the attorney-client privilege and/or work product doctrine. Highfields

further objects to Request Number 8 on the grounds that it is illogical to purport that Highfields

would posses the documents of any person other than Highfields in connection with a possible

investment in SCOR. Highfields further objects to Request Number 8 to the extent that it

purports to request documents and/or information purportedly requested in Request Number 6.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 9:

All documents concerning, discussing or prepared or reviewed in connection with, any
information provided to, or reviewed, considered, or relied upon by, in the name of or on behalf
of, Highfields in deciding whether to make an initial investment or any subsequent investment in
IRP or any disposition of any interest or security in IRP, including all documents concerning,
discussing or prepared or reviewed in connection with, any evaluation or consideration of any
risks actually or potentially involved in investing, or retaining or disposing of any interest, in
IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 9 on the grounds that it seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Highfields further objects to the request to the extent that

it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Highfields further objects to this request on the grounds that it is vague and ambiguous.

- 10 -

Highfields further objects to this request to the extent that it purports to request documents and/or information purportedly requested in Request Number 1 and Request Number 3.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 10:

All documents concerning, discussing, or prepared or reviewed in connection with, any assessment of, inquiry into, or analysis of, IRP's earnings, reserves, commercial, competitive or financial condition, credit rating or prospects.

Specific Objection and/or Response:

Highfields objects to Request Number 10 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to the request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 11:

All documents concerning, discussing, or prepared or reviewed in connection with, any assessment of, inquiry into, or analysis of, SCOR's earnings, reserves, commercial, competitive or financial condition, credit rating or prospects.

Specific Objection and/or Response:

Highfields objects to Request Number 11 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to the request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 12:

All documents concerning, discussing, or prepared or reviewed in connection with, any assessment of, inquiry into, or analysis of, the earnings, reserves, commercial, competitive or financial condition, credit rating or prospects of any insurance, reinsurance or retroscessionaire company other than SCOR or IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 12 on the grounds that it is overly broad and unduly burdensome. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Request Number 13:

All documents concerning or discussing any of the Agreements (including any draft, revision or modification thereof), including all documents concerning, discussing, or prepared or reviewed in connection with, the preparation, negotiation, execution or interpretation of any of the Agreements.

Specific Objection and/or Response:

Highfields objects to Request Number 13 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is overly broad.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 14:

All documents concerning or discussing the PPM (including any draft, revision or modification thereof), including all documents concerning, discussing, or prepared or reviewed in connection with, the preparation, negotiation, distribution, analysis, execution or interpretation of the PPM.

Specific Objection and/or Response:

Highfields objects to Request Number 14 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is overly broad.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 15:

All documents concerning or discussing the Quota Share Agreements (including any draft, revision or modification thereof), including all documents concerning, discussing, or prepared or reviewed in connection with, (a) the drafting, preparation, negotiation, distribution, analysis, execution, interpretation, amendment or contemplated amendment, termination or contemplated termination of the Quota Share Agreements, or (b) any evaluation, analysis, understanding, communication, consideration or inquiry of or as to or relative to the terminability of, or the termination rights provided or not provided in, the Quota Share Agreements.

Specific Objection and/or Response:

Highfields objects to Request Number 15 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is overly broad.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

## Request Number 16:

All documents concerning or discussing any reinsurance or retrocessional agreement, including any quota share agreement or similar arrangement, (including any revision or modification thereof) involving any insurance, reinsurance or retrocessionaire company, including all documents concerning, discussing, or prepared or reviewed in connection with, the preparation, negotiation, distribution, analysis, execution, interpretation, amendment or contemplated amendment, termination, or contemplated termination of, or rights to terminate, any such agreement or arrangement, from the period October 1, 2001 to the present.

## Specific Objection and/or Response:

Highfields objects to Request Number 16 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it is vague and ambiguous. Highfields further objects to this request on the grounds that it

seeks documents or information not relevant to the subject matter of this action, nor reasonably

calculated to lead to the discovery of admissible evidence. Highfields further objects to this

request to the extent that it seeks documents protected by the attorney-client privilege and/or

work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request

relating to reinsurance or retrocessional agreements involving IRP and/or SCOR.

## Request Number 17:

All minutes, notes and other documents concerning, discussing, or prepared or reviewed in connection with, any communications in the course of which any of the following was discussed or referenced: IRP; SCOR; any actual, proposed or contemplated investment in IRP or SCOR; any actual, proposed or contemplated disposition of any interest in, investment in, or security of, IRP or SCOR; the PPM; the Quota Share Agreements; the Agreements; potential claims against SCOR; or the Litigation.

## Specific Objection and/or Response:

Highfields objects to Request Number 17 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 18:

All documents concerning, discussing, or prepared or reviewed in connection with, the drafting of the allegations in paragraph 34 of the Complaint regarding "adverse selection."

Specific Objection and/or Response:

Highfields objects to Request Number 18 on the grounds that it seeks documents protected by the attorney client privilege and/or work product doctrine.

Request Number 19:

All documents concerning, discussing, or prepared or reviewed in connection with, any communications by, with or involving Mr. Serge Osouf.

Specific Objection and/or Response:

Highfields objects to Request Number 19 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it seek documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will produce communications by Serge Osouf in connection with an investment in IRP, the Private

Placement Memorandum, SCOR's financial performance, and/or the Litigation which are in

Highfields' possession, custody, or control.

Request Number 20:

All documents concerning, discussing, or prepared or reviewed in connection with, any
communication or event described in (including any document concerning or relied upon in
drafting the allegations in) Paragraph 64 of the Complaint.

Specific Objection and/or Response:

Highfields objects to Request Number 20 to the extent that it seeks documents protected

by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 21:

All documents concerning, discussing, or prepared or reviewed in connection with, any
communication by, to or with Highfields or any current or former, officer, director, partner,
employee, representative or agent of Highfields, or any other person acting or purporting to act
on Highfields' behalf concerning IRP, SCOR, any contemplated, potential or threatened claim
against SCOR or IRP, or the Litigation.

Specific Objection and/or Response:

Highfields objects to Request Number 21 on the grounds that it seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Highfields further objects to this request to the extent that

it seeks documents protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request to the

extent that they are related to the Litigation, IRP, or SCOR.

Request Number 22:

All documents concerning, discussing, or prepared or reviewed in connection with, any communications by, to or with Highfields or any current or former, officer, director, partner, employee, representative or agent of Highfields, or any other person acting or purporting to act on Highfields' behalf concerning any insurance, reinsurance or retroscessionaire company other than IRP or SCOR.

Specific Objection and/or Response:

Highfields objects to Request Number 22 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to the request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Request Number 23:

All documents concerning, discussing, or prepared or reviewed in connection with, any communications by, to or with SCOR or any current or former officer, director, employee, representative, agent, shareholder of, or investor in, SCOR, or any other person acting or purporting to act on SCOR's behalf concerning SCOR, IRP, Highfields, any contemplated potential or threatened claims against SCOR or IRP, or the Litigation.

Specific Objection and/or Response:

Highfields objects to Request 23 to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it purports to request documents and/or information purportedly requested in Request Number 21.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request to the extent that they are related to the Litigation, IRP, or SCOR.

- 17 -

**Request Number 24:**

All documents concerning, discussing, or prepared or reviewed in connection with, any communication by, to or with IRP, or any current or former officer, director, employee, representative, agent, shareholder of, or investor in, IRP, concerning IRP, SCOR, Highfields, any contemplated, potential or threatened claims against SCOR or IRP, or the Litigation.

**Specific Objection and/or Response:**

Highfields objects to Request Number 24 to the extent it seeks documents protected by

the attorney-client privilege and/or work product doctrine. Highfields further objects to this

request on the grounds that it seeks documents or information not relevant to the subject matter

of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Highfields further objects to this request to the extent that it purports to request documents

and/or information purportedly requested in Request Number 21 and Request Number 23.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request to the

extent that they are related to the Litigation, IRP, or SCOR.

**Request Number 25:**

All documents, including any correspondence or press releases, concerning, discussing, or prepared or reviewed in connection with, any communication by, to or with any securities analyst, media reporter or representative, investor or potential investor in IRP or SCOR, or any other person concerning SCOR, IRP, any actual or potential claims against SCOR, or the Litigation.

**Specific Objection and/or Response:**

Highfields objects to Request Number 25 on the grounds that it seeks documents or

information not relevant to the subject matter of the action, nor reasonably calculated to lead to

the discovery of admissible evidence. Highfields further objects to this request to the extent that

it seeks documents protected by the attorney-client privilege and/or work product doctrine.

- 18 -

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 26:

All documents (including any annual, quarterly or other reports issued by SCOR or any
other statement made by SCOR or any representative of SCOR or any presentation, press release,
analyst's or broker's report, newspaper or magazine article, or any other publication) concerning
SCOR or its securities.

Specific Objection and/or Response:

Highfields objects to Request Number 26 on the grounds that it seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 27:

All documents concerning, discussing, or prepared or reviewed in connection with, any
consideration of IRP's commercial, competitive or financial performance, including all
documents concerning, discussing, or prepared or reviewed in connection with, any
communication concerning IRP's commercial, competitive or financial performance.

Specific Objection and/or Response:

Highfields objects to Request Number 27 on the grounds that it is vague and ambiguous.

Highfields further objects to the request to the extent that it seeks documents protected by the

attorney-client privilege and/or work product doctrine. Highfields further objects to this request

on the grounds that it is overly broad.

Subject to and without waiver of its general and objections, Highfields will produce

documents in its possession, custody, or control that are responsive to this request.

Request Number 28:

All documents concerning, discussing, or prepared or reviewed in connection with, any actual, contemplated or proposed capital reduction by IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 28 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it is overly broad.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 29:

All documents concerning, discussing, or prepared or reviewed in connection with, (a) any contemplated amendment(s) to the Agreements, or (b) any other proposal, attempt or suggestion by Highfields to change in any way the relationship between IRP and SCOR, IRP and Highfields, or Highfields and SCOR

Specific Objection and/or Response:

Highfields objects to Request Number 29 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to the request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 30:

All documents concerning, discussing, or prepared or reviewed in connection with, any offer, proposal, suggestion or request, by Highfields or by any other person, that Highfields or any other person exchange, transfer or otherwise dispose of any contemplated, proposed or actual interest or investment in IRP, including all documents concerning, discussing, or prepared or reviewed in connection with, any consideration of, or response to, any such offer, proposal, suggestion or request.

Specific Objection and/or Response:

Highfields objects to Request Number 30 on the grounds that it seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Highfields further objects to this request to the extent that

it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 31:

All documents concerning, discussing, or prepared or reviewed in connection with, any
actual, contemplated or proposed effort by Highfields or IRP to end IRP's exclusive business
relationship with SCOR.

Specific Objection and/or Response:

Highfields objects to Request Number 31 on the grounds that it seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Highfields further objects to this request to the extent that

it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 32:

All documents concerning, discussing, or prepared or reviewed in connection with, the
commercial, competitive or financial performance of any insurance, reinsurance or
retrocessionaire companies other than IRP or SCOR, including all documents concerning,
discussing, or prepared or reviewed in connection with, the monitoring, evaluation, assessment
or analysis of the commercial, competitive or financial performance of any such companies.

Specific Objection and/or Response:

Highfields objects to Request Number 32 on the grounds that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to Request Number 32 to the extent that it purports to request documents and/or information purportedly requested in Request Number 12.

Request Number 33:

All documents concerning, discussing, or prepared or reviewed in connection with, any analysis, assessment, evaluation or comparison of the business, earnings, commercial, competitive or financial condition or prospects, reserves or mix of customers of SCOR or IRP with respect or as compared to the business, earnings, commercial, competitive or financial condition or prospects, reserves or mix of customers of any other insurance, reinsurance or retroscessionaire company.

Specific Objection and/or Response:

Highfields objects to Request 33 on the grounds that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Request Number 34:

Documents sufficient to show the ownership structure of the Highfields Entities and the Highfields Affiliates, including any changes to that ownership structure.

Specific Objection and/or Response:

Highfields objects to Request Number 34 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

## Request Number 35:

Documents sufficient to identify every general and limited partner, owner or member of, or investor in, each of the Highfields Entities and the citizenship, place of incorporation or organization, principal place of business and residence of (i) each of the Highfields Entities and (ii) any general and limited partner, owner or member of, or investor in, each of the Highfields Entities, including the following: For every general or limited partner, owner or member of, or investor in any of the Highfields Entities that is a corporation, provide documents sufficient to identify that corporation's place(s) of incorporation and principal place of business. For every general or limited partner, owner or investor in, any of the Highfields Entities that is an unincorporated association, including, without limitation, a partnership, a limited partnership, or a limited liability company, provide documents sufficient to identify that unincorporated association and every general partner, limited partner, member, or owner of, or investor in that unincorporated association, as well as the citizenship, place or organization, principal place of business and, where applicable, residence of each such association, general partner, limited partner, member, owner or investor. For every general or limited partner, owner or member of, or investor in, either (i) any Highfields Entity or (ii) any partner, owner or member of, or investor in, any such entity who is an individual, provide documents sufficient to identify his or her citizenship and home address. If the individual has resided at his or her current home address for less than one year, provide documents sufficient to identify his or her previous home address.

## Specific Objection and/or Response:

Highfields objects to Request Number 35 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks information not within Highfields' knowledge and imposes upon Highfields a

burden beyond the scope of Fed. R. Civ. P. 26. Highfields further objects to this request to the

extent it requires Highfields to disclose the identity of persons or entities where such disclosure

may be prohibited by law. Highfields further objects to this request on the grounds that

information regarding the identity of Highfields' investors, owners, partners, and/or members is

confidential and irrelevant.

Subject to and without waiver of its general and specific objections, and to the extent

such information exists in documentary form, Highfields will produce documents in its

possession, custody, or control that are responsive to this request to the extent that the request

relates to named Plaintiffs in the lawsuit and to the citizenship of the Plaintiffs as of the date of the filing of the Complaint.

Request Number 36:

To the extent not already requested, documents sufficient to identify the form of association, including, without limitation, a corporation, a limited liability company, a partnership, or a limited partnership, of each of the Highfields Entities.

Specific Objection and/or Response:

Highfields objects to Request Number 36 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks information not within Highfields' knowledge and imposes upon Highfields a burden beyond the scope of Fed. R. Civ. P. 26. Highfields further objects to this request to the extent it requires Highfields to disclose the identity of persons or entities where such disclosure may be prohibited by law. Highfields further objects to this request on the grounds that information regarding the identity of Highfields' investors, owners, partners, and/or members is confidential and irrelevant.

Subject to and without waiver of its general and specific objections and to the extent that such documents exist in documentary form, Highfields will produce documents in its possession, custody, or control that are responsive to this request only to the extent that they relate to named Plaintiffs in the litigation.

Request Number 37:

All agreements and other documents that govern, or establish the terms of, the relationship between any of the Highfields Entities and any partner, investor, or other person with a financial interest, in any of the Highfields Entities.

Specific Objection and/or Response:

Highfields objects to Request Number 37 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it is vague and ambiguous. Highfields further objects to this request on the grounds that it

seeks documents or information not relevant to the subject matter of this action, nor reasonably

calculated to lead to the discovery of admissible evidence.

Request Number 38:

All of Highfields' financial statements or compilations, including any projections,
budgets, profit and loss statements, and balance sheets, from, concerning or relating to the
Relevant Time Period.

Specific Objection and/or Response:

Highfields objects to Request Number 38 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request only

to the extent that the request relates specifically to investments in IRP or SCOR.

Request Number 39:

All documents concerning, discussing, or prepared or reviewed in connection with, any
evaluation, by Highfields or any other person, of the assets held by, or the financial performance
of, or the value of any investment made by, any of the Highfields Entities or any of the
Highfields Affiliates.

Specific Objection and/or Response:

Highfields objects to Request Number 39 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request only

to the extent that the request relates specifically to investments in IRP or SCOR.

Request Number 40:

All documents concerning, discussing, or prepared or reviewed in connection with, any
communication by, to or with any investor or partner in, or other person with a financial interest
in, any of the Highfields Entities or any of the Highfields Affiliates, concerning or discussing
any valuation of any of the assets held by, or the financial performance of, or the value of or the
return on or the profitability of any investment made by, any of the Highfields Entities or any of
the Highfields Affiliates.

Specific Objection and/or Response:

Highfields objects to Request Number 40 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Request Number 41:

All documents concerning, discussing, or prepared or reviewed in connection with, any
transaction, instrument, or investment that Highfields considered, reviewed, analyzed, assessed,
investigated, or discussed from January 1, 1999 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 41 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects

to this request to the extent that it seeks documents protected by the attorney-client privilege

and/or work product doctrine. Highfields further objects to this request to the extent that it asks for the production of documents considered, reviewed, analyzed, assessed, investigated, or discussed from January 1, 1999 to October 1, 2001, given that SCOR objects to producing its own documents from this time frame.

Subject to and without waiver of its general and specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request only to the extent that the request relates specifically to investments in IRP or SCOR and the documents were considered, reviewed, analyzed, assessed, investigated, or discussed on or after October 1, 2001.

Request Number 42:

All documents concerning, discussing, or prepared or reviewed in connection with any proposed, contemplated or actual acquisition, purchase, sale, transfer, pledge, disposition or retention of any security of, or investment or interest in, any insurance, reinsurance or retrocessionaire company other than IRP or SCOR by, in the name of or on behalf of, Highfields, from the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 42 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Request Number 43:

All documents concerning or discussing any ownership interest in any insurance, reinsurance or retrocessionaire company by Highfields or any entity in which Highfields has an ownership or financial interest, from the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 43 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request to the

extent that the request relates specifically to investments in IRP or SCOR.

Request Number 44:

All documents concerning, discussing, or prepared or reviewed in connection with, any
proposal, consideration or decision by, in the name of or on behalf of, Highfields to purchase,
sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or
dispose of, any security of, or investment or interest in, any insurance, reinsurance or
retrocessionaire other than IRP or SCOR, including all documents concerning, discussing, or
prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment,
study, or inquiry by, in the name of or on behalf of, Highfields or any representative of
Highfields concerning or conducted in connection with a possible investment in any insurance,
reinsurance or retrocessionaire company other than IRP or SCOR, from the period October 1,
2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 44 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects

to this request to the extent that it seeks documents protected by the attorney-client privilege

and/or work product doctrine.

Request Number 45:

All documents concerning or discussing any insurance, reinsurance or retrocessionaire company, including, all documents concerning, discussing, or prepared or reviewed in connection with, the financial, commercial or competitive performance or condition, quota share arrangement, credit rating, rating agency evaluations, earnings, reserves, underwriting practices, reserving practices or quality of underwritten risks of any such company.

Specific Objection and/or Response:

Highfields objects to Request Number 45 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Request Number 46:

All documents concerning IRP or any securities of, or interest or investment in, IRP that Highfields has not produced in response to any other request of these Requests.

Specific Objection and/or Response:

Highfields objects to Request Number 46 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will produce all documents in its possession, custody, or control that are responsive to this request.

Request Number 47:

All documents concerning SCOR or the financial condition, performance, prospects, ratings, results, strategy or business practices of SCOR that Highfields has not produced in response to any other request of these Requests.

Specific Objection and/or Response:

Highfields objects to Request Number 47 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects

to this request to the extent that it seeks documents protected by the attorney-client privilege

and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 48:

All documents concerning any insurance, reinsurance or retrocessionaire company other
than SCOR or IRP that Highfields has not produced in response to any other request of these
Requests.

Specific Objection and/or Response:

Highfields objects to Request Number 48 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects

to the extent that the request seeks documents protected by the attorney-client privilege and/or

work product doctrine.

Request Number 49:

All documents concerning or discussing the terms of, including the exchange ratio for,
any actual, proposed or contemplated sale, transfer or disposition of any interest or investment in
IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 49 to the extent it seeks documents protected by

the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 50:

All documents concerning or discussing any actual, proposed or contemplated
indemnification arrangement relating to any actual, proposed or contemplated sale, transfer or
disposition of any interest in IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 50 on the grounds that it  seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence.

Request Number 51:

All documents concerning, discussing, or prepared or reviewed in connection with, any
proposed, contemplated or actual investment by Highfields during the period October 1, 2001 to
the present, including all documents concerning, discussing, or prepared or reviewed in
connection with, the decision whether to make the investment, the value of the investment, any
appreciation or depreciation in the value of the investment, and the profitability of, or return on,
the investment.

Specific Objection and/or Response:

Highfields objects to Request Number 51 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass.  Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.  Highfields further objects

to this request to the extent that it seeks documents protected by the attorney-client privilege

and/or work product doctrine.

Request Number 52:

Documents sufficient to show the sources of any funds used by or on behalf of Highfields to acquire any interest or investment in IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 52 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Request Number 53:

Documents sufficient to show the uses by or on behalf of Highfields, or the recipients, of the proceeds of Highfields' exchange of any interest or investment in IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 53 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request on the grounds that it is overly broad, unduly burdensome, and calculated to harass.

Request Number 54:

All documents (regardless of whether they were created during the Relevant Time Period) concerning, discussing, or prepared or reviewed in connection with, any effort by Highfields to raise, acquire or solicit funds or capital commitments for, or in connection with, any actual, contemplated or proposed investment, investment vehicle, investment fund or investment partnership managed or to be managed by Highfields Capital Management L.P. or any other Highfields Affiliate, including all documents (regardless of whether they were created during the Relevant Time Period) concerning, discussing, or prepared or reviewed in connection with, any effort by which any funds or capital commitments were ever actually or proposed to be or contemplated to be raised, acquired or solicited for any of the Highfields Entities.

Specific Objection and/or Response:

Highfields objects to Request Number 54 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects to this request to the extent that it asks for the production of documents concerning, discussing, prepared or reviewed from January 1, 1999 to October 1, 2001, given that SCOR objects to producing its own documents from this time frame.

Request Number 55:

All documents concerning or discussing any guidelines, policies, procedures, practices, rules, goals, or criteria regarding investments or investment decisions that are or may be made or considered by, in the name of or on behalf of, Highfields, including all documents concerning, discussing or reflecting: (i) Highfields' investment objectives; (ii) permissible investments by, in the name of or on behalf of, Highfields; (iii) any risk analysis or risk evaluation with respect to the purchase, ownership, sale or disposition of securities or other investments by, in the name of or on behalf of, Highfields; (iv) Highfields' risk tolerance with respect to the purchase, ownership, sale or disposition of securities or other investments; (v) any use of consultants or other advisors with respect to the purchase, ownership, sale or disposition of securities or other investments by, in the name of or on behalf of, Highfields; or (vi) any internal and external analysts used by, in the name of or on behalf of, Highfields for the purpose of acquisition or disposition of securities or other investments or any evaluation of the results, performance, profitability or return of those securities or investments, from the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 55 on the grounds that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

- 33 -

Subject to and without waiver of its general or specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request to the extent that the relate specifically to investments involving IRP or SCOR.

Request Number 56:

All documents concerning, discussing or prepared or reviewed in connection with, any calculation, analysis, or report of any gain or loss from, or any appreciation or depreciation in, each and any investment made or held by, in the name of or on behalf of, Highfields during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 56 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of its general or specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request to the extent that they relate to specifically investments involving IRP.

Request Number 57:

Documents sufficient to identify all persons responsible for advising Highfields concerning any investment decisions during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 57 to the extent that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Request Number 58:

Documents sufficient to identify all persons involved in any proposed, contemplated or actual investment in, or any proposed, contemplated or actual disposition of, any interest or

investment in any insurance, reinsurance or retrocessionaire company during the period October 1, 2001 to the present, by, in the name or on behalf of, Highfields.

Specific Objection and/or Response:

Highfields objects to Request Number 58 to the extent that it is overly broad, unduly burdensome, and calculated to harass. Highfields further objects to this request on the grounds that it purports to request documents and/or information purportedly requested in Request number 57.

Subject to and without waiver of its general or specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request to the extent that they relate specifically to investments in IRP and/or SCOR.

Request Number 59:

Documents sufficient to identify all persons involved in or responsible for Highfields' dealings with either SCOR or IRP and the involvement or responsibilities of each such person in those dealings.

Specific Objection and/or Response:

Highfields objects to Request Number 59 to the extent that it imposes upon Highfields duties that are beyond those imposed in Fed. R. Civ. P. 34.

Subject to and without waiver of its general or specific objections, and to the extent such information exists in documentary form, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 60:

Documents sufficient to identify all persons involved in or responsible for monitoring, analyzing, evaluating or assessing Highfields' investment in any insurance, reinsurance or retrocessionaire company and the involvement or responsibilities of each such person in those matters, during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 60 on the grounds that it seeks documents or

information not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence. Highfields further objects to this request to the extent that

it purports to request documents and/or information purportedly requested in Request Number 21

and Request Number 59.

Request Number 61:

All documents concerning, discussing, or prepared or reviewed in connection with
drafting, any of the allegations of the Complaint that Highfields has not produced in response to
any other request of these Requests, including the following sources identified or referenced in
the Complaint:

(a)    Public filings made with the United States Securities and Exchange Commission;
(b)    Press releases;
(c)    Information regarding the trading of SCOR's securities, including the trading
       price or trading volumes of any of SCOR's securities;
(d)    Articles in the general press, the financial press and wire services;
(e)    Any public statements by any current or former officer, director, employee, agent,
       representative or person acting or purporting to act on behalf of SCOR or IRP;
(f)    Any other publicly-available information concerning SCOR or IRP or of any
       current or former officer, director, employee, agent, representative or person
       acting or purporting to act on behalf of SCOR or IRP; and
(g)    Any other documents that Highfields or anyone in Highfields' name or on
       Highfields' behalf relied on, reviewed, referenced, consulted or considered in
       connection with the preparation of the Complaint.

Specific Objection and/or Response:

Highfields objects to Request Number 61 to the extent that it seeks documents protected

by the attorney-client privilege and/or work product doctrine. Highfields further objects to this

request on the grounds that it imposes upon Highfields duties that are beyond those imposed in

Fed. R. Civ. P. 34.

Subject to and without waiver of its general or specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request.

Request Number 62:

     To the extent not already produced in response to a previous request, all documents supporting, contradicting, prepared or reviewed in drafting, or in any way bearing upon, the allegations of the Complaint.

Specific Objection and/or Response:

     Highfields objects to Request Number 62 to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it imposes upon Highfields duties that are beyond those imposed in Fed. Rule Civ. P. 34.

     Subject to and without waiver of its general or specific objections, Highfields will produce documents in its possession, custody, or control that are responsive to this request.

Request Number 63:

     All documents concerning, discussing, calculating, estimating, analyzing or quantifying to any degree, or reviewed or prepared in connection with any analysis or consideration of, any damages or other pecuniary loss that Highfields claims to have suffered or might have suffered or might suffer by reason of, or in connection with, Highfields' investment in IRP (whether or not such claimed damages or other pecuniary loss currently is claimed by Highfields in, or in connection with, the Litigation).

Specific Objection and/or Response:

     Highfields objects to Request Number 63 on the grounds that it seeks documents protected by the attorney-client privilege and/or work product doctrine. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

     Subject to and without waiver of its general and specific objections, Highfields will produce documents, if any exist, that are in its possession, custody, or control and relate to the Litigation.

- 37 -

Request Number 64:

All documents concerning the location of any communications or other activities concerning, or made or conducted in connection with, Highfields' investment in IRP.

Specific Objection and/or Response:

Highfields objects to Request Number 64 on the grounds that it is unduly burdensome and incomprehensible.

Subject to and without waiver of its general and specific objections, to the extent it understands the request, Highfields will produce documents, to the extent that they exist, that are in its possession, custody, or control and are responsive to this request.

Request Number 65:

Documents sufficient to identify all partners, officers, employees, directors, representatives or any other personnel of Highfields and their respective positions during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 65 on the grounds that it is overly broad and unduly burdensome. Highfields further objects to this request on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Request Number 66:

All agreements and other documents concerning or identifying Highfields' organization, structure and ownership during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 66 on the grounds that it seeks documents or information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery or admissible evidence. Highfields further objects to this request on the grounds that it is overly broad, unduly burdensome, and calculated to harass.

- 38 -

Request Number 67:

Documents sufficient to identify all affiliates of Highfields, including any investment funds, investment vehicles or investment partnerships managed by Highfields Capital Management LP or any of its affiliates, during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 67 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Request Number 68:

All agreements and other documents concerning or discussing Highfields' investment policies and procedures during the period October 1, 2001 to the present.

Response to Request Number 68

Highfields objects to Request Number 68 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence.

Request Number 69:

All documents concerning, discussing, or prepared or reviewed in connection with, any actual, proposed, contemplated or threatened litigation, complaint, demand, challenge, arbitration, hearing, tribunal, or any other dispute resolution proceeding, adversarial or *ex parte*, involving Highfields concerning or (allegedly or actually) arising out of any actual, proposed or contemplated investment or disposition by, in the name of or on behalf of, Highfields, including all memoranda, correspondence (internal and external, including e-mail and other electronic means of communication), briefs, affidavits, discovery requests or responses, transcripts, exhibits or other documents, during the period October 1, 2001 to the present.

Specific Objection and/or Response:

Highfields objects to Request Number 69 on the grounds that it is overly broad, unduly

burdensome, and calculated to harass. Highfields further objects to this request on the grounds

that it seeks documents or information not relevant to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence. Highfields further objects

to this request to the extent that it seeks documents protected by the attorney-client privilege

and/or work product doctrine.

Subject to and without waiver of its general and specific objections, Highfields will

produce documents in its possession, custody, or control that are responsive to this request to the

extent that they relate to the Litigation, other than court filings or discovery requests or

responses.

Request Number 70:

All documents concerning or describing any document retention or destruction policies,
procedures, or practices in effect at Highfields during the period October 1, 2001 to the present,
including any revisions to those policies, procedures or practices.

Specific Objection and/or Response:

Highfields objects to Request Number 70 on the grounds that it is overly broad.

Highfields further objects to this request on the grounds that it seeks documents or information

not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence.

Subject to and without waiver of its general and specific objections, Highfields will

produce all documents in its possession, custody, or control that are responsive to this request.

Dated: March 2, 2006

Lisa C. Wood, BBO #5439111
Kenneth S. Leonetti, BBO #629515
Ian J. McLoughlin, BBO #647203
Joshua A. McGuire, BBO #651877
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SCOR, S.A.,<br><br>　　　　Defendant. | Civil Action No. 04-10624-MLW |

## CERTIFICATE OF SERVICE

I, Joshua A. McGuire, hereby certify that, on this 2nd day of March, 2006, I caused a true and accurate copy of Plaintiffs' Response to Defendant SCOR's First Request for the Production of Documents by Plaintiffs to be delivered by hand to counsel for SCOR, S.A., Douglas H. Meal, Ropes & Gray LLP, One International Place, Boston, MA 02110.

_Joshua A. McGuire_
Joshua A. McGuire

Dated: March 2, 2006