# DECLARATION OF DOUGLAS H. MEAL
## EXHIBIT 4

## SULLIVAN & CROMWELL LLP

A LIMITED LIABILITY PARTNERSHIP

TELEPHONE: +44 (0) 20-7959-8900
FACSIMILE: +44 (0) 20-7959-8950
WWW.SULLCROM.COM

*One New Fetter Lane*
*London EC4A 1AN, England*

FRANKFURT • PARIS
LOS ANGELES • NEW YORK • PALO ALTO • WASHINGTON, D.C.
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 21, 2006

*Via Electronic Transfer*
*and Facsimile Transmission*

Joshua A. McGuire, Esq.,
    Foley Hoag LLP,
        155 Seaport Blvd.,
            Boston, MA 02210-2600.

            Re:    *Highfields Capital Ltd v. SCOR, S.A.*, CA 04-10624

Dear Joshua:

   Thank you for agreeing to an in-person meeting to discuss Highfields' responses to SCOR's first set of document requests in the litigation. As we have discussed, we are willing to accommodate your request that we hold the meeting at your firm's office in Boston. Because of scheduling constraints of counsel for the respective parties, it appears that the most convenient date for all concerned is April 4 and we will make arrangements to meet you and your colleagues on that afternoon.

   In the interim, however, we thought it appropriate to raise with you in advance of that session Highfields' responses to the portions of SCOR's document requests that seek documents relating to the form of incorporation or association of the Highfields Entities (as that term is defined in SCOR's document requests) and the identities and citizenship of the partners, owners or members of, or investors in, the Highfields Entities. (*See, e.g.*, Request Nos. 35 and 36.) For your convenience, I have summarized SCOR's views in this short letter and have included citation to relevant case law for your consideration.

   In its response to Request No. 35, Highfields offers "to produce documents in its possession, custody or control that are responsive to this request to extent that the request relates to named Plaintiffs in the lawsuit and to the citizenship of the Plaintiffs as of the date of the filing of the Complaint." Highfields' response to

Sullivan & Cromwell LLP is a registered limited liability partnership established under the laws of the State of New York.
The personal liability of our partners is limited to the extent provided in such laws. Additional information is available upon request or at www.sullcrom.com.

A list of the partners' names and professional qualifications is available for inspection at the above address.
All partners are either registered foreign lawyers in England and Wales or solicitors. Regulated by the Law Society.

Joshua A. McGuire, Esq.                                                                                -2-

SCOR's Request No. 36 appears to take a similar approach. It is unclear to SCOR, however, whether Highfields' offer in responding to those requests is limited to documents relating to the form and direct places of incorporation or association and principal places of business of the Highfields Entities or includes, as well, the citizenship of the partners, owners or members of, or investors in, those entities. We would appreciate your confirming which approach Highfields has offered to take with respect to its responses to Request No. 35 and Request No. 36. Similarly, Highfields has declined to produce any documents in response to SCOR's Requests Nos. 34 and 37. In view of the following considerations (and others that we are prepared to discuss when we meet in person), SCOR requests that Highfields reconsider its responses to Requests Nos. 34 through 37.

The documents requested in those requests are directly relevant to the claims and defenses of the parties to the litigation. Among other issues, those documents are directly relevant to the allegations of Paragraph 17 of the Complaint, which purports to predicate subject matter jurisdiction for Highfields' claims on 28 U.S.C. § 1332, and alleges, in part, that "diversity of citizenship exists between plaintiffs and defendant."

As the United States Supreme Court recently confirmed, for the purpose of assessing diversity jurisdiction, the citizenship of a limited partnership encompasses the citizenship of each of its general and limited partners. *See Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 & n.1 (2005). Thus, the Court noted, "to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side." *Id.* The place of organization and place of business of a limited partnership are not relevant for determining whether diversity jurisdiction exists for claims of a limited partnership or other unincorporated association. *See id; see also Carden v. Arkoma Associates*, 595 U.S. 185, 195 (1990). Rather, it is it the citizenship of each partner, owner or member of, or investor in, each of the plaintiffs—and of any such constituent of any unincorporated association that, in turn, is a partner or member of any of the plaintiffs—that controls.

Paragraph 13 of the Complaint alleges that Highfields Capital I LP and Highfields Capital II LP are both limited partnerships organized under the laws of Delaware. Accordingly, the citizenship of each partner of, or investor in, each of those partnerships controls for purposes of determining whether diversity jurisdiction exists for the claims asserted in the litigation.

Paragraph 12 of the Complaint alleges that Highfields Capital Ltd. "is a company organized under the laws of the Cayman Islands," but does not include any assertions regarding the form of that "company." If Highfields Capital Limited is an unincorporated association, its citizenship (for purposes of determining whether subject matter jurisdiction exists for the litigation under 28 U.S.C. § 1332) would depend on the

Joshua A. McGuire, Esq. -3-

citizenship of its owners, members or investors. If, however, Highfields Capital Ltd. is a corporation for purposes of Section 1332, it is deemed to be a citizen for purposes of subject matter jurisdiction of the jurisdiction of its incorporation and the location of its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

       I would appreciate your letting me know if SCOR has in some way misconstrued the basis for the assertion of subject matter jurisdiction in the litigation. In view of the foregoing, however, SCOR's requests for documents relating to (i) the form of association or incorporation of each of the Highfields Entities, and (ii) the citizenship of each of the Highfields Entities, including without limitation, the citizenship of each partner, member or owner of or investor in the Highfields Entities (and of any partner, member, etc., of any partner, member, etc., of any Highfields Entity that is, in turn, an unincorporated association), appear to be directly relevant to the claims and defenses in the litigation. Accordingly, SCOR reconfirms its request that Highfields provide that information in accordance with the document requests that SCOR has served on Highfields.

Very truly yours,

Ellen V. Holloman

Joshua A. McGuire, Esq.                                                                                    -4-

cc:     Lisa C. Wood, Esq.
        Kenneth S. Leonetti, Esq.
        Jocelyn Heyman, Esq.
        Patrick Vallely, Esq.
        Margaret McKane
        (Foley Hoag LLP)

        James H. Carter, Esq.
        (Sullivan & Cromwell LLP)

        Douglas H. Meal, Esq.
        (Ropes & Gray LLP)