**DECLARATION OF DOUGLAS H. MEAL
EXHIBIT 5**

## SULLIVAN & CROMWELL LLP

A LIMITED LIABILITY PARTNERSHIP

TELEPHONE: +44 (0)20-7959-8900
FACSIMILE: +44 (0)20-7959-8950
WWW.SULLCROM.COM

*One New Fetter Lane*
*London EC4A 1AN, England*

FRANKFURT • PARIS

LOS ANGELES • NEW YORK • PALO ALTO • WASHINGTON, D.C.

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 7, 2006

*Via Electronic Transfer*
*and Facsimile Transmission*

Kenneth S. Leonetti, Esq.,
    Foley Hoag LLP,
        155 Seaport Blvd.,
            Boston, MA 02210-2600.

Joshua A. McGuire, Esq.,
    Foley Hoag LLP,
        155 Seaport Blvd.,
            Boston, MA 02210-2600.

        Re:    *Highfields Capital Ltd v. SCOR, S.A.*, CA 04-10624

Dear Ken and Josh:

        I write to summarize the substance of our meeting of April 4, 2006. At the outset, my colleagues and I would like to thank you for a productive and useful session.

        *Highfields' Responses to SCOR's First Request for the Production of Documents.* — We spent a significant portion of our meeting discussing certain of the responses by plaintiffs (hereinafter "Highfields") to SCOR's First Request for the Production of Documents ("SCOR's Request"). You agreed, in light of our discussion, to confer with Highfields with respect our request that you reconsider a number of those responses. In particular, you agreed to reconsider Highfields' objections to those portions of SCOR's Request that seek documents that concern or relate to:

- investments in IRP or SCOR by third parties (SCOR's Request Nos. 2, 4, 6, 8);

Sullivan & Cromwell LLP is a registered limited liability partnership established under the laws of the State of New York.
The personal liability of our partners is limited to the extent provided in such laws. Additional information is available upon request or at www.sullcrom.com.

A list of the partners' names and professional qualifications is available for inspection at the above address.
All partners are either registered foreign lawyers in England and Wales or solicitors. Regulated by the Law Society.

Kenneth Leonetti, Esq.                                                                                                                                       -2-
Joshua A. McGuire, Esq.

- insurance, reinsurance or retrocessionaire companies other than SCOR or IRP (SCOR's Request Nos. 12, 16, 22, 32-33, 42-45);

- Highfields' ownership structure and investors (including but not limited to those portions of SCOR's Request that seek documents relating to the allegations of the Complaint concerning diversity of citizenship) (SCOR's Request Nos. 34-37, 66-67);

- Highfields' internal accounting for the IRP investment, including the attribution, allocation, and/or the distribution of the amount of or any gains, losses or proceeds from the investment to Highfields' investors and/or their capital accounts (SCOR's Request Nos. 52-53);

- Highfields' actual and contemplated transactions and investments other than IRP, the financial performance thereof, and the financial performance of Highfields (SCOR's Request Nos. 38-41, 51, 54-56);

- Highfields' investment strategies and decisions (SCOR's Request Nos. 57-58, 60, 68);

- indemnification arrangements relating to IRP (SCOR's Request No. 50), and;

- contemplated, potential or threatened claims against SCOR or IRP (SCOR's Requests Nos. 21, 23, 24).

      In addition, you confirmed that: (1) Highfields is not objecting to SCOR's Request insofar as it defines the term "Highfields" to include not only the plaintiffs, but also Highfields Capital Management, L.P. and any other affiliate of the plaintiffs or Highfields Capital Management, L.P. (collectively, "the Highfields Entities"); (2) Highfields considers a document to be in the possession, custody or control of the plaintiffs if it is in the possession, custody, or control of any of the Highfields Entities; (3) the word "specifically" shall be deemed to have been stricken from Highfields' responses to SCOR's Request Nos. 38-39, 41, 43, 55-56, and 58; (4) Highfields' searches for responsive documents would extend to all of the Highfields Entities (including the management company) and would not be limited to the three funds that are plaintiffs in this action; (5) confirmed that the objection to the production of documents from the files of counsel in Highfields' Objection Nos. 9 and 10 does not extend to all documents received or prepared by Highfields' counsel, but only to materials that constitute or

Kenneth Leonetti, Esq.　　　　　　　　　　　　　　　　　　　　　　　　　　　　-3-
Joshua A. McGuire, Esq.

contain communications that actually are protected from disclosure by the attorney-client or work product privileges, and; (6) Highfields had not relied, and would not rely, on Highfields' General Objections 2-8 to withhold from production any document located by Highfields in searching for documents responsive to SCOR's Request.

You also agreed to produce documents in response to SCOR's Request No. 18, re-phrased as: "All documents concerning, discussing, or prepared or reviewed in connection with the allegations in paragraph 34 of the Complaint regarding 'adverse selection.'" You confirmed that Highfields' production in response to SCOR's Request No. 19 would not be limited to communications by Mr. Osouf, but rather also would include communications with or involving Mr. Osouf. You agreed to provide documents in response to SCOR's Request No. 63 as if the words "and relate to the Litigation" were not part of your response to that request. You also undertook, to the extent such documents exist, to produce Highfields' organizational charts, at least for personnel at a certain level, in response to SCOR's Request No. 65. In addition, Foley Hoag and Sullivan & Cromwell have agreed to meet again in the future to discuss matters that you wish to address with respect to SCOR's Responses to Highfields' First Request for the Production of Documents or Highfields' First Set of Interrogatories.

*Subject Matter Jurisdiction.* –At our meeting, you acknowledged that there are substantial questions concerning the existence of subject matter jurisdiction in this action, and identified several options for resolving this issue. Among the options you are considering are (1) filing a motion to affirm the District Court's subject matter jurisdiction and, alternatively, (2) seeking a dismissal of the current action and a referral to a state court. We discussed various questions concerning these ideas and indicated that it is necessary for us to receive instructions from SCOR regarding this issue. We expect to be in a position to respond to your ideas soon, after we have had an opportunity to discuss these matters with our client. In the interim, Foley Hoag and Sullivan & Cromwell have agreed to notify each other in advance of making any submissions to the District Court in connection with this issue.

*Letter from the French Ministry of Foreign Affairs.* – You told us that you were seeking advice from your French counsel with respect to the March 20, 2006 letter from the French Ministry of Foreign Affairs and the applicability to this litigation of the procedures established by the *Hague Convention Relating to the Taking of Evidence Abroad in Civil or Commercial Matters* (the "Hague Convention"). You asked us to summarize SCOR's proposal for addressing the situation resulting from the French government's position in this matter. In response, we said that, as was indicated in my March 29, 2006 letter to you, SCOR would be willing to work with Highfields to endeavor to agree on a joint description of the scope of discovery that Highfields would obtain from SCOR to present to the Court presiding over the action, in connection with

Kenneth Leonetti, Esq.  -4-
Joshua A. McGuire, Esq.

an application to that Court for an order and an accompanying request to the French government necessary to obtain discovery under the Hague Convention.

*French Data Protection Issues.* – Sullivan & Cromwell has agreed to update Foley Hoag with respect to SCOR's continuing negotiations with the CNIL concerning data protection issues.

*Other Matters.* – At our meeting, you told us that you understand that Highfields' possession, custody or control of documents extends to materials residing with certain of Highfields' outside counsels, including Schulte Roth & Zabel LLP, and you asked us whether SCOR considers documents at Sullivan & Cromwell to be within SCOR's possession, custody or control. We expect to be in a position to provide you with our view on this issue by the end of next week.

Finally, we both confirmed that our respective document productions will not be governed by an absolute date cut-off policy, but rather a presumptive one, and that documents created outside of what the parties regard as the relevant time period will be produced to the extent they are (1) responsive and concern the relevant time period or (2) are expressly requested to be produced without regard to the relevant time period and otherwise are discoverable under Rule 26(b). We also agreed to undertake further discussions with a view toward determining a mutually agreeable relevant time period for the production of documents and information in connection with discovery in this action.

I would appreciate your contacting me if you have any questions regarding these matters, or if you consider any aspects of this letter to be inaccurate as to the content of our discussions concerning the April 4 meeting.

Very truly yours,

Ellen V. Holloman

Kenneth Leonetti, Esq.                                                                               -5-
Joshua A. McGuire, Esq.

cc :    Lisa C. Wood, Esq.
       Jocelyn Heyman, Esq.
       Patrick Vallely, Esq.
       Margaret McKane
       (Foley Hoag LLP)

       James H. Carter, Esq.
       (Sullivan & Cromwell LLP)

       Douglas H. Meal, Esq.
       (Ropes & Gray LLP)