# DECLARATION OF DOUGLAS H. MEAL
# EXHIBIT 6



FOLEY
HOAG LLP
ATTORNEYS AT LAW

Joshua A. McGuire
Boston Office
617.832.3040
jmcguire@foleyhoag.com

April 7, 2006

**BY HAND**

Douglas H. Meal, Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624

Re:   *Highfields Capital Ltd. v. SCOR, S.A.*, C.A. No. 04-10624-MLW

Dear Doug:

Enclosed please find notices of subpoena for the following entities, including an attached Schedule A for each:

1. A.M. Best Company, Inc.;
2. Fitch Ratings;
3. Lazard Frères & Co. LLC;
4. Milliman USA, Inc.;
5. Moody's Investors Service; and
6. Standard & Poor's.

If you have any questions about this matter, please do not hesitate to call me.

Very truly yours,

Joshua A. McGuire

cc:   James H. Carter, Esq. (via first-class mail)
      Matthew R. Stevens, Esq. (via first-class mail)
      Lisa C. Wood, Esq.
      Kenneth S. Leonetti, Esq.

B3187282.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

<table>
<tr><td>
HIGHFIELDS CAPITAL LTD.,<br>
HIGHFIELDS CAPITAL I LP, and<br>
HIGHFIELDS CAPITAL II LP,<br>
          Plaintiffs,<br><br>
   v.<br><br>
SCOR, S.A.,<br><br>
          Defendant.
</td><td>
CIVIL ACTION NO. 04-10624-MLW
</td></tr>
</table>

## NOTICE OF SUBPOENA TO STANDARD & POOR'S

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena Standard & Poor's to produce for inspection and copying the documents

specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the offices of Standard &

Poor's, 1221 Avenue of the Americas, New York, NY.

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,

By their attorneys,

Lisa C. Wood, BBO #5438111
Kenneth S. Leonetti, BBO #629515
Ian J. McLoughlin, BBO #647203
Joshua A. McGuire, BBO #651877
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
Tel:  (617) 832-1000

Dated: April 7, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

- 2 -

**SCHEDULE A**

**DEFINITIONS**

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the

District of Massachusetts are incorporated by reference. The following additional definitions

apply to this First Request for Production of Documents (the "Request"):

1.      "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries, or otherwise).

2.      "Concerning" means referring to, describing, evidencing, or constituting.

3.      "Document" encompasses a meaning at least equal in scope to the usage of this

term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings,

graphs, charts, photographs, phonorecords, and other data compilations from which information

can be obtained, translated, if necessary, through detection devices into reasonably useable form.

A draft or non-identical copy is a separate document within the meaning of this term. This term

includes information recorded by electronic or other means ("Electronic Documents"), including

without limitation, e-mail and other computer-stored information, whether or not reduced to

printed form.

4.      "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP,

and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting

or purporting to act on behalf of any of these entities individually or collectively, including but

not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer,

shareholder, employee, attorney, or agent of Highfields.

5.      "IBNR reserves" means (1) incurred but not reported loss reserves; more

specifically, loss reserves that are established on an insurer's books to account for losses that

have already occurred but have not yet been reported to a company or directly recorded on its

books; and/or (2) reserves for losses reported but not fully reserved, including reserves for future development on known claims.

6.    "Standard & Poor's," "You," or "Your" means Standard & Poor's and all other persons acting or purporting to act on behalf of Standard & Poor's, individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Standard & Poor's, or any director, officer, shareholder, employee, attorney, or agent of Standard & Poor's.

7.    "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate of IRP (including without limitation SCOR S.A.) or any director, officer, shareholder, employee, attorney, or agent for IRP.

8.    "Person" means any natural person or any business, legal, governmental, or other entity or association.

9.    "Rating Agencies" means rating agencies, including but not limited to Moody's, Fitch, AM Best, and Standard & Poor's.

10.    "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of SCOR S.A. individually or collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A. (including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited) or any director, officer, shareholder, employee, attorney, or agent of SCOR S.A.

## INSTRUCTIONS

The following instructions apply to each of the Requests:

1.    The documents must be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.    All documents, with the exception of Electronic Documents, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, You must produce copies of all labels or other identifying marks.

3.    Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties. Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.    Documents attached to each other should not be separated.

5.    Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.    You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

7.    If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the

language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.    Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.    Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.    A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.    If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

12.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly should additional information or documents become known to You after service of Your response.

16.    Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

## REQUESTS

1.     All documents concerning any review or analysis by You of SCOR, its financial performance, statements or projections, its reserves, or its actuarial practices.

2.     All documents concerning SCOR's ratings between January 1, 2001 and December 31, 2003, including, but not limited to, and without limitation, all documents concerning Your deliberations or considerations concerning SCOR's ratings and Your decisions to set or change SCOR's ratings.

3.     All documents relating to any change in SCOR's ratings from 2001 through the present.

4.     All communications between You and SCOR, including but not limited to communications concerning SCOR's ratings.

5.     All Your internal communications concerning SCOR and/or SCOR's ratings.

6.     All communications with any third parties concerning SCOR's ratings.

7.     All reports on SCOR's claims history.

8.     All reports on SCOR's reserves.

9.     All documents concerning analysis of SCOR's loss and allocated loss adjustment expense reserves, including but not limited to actual and projected reserve and paid loss triangles, with year-end evaluations for each type and class of business on both an underwriting and accident year basis.

10.     All documents concerning SCOR's development of reserve estimates, including without limitation loss, technical, and/or IBNR reserve estimates.

11.     All documents concerning SCOR's reserving practices.

12.     All documents concerning the extent to which reduced ratings have or have not resulted in a material deterioration in the profile of SCOR's business since January 15, 2002.

- 6 -

13.    All documents concerning SCOR's emergence of losses.

14.    All documents concerning SCOR's earned premiums, including but not limited to triangles showing the development of earned premiums on an underwriting and calendar year basis.

15.    All documents concerning SCOR's year-end losses or evaluations of loss and exposure for the years 1999 through the present.

16.    All documents concerning SCOR's losses or evaluations of loss and exposure for the period beginning October 1, 2001 and ending December 31, 2001.

17.    All documents in Your possession concerning the following SCOR press releases: November 30, 2001, January 15, 2002, October 30, 2002, November 18, 2002, November 21, 2002, January 23, 2003, April 1, 2003, April 4, 2003, November 6, 2003, December 2, 2003, and February 26, 2004.

18.    All documents concerning any third-party audits, reviews, or analyses of SCOR's business or financial condition, including but not limited to those audits, reviews and analyses conducted by Ernst & Young, Milliman, J.S. Cheng, and PricewaterhouseCoopers.

19.    All documents concerning the evaluation of SCOR by other ratings agencies, including all documents concerning communications with ratings agencies concerning SCOR.

20.    All documents concerning other ratings agencies' evaluation of IRP, including all documents concerning communications with ratings agencies concerning IRP.

21.    All documents concerning the amount of SCOR's increase or loss of business from January 1, 2002 through December 31, 2003, including all documents concerning the reasons attributed to such increase or losses.

22.     All documents concerning audits or reviews of SCOR's underwriting files and/or claims files.

23.     All communications, including but not limited to e-mails, between or among You and any of the following individuals in the period July 1, 2001 through March 31, 2005:

- Jean-Luc Besson
- Denis Kessler
- Patrick Thourot
- Jerome Faure
- Marcel Kahn
- Jacques Blondeau
- Arnaud Chneiweiss
- Christian Delannes
- Serge Osouf
- Francois Reach
- Gus Hatch
- Francois Terren
- Antonio Borges
- Allan Chapin

24.     All documents concerning the identity and financial performance of companies comparable to IRP from 2002 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

25.     All documents concerning the identity and financial performance of companies comparable to SCOR from 2001 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

26.     To the extent not already requested, all documents concerning SCOR's investment in IRP.

27.    All documents concerning Your policies, protocols, procedures or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.

B3040676.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,
                    Plaintiffs,

        v.                                            CIVIL ACTION NO. 04-10624-MLW

SCOR, S.A.,

                    Defendant.

## NOTICE OF SUBPOENA TO MOODY'S INVESTORS SERVICE

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena Moody's Investors Service to produce for inspection and copying the

documents specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the offices of

Moody's Investors Service, 99 Church Street, New York, NY.

                                HIGHFIELDS CAPITAL LTD.,
                                HIGHFIELDS CAPITAL I LP, and
                                HIGHFIELDS CAPITAL II LP,

                                By their attorneys,


                                Lisa C. Wood, BBO #5438111
                                Kenneth S. Leonetti, BBO #629515
                                Ian J. McLoughlin, BBO #647203
                                Joshua A. McGuire, BBO #651877
                                FOLEY HOAG LLP
                                Seaport World Trade Center West
                                155 Seaport Boulevard
                                Boston, MA  02210
                                Tel:  (617) 832-1000

Dated: April 7, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

- 2 -

## SCHEDULE A

### DEFINITIONS

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the District of Massachusetts are incorporated by reference. The following additional definitions apply to this First Request for Production of Documents (the "Request"):

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Concerning" means referring to, describing, evidencing, or constituting.

3.    "Document" encompasses a meaning at least equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term. This term includes information recorded by electronic or other means ("Electronic Documents"), including without limitation, e-mail and other computer-stored information, whether or not reduced to printed form.

4.    "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting or purporting to act on behalf of any of these entities individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer, shareholder, employee, attorney, or agent of Highfields.

5.    "IBNR reserves" means (1) incurred but not reported loss reserves; more specifically, loss reserves that are established on an insurer's books to account for losses that have already occurred but have not yet been reported to a company or directly recorded on its

books; and/or (2) reserves for losses reported but not fully reserved, including reserves for future development on known claims.

6.      "Moodys," "You," or "Your" means Moodys Investors Service and all other persons acting or purporting to act on behalf of Moodys Investors Service, individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Moodys Investors Service, or any director, officer, shareholder, employee, attorney, or agent of Moodys Investors Service.

7.      "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate of IRP (including without limitation SCOR S.A.), or any director, officer, shareholder, employee, attorney, or agent for IRP.

8.      "Person" means any natural person or any business, legal, governmental, or other entity or association.

9.      "Rating Agencies" means rating agencies, including but not limited to Moody's, Fitch, AM Best, and Standard & Poor's.

10.      "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of SCOR S.A. individually or collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A. (including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited) or any director, officer, shareholder, employee, attorney, or agent of SCOR S.A.

### INSTRUCTIONS

The following instructions apply to each of the Requests:

1.      The documents must be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.      All documents, with the exception of Electronic Documents, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, You must produce copies of all labels or other identifying marks.

3.      Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties. Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.      Documents attached to each other should not be separated.

5.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.      You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

7.      If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.      Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.      Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.     A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.     If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

- 4 -

12.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly

should additional information or documents become known to You after service of Your response.

16.    Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

## REQUESTS

1.    All documents concerning any review or analysis by You of SCOR, its financial performance, statements or projections, its reserves, or its actuarial practices.

2.    All documents concerning SCOR's ratings between January 1, 2001 and December 31, 2003, including, but not limited to, and without limitation, all documents concerning Your deliberations or considerations concerning SCOR's ratings and Your decisions to set or change SCOR's ratings.

3.    All documents relating to any change in SCOR's ratings from 2001 through the present.

4.    All communications between You and SCOR, including but not limited to communications concerning SCOR's ratings.

5.    All Your internal communications concerning SCOR and/or SCOR's ratings.

6.    All communications with any third parties concerning SCOR's ratings.

7.    All reports on SCOR's claims history.

8.    All reports on SCOR's reserves.

9.    All documents concerning analysis of SCOR's loss and allocated loss adjustment expense reserves, including but not limited to actual and projected reserve and paid loss triangles, with year-end evaluations for each type and class of business on both an underwriting and accident year basis.

10.    All documents concerning SCOR's development of reserve estimates, including without limitation loss, technical, and/or IBNR reserves estimates.

11.    All documents concerning SCOR's reserving practices.

12.    All documents concerning the extent to which reduced ratings have or have not resulted in a material deterioration in the profile of SCOR's business since January 15, 2002.

13.    All documents concerning SCOR's emergence of losses.

14.    All documents concerning SCOR's earned premiums, including but not limited to triangles showing the development of earned premiums on an underwriting and calendar year basis.

15.    All documents concerning SCOR's year-end losses or evaluations of loss and exposure for the years 1999 through the present.

16.    All documents concerning SCOR's losses or evaluations of loss and exposure for the period beginning October 1, 2001 and ending December 31, 2001.

17.    All documents in Your possession concerning the following SCOR press releases: November 30, 2001, January 15, 2002, October 30, 2002, November 18, 2002, November 21, 2002, January 23, 2003, April 1, 2003, April 4, 2003, November 6, 2003, December 2, 2003, and February 26, 2004.

18.    All documents concerning any third-party audits, reviews, or analyses of SCOR's business or financial condition, including but not limited to those audits, reviews and analyses conducted by Ernst & Young, Milliman, J.S. Cheng, and PricewaterhouseCoopers.

19.    All documents concerning the evaluation of SCOR by other ratings agencies, including all documents concerning communications with ratings agencies concerning SCOR.

20.    All documents concerning other ratings agencies' evaluation of IRP, including all documents concerning communications with ratings agencies concerning IRP.

21.    All documents concerning the amount of SCOR's increase or loss of business from January 1, 2002 through December 31, 2003, including all documents concerning the reasons attributed to such increase or losses.

22.    All documents concerning audits or reviews of SCOR's underwriting files and/or claims files.

23.    All communications, including but not limited to e-mails, between or among You and any of the following individuals in the period July 1, 2001 through March 31, 2005:

- Jean-Luc Besson
- Denis Kessler
- Patrick Thourot
- Jerome Faure
- Marcel Kahn
- Jacques Blondeau
- Arnaud Chneiweiss
- Christian Delannes
- Serge Osouf
- Francois Reach
- Gus Hatch
- Francois Terren
- Antonio Borges
- Allan Chapin

24.    All documents concerning the identity and financial performance of companies comparable to IRP from 2002 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

25.     All documents concerning the identity and financial performance of companies comparable to SCOR from 2001 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

26.     To the extent not already requested, all documents concerning SCOR's investment in IRP.

27.     All documents concerning Your policies, protocols, procedures or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,
              Plaintiffs,

    v.

SCOR, S.A.,

              Defendant.

CIVIL ACTION NO. 04-10624-MLW

## NOTICE OF SUBPOENA TO MILLIMAN USA, INC.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena Milliman USA, Inc. to produce for inspection and copying the

documents specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the offices of

Milliman USA, Inc., 15800 Bluemond Road, Suite 400, Brookfield, WI.

              HIGHFIELDS CAPITAL LTD.,
              HIGHFIELDS CAPITAL I LP, and
              HIGHFIELDS CAPITAL II LP,

              By their attorneys,

              _Joshua A. McGuire_

              Lisa C. Wood, BBO #5438111
              Kenneth S. Leonetti, BBO #629515
              Ian J. McLoughlin, BBO #647203
              Joshua A. McGuire, BBO #651877
              FOLEY HOAG LLP
              Seaport World Trade Center West
              155 Seaport Boulevard
              Boston, MA  02210
              Tel:  (617) 832-1000

Dated: April 7, 2006

CERTIFICATE OF SERVICE

    I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

- 2 -

**SCHEDULE A**

**DEFINITIONS**

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the District of Massachusetts are incorporated by reference. The following additional definitions apply to this First Request for Production of Documents (the "Request"):

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Concerning" means referring to, describing, evidencing, or constituting.

3.    "Document" encompasses a meaning at least equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term. This term includes information recorded by electronic or other means ("Electronic Documents"), including without limitation, e-mail and other computer-stored information, whether or not reduced to printed form.

4.    "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting or purporting to act on behalf of any of these entities individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer, shareholder, employee, attorney, or agent of Highfields.

5.    "Milliman," "You," or "Your" means Milliman and Milliman Global, and all other persons acting or purporting to act on behalf of Milliman and Milliman Global, individually or collectively, including but not limited to any parent, subsidiary, or affiliate of

Milliman and Milliman Global, or any director, officer, shareholder, employee, attorney, or agent of Milliman and Milliman Global.

6.     "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate of IRP (including without limitation SCOR S.A.) or any director, officer, shareholder, employee, attorney, or agent for IRP.

7.     "Person" means any natural person or any business, legal, governmental, or other entity or association.

8.     "Rating Agencies" means rating agencies, including but not limited to Moody's, Fitch, AM Best, and Standard & Poor's.

9.     "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of SCOR S.A. individually or collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A. (including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited) or any director, officer, shareholder, employee, attorney, or agent of SCOR S.A.

## INSTRUCTIONS

The following instructions apply to each of the Requests:

1.     The documents must be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.     All documents, with the exception of Electronic Documents, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, You must produce copies of all labels or other identifying marks.

- 2 -

3.      Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties.  Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.      Documents attached to each other should not be separated.

5.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.      You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

7.      If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.     Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.     Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.     A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.     If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

12.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly should additional information or documents become known to You after service of Your response.

16.    Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

## REQUESTS

1.      All documents, including without limitation accounting workpapers, concerning any audit or review of SCOR by You.

2.      All documents, including without limitation accounting workpapers, concerning any audit or review of IRP by You.

3.      All documents concerning communications between You and SCOR since January 1, 2001.

4.      All documents concerning communications between You and IRP.

5.      All documents concerning communications between You and any entity or Person regarding IRP or SCOR since January 1, 2001.

6.      All documents concerning SCOR's financial statements or projections, including but not limited to any recommendations, findings, or reports.

7.      All documents concerning IRP's financial statements or projections, including but not limited to any recommendations, findings, or reports.

8.      All documents concerning SCOR's financial performance from January 1, 2001 until present.

9.      All documents concerning IRP's financial performance from January 1, 2002 until present.

10.     All documents concerning SCOR's reserves (including without limitation loss and/or technical reserves), including but not limited to any recommendations, findings, or reports concerning such reserves.

11.     All documents concerning SCOR's reserving practices.

12.    All documents concerning how SCOR's reserves are set and who sets them, including without limitation loss reserves, technical reserves, and/or incurred but not reported reserves.

13.    All documents concerning allowances made in SCOR's reserve estimates (including without limitation loss, technical, and/or IBNR reserve estimates) for trends in pricing and losses.

14.    All documents concerning public disclosure of SCOR's reserves (including without limitation loss and/or technical reserves), loss estimates, or financial information.

15.    All documents concerning SCOR's loss and allocated loss adjustment expense reserves, including but not limited to triangles with historical year-end evaluations for each of the following on an underwriting year basis for proportional business and accident year basis for excess business:

(a) Paid / case incurred loss;

(b) proportional / excess-of-loss;

(c) treaty / facultative;

(d) property / casualty; and

(e) each line of business.

16.    All documents concerning SCOR's actuarial practices, including but not limited to any recommendations, findings, or reports concerning SCOR's actuarial practices.

17.    All documents concerning IRP's actuarial practices, including but not limited to any recommendations, findings, or reports concerning IRP's actuarial practices.

18.    All reports on SCOR's claims history.

19.     All documents, including but not limited to reports, memoranda, white papers, and presentations, prepared by You for SCOR or on SCOR's behalf between January 1, 2001 and December 31, 2003, including drafts and notes concerning the same.

20.     All documents, included but not limited to reports, memoranda, white papers, presentations prepared by You for IRP or on IRP's behalf, including drafts and notes concerning the same.

21.     All documents concerning SCOR's expected claims experience.

22.     All documents concerning audits or reviews of SCOR's underwriting files and/or claims files.

23.     All documents concerning the amount of SCOR's increase or loss of business from January 1, 2001 through December 31, 2003, including all documents concerning the reasons attributed to such increase or losses.

24.     All documents concerning any analysis conducted by SCOR of SCOR's finances or evaluation of exposure to loss reserves, including but not limited to claim audits performed.

25.     All documents concerning Ratings Agencies' evaluation of SCOR, including all documents concerning communications with Ratings Agencies concerning SCOR.

26.     All documents concerning Ratings Agencies' evaluation of IRP, including all documents concerning communications with Ratings Agencies concerning IRP.

27.     All documents concerning estimates of SCOR's liabilities.

28.     All documents concerning the underwriting and placement of SCOR's treaties and reinsurance contracts.

29.    All documents concerning SCOR's earned premiums, including but not limited to triangles on an underwriting year basis for proportional business and calendar year basis for excess business.

30.    All documents concerning emergence of SCOR's losses.

31.    All documents concerning SCOR's year-end evaluations of loss and exposure for the years 1999 through the present.

32.    All documents concerning evaluations of SCOR's loss exposure for the period from January 1, 2001 through September 30, 2001.

33.    All documents concerning SCOR's losses or evaluations of loss and exposure for the period beginning October 1, 2001 and ending December 31, 2001.

34.    All documents concerning contract-level data on SCOR's premium and loss experience, including but not limited to experience registers, periodic underwriting reports, or similar reports intended to monitor results by contract, client, broker, or producer.

35.    All documents concerning any decision or effort by SCOR to raise or not to raise capital, including all documents concerning the implementation, discussions, negotiations and decision to embark on the effort(s) to raise capital.

36.    All documents concerning the accuracy of SCOR's representations in connection with the creation of and solicitation of investments in IRP.

37.    All documents concerning the accuracy of SCOR's representations in connection with any information provided to You.

38.    All documents concerning the drafting, negotiation, formation, modification, interpretation, or implementation of SCOR's "Back on Track" plan issued in 2003.

39.    All documents concerning SCOR's repurchase of shares of IRP Holdings Limited from BNP Paribas Ireland, Compagnie Ottomane Financiere, and Westdeutsche Landesbank Girozentrale.

40.    To the extent not already requested, all documents concerning SCOR's investment in IRP.

41.    To the extent not already requested, all communications between and among You, SCOR, and IRP.

42.    Any retention or engagement agreement, contract or letters between You and SCOR, including drafts.

43.    Any retention or engagement agreement, contract or letters between You and IRP, including drafts.

44.    All documents concerning Your policies, protocols, procedures or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.

B3040676.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,
                    Plaintiffs,

        v.                                      CIVIL ACTION NO. 04-10624-MLW

SCOR, S.A.,

                    Defendant.

## NOTICE OF SUBPOENA TO LAZARD FRERES & CO. LLC

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena Lazard Frères & Co. LLC to produce for inspection and copying the

documents specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the offices of Lazard

Frères & Co. LLC, 30 Rockefeller Plaza, New York, NY.

                    HIGHFIELDS CAPITAL LTD.,
                    HIGHFIELDS CAPITAL I LP, and
                    HIGHFIELDS CAPITAL II LP,

                    By their attorneys,


                    _____
                    Lisa C. Wood, BBO #5438111
                    Kenneth S. Leonetti, BBO #629515
                    Ian J. McLoughlin, BBO #647203
                    Joshua A. McGuire, BBO #651877
                    FOLEY HOAG LLP
                    Seaport World Trade Center West
                    155 Seaport Boulevard
                    Boston, MA 02210
                    Tel: (617) 832-1000

Dated: April 7, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

- 2 -

**SCHEDULE A**

**DEFINITIONS**

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the District of Massachusetts are incorporated by reference. The following additional definitions apply to this First Request for Production of Documents (the "Request"):

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Concerning" means referring to, describing, evidencing, or constituting.

3.    "Document" encompasses a meaning at least equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term. This term includes information recorded by electronic or other means ("Electronic Documents"), including without limitation, e-mail and other computer-stored information, whether or not reduced to printed form.

4.    "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting or purporting to act on behalf of any of these entities individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer, shareholder, employee, attorney, or agent of Highfields.

5.    "Lazard," "You," or "Your" means Lazard Frères & Co., LLC and Lazard Capital Markets, its predecessors, successors and assigns, and all other persons acting or purporting to act on behalf of Lazard individually or collectively, including but not limited to any parent,

subsidiary, or affiliate of Lazard, or any director, officer, shareholder, employee, attorney or agent of Lazard.

6.    "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate of IRP (including without limitation SCOR S.A.) or any director, officer, shareholder, employee, attorney, or agent for IRP.

7.    "Person" means any natural person or any business, legal, governmental, or other entity or association.

8.    "Private Placement Memorandum" means the private placement memorandum for IRP, dated November 1, 2001, and modifications, revisions, or supplements thereof.

9.    "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of SCOR S.A. individually or collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A. (including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited) or any director, officer, shareholder, employee, attorney, or agent of SCOR S.A.

10.    The "Subscription Agreement" refers to the Subscription Agreement executed by Highfields on December 21, 2002 for 125,000 shares in IRP, at a cost of €125 million.

11.    The "Shareholders Agreement" refers to the Shareholders Agreement executed by Highfields on December 28, 2002 concerning IRP.

## INSTRUCTIONS

The following instructions apply to each of the Requests:

1.    The documents must be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.    All documents, with the exception of Electronic Documents, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, You must produce copies of all labels or other identifying marks.

3.    Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties.  Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.    Documents attached to each other should not be separated.

5.    Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.    You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

7.    If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the

language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.    Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.    Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.    A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.    If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

12.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

B3040875.7                           - 4 -

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly should additional information or documents become known to You after service of Your response.

16. Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

B3040875.7                              - 5 -

## REQUESTS

1.      Any retention or engagement agreement, contract or letters between You and SCOR or IRP, including drafts and notes relating thereto.

2.      All documents and communications with Sullivan & Cromwell, William Fry, or any other law firm or company involved in any transaction with IRP, regarding IRP or SCOR.

3.      All documents and communications concerning the Private Placement Memorandum, including but not limited to all drafts thereof and all documents concerning the purpose, drafting, negotiation, formation, modification, or interpretation thereof.

4.      All documents concerning the financial projections contained in the Private Placement Memorandum.

5.      All documents concerning how You or SCOR determined that "The SCOR Group's financial history, with a sizeable quota share of the SCOR Group's property and casualty writings projected to generate €900 million of premiums for the Company in 2002," as set forth on page 2 of the Private Placement Memorandum.

6.      All documents concerning any analysis conducted of SCOR's financial situation and evaluation of exposure to loss reserves, including but not limited to claim audits performed.

7.      All documents concerning the Subscription Agreement, including but not limited to all drafts thereof and all documents concerning the purpose, drafting, negotiation, formation, modification, or interpretation thereof.

8.      All documents concerning the Shareholders Agreement, including but not limited to all drafts thereof and all documents concerning the purpose, drafting, negotiation, formation, modification, or interpretation thereof.

B3040875.7                              - 6 -

9.    All documents concerning IRP, including but not limited to documents concerning SCOR's decision to create IRP, SCOR's investment in IRP, and all internal and external communications concerning IRP.

10.    All documents concerning communications with Highfields concerning IRP or SCOR.

11.    All documents concerning communications with SCOR concerning IRP or Highfields.

12.    All documents concerning the solicitation of investments in IRP, including but not limited to any communications with potential investors or financing sources in IRP.

13.    All documents concerning SCOR's representations in connection with the creation of and solicitation of investments in IRP, including but not limited to the accuracy thereof.

14.    All documents concerning any analysis, study, or investigation conducted by You concerning SCOR or IRP.

15.    All documents concerning any analysis, study, or investigation conducted by You concerning any representations made by SCOR to any other entity regarding SCOR or IRP.

16.    All communications, including but not limited to e-mails, between or among any of the following individuals and You during the period of July 1, 2001 through December 31, 2001:

- Jean-Luc Besson
- Denis Kessler
- Patrick Thourot
- Jerome Faure
- Marcel Kahn
- Jacques Blondeau

B3040875.7                                    - 7 -

- Arnaud Chneiweiss
- Christian Delannes
- Serge Osouf
- Francois Reach
- Gus Hatch
- Francois Terren
- Antonio Borges
- Allan Chapin

17.    To the extent not already requested, all documents concerning SCOR's investment in IRP.

18.    To the extent not already requested, all communications between You and SCOR.

19.    Documents sufficient to identify Your employees, personnel, or counsel who were involved in or had responsibility for the Private Placement Memorandum or the solicitation of any investment in IRP.

20.    All documents concerning Your policies, protocols, procedures, or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.

21.    All documents concerning any travel to Massachusetts by SCOR executives, SCOR employees, Your executives, Your employees, or any other person for the purpose of soliciting any actual or potential investment in the company that eventually was created as IRP, including any expenses incurred in connection with such travel.

22.    Any documents you have provided to Sullivan & Cromwell, IRP, or SCOR (or any other of IRP's or SCOR's counsel) in connection with the above-captioned litigation or any other litigation involving IRP or SCOR.

B3040875.7                                        - 8 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,
                Plaintiffs,

    v.                               CIVIL ACTION NO. 04-10624-MLW

SCOR, S.A.,

                Defendant.

---

## NOTICE OF SUBPOENA TO FITCH RATINGS

       PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena Fitch Ratings to produce for inspection and copying the documents

specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the offices of Fitch Ratings,

One State Street Plaza, New York, NY.

                          HIGHFIELDS CAPITAL LTD.,
                          HIGHFIELDS CAPITAL I LP, and
                          HIGHFIELDS CAPITAL II LP,

                          By their attorneys,

                          Lisa C. Wood, BBO #5438111
                          Kenneth S. Leonetti, BBO #629515
                          Ian J. McLoughlin, BBO #647203
                          Joshua A. McGuire, BBO #651877
                          FOLEY HOAG LLP
                          Seaport World Trade Center West
                          155 Seaport Boulevard
                          Boston, MA  02210
                          Tel:  (617) 832-1000

Dated: April 7, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

- 2 -

## SCHEDULE A

### DEFINITIONS

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the District of Massachusetts are incorporated by reference. The following additional definitions apply to this First Request for Production of Documents (the "Request"):

1.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.     "Concerning" means referring to, describing, evidencing, or constituting.

3.     "Document" encompasses a meaning at least equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term. This term includes information recorded by electronic or other means ("Electronic Documents"), including without limitation, e-mail and other computer-stored information, whether or not reduced to printed form.

4.     "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting or purporting to act on behalf of any of these entities individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer, shareholder, employee, attorney, or agent of Highfields.

5.     "Fitch," "You," or "Your" means Fitch, Inc. and/or Fitch Ratings, Ltd. and all other persons acting or purporting to act on behalf of Fitch, individually or collectively,

including but not limited to any parent, subsidiary, or affiliate of Fitch, or any director, officer, shareholder, employee, attorney, or agent of Fitch.

6.    "IBNR reserves" means (1) incurred but not reported loss reserves; more specifically, loss reserves that are established on an insurer's books to account for losses that have already occurred but have not yet been reported to a company or directly recorded on its books; and/or (2) reserves for losses reported but not fully reserved, including reserves for future development on known claims.

7.    "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate of IRP (including without limitation SCOR S.A.) or any director, officer, shareholder, employee, attorney, or agent for IRP.

8.    "Person" means any natural person or any business, legal, governmental, or other entity or association.

9.    "Rating Agencies" means rating agencies, including but not limited to Moody's, Fitch, AM Best, and Standard & Poor's.

10.    "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of SCOR S.A. individually or collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A. (including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited) or any director, officer, shareholder, employee, attorney, or agent of SCOR S.A.

## INSTRUCTIONS

The following instructions apply to each of the Requests:

- 2 -

1.     The documents must be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.     All documents, with the exception of Electronic Documents, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, You must produce copies of all labels or other identifying marks.

3.     Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties.  Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.     Documents attached to each other should not be separated.

5.     Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.     You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

7.      If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.      Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.      Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.     A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.     If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

- 4 -

12.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly

should additional information or documents become known to You after service of Your response.

16.    Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

**REQUESTS**

1.    All documents concerning any review or analysis by You of SCOR, its financial performance, statements or projections, its reserves, or its actuarial practices.

2.    All documents concerning SCOR's ratings between January 1, 2001 and December 31, 2003, including, but not limited to, and without limitation, all documents concerning Your deliberations or considerations concerning SCOR's ratings and Your decisions to set or change SCOR's ratings.

3.    All documents relating to any change in SCOR's ratings from 2001 through the present.

4.    All communications between You and SCOR, including but not limited to communications concerning SCOR's ratings.

5.    All Your internal communications concerning SCOR and/or SCOR's ratings.

6.    All communications with any third parties concerning SCOR's ratings.

7.    All reports on SCOR's claims history.

8.    All reports on SCOR's reserves.

9.    All documents concerning analysis of SCOR's loss and allocated loss adjustment expense reserves, including but not limited to actual and projected reserve and paid loss triangles, with year-end evaluations for each type and class of business on both an underwriting and accident year basis.

- 6 -

10.    All documents concerning SCOR's development of reserve estimates, including without limitation loss, technical, and/or IBNR reserves estimates.

11.    All documents concerning SCOR's reserving practices.

12.    All documents concerning the extent to which reduced ratings have or have not resulted in a material deterioration in the profile of SCOR's business since January 15, 2002.

13.    All documents concerning SCOR's emergence of losses.

14.    All documents concerning SCOR's earned premiums, including but not limited to triangles showing the development of earned premiums on an underwriting and calendar year basis.

15.    All documents concerning SCOR's year-end losses or evaluations of loss and exposure for the years 1999 through the present.

16.    All documents concerning SCOR's losses or evaluations of loss and exposure for the period beginning October 1, 2001 and ending December 31, 2001.

17.    All documents in Your possession concerning the following SCOR press releases: November 30, 2001, January 15, 2002, October 30, 2002, November 18, 2002, November 21, 2002, January 23, 2003, April 1, 2003, April 4, 2003, November 6, 2003, December 2, 2003, and February 26, 2004.

18.    All documents concerning any third-party audits, reviews, or analyses of SCOR's business or financial condition, including but not limited to those audits, reviews and analyses conducted by Ernst & Young, Milliman, J.S. Cheng, and PricewaterhouseCoopers.

19.    All documents concerning the evaluation of SCOR by other ratings agencies, including all documents concerning communications with ratings agencies concerning SCOR.

20.    All documents concerning other ratings agencies' evaluation of IRP, including all documents concerning communications with ratings agencies concerning IRP.

21.    All documents concerning the amount of SCOR's increase or loss of business from January 1, 2002 through December 31, 2003, including all documents concerning the reasons attributed to such increase or losses.

22.    All documents concerning audits or reviews of SCOR's underwriting files and/or claims files.

23.    All communications, including but not limited to e-mails, between or among You and any of the following individuals in the period July 1, 2001 through March 31, 2005:

- Jean-Luc Besson
- Denis Kessler
- Patrick Thourot
- Jerome Faure
- Marcel Kahn
- Jacques Blondeau
- Arnaud Chneiweiss
- Christian Delannes
- Serge Osouf
- Francois Reach
- Gus Hatch
- Francois Terren
- Antonio Borges
- Allan Chapin

24.    All documents concerning the identity and financial performance of companies comparable to IRP from 2002 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

25.     All documents concerning the identity and financial performance of companies comparable to SCOR from 2001 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

26.     To the extent not already requested, all documents concerning SCOR's investment in IRP.

27.     All documents concerning Your policies, protocols, procedures or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HIGHFIELDS CAPITAL LTD.,<br>HIGHFIELDS CAPITAL I LP, and<br>HIGHFIELDS CAPITAL II LP,<br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SCOR, S.A.,<br><br>　　　　　　　Defendant. | CIVIL ACTION NO. 04-10624-MLW |

## NOTICE OF SUBPOENA TO A.M. BEST COMPANY, INC.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena A.M. Best Company, Inc. to produce for inspection and copying the

documents specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the offices of A.M.

Best Company, Inc., Ambest Road, Oldwick, NJ.

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,

By their attorneys,

_____
Lisa C. Wood, BBO #5438111
Kenneth S. Leonetti, BBO #629515
Ian J. McLoughlin, BBO #647203
Joshua A. McGuire, BBO #651877
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000

Dated: April 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

**SCHEDULE A**

**DEFINITIONS**

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the District of Massachusetts are incorporated by reference. The following additional definitions apply to this First Request for Production of Documents (the "Request"):

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Concerning" means referring to, describing, evidencing, or constituting.

3.    "Document" encompasses a meaning at least equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably useable form. A draft or non-identical copy is a separate document within the meaning of this term. This term includes information recorded by electronic or other means ("Electronic Documents"), including without limitation, e-mail and other computer-stored information, whether or not reduced to printed form.

4.    "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting or purporting to act on behalf of any of these entities individually or collectively, including but not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer, shareholder, employee, attorney, or agent of Highfields.

5.    "A.M. Best," "You," or "Your" means A.M. Best and all other persons acting or purporting to act on behalf of A.M. Best, individually or collectively, including but not limited to

any parent, subsidiary, or affiliate of A.M. Best, or any director, officer, shareholder, employee, attorney, or agent of A.M. Best.

     6.     "IBNR reserves" means (1) incurred but not reported loss reserves; more specifically, loss reserves that are established on an insurer's books to account for losses that have already occurred but have not yet been reported to a company or directly recorded on its books; and/or (2) reserves for losses reported but not fully reserved, including reserves for future development on known claims.

     7.     "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate of IRP (including without limitation SCOR S.A.) or any director, officer, shareholder, employee, attorney, or agent for IRP.

     8.     "Person" means any natural person or any business, legal, governmental, or other entity or association.

     9.     "Rating Agencies" means rating agencies, including but not limited to Moody's, Fitch, AM Best, and Standard & Poor's.

     10.     "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf of SCOR S.A. individually or collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A. (including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited) or any director, officer, shareholdr, employee, attorney, or agent of SCOR S.A.

**INSTRUCTIONS**

     The following instructions apply to each of the Requests:

1.      The documents must be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.      All documents, with the exception of Electronic Documents, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, You must produce copies of all labels or other identifying marks.

3.      Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties.  Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.      Documents attached to each other should not be separated.

5.      Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.      You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

- 3 -

7.      If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.      Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.      Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.      A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.      If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

- 4 -

12.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly

should additional information or documents become known to You after service of Your response.

16.    Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

## REQUESTS

1.    All documents concerning any review or analysis by You of SCOR, its financial performance, statements or projections, its reserves, or its actuarial practices.

2.    All documents concerning SCOR's ratings between January 1, 2001 and December 31, 2003, including, but not limited to, and without limitation, all documents concerning Your deliberations or considerations concerning SCOR's ratings and Your decisions to set or change SCOR's ratings.

3.    All documents relating to any change in SCOR's ratings from 2001 through the present.

4.    All communications between You and SCOR, including but not limited to communications concerning SCOR's ratings.

5.    All Your internal communications concerning SCOR and/or SCOR's ratings.

6.    All communications with any third parties concerning SCOR's ratings.

7.    All reports on SCOR's claims history.

8.    All reports on SCOR's reserves.

9.    All documents concerning analysis of SCOR's loss and allocated loss adjustment expense reserves, including but not limited to actual and projected reserve and paid loss triangles, with year-end evaluations for each type and class of business on both an underwriting and accident year basis.

- 6 -

10.    All documents concerning SCOR's development of reserve estimates, including without limitation loss, technical, and/or IBNR reserves estimates.

11.    All documents concerning SCOR's reserving practices.

12.    All documents concerning the extent to which reduced ratings have or have not resulted in a material deterioration in the profile of SCOR's business since January 15, 2002.

13.    All documents concerning SCOR's emergence of losses.

14.    All documents concerning SCOR's earned premiums, including but not limited to triangles showing the development of earned premiums on an underwriting and calendar year basis.

15.    All documents concerning SCOR's year-end losses or evaluations of loss and exposure for the years 1999 through the present.

16.    All documents concerning SCOR's losses or evaluations of loss and exposure for the period beginning October 1, 2001 and ending December 31, 2001.

17.    All documents in Your possession concerning the following SCOR press releases: November 30, 2001, January 15, 2002, October 30, 2002, November 18, 2002, November 21, 2002, January 23, 2003, April 1, 2003, April 4, 2003, November 6, 2003, December 2, 2003, and February 26, 2004.

18.    All documents concerning any third-party audits, reviews, or analyses of SCOR's business or financial condition, including but not limited to those audits, reviews and analyses conducted by Ernst & Young, Milliman, J.S. Cheng, and PricewaterhouseCoopers.

19.    All documents concerning the evaluation of SCOR by other ratings agencies, including all documents concerning communications with ratings agencies concerning SCOR.

20.    All documents concerning other ratings agencies' evaluation of IRP, including all documents concerning communications with ratings agencies concerning IRP.

21.    All documents concerning the amount of SCOR's increase or loss of business from January 1, 2002 through December 31, 2003, including all documents concerning the reasons attributed to such increase or losses.

22.    All documents concerning audits or reviews of SCOR's underwriting files and/or claims files.

23.    All communications, including but not limited to e-mails, between or among You and any of the following individuals in the period July 1, 2001 through March 31, 2005:

- Jean-Luc Besson
- Denis Kessler
- Patrick Thourot
- Jerome Faure
- Marcel Kahn
- Jacques Blondeau
- Arnaud Chneiweiss
- Christian Delannes
- Serge Osouf
- Francois Reach
- Gus Hatch
- Francois Terren
- Antonio Borges
- Allan Chapin

24.    All documents concerning the identity and financial performance of companies comparable to IRP from 2002 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

- 8 -

25.   All documents concerning the identity and financial performance of companies comparable to SCOR from 2001 to the present, as well as all documents concerning the monitoring of the financial performance of such companies.

26.   To the extent not already requested, all documents concerning SCOR's investment in IRP.

27.   All documents concerning Your policies, protocols, procedures or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.



## FOLEY
## HOAG LLP
ATTORNEYS AT LAW

Joshua A. McGuire
Boston Office
617.832.3040
jmcguire@foleyhoag.com

April 7, 2006

**BY HAND**

Douglas H. Meal, Esq.
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624

      Re:    *Highfields Capital Ltd. v. SCOR, S.A.*, C.A. No. 04-10624-MLW

Dear Doug:

      Enclosed please find a notice of subpoena for State of Wisconsin Investment Board.  If you have any questions about this matter, please do not hesitate to call me.

      Very truly yours,

      Joshua A. McGuire

cc:    James H. Carter, Esq. (via first-class mail)
       Matthew R. Stevens, Esq. (via first-class mail)
       Lisa C. Wood, Esq.
       Kenneth S. Leonetti, Esq.

B3187710.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HIGHFIELDS CAPITAL LTD.,
HIGHFIELDS CAPITAL I LP, and
HIGHFIELDS CAPITAL II LP,

                    Plaintiffs,                    CIVIL ACTION NO. 04-10624-MLW

          v.

SCOR, S.A.,

                    Defendant.

## NOTICE OF SUBPOENA TO STATE OF WISCONSIN INVESTMENT BOARD

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, plaintiffs, through their

attorneys, will subpoena the State of Wisconsin Investment Board to produce for inspection and

copying the documents specified in Schedule A hereto at 10:00 a.m. on May 12, 2006 at the

offices of State of Wisconsin Investment Board, 121 E. Wilson Street, Madison, WI.

                              HIGHFIELDS CAPITAL LTD.,
                              HIGHFIELDS CAPITAL I LP, and
                              HIGHFIELDS CAPITAL II LP,

                              By their attorneys,


                              Lisa C. Wood, BBO #5438111
                              Kenneth S. Leonetti, BBO #629515
                              Ian J. McLoughlin, BBO #647203
                              Joshua A. McGuire, BBO #651877
                              FOLEY HOAG LLP
                              Seaport World Trade Center West
                              155 Seaport Boulevard
                              Boston, MA 02210
                              Tel: (617) 832-1000

Dated: April 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2006, I served a copy of the foregoing document on defendant SCOR, S.A by delivering a copy of the same, by hand, to its counsel, Douglas H. Meal, Ropes & Gray, One International Place, Boston, MA 02110.

Joshua A. McGuire

B2881196.1

**SCHEDULE A**

**DEFINITIONS**

The full text of the definitions set forth in Local Rule 26.5(c) for the District Court of the

District of Massachusetts are incorporated by reference. The following additional definitions

apply to this First Request for Production of Documents (the "Request"):

1.      "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries, or otherwise).

2.      "Concerning" means referring to, describing, evidencing, or constituting.

3.      "Document" encompasses a meaning at least equal in scope to the usage of this

term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings,

graphs, charts, photographs, phonorecords, and other data compilations from which information

can be obtained, translated, if necessary, through detection devices into reasonably useable form.

A draft or non-identical copy is a separate document within the meaning of this term. This term

includes information recorded by electronic or other means ("Electronic Documents"), including

without limitation, e-mail and other computer-stored information, whether or not reduced to

printed form.

4.      "Highfields" means Plaintiffs Highfields Capital Ltd., Highfields Capital I LP,

and Highfields Capital II LP, their predecessors, successors, assigns, and all other persons acting

or purporting to act on behalf of any of these entities individually or collectively, including but

not limited to any parent, subsidiary, or affiliate of Highfields or any director, officer,

shareholder, employee, attorney, or agent of Highfields.

5.      "SWIB," "You," and "Your" means State of Wisconsin Investment Board and all

other persons acting or purporting to act on behalf of SWIB, individually or collectively,

including but not limited to any parent, subsidiary, or affiliate of SWIB, or any director, officer,

partner, associate, shareholder, employee, attorney, or agent of William Fry.

6.    "SCOR" means Defendant SCOR S.A., its predecessors, successors, and assigns,

and all other persons acting or purporting to act on behalf of SCOR S.A. individually or

collectively, including but not limited to any parent, subsidiary, or affiliate of SCOR S.A.

(including without limitation Irish Reinsurance Partners Limited and IRP Holdings Limited), or

any director, officer, shareholder, employee, attorney, or agent of SCOR S.A.

7.    "IRP" means Irish Reinsurance Partners Limited and/or IRP Holdings Limited, its

predecessors, successors, and assigns, and all other persons acting or purporting to act on behalf

of IRP individually or collectively, including but not limited to any parent, subsidiary, or affiliate

of IRP (including without limitation SCOR S.A.) or any director, officer, shareholder, employee,

attorney, or agent for IRP.

8.    "Person" means any natural person or any business, legal, governmental, or other

entity or association.

9.    "Rating Agencies" means rating agencies, including but not limited to Moody's,

Fitch, AM Best, and Standard & Poor's.

### INSTRUCTIONS

The following instructions apply to each of the Requests:

1.    The documents must be produced in the manner prescribed by Rule 34 of the

Federal Rules of Civil Procedure.

2.    All documents, with the exception of Electronic Documents, shall be produced in

the file folder, envelope, or other container in which the documents are kept or maintained.  If for

any reason the container cannot be produced, You must produce copies of all labels or other

identifying marks.

- 2 -

3.    Electronic Documents must be produced as images with data files containing metadata fields to be agreed on by Highfields and You or, in the alternative, in native format, on CD-ROM or such other storage medium agreed to by the parties.  Notwithstanding the foregoing, Plaintiffs request that You preserve all electronic documents in their current native format, that no revisions to such documents be made, and that You preserve all metadata for such documents.

4.    Documents attached to each other should not be separated.

5.    Documents not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these Requests, including without limitation where such documents are attached to documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

6.    You are requested, in responding to these Requests, to obtain and furnish all documents available to any of Your representatives, officers, directors, employees, agents, servants, or attorneys, and all documents that are in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, officers, directors, consultants, employees, agents, experts, servants, or attorneys.

7.    If, in answering a Request, You claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be a basis for refusing to respond to such Request, but rather You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

8.      Any Request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

9.      Any Request propounded in the singular shall also be read as if propounded in the plural, and vice versa, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered beyond their scope.

10.     A conjunctive word shall be interpreted as a disjunctive word, and a disjunctive word shall be interpreted as a conjunctive word, whenever appropriate in order to bring within the scope of these Requests any document that otherwise might be considered to be beyond their scope.

11.     If any document is withheld under any claim of privilege, immunity, or qualified immunity, including without limitation the work product doctrine or attorney-client privilege, Your answer must specify i) the nature of the privilege which is being claimed; ii) the exact basis for the claim of privilege; iii) the identity of the person who is the source of the information; iv) the names of the persons to whom the information has been communicated; v) the date and place of the communications; vi) the identity of the document; and vii) the general subject matter of the communication.

12.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the lawsuit or unless otherwise permitted by the Court.

13.    If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

(a) the last known custodian;

(b) whether the document is missing or lost or was destroyed or discarded;

(c) the date of loss, destruction or discard;

(d) the manner of destruction or discard;

(e) the reasons for destruction or discard;

(f) the persons authorizing or carrying out such destruction or discard;

(g) the efforts made to locate lost or misplaced documents; and

(h) a statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

14.    Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of such corporation or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, predecessors and/or successors in interest.

15.    These Requests are continuing in nature through and including the date of conclusion of this litigation, and it is requested that You serve supplemental responses promptly should additional information or documents become known to You after service of Your response.

16.    Unless otherwise indicated, these Requests seek documents concerning the time period from January 1, 1999 through the present, including the date of Your final supplemental production in response thereto.

## REQUESTS

1.      All documents concerning communications between You and IRP, any director of IRP, or any shareholder of IRP.

2.      All documents concerning IRP, including but not limited to documents concerning Your actual or potential interest in investing in IRP, including without limitation any term sheets, agreements, financial disclosures or schedules, or offering memoranda, or drafts of the foregoing.

3.      All documents concerning communications with Highfields concerning IRP or SCOR.

4.      All documents concerning communications with SCOR concerning IRP or Highfields.

5.      All documents concerning communications with any investor in IRP concerning any possible purchase of shares in IRP.

6.      All documents concerning communications with Sullivan & Cromwell, William Fry, or any other law firm representing SCOR or IRP concerning SCOR, IRP, or Highfields.

7.      All documents concerning any representations made by SCOR to You or others in connection with Your consideration of investing in IRP.

8.      All documents concerning communications between and among You, SCOR, and any intermediary or brokers concerning SCOR's ratings, SCOR's financial strength, or SCOR's inclusion in or exclusion from the "approved" lists of any individual broker.

9.      All documents concerning communications between and among You, SCOR, and any of SCOR's clients or customers concerning SCOR's rating, SCOR's financial strength, or SCOR's inclusion in or exclusion from the "approved" lists of any individual broker.

10.    All communications, including but not limited to e-mails, between or among You and any of the following individuals:

- Jean-Luc Besson
- Denis Kessler
- Patrick Thourot
- Jerome Faure
- Marcel Kahn
- Jacques Blondeau
- Arnaud Chneiweiss
- Christian Delannes
- Serge Osouf
- Francois Reach
- Gus Hatch
- Francois Terren
- Antonio Borges
- Allan Chapin

11.    All documents concerning any analysis by you, by a third party or by IRP or SCOR concerning SCOR's financial condition, loss reserves, or business prospects.

12.    All documents concerning any analysis by you, by a third party or by IRP or SCOR concerning IRP's financial condition, loss reserves, or business prospects.

13.    All documents concerning due diligence conducted by You concerning SCOR or IRP.

14.    All documents concerning Your decision not to invest in IRP.

15.    Documents sufficient to identify Your employees, personnel, or counsel who were involved in or had responsibility for drafting, negotiating, amending, or interacting in any other way with IRP or SCOR.

16.    All documents concerning Your policies, protocols, procedures or guidelines for document retention and destruction, including but not limited to any proposed changes or modifications thereto.