# DECLARATION OF DOUGLAS H. MEAL
## EXHIBIT 9



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

Joshua A. McGuire
Boston Office
617.832.3040
jmcguire@foleyhoag.com

April 12, 2006

<u>.pdf File via E-Mail</u>

Ellen V. Holloman, Esq.
Sullivan & Cromwell LLP
One New Fetter Lane
London EC4A 1AN, England

    Re:   <u>Highfields Capital Ltd. v. SCOR, S.A.</u>, C.A. No. 04-10624

Dear Ellen:

    I have received both your April 7, 2006 letter summarizing the substance of our April 4, 2006 meeting, as well as your April 10, 2006 letter regarding the third-party subpoenas we are in the process of serving. This letter will address certain issues raised in both letters, although there are some issues with respect to specific document requests that we will not address herein.

    With respect to the third party subpoenas discussed in your April 10 letter, although the plaintiffs have acknowledged that there is a significant question surrounding subject matter jurisdiction in federal court, it was not our understanding that resolution of that issue would "precede other activities in the pending action." To the best of our recollection, that notion was not discussed at our meeting. To the contrary, much of the meeting was spent discussing Highfields' responses to discovery requests unrelated to the subject matter jurisdiction issue.

    This case has been pending for two years, and concerns an investment made over four years ago. As you know, Judge Wolf has implemented a fairly aggressive time table, and until the subject matter jurisdiction issue is resolved, we must proceed with prosecution of this case. Moreover, because we are unaware of the document retention policies of the third parties to whom the subpoenas were directed, it was necessary to serve the subpoenas with no further delay in order to ensure the preservation of relevant documents and information. Certainly, once the parties resolve the subject matter jurisdiction issue, it is our intention to inform such third parties immediately, and, at the same time, to provide them with information about the next steps. Most likely, that will have the effect of deferring any production until the Court's jurisdiction is clarified, as you have requested.

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP    BOSTON    WASHINGTON, DC    www.foleyhoag.com

Ellen V. Holloman, Esq.
April 12, 2006
Page 2

    We will get back to you shortly on the issues surrounding the letter from the French Ministry of Foreign Affairs and whether we are amenable to any of your proposals for resolving this. Nevertheless, resolution of this matter should not delay the parties' attempting to resolve our identification of issues regarding the Court's subject matter jurisdiction over this case. We look forward to hearing back from you as soon as possible regarding whether SCOR would be amenable to attempting the referral procedure we suggested, or whether SCOR has any other suggestions for dealing with the subject matter jurisdiction issues.

    On a related point, please confirm that SCOR is continuing to review and produce documents responsive to Highfields' requests. While we are aware that the letter from the French Ministry of Foreign Affairs has raised some hurdles to the production of documents and information located in France, and that it may take some time for SCOR to overcome those hurdles, nevertheless there are likely responsive documents and information not affected by these restrictions. In particular, our understanding is that you are looking into the question of whether SCOR has agreed to produce documents on behalf of its outside counsel, including Sullivan & Cromwell and all Irish counsel. Moreover, unless you inform us otherwise, we assume that documents regarding IRP are not in France nor in the possession of a French company. Documents in the possession of those entities outside of France would not be subject to the French privacy laws and should be collected and produced.

    With respect to the documents and information relating to the subject matter jurisdiction issue, identified in your April 10 letter, production of documents that identifies Highfields' investors and limited partners does not seem necessary at this time. We have identified to you a number of legal issues that could resolve the questions regarding the Court's subject matter jurisdiction that would obviate the need for further discovery. While we are sensitive to the need to avoid duplicative or multiple hearings, we do not envision that there would be anything duplicative since we are asking the Court to resolve pure issues of law regarding its subject matter jurisdiction. To the extent that the Court resolves the legal issues one way, further hearings would not be necessary and the parties would avoid the need to delve into factual matters. Moreover, it is also possible that the Court would make rulings that determine which factual questions require further inquiry. Put another way, production of documents relating to the *identity* of our investors is premature and potentially moot.

    Finally, I note that we have also received your most recent letter, dated and sent today via e-mail, in which you complain that you have not yet received a response to the two letters sent Friday, April 7, and Monday, April 10. We were in the process of responding to your April 7 letter when we received the second letter on the next business day. Our response to both letters would have been sent earlier today, but for our receipt of today's letter. It is difficult to have a thoughtful dialog about these issues if you do not give us time to respond to your questions. That said, we have in large part responded to the April 12, 2006 letter in the preceding paragraph, although we agree that it would be productive to have a further discussion about this. We are unable to have a

Ellen V. Holloman, Esq.
April 12, 2006
Page 3

conference about your proposed motion to compel on Thursday afternoon, but we are available on Friday. Please let us know if you are available on that day and, if so, when you would like to schedule the call.

Very truly yours,

Joshua A. McGuire

JAM

cc: Lisa C. Wood, Esq.
    Kenneth S. Leonetti, Esq.
    Jocelyn Heyman, Esq.
    Patrick Vallely, Esq.
    James H. Carter, Esq.
    Douglas H. Meal, Esq.