UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP, <br><br>      Plaintiffs, <br><br>v. <br><br>SCOR, S.A., <br><br>      Defendant. | Civil Action No.  04-10624 MLW |

**PROPOSED REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO AFFIRM SUBJECT MATTER JURISDICTION OR,
<u>IN THE ALTERNATIVE, TO REFER CASE TO STATE COURT</u>**

Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP (collectively, "Plaintiffs" or "Highfields"), submit this Reply Memorandum of Law in further support of their Motion to Affirm Subject Matter Jurisdiction Or, in the Alternative, to Refer the Case to State Court (the "Motion") and in reply to SCOR's opposition ("the Opposition").

Highfields brought to this Court's attention certain facts that, in light of recent First Circuit law among other factors, may foreclose further proceedings in this Court, depending on how the Court resolves several threshold legal issues not yet decided in the First Circuit. Instead of responding head-on to these facts, or to the legal principles identified by Highfields, SCOR has chosen opportunistically to request that it be permitted to use the jurisdictional question posed by the Motion as an excuse to conduct an unwarranted, highly burdensome, and invasive inquiry into the details of each of the over 350 investors of the three Highfields entities, an inquiry that has no relation to the merits of the present case, and is not needed for resolution of the Court's subject matter jurisdiction over this dispute. Put another way, SCOR proposes a

**EXHIBIT A**
Assented-To Motion To File Reply Memorandum In Support Of
Plaintiff's Motion To Affirm Subject Matter Jurisdiction Or, In The Alternative,
To Refer Case To State Court

harassing, free-for-all discovery that would require a substantial amendment to the Court-ordered discovery plan when there are clear-cut legal issues that may well eliminate any need ever for such discovery and result in the Court's ruling that there is no subject matter jurisdiction and the refiling or referral of this case to Superior Court.

Dispositive questions of law that are ripe for the Court's resolution are: (1) whether the form of the complete diversity rule that other courts have applied in alienage jurisdiction cases likewise applies here; (2) whether Cayman Islands exempted companies will be treated like corporations for jurisdictional purposes; (3) whether the "dual citizenship" rule applied by other courts to foreign corporations applies here; (4) whether a foreign national residing and working lawfully in the United States who is not a lawful permanent resident is a foreign citizen for diversity jurisdiction purposes; and (5) whether the foreign citizenship of a company should be imputed to a plaintiff, where the foreign company is a limited partner of a partnership that is in turn a member of a limited liability company that is in turn the general partner of the plaintiff, which is itself a limited partnership. The parties carefully briefed these issues, each of which are undecided in the First Circuit, and for which there is authority going both ways outside the First Circuit for some of the issues. If the Court answers each of the first three legal questions in the affirmative, both parties agree that subject matter jurisdiction is lacking, and the Court can avoid entirely the highly burdensome task of determining the citizenship of more than 350 Highfields investors, and the delay and intrusiveness that task will occasion. Similarly if the Court answers legal question (4) *or* (5) in the affirmative, subject matter jurisdiction is absent, again obviating the need for the invasive and largely irrelevant discovery that SCOR wants to pursue, if allowed.

Accordingly, Highfields respectfully requests that the Court determine whether, based on the factual record Highfields has put before it, and the parties' extensive legal briefing, it

possesses subject matter jurisdiction over this matter and, if not, employ a procedure to refer the case to state court, a procedure that the First Circuit has recently cited with approval.

I.  **THE COURT SHOULD REACH CONCLUSIONS ON RELEVANT QUESTIONS OF LAW TO OBVIATE THE NEED FOR INVASIVE, UNNECESSARY, AND HIGHLY BURDENSOME JURISDICTIONAL DISCOVERY**

In support of its Motion, Highfields submitted an affidavit from Joseph Mazzella, its general counsel and an officer of Highfields Capital Management, LP, the investment manager for each of the three Plaintiffs. Moreover, Highfields produced documents to SCOR, in redacted form, that included the type of investors in the two Highfields Plaintiffs organized as limited partnerships, along with the state or nation of the address of those investors.[1] This evidence establishes that:

- The general partner of Plaintiffs Highfields Capital I LP and Highfields Capital II LP is Highfields Associates LLC, a Delaware limited liability company;

- Among the members of Highfields Associates LLC are (i) a Highfields employee who, at the time of the commencement of this case, was a Canadian national residing and working in Massachusetts under a H-1B visa and (ii) a Delaware limited partnership that had as one of its partners a company organized under the laws of Barbados;

- Plaintiff Highfields Capital, Ltd. is an exempted company organized under the laws of the Cayman Islands.

Applying these facts to the legal issues listed above, the Court has sufficient evidence to determine whether it lacks subject matter jurisdiction. First, under the First Circuit's January

---

[1] SCOR has filed under seal an unredacted copy of certain investor lists with this Court. *See* Meal Aff. Exhs. 12–14. These documents are attorney-client privileged and were inadvertently produced by Highfields. Highfields' counsel requested return of the documents, and, pursuant to the Protective Order entered in this case, such document should be set aside. *See* Protective Order ¶ 21. SCOR's counsel has informed Highfields' counsel that it is setting aside these documents and making no further use of them.

2006 ruling in *Pramco, LLC v. San Juan Bay Marina, Inc.*, 2006 U.S. App. LEXIS 1183, *7–8, the Court could impute the Barbados citizenship of the limited partnership member of Highfields Associates LLC to the two Plaintiffs organized as limited partnerships, Highfields Capital I LP and Highfields Capital II LP, because Highfields Associates LLC is the general partner of both these limited partnerships.  Second, the Court could decide that a foreign national working lawfully in the United States, but who is not a lawful permanent resident, is a foreign citizen for diversity jurisdiction purposes.  Third, the Court could determine that a Cayman Islands exempted company is a corporation for purposes of 28 U.S.C. § 1332(c) and answer in the affirmative the unresolved question in this Circuit of whether the dual citizenship concept for corporations applies in the context of alienage jurisdiction.  Thus, as demonstrated in the Motion, and as further explained below, there are ample facts for the Court to resolve its subject matter jurisdiction.

Moreover, resolving these questions of law is far from daunting and potentially presents a much easier resolution to the question of subject matter jurisdiction than SCOR's proposed attempts to conduct expanded discovery into the citizenship of over 350 separate investors in the Highfields entities.[2]

---

[2] This proposed discovery would not necessarily answer the jurisdictional questions anyway.  The information sought by SCOR may not be entirely within the possession of Highfields at present.  All Highfields has is the names and addresses of its investors and certain tax declarations of those investors.  Yet, as SCOR itself argues, tax residency in the United States does not necessarily equate to citizenship under section 1332.  *See* Opposition at 12–13.  Thus, what SCOR appears to have in mind is to uncover that information directly from the investors, whether by third party subpoena or otherwise.  However, as SCOR well knows, some of the investors are themselves partnerships or limited liability companies, so any discovery would not stop at the first level of investors, but could go on to the partners or members of those entities.  This request alluded to by SCOR, although not properly before the Court at this time, is wholly unwarranted and Highfields would seek a protective order to prevent such an illegitimate intrusion into the private financial affairs of Highfields' investors.  Each of these investors has a legitimate expectation of privacy and, absent compelling reasons not present here, SCOR should not be permitted to invade that privacy.  In the event that the Court allows SCOR to pursue this discovery, Highfields would suggest that Highfields be permitted to gather any additional necessary information from its investors and produce that additional information with the names of the investors redacted, since the actual identity of Highfields' investors is irrelevant to any determination of subject matter jurisdiction, and is highly sensitive information.

A.      **The Complete Diversity Requirement**

Highfields and SCOR are in near complete agreement on the state of the law on the various legal principles at issue. The parties apparently agree that "[w]ith respect to the 'complete diversity' requirement in alienage jurisdiction cases, the rule appears to be that 'the presence of at least one alien on both sides of an action precludes diversity jurisdiction.'" *See* Plaintiff's initial memorandum of law in support of the Motion at 6 (citations omitted) (the "Mem. Law"); *see also* Opposition at 7 (arguing that alienage jurisdiction is lacking where "there are 'citizens or subjects of a foreign state' on both sides of the litigation"). However, Plaintiffs point out that this question of law has not been explicitly resolved in the First Circuit. SCOR, on the other hand, argues that "[t]he law in the First Circuit, and elsewhere, is very clear, and it has been for a long time," although SCOR cites no cases from the First Circuit Court of Appeals actually holding that the current alienage jurisdiction statute requires complete diversity.[3] In any event, taking at face value SCOR's assertion that the law is "clear," such conclusion only further establishes that this Court can make a determination on subject matter jurisdiction at this time with no need for any further factual inquiry.

---

[3] The Supreme Court cases SCOR cites contain no holdings concerning the complete diversity rule as applied to alienage jurisdiction. *See Grupo Dataflux*, 541 U.S. 567, 569 (2004) (mentioning alienage jurisdiction only in recounting of procedural history); *see also Gen. Tech. Applications, Inc. v. Extro Ltda,* 388 F.3d 114, 122 n. 5 (4th Cir. 2004) (noting the *Grupo Dataflux* Court "did not specifically validate [the] aspect of the case" relating to alienage jurisdiction); *see also Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 824 (1969) (not discussing the complete diversity requirement and deciding the case on grounds other than alienage jurisdiction); *see also K & H Business Consultants, Ltd. v. Cheltonian, Ltd.,* 567 F. Supp. 420 (D.N.J. 1983) (limiting *Kramer* to a prohibition of cases "*solely* between aliens") (emphasis added); 16 *Moore's Federal Practice* § 102.77 (treatise analyzing complete diversity rule vis-à-vis alienage jurisdiction without even mentioning either of the Supreme Court cases to which SCOR cites). SCOR's citation to First Circuit case law is even less helpful. *See Doidge v. Cunard S.S.Co.,* 19 F.2d 500 (1st Cir. 1927) (discussing alienage jurisdiction twenty-one years prior to the passage of 28 U.S.C. § 1332, the relevant statutory provision under modern law).

**B.     Highfields Capital Ltd. Should be Treated as a Corporation for Jurisdictional Purposes**

Nowhere are the contradictions posed by SCOR's Opposition as apparent as in its discussion of the impact of the citizenship of Plaintiff Highfields Capital Ltd. on subject matter jurisdiction. The legal issues posed by the presence of Highfields Capital Ltd. in this litigation are clear: (1) is a Cayman Islands exempted company a corporation for purposes of Section 1332? (2) does the principle of dual corporate citizenship apply in alienage jurisdiction? and, (3) what is the principal place of business of Highfields Capital Ltd. for purposes of Section 1332(c)? While answering the third question may arguably require some factual inquiry, there is no conceivable discovery that could be required to answer the first and second questions which, if answered in the affirmative, means that the Court lacks subject matter jurisdiction regardless of the answer to the third question.

Highfields contends that "Highfields Capital Ltd. should be deemed a corporation for jurisdiction purposes." Memo. Law 10. Highfields Capital Ltd. is a Cayman Islands exempted company, *see* Mazzella Aff. at ¶ 7, and no amount of discovery will shed further light on that. The question of whether Cayman Islands law creates an entity that is analogous to a U.S. corporation is a legal one that may be resolved by resort to statutory analysis. As the relevant statutes make clear, Cayman exempted companies share all the same characteristics as U.S. corporations, including that they issue shares and have a board of directors. *See* Cayman Islands Companies Law §§ 6, 81[4]; *see also* Investing in Cayman, http://www.caymanchamber.ky/ investing/business.htm. Therefore, it is most appropriate to treat such entities, including Highfields Capital Ltd., as corporations.

---

[4] A copy of the Companies Law is available from the website of the Cayman Islands Monetary Authority. *See* http://www.cimoney.com.ky/uploadedFiles/Regulatory_Framework/Laws_and_Regulations/CL2004.pdf.

SCOR does not appear to dispute this determination. Yet, somewhat inexplicably, SCOR wants to pursue a searching inquiry into the ownership interests of Highfields Capital Ltd. Such discovery will add nothing to the determination, pursuant to Cayman Islands law and 28 U.S.C. § 1332(c), of whether Cayman Island "exempted companies" are corporations for jurisdictional purposes, and, in pressing this discovery, SCOR makes plain that its sole desire is to delay the resolution of this litigation while SCOR harasses the owners of Highfields investment funds.[5] However, if the Court can determine as a matter of law that Highfields Capital Ltd. is a corporation, then the citizenship of its owners is irrelevant and the Court can move to resolving the next key question on subject matter jurisdiction.

**C.     Application of the "Dual Citizenship" Rule and Highfields Capital Ltd.**

Both Highfields and SCOR are in substantial agreement—that the weight of authority provides that the "dual citizenship" concept imposed by 28 U.S.C. 1332(c) applies to foreign corporations in the context of alienage jurisdiction determinations, and only one case with any "continuing validity," *Trans World Hosp. Supplies Ltd. v. Hospital Corp. of America,* 542 F. Supp. 869, 878–79 (M.D. Tenn. 1982)*,* holds to the contrary. *See* Opposition at 10. The parties are also in agreement that neither the Supreme Court nor the First Circuit have addressed this issue. *See* Opposition at 10, n.6.

Where the parties differ, however, is what the Court should do in light of the undecided law in this Circuit and the incontrovertible fact that Highfields Capital Ltd. is an exempted company organized under the laws of the Cayman Islands. Highfields respectfully suggests that the Court determine whether, based on this factual record, it has subject matter jurisdiction over

---

[5] In any event, if Highfields Capital Ltd. is not a corporation for purposes of Section 1332, then it would be a citizen of each and every jurisdiction in which one of its owners was a citizen. *See, e.g., Pramco,* 2006 U.S. App. LEXIS 1183 at 7–8. Highfields concedes that a number of the shareholders of Highfields Capital Ltd. are themselves foreign corporations, thus making Highfields Capital Ltd. a foreign citizen for purposes of Section 1332 if in fact it is not deemed a corporation. *Id.*

this case. SCOR, on the other hand, would prefer that it be given free reign to take discovery from Highfields' 350 plus investors and conduct a detailed inquiry into how Highfields' funds are managed, facts that have no bearing on the ultimate dispute at issue in this case. But unless the Court adopts the rule in *Trans World*, such discovery would be irrelevant and useless.

**D.      Determinations as to the Citizenship of Highfields Capital I LP and Highfields Capital II LP May Provide Independent and Sufficient Reasons to Find that This Court Lacks Subject Matter Jurisdiction**

SCOR and Highfields are further in substantial agreement that the First Circuit's decision in *Pramco*, a decision handed down in January 2006, well after the filing of this complaint, provides that the citizenship of a limited liability company is determined by the citizenship of its members. SCOR argues that Highfields Capital I LP and Highfields Capital II LP should be deemed foreign citizens for jurisdictional purposes. SCOR points out that the general partner of Highfields Capital I LP and Highfields Capital II LP, Highfields Associates LLC, has as one of its members an individual who at the time of filing was a Canadian citizen with a H-1B visa. SCOR asserts that this fact "alone demonstrates that he or she cannot have been a citizen of a U.S. state." Opposition at 13.

Bizarrely, SCOR reasons from this legal argument that it needs more discovery. If SCOR's legal analysis is true, however, then under the rules for limited liability companies and partnerships, rules about which both parties agree, Highfields Associates LLC, and therefore both Highfields Capital I LP and Highfields Capital II LP would be considered citizens of Canada (in addition to various U.S. states). And, if the Court agrees, then the Canadian citizenship of Highfields Capital I LP and Highfields Capital II LP would destroy subject matter jurisdiction, thus further obviating the need for additional jurisdictional discovery. Similarly, the fact that one of Highfields Associates LLC's members is a limited partnership, one of the partners of which is a Barbados company, may provide another independent reason, in light of

*Pramco,* why this Court may determine on the present record whether it lacks subject matter jurisdiction.

E.  **Because The Current Factual Record May Be Sufficient to Resolve the Issue of Subject Matter Jurisdiction, The Motion Does Not Request an Impermissible Advisory Opinion, and Further Discovery is Unnecessary and Unwarranted**

Because the current record before the Court might be sufficient to issue a ruling on whether there exists subject matter jurisdiction, Highfields requests that the Court deny SCOR's request that further jurisdictional discovery be had prior to any ruling. SCOR argues that "[o]n the current record…the citizenship of the three named Plaintiffs…is unknowable." Opposition at 7. At the same time, SCOR acknowledges that "if *any* of the Plaintiffs is also a foreign citizen, complete diversity is lacking" and subject matter jurisdiction is absent. *Id.* (emphasis added). The current record, which demonstrates that one of the plaintiffs is a Cayman Islands exempted company, may be sufficient for the Court to find that at least one named Plaintiff is a foreign citizen. Likewise, the current record demonstrates that due to the recent *Pramco* decision, foreign citizenship may be imputed to the two limited partnership Plaintiffs, Highfields Capital I LP and Highfields Capital II LP. Given the foregoing facts, SCOR's argument that the citizenship of the Plaintiffs is "unknowable" is simply untrue.

SCOR's Opposition further argues that what Highfields requests is an "impermissible advisory opinion." Opposition at 15. Highfields requests no such thing. Before this Court are concrete questions of law based upon verified facts. While the Court can only rule upon "'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts," *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975), what Highfields seeks first and foremost is not the resolution of a hypothetical question. Rather, Highfields seeks rulings on concrete questions of law based on actual facts that may resolve whether this Court has

jurisdiction over this case.  There is nothing hypothetical about whether Cayman Islands exempted companies should be treated as corporations for jurisdictional purposes.  Nor is the question whether this Court will apply the dual citizenship concept found in 28 U.S.C. § 1332(c) to foreign corporations a "hypothetical" question.  These questions and the remaining questions posed by the Motion merely request rulings based upon those facts.

Given the Court's opportunity to achieve a quick and simple determination on the issue of subject matter jurisdiction, SCOR's proposed discovery is entirely unwarranted.  If the facts currently before the Court establish that Highfields Capital Ltd. alone destroys jurisdiction, or alternatively that Highfields Capital I LP or Highfields Capital II LP destroy jurisdiction, then further discovery concerning the investors in any of the Highfields entities would be a massive waste of resources.[6]

## II. IF THIS COURT LACKS SUBJECT MATTER JURISDICTION, THE COURT SHOULD ATTEMPT TO REFER THIS CASE TO A STATE COURT WILLING TO TAKE IT

SCOR opposes the use of the referral procedure outlined in *Pallazola v. Rucker,* 621 F. Supp. 764, 769–71 (D. Mass. 1985), if the Court were to conclude it lacks subject matter jurisdiction.  SCOR argues that subsequent First Circuit and Supreme Court precedent render this an invalid procedure.  However, SCOR's argument that the *Pallazola* referral procedure is

---

[6] SCOR also requests, albeit not by way of motion or other formal request, that the Court stay all discovery not related to the jurisdictional questions, based upon the false premise that the Court lacks the jurisdictional power to order any discovery beyond the inquiry into its own jurisdiction.  However, the Court has jurisdiction over this case until it determines otherwise, particularly given that SCOR has answered the complaint and never raised heretofore any question regarding subject matter jurisdiction.  Moreover, SCOR's real motivation in making this request is to avoid having to confront producing documents in apparent violation of the French "blocking statute," which, according to SCOR, prohibits discovery of any French company outside the confines of the Hague Convention.  However, the French blocking statute does not relieve a party to a U.S. litigation from its discovery obligations under the Federal Rules of Civil Procedure.  *See Societe Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. 522, 544 (1987); *see also Bodner v. Paribas,* 202 F.R.D. 370, 375 (E.D.N.Y. 2000) ("[T]he French Blocking Statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court.").

invalid demonstrates at best, a lack of understanding of that procedure, and at worst, a willful ignorance of it.

The *Pallazola* court considered all of the objections to the referral procedure now raised by SCOR and rejected them. It was careful to distinguish between a *transfer* and a *referral,* and acknowledged that it was aware of the consequences of not having subject matter jurisdiction, yet still undertook the referral procedure. SCOR argues that the referral procedure established in *Pallazolla* is just a different name for the transfer procedure rejected by the First Circuit in a later decision, *Mills v. Maine,* 118 F.3d 37 (1st Cir. 1997). SCOR's argument that *Mills* superseded and rejected *Pallazola* is contradicted first by the fact that *Mills* makes no mention of *Pallazola,* and second by the fact that, in a decision that followed *Mills,* the First Circuit explicitly suggested to a court that it employ the *Pallazola* referral procedure. *See O'Connor v. Commonwealth Gas Co.,* 251 F.3d 262, 273 n. 11 (1st Cir. 2001) ("The [district] court is also free to consider the hybrid procedure…that was adopted in *Pallazola v. Rucker*…in which Judge Keeton opted to defer decision until such time as the state court had determined whether the statute of limitations would bar the claim in state court."). Thus, while SCOR maintains that the First Circuit discarded *Pallazola*, to the contrary, the Court of Appeals has cited to it with approval. *Id.*[7] Accordingly, this Court can and should employ the referral procedure established in *Pallazola.*[8]

---

[7] In its attempt to avoid the procedure set forth in *Pallazola,* SCOR further argues that this case is factually distinguishable from *Pallazola* because the court there was motivated by three factors: (1) "that the plaintiff may be barred from re-filing the action…; (2) the issue had been raised only after four years of extensive proceedings; and (3) some of those proceedings had already involved referral to state malpractice tribunals." Opposition at 19. The court in *Pallazola* made clear, however, that what concerned it the most was the passing of the statute of limitations, and refused to render an opinion as to whether the Massachusetts renewal statute applied. *See* 612 F. Supp. at 769 (noting that because the jurisdictional issue did not arise until "after the statute of limitations on any potential actions in state court had run," the court was "faced with the distressing and inequitable possibility that, [should the case be dismissed], it may never be heard on its merits in any court"). Although Plaintiffs contend that the renewal statute applies here, a contention unrefuted by SCOR, the Court here should likewise leave that determination to a state court willing to take the case, rather than presuming the applicability of the renewal statute and thus dismissing

### III. CONCLUSION

For the foregoing reasons, and those set forth in their moving papers, Plaintiffs respectfully request that this Court render a ruling as to whether it has subject matter jurisdiction, and if such jurisdiction is found to be lacking, initiate a referral of this case to Massachusetts state court, consistent with the process utilized in *Pallazola v. Rucker*, and grant Plaintiffs such other and further relief as is just and proper in the circumstances.

---

the case without any referral procedure.

[8] SCOR's related argument that a court lacking subject matter jurisdiction may *only* dismiss a case and literally do *nothing* else mischaracterizes the case law. The First Circuit recently clarified that even though "orders relating to the *merits* of the underlying action are void if issued without subject matter jurisdiction," "[a] court without subject matter jurisdiction may retain some limited authority to protect its own independent interests in its *procedures*." *Christopher v. Stanley-Bostich, Inc.,* 240 F.3d 95, 100 (2001) (emphasis added). The referral procedure in question does not involve the *merits* of the action, but as explained in the *Pallazola* decision, it is a purely *procedural* mechanism whereby the Court protects its own interests in the management of its docket.

FOLEY HOAG LLP

/s/   Ian J. McLoughlin
Lisa C. Wood, BBO# 543811
Kenneth S. Leonetti, BBO #629515
Ian J. McLoughlin, BBO # 647203
Patrick J. Vallely, BBO # 663866
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000
e-mail - imclough@foleyhoag.com

Attorneys for Plaintiffs

May 12, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of May, 2006, a true copy of the above document was served by facsimile and first class United States mail upon Douglas H. Meal, the attorney of record for Defendant at Ropes & Gray LLP, One International Place, Boston, MA 02110-2624.

/s/   Ian J. McLoughlin
Ian J. McLoughlin, BBO # 647203