UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――x
HIGHFIELDS CAPITAL LTD.,              :
HIGHFIELDS CAPITAL I LP,              :
HIGHFIELDS CAPITAL II LP,             :
                                      :  Civ. No. 04-10624 (MLW)
              Plaintiffs,             :
       v.                             :
                                      :
SCOR, S.A.,                           :
                                      :
              Defendant.              :
―――――――――――――――――――――x

**PROPOSED SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' PROPOSED REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AFFIRM SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO REFER CASE TO STATE COURT**

Defendant SCOR respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Proposed Reply Memorandum of Law in Support of their Motion to Affirm Subject Matter Jurisdiction or, In the Alternative, Refer Case to State Court, in order to address and clarify its numerous misstatements of law and fact.

Highfields' Proposed Reply Memorandum of Law in Support of its Motion (the "Proposed Reply"; cited herein as "Proposed Rep. Mem. __") abandons the pretense that Plaintiffs seek an "affirmance" of the Court's diversity jurisdiction and effectively admits—as it must—that the scanty factual record currently before the Court is insufficient to justify such a request. Indeed, Highfields confesses that it is not even in possession of all the factual information necessary to determine the Plaintiffs' citizenship. (Proposed Rep. Mem. 4 n.2.) Instead of gathering that information, providing it to this

10042552_1.DOC

Court, and advocating a particular interpretation and application of the law, Highfields continues to ask the Court to put the cart before the horse by clarifying certain abstract legal principles that Highfields claims are in doubt in advance of providing a complete factual record upon which those principles can be applied.

This subversion of the adversarial process should not be condoned. Highfields has three—and only three—legitimate options at this point: (1) if it still contends that this Court has subject matter jurisdiction over this action, it should provide SCOR and the Court with the means to ascertain *all* of the factual information necessary to evaluate that contention; (2) if Highfields now believes that the Court does not have subject matter jurisdiction, it should file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(h)(3), supporting that motion with all the factual information and legal authority necessary for SCOR and the Court to evaluate Highfields' new contention that subject matter jurisdiction is lacking here; or (3) if Highfields prefers to seek neither to sustain nor defeat this Court's subject matter jurisdiction over this case, it must ask the Court to approve a voluntary dismissal of the Complaint pursuant to Fed. R. Civ. P. 41(a)(2). Highfields should immediately elect one of these three options and, in the meantime, its pending motion should be denied as inconsistent with fundamental precepts of American jurisprudence.

**I.    HIGHFIELDS' PROPOSED REPLY IS NOT HELPFUL BECAUSE HIGHFIELDS CONTINUES TO AVOID ITS BURDEN TO SUBSTANTIATE ITS ALLEGATIONS.**

Rather than shoulder its obligation to substantiate the factual basis for its motion, Highfields has carefully cherry-picked the information it is willing to supply to SCOR and this Court. (*See, e.g.,* Proposed Rep. Mem. 3 (listing affidavit unsupported by

- 3 -

documentary evidence and redacted documents as sufficient factual basis in support of its motion); *see also* Proposed Rep. Mem. 2 ("there are clear-cut legal issues that may well eliminate any need ever for [] discovery and result in this Court's ruling that there is not subject matter jurisdiction . . . ."); *but see* Proposed Rep. Mem. 4 n.2 ("The information sought by SCOR may not be entirely within the possession of Highfields at present").) Highfields complains that its disclosure obligations are "highly burdensome and invasive," in part because it is not currently in possession of the necessary information. (*See, e.g.,* Proposed Rep. Mem. 1, 4 & n.2.) However, the law does not excuse compliance with its jurisdictional requirements simply because to do so may be challenging or onerous. Moreover, by filing its Complaint in federal court and alleging diversity of citizenship between the parties (an allegation that Highfields essentially now admits to have been lacking a good faith foundation), and more recently, by filing its motion to "affirm" jurisdiction, Highfields imposed this burden on itself. It cannot now refuse to conduct, or attempt to obstruct, the inquiry it should have performed before filing the Complaint by grumbling about its difficulty.

## II.    HIGHFIELDS' PROPOSED REPLY CONTINUES TO ASK THIS COURT FOR AN IMPERMISSIBLE AND UNWARRANTED ADVISORY OPINION

It is an elementary tenet of constitutional law that federal courts may not provide "advance expressions of legal judgment upon issues which remain unfocused." *United States* v. *Fruehauf*, 365 U.S. 146, 157 (1961); *see also Hall* v. *Beals*, 396 U.S. 45, 48 (1969) (federal courts must "avoid advisory opinions on abstract propositions of law"). Requests for legal rulings must be "pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for

decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests." *Fruehauf*, 365 U.S. at 157.

Under the pretextual guise of an unsupported request that this Court "affirm" its subject matter jurisdiction, Highfields has essentially asked the Court to issue an opinion clarifying the applicable law before Highfields takes a position on how that law should be applied and before Highfields provides all the relevant facts. But the purported "concrete questions of law" that Highfields endeavors to characterize as "ripe for the Court's resolution" plainly do not meet constitutional prerequisites for adjudication by a federal court. (Proposed Rep. Mem. 2, 9). First, the questions posed by Highfields have not been "precisely framed" by a "clash of adversary argument." *See Fruehauf*, 365 U.S. at 157. One searches Highfields' motion papers in vain for a definitive articulation of a position on the issues those papers identify.[1] Second, those questions are not yet "necessary for decision." *Id.* Further discovery could obviate any need for the Court to provide the requested legal rulings. For example, Highfields continues to insist that this Court should determine whether the complete diversity rule applies in the context of alienage jurisdiction. (Proposed Rep. Mem. 5 & n.3.) Leaving aside the fact that this hornbook principle should not need clarification,[2] if it is apparent

---

[1] Nowhere is Highfields failure actually to advocate a clear position more apparent than in footnote five to the Proposed Reply. (*See* Proposed Rep. Mem. 7 n.5.) Despite its purported request that this Court "affirm" subject matter jurisdiction, Highfields "concedes that a number of the shareholders of Highfields Capital Ltd. are themselves foreign corporations, thus making Highfields Capital Ltd. a foreign citizen for purposes of Section 1332 if in fact it is not deemed a corporation."

[2] Highfields has yet to cite *any* authority for the proposition that the complete diversity rule may not apply in alienage cases. Instead, Highfields is content to deride SCOR's citations as inconclusive. For example, Highfields claims that *Grupo Dataflux* v. *Atlas Global Group, L.P*, 541 U.S. 567 (2004) is irrelevant because the Court discussed the complete diversity requirement only in the context of describing the procedural history of the case. (Proposed Rep. Mem. 5 n.3.) Although the passage is

through the discovery that SCOR has sought that all of the Plaintiffs are aliens for diversity jurisdiction purposes, the issue would be moot—the Court would lack jurisdiction in any event. Similarly, a ruling concerning the status of a foreign corporation with its principal place of business in a U.S. state would be meaningless if discovery demonstrates that the principal place of business of Highfields Capital Ltd. is the Cayman Islands, which remains a very real possibility.

Moreover, none of the advisory rulings requested by Highfields, regardless of their ultimate resolution, could justify Highfields' ostensible request that the Court "affirm" its jurisdiction on the present record. As SCOR has demonstrated in its Opposition Memorandum, more discovery would be necessary for the Court to reach that conclusion. Thus, it would be senseless for the Court to rule prematurely on the presently

---

included in the Court's discussion of the procedural history of that case, it is a simple statement of an axiomatic principle that the Court did not even hint was questionable: "[B]ecause the defendant, Dataflux, was a Mexican corporation, aliens were on both sides of the case, and the requisite diversity was therefore absent." *Id.* at 569 (citing *Mossman* v. *Higginson*, 4 U.S. 12 (1800)); *see also Gen. Tech. Applications, Inc.* v. *Extro Ltda*, 388 F.3d 114, 122 n. 5 (4th Cir. 2004) ("Although the [*Grupo Dataflux*] Court did not specifically validate this aspect of the case because it was concentrating on whether a later withdrawal of the foreign partners could cure the jurisdictional defect, it would not have reached the issue it did address if the case presented no underlying jurisdictional defect."). In addition, Highfields ignores SCOR's citation to precedent within this jurisdiction that clearly holds that the requirement of complete diversity applies to lawsuits between aliens, *see Heineken Tech. Servs.* v. *Darby*, 103 F. Supp. 2d 476, 477 n.1 (D. Mass. 2000) (no diversity jurisdiction over suit between alien and mixture of aliens and U.S. citizens), and fails to address 28 U.S.C. § 1332(a)(3), which, as SCOR noted in its Memorandum of Law in Opposition to Plaintiffs' Motion (the "Opposition Memorandum"; cited herein as "Opp. Mem. __"), only provides for federal subject matter jurisdiction in cases in which both plaintiffs and defendants are aliens only if there are also U.S. state citizens on both sides of the litigation. (Opp. Mem. 7 n.3.) If the complete diversity rule does not apply in alienage cases, the exception for which Section 1332(a)(3) provides would be wholly unnecessary. Even the treatise cited by Highfields is unequivocal: "The presence of foreign parties on both sides of a litigation destroys diversity if there is not a citizen of the United States on each side of the litigation. Thus, if an alien plaintiff sues an alien and a citizen of a state, there is no diversity jurisdiction, and if the alien defendant is an indispensable party, the case must be dismissed." 15 *Moore's Federal Practice* § 102.77 (2005).

hypothetical legal issues that Highfields has identified until all relevant facts have come to light.  Accordingly, the Court should deny Highfields' motion and immediately order, or permit SCOR to conduct, the necessary discovery, so that the Court may rule on a proper motion, if one results, after development of a complete factual record.  *See, e.g.*, *Cirino-Encarnación* v. *Concilio de Salud Integral de Loíza, Inc.*, 317 F.3d 69, 72 (1st Cir. 2003) (reversing premature dismissal for lack of subject matter jurisdiction where defendant refused to provide relevant jurisdictional discovery).  Alternatively, if Highfields finds this prospect unacceptable, it can seek the Court's permission to dismiss the action voluntarily under Rule 41(a)(2), Fed. R. Civ. P.

### III.   HIGHFIELDS' PROPOSED REPLY FAILS TO DEMONSTRATE THAT THE COURT HAS THE POWER TO "REFER" THIS LITIGATION TO STATE COURT IN THE ABSENCE OF SUBJECT MATTER JURISDICTION.

Highfields argues in the Proposed Reply that SCOR's Opposition Memorandum "demonstrates at best, a lack of understanding of [the proposed referral] procedure, and at worst, a willful ignorance of it."  (Proposed Rep. Mem. 10.)  But Highfields never explains what SCOR supposedly does not understand or willfully has ignored.  To the contrary, the Proposed Reply actually betrays the legal infirmity of Highfields' own position.

Highfields initially notes in the Proposed Reply that the *Pallazola* v. *Rucker* court "distinguished between a *transfer* and a *referral*." *Id.* (emphasis in original).  However, SCOR clearly established in the Opposition Memorandum that this distinction is not a meaningful one, and Highfields has offered no response to that discussion.  (*See* Opp. Mem. 18-19.)  Further, Highfields' observation that the First

Circuit's decision in *Mills* v. *Maine*, 118 F.3d 37 (1st Cir. 1997) did not specifically overrule *Pallazolla* is irrelevant.  The sweeping language of that decision obviously implicates the legitimacy of the proposed referral procedure.  *See id.* at 51 (rejecting transfer to state court and holding that outright dismissal is the "one course of action open to" a court lacking any basis for subject matter jurisdiction).

Highfields also argues that the referral procedure should be available because the First Circuit had explicitly endorsed it subsequent to *Mills*.  (Proposed Rep. Mem. 11 (citing *O'Connor* v. *Comm. Gas Co.*, 251 F.3d 262, 273 n. 11 (1st Cir. 2001)).  However, the decision in *O'Connor* mentioned the procedure only in the context of a district court's determination of whether to exercise discretionary supplemental jurisdiction over state law claims after dismissal of the federal claim on which the original invocation of the court's federal question jurisdiction had been predicated.  *See O'Connor*, 251 F.3d at 272-73 & n.11.  This discretionary retention of jurisdiction is explicitly authorized by 28 USC § 1367(c)(3).  Recognizing that "'[t]he running of the statute of limitations on a pendent claim is a salient factor to be evaluated when deciding whether to retain supplemental jurisdiction,'" the First Circuit instructed that "[t]he [district] court is also free to consider the hybrid procedure [] that was adopted in *Pallazola* v. *Rucker*, [] in which Judge Keeton opted to defer decision until such time as the state court had determined whether the statute of limitations would bar the claim in state court."  *Id.* (citation omitted).  Given the difference in context, *O'Connor* does not constitute an endorsement of a district court's ability to refer a case to state court upon concluding that diversity is lacking—nor could *O'Connor* provide such authority, for, as SCOR demonstrated in the Opposition Memorandum, in the absence of subject matter

- 7 -

jurisdiction a court is powerless to retain an action (even if no other forum would be available) or to direct how any other tribunal should handle the dispute. *See Kokkonen* v. *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute [] which is not to be expanded by judicial decree.") (citations omitted); *Kontrick* v. *Ryan*, 540 U.S. 443 (2004) ("Only Congress may determine a lower federal court's subject matter jurisdiction."); *Ins. Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over the subject matter and the parties."). Thus, Highfields' attempted reliance on *O'Connor* is misplaced.

In a further effort to prop up its argument that the referral procedure is a legitimate exercise of authority by a powerless court, Highfields cites *Christopher* v. *Stanley-Bostich*, 240 F.3d 95, 100 (1st Cir. 2001), in which the First Circuit recognized that "[a] court without subject matter jurisdiction may retain some limited authority to protect its own independent interests in its procedures." (Proposed Rep. Mem. 12 n.8.) However, that decision, as well as the Supreme Court's decision in *Willy* v. *Coastal Corp.*, 503 U.S. 131 (2001), upon which the *Christopher* court relied, do not support the proposition that a federal court without subject matter jurisdiction may refer an action to state court. In *Willy*, the Supreme Court held that the district court retained the power to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, even though it also concluded that it lacked subject matter jurisdiction over the action, noting that a Rule 11 order was within the scope of the Federal Rules and "collateral to the merits." *Id.* at 137. The Court distinguished its prior decision in *United States Catholic Conference* v.

- 8 -

*Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988), in which it held that a civil contempt order issued by a federal court without subject matter jurisdiction would be void, by differentiating between the purposes of the two sanctions:

> Civil contempt is designed to force the contemnor to comply with an order of the court.  Rule 11 is designed to punish a party who has already violated the court's rules.  Given that civil contempt is designed to coerce compliance with the court's decree, it is logical that the order itself should fall with a showing that that the court was without authority to enter the decree.  The interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction.

*Id.* at 139 (citations omitted).

Accordingly, the *Willy* and *Christopher* holdings are limited to unique situations such as Rule 11 determinations when, independent of the particular litigation's disposition, the integrity of the court's procedures is threatened and the court has explicit authorization to act.  These decisions do not stand for the proposition that a district court without subject matter jurisdiction may take so consequential a step as to refer an action to state court merely because such an order may be characterized as procedural.  (The First Circuit essentially acknowledged that point in *Christopher* by citing *United States Catholic Conference* in conjunction with its reference to *Willy*.  *See* 240 F.3d at 100.)  Indeed, if this Court determines that it lacks subject matter jurisdiction over the litigation, the only action *Willy* and *Christopher* would support is an imposition of Rule 11 sanctions if the Court finds that there was a lack of reasonable diligence in alleging in the

Complaint the existence of diversity jurisdiction without ascertaining the relevant law or applicable facts.[3] (*See* Proposed Mem. 4 n.2.)

---

[3] In the Proposed Reply, Highfields reiterates its purported excuse that the First Circuit's recent decision in *Pramco*, *LLC* v. *San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006), announced a previously unrecognized rule that the citizenship of an LLC is determined by the citizenship of its members (Proposed Rep. Mem. 1, 4, 7 n.5, 8, 9.) Repetition of this rationalization cannot make it true. As SCOR explained in the Opposition Memorandum, *Pramco* merely confirmed what had already been decided by a court in this jurisdiction seven years ago, *see JMTR Enters., LLC* v. *Duchin*, 42 F. Supp. 2d 87, 94 (D. Mass. 1999) ("unless and until Congress speaks as to the citizenship of limited liability companies, they are taken to be citizens of the state or states of which their members are citizens"), and was a necessary implication of the Supreme Court's decision, sixteen years ago, in *Carden* v. *Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Significantly, the Proposed Reply does not refute this point. Moreover, even if *Pramco* somehow created new law, the Supreme Court's unmistakable directive that the citizenship of a limited partnership for purposes of diversity jurisdiction constitutes the citizenship of its general and limited partners was an "accepted rule" well before Highfields filed the Complaint *See Grupo Dataflux*, 541 U.S. at 569. A mere glance at the Complaint demonstrates that it does not take account of that firmly established principle. Instead of alleging the citizenship of the general and limited partners of Highfields Capital I LP and Highfields Capital II LP, the Complaint alleged their places of organization and the identity of their investment manager. (Compl. ¶ 13.) These allegations manifest a disregard of the clear, applicable standard.

**RENEWED REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, SCOR hereby renews its request for oral argument.

**CONCLUSION**

For the foregoing reasons, SCOR respectfully requests that the Court deny Plaintiffs' Motion to Affirm Subject Matter Jurisdiction and deny Plaintiffs' Motion In the Alternative to Refer Case to State Court, that the Court order the parties to proceed with the discovery necessary to resolve the jurisdictional issue, that the Court stay all other proceedings in this matter pending resolution of the jurisdictional question, and that the Court grant to SCOR any such other and further relief that the Court may deem just and proper.

|  |  |
|---|---|
| Of Counsel:<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Tel: 212-558-4000<br>Fax: 212-558-3588 | Respectfully submitted,<br><br>ROPES & GRAY LLP<br><br>By: _/s/ Douglas H. Meal_____<br>    Douglas H. Meal (BBO#340971)<br>    Giselle Joffre (BBO#658047)<br><br>    One International Place<br>    Boston, MA 02110-2624<br>    Tel: 617-951-7000<br>    Fax: 617-951-7050<br>    Counsel for Defendant SCOR |

Dated: May 26, 2006
       Boston, Massachusetts

## CERTIFICATE OF SERVICE

        I hereby certify that on this 26th day of May, 2006, I caused a true and correct copy of SCOR's Proposed Sur-Reply Memorandum of Law in Opposition to Plaintiffs' Motion to Affirm Subject Matter Jurisdiction or, In the Alternative, to Refer Case to State Court, to be served by hand upon:

Lisa C. Wood, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts  02210

                                                    _____/s/ Giselle J. Joffre_____
                                                          Giselle J. Joffre, Esq.