UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――――――x
HIGHFIELDS CAPITAL LTD.,                     :
HIGHFIELDS CAPITAL I LP,                     :
HIGHFIELDS CAPITAL II LP,                    :
                                             :  Civ. No. 04-10624 (MLW)
              Plaintiffs,                    :
         v.                                  :
                                             :
SCOR, S.A.,                                  :
                                             :
              Defendant.                     :
―――――――――――――――――――――――x

**DEFENDANT SCOR'S MOTION TO DECLARE HIGHFIELDS'
INVESTOR LISTS NOT "PRIVILEGED MATERIAL"**

PLEASE TAKE NOTICE THAT, upon the accompanying Declaration of Douglas H. Meal and the exhibits appended thereto, a Memorandum of Law In Support of its Motion to Declare Highfields' Investor Lists Not "Privileged Material" and any other submissions as shall be made in support of this motion, Defendant SCOR, by and through its counsel, ROPES & GRAY LLP, shall move this Court for an order declaring that certain documents that appear to comprise investor lists related to the membership of, or investors in, Highfields Capital Ltd., Highfields Capital I LP and Highfields Capital II LP (collectively, "Highfields") are not protected from disclosure in the above-captioned action by the attorney-client privilege. SCOR submits this motion pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, Rule 7.1(b) of the Local Rules of the United States District Court for the District of Massachusetts and Paragraph 21 of the Stipulation and Protective Order, entered in the above-captioned litigation on February 27, 2006 (the

"Protective Order"), which provides that a party may move for an order challenging the other party's designation of documents as inadvertently produced Privileged Material, as that term is defined in the Protective Order.

In support of this Motion, SCOR states (and demonstrates more fully in the Memorandum of Law accompanying this Motion) that it has long been settled under both the federal common law and the law of the Commonwealth of Massachusetts that the attorney-client privilege protects only confidential communications and legal advice requested and conveyed between attorney and client, and that the information included in the investor lists at issue here – which appear to be merely information from a database maintained by Highfields for non-privileged business purposes – reflect no such communications or legal advice. In addition, notwithstanding that the common law and the Federal Rules of Civil Procedure require a party asserting a legal privilege to demonstrate that the privilege exists, properly applies to a particular communication and has not been waived, Highfields has failed to make such a demonstration. Finally, even if any privilege may have existed at some point with respect to the information contained in the investor lists, Highfields waived that privilege by its own actions in this litigation: first by alleging that subject matter jurisdiction based on the diversity of the parties' citizenships exists over this action and most recently by its motion to "affirm" subject matter jurisdiction. As is described in the supporting Memorandum of Law accompanying this Motion, the information included in the Highfields' investor database, including the contents of the investor lists, are highly relevant to, although not dispositive

of, Highfields' pending Motion to "Affirm" Subject Matter Jurisdiction or, in the Alternative, to Refer Case to State Court.

|  |  |
|---|---|
| Of Counsel:<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Tel: 212-558-4000<br>Fax: 212-558-3588 | Respectfully submitted,<br><br>ROPES & GRAY LLP<br><br>By:_____/s/ Douglas H. Meal_____<br>  Douglas H. Meal (BBO#340971)<br>  Giselle Joffre (BBO#658047)<br><br>  One International Place<br>  Boston, MA 02110-2624<br>  Tel: 617-951-7000<br>  Fax: 617-951-7050<br>  Counsel for Defendant SCOR |

Dated: June 8, 2006
       Boston, Massachusetts

## CERTIFICATION OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for SCOR conferred with counsel for Plaintiffs in a good faith effort to resolve the issues set forth herein.

                                                */s/ Giselle J. Joffre*
                                                Giselle J. Joffre, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2006, I caused a true and correct copies of the foregoing document, Defendant SCOR's Motion To Declare Highfields' Investor Lists Not "Privileged Material", to be served by hand upon:

    Lisa C. Wood, Esq.
    Foley Hoag LLP
    Seaport World Trade Center West
    155 Seaport Boulevard
    Boston, Massachusetts  02210

                                                */s/ Giselle. J. Joffre*
                                                Giselle J. Joffre, Esq.

10054091_1.DOC