**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

—————————————————————X
HIGHFIELDS CAPITAL LTD.,                    :
HIGHFIELDS CAPITAL I LP,                    :
HIGHFIELDS CAPITAL II LP,                   :
                                            :    Civ. No. 04-10624 (MLW)
                          Plaintiffs,       :
               v.                           :
                                            :
SCOR, S.A.,                                 :
                                            :
                          Defendant.        :
—————————————————————X

**DEFENDANT SCOR'S MOTION FOR LEAVE TO FILE**
**SUPPORTING MATERIALS UNDER SEAL**

Defendant SCOR respectfully requests leave, pursuant to Local Rule 7.2, to file under seal exhibits numbered 1, 2, 3, 4, 5, 6, 8, and 13 to the accompanying Declaration of Douglas H. Meal In Support of Defendant SCOR's Motion to Declare Highfields' Investor Lists Not "Privileged Material" (the "Declaration of Douglas H. Meal").

As grounds for this motion, SCOR states the following:

1.     Pursuant to a *Stipulation and Protective Order* entered by the Court on February 27, 2006 (the "Protective Order"), the parties may designate material for protection under the Protective Order as either "Confidential" or "Highly Confidential."  In addition, the Protective Order provides that a party receiving notice of an inadvertent disclosure information designated as "Privileged Material" may move for an order challenging that designation, and may attach to its motion copies of the material

in question for *in camera* review by, or filing under seal with, the Court. Under the terms of the Protective Order:

(a) "Confidential Information" may include all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses; current or former personnel, including officers, directors or employees, of any party to the Action; information or documents subject to confidentiality or non-disclosure agreements with third parties, medical information; or other commercially sensitive or proprietary information;

(b) "Highly Confidential Information" may include non-public materials containing information related to trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7), including, but not limited to, minutes of meetings of the Board of Directors of both SCOR and IRP or committees of those Boards of Directors, that is entitled to a higher level of protection than Confidential Information because of its commercial sensitivity and the likelihood of harm resulting from disclosure, and;

(c) "Privileged Material" may include material that a party "believes constitutes, contains or reflects information otherwise protected by any applicable privilege or immunity from discovery, including without limitation the attorney-client privilege and the word product doctrine." Protective Order ¶¶2(a)-2(b), 21.

2.      Pursuant to Paragraph 21 of the Protective Order, documents designated by a party as inadvertently produced "Privileged Material" may be filed under seal, for *in camera* inspection by the Court, by the party disputing the designation.

3.      Pursuant to Paragraph 15 of the Protective Order, the exhibits designated as "Confidential" or "Highly Confidential" must be filed under seal in accordance with the Court's rules, with redacted copies provided for the public record.

4.      Plaintiffs have designated the exhibits to the Declaration of Douglas H. Meal numbered 1, 2, and 3 as "Privileged Material." These documents are lists of some or all of the members of, or investors in, each of the respective Plaintiffs. SCOR disputes Plaintiffs' designation of the documents as Privileged Material.

5.      Plaintiffs have designated the exhibits to the Declaration of Douglas H. Meal numbered 4, 5, 6 and 13 as "Highly Confidential."  These documents are essentially blank pages bearing the legend "Redacted as Privileged Material pursuant to May 5, 2006 letter."  Inasmuch as Highfields has redacted from these pages all substantive content, SCOR disputes Plaintiffs' designation of these documents as "Highly Confidential" and asserts that Plaintiffs' confidentiality designations are not well-founded.  Nonetheless because Plaintiffs have designated these essentially blank pages as "Highly Confidential," SCOR is compelled to file them under seal.  Under Paragraph 15 of the Protective Order, however, SCOR also is required to file redacted versions of these documents for the public record.  Inasmuch as Plaintiffs already have redacted all information from these documents other than their production numbers and Plaintiffs' privilege and confidentiality designations, the version of these documents that SCOR is

filing in the public record are identical to the complete versions of these documents filed under seal.

6.    Plaintiffs have designated the exhibit to the Declaration of Douglas H. Meal numbered 8 as "Highly Confidential."  These documents are lists of the "type," "mailing address" and "formation country" of the investor constituency in Plaintiffs Highfields Capital I LP and Highfields Capital II LP.  SCOR disputes Plaintiffs' designation of the documents as "Highly Confidential" and asserts that Plaintiffs' confidentiality designations do not satisfy the Protective Order's definition of "Highly Confidential" material and, therefore, are not well-founded.

7.    Pursuant to Local Rule 7.2 (a) and (c), upon any further order of the Court lifting the impoundment of the materials set forth herein, custody of the materials should be returned to counsel for SCOR: Douglas H. Meal, Esq., Ropes & Gray LLP, One International Place, Boston, Massachusetts, 02110, (telephone (617) 951-7000).  SCOR respectfully requests that the Clerk advise Mr. Meal if the impoundment is lifted and allow him a reasonable amount of time to retrieve the materials from the Court.

For these reasons, SCOR respectfully requests that the Court allow this motion for leave to file under seal the exhibits to the Declaration of Douglas H. Meal numbered 1, 2, 3, 4, 5, 6, 8, and 13.

Respectfully submitted,
SCOR
By its attorneys,

_____/s/ Douglas H. Meal_____
Douglas H. Meal (BBO# 340971)
Giselle J. Joffre (BBO# 658047)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts  02110-2624
 Tel:  617-951-7000
 Fax: 617-951-7050

June 8, 2006


Of Counsel:
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
 Tel:  212-558-4000
 Fax: 212-558-3588

## CERTIFICATION OF COMPLIANCE WITH LR 7.1

I hereby certify that counsel for SCOR conferred with counsel for Plaintiffs in a good faith effort to resolve the issues set forth herein.

_/s/ Giselle J. Joffre _
Giselle J. Joffre, Esq.


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2006, I caused a true and correct copy of the foregoing document, Defendant SCOR's Motion for Leave To File Supporting Materials Under Seal, to be served by hand upon:


Lisa C. Wood, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts  02210

_/s/ Giselle. J. Joffre_
Giselle J. Joffre, Esq.