UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

―――――――――――――――――――X
HIGHFIELDS CAPITAL LTD., :
HIGHFIELDS CAPITAL I LP, :
HIGHFIELDS CAPITAL II LP, :
: Civ. No. 04-10624 (MLW)
          Plaintiffs, :
    v. :
:
SCOR, S.A., :
:
          Defendant. :
―――――――――――――――――――X

**DECLARATION OF DOUGLAS H. MEAL IN SUPPORT OF
DEFENDANT SCOR'S MOTION TO DECLARE HIGHFIELDS'
INVESTOR LISTS NOT "PRIVILEGED MATERIAL"**

      DOUGLAS H. MEAL, ESQ., declares under penalty of perjury that the following is true and correct:

      1.     I am a member of the Bar of Commonwealth of Massachusetts and a member Ropes & Gray LLP, counsel to Defendant SCOR in the above-captioned matter. I submit this declaration in support of SCOR's Motion to Declare Highfields' Investor Lists Not "Privileged Material."

      2.     I am fully familiar with the facts set forth in this declaration, either from personal knowledge or on the basis of documents that have been provided to me.

      3.     Attached hereto as Exhibit 1 is a true and correct copy of a document bearing production numbers HIGH 10118- HIGH 10119. That document is being filed under seal because Plaintiffs designated it as inadvertently produced

- 1 -

- 2 -

Privileged Material under the Stipulation and Protective Order entered in the above-captioned matter on February 27, 2006 (the "Protective Order").  Pursuant to Paragraphs 15 and 21 of the Protective Order, a redacted copy of that document is being filed electronically for the public record and a complete copy is being filed under seal for the Court's *in camera* inspection.

4. Attached hereto as Exhibit 2 is a true and correct copy of a document bearing production numbers HIGH 10127-HIGH 10129.  That document is being filed under seal because Plaintiffs designated it as inadvertently produced Privileged Material under the Protective Order.  Pursuant to Paragraphs 15 and 21 of the Protective Order, a redacted copy of that document is being filed electronically for the public record and a complete copy is being filed under seal for the Court's *in camera* inspection.

5. Attached hereto as Exhibit 3 is a true and correct copy of a document bearing production numbers HIGH 10115-HIGH 10117.  That document is being filed under seal because Plaintiffs designated it as inadvertently produced Privileged Material under the Protective Order.  Pursuant to Paragraphs 15 and 21 of the Protective Order, a redacted copy of that document is being filed electronically for the public record and a complete copy is being filed under seal for the Court's *in camera* inspection.

6. Attached hereto as Exhibit 4 is a true and correct copy of a document bearing production numbers HIGH 10118- HIGH 10119.  That document is

being filed under seal because, although Plaintiffs has redacted all substantive information from the document, Plaintiffs nonetheless designated it "Highly Confidential" under the Protective Order.  Under Paragraph 15 of the Protective Order, SCOR is obligated to file that document under seal because of its "Highly Confidential" designation – even when, as in this circumstance, there does not appear to be any justification for that designation.  Pursuant to Paragraphs 15 of the Protective Order, SCOR must also file copies of that document for the public record.  Inasmuch as that document is devoid of any substantive content, SCOR is filing electronically for the public record copies of that document that are identical to the one that SCOR must file under seal as a result of Plaintiffs' confidentiality designation.

       7.     Attached hereto as Exhibit 5 is a true and correct copy of a document bearing production numbers HIGH 10127-HIGH 10129.  That document is being filed under seal because, although Plaintiffs has redacted all substantive information from the document, Plaintiffs nonetheless designated it "Highly Confidential" under the Protective Order.  Under Paragraph 15 of the Protective Order, SCOR is obligated to file that document under seal because of its "Highly Confidential" designation – even when, as in this circumstance, there does not appear to be any justification for that designation.  Pursuant to Paragraphs 15 of the Protective Order, SCOR must also file copies of that document for the public record.  Inasmuch as that document is devoid of any substantive content, SCOR is filing electronically for the public record copies of that document that are identical to the one that SCOR must file under seal as a result of Plaintiffs' confidentiality designation.

- 4 -

8. Attached hereto as Exhibit 6 is a true and correct copy of a document bearing production numbers HIGH 10115-HIGH 10117. That document is being filed under seal because, although Plaintiffs has redacted all substantive information from the document, Plaintiffs nonetheless designated it "Highly Confidential" under the Protective Order. Under Paragraph 15 of the Protective Order, SCOR is obligated to file that document under seal because of its "Highly Confidential" designation – even when, as in this circumstance, there does not appear to be any justification for that designation. Pursuant to Paragraphs 15 of the Protective Order, SCOR must also file copies of that document for the public record. Inasmuch as that document is devoid of any substantive content, SCOR is filing electronically for the public record copies of that document that are identical to the one that SCOR must file under seal as a result of Plaintiffs' confidentiality designation.

9. Attached hereto as Exhibit 7 is a true and correct copy of the Protective Order.

10. Attached hereto as Exhibit 8 is a true and correct copy of a letter from Kenneth S. Leonetti to Douglas H. Meal, dated April 27, 2006, enclosing documents bearing production numbers HIGH 13254-HIGH 13260. The documents bearing production numbers HIGH 13254-60 are being filed under seal because Plaintiffs designated them as "Highly Confidential" under the Protective Order. Pursuant to Paragraph 15 of the Protective Order, redacted copies of those documents are being filed electronically for the public record.

11. Attached hereto as Exhibit 9 is a true and correct copy of an e-mail from Giselle J. Joffre to Kenneth Leonetti, dated May 2, 2006.

12. Attached hereto as Exhibit 10 is a true and correct copy of a letter from Lisa Wood to Douglas H. Meal, dated May 5, 2006.

13. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Ellen V. Holloman to Lisa Wood, dated May 9, 2006.

14. Attached hereto as Exhibit 12 is a true and correct copy of a letter from Lisa Wood to Ellen V. Holloman, dated May 10, 2006.

15. Attached hereto as Exhibit 13 is a true and correct copy of a letter from Joshua McGuire to Ellen V. Holloman, dated May 10, 2006, enclosing documents bearing production numbers HIGH 10077, HIGH 10098-HIGH 10099, HIGH 10100, HIGH 10114, HIGH 10015-HIGH 10017, HIGH 10018-HIGH 10019, HIGH 10120-HIGH 10123, HIGH 10124-HIGH 10126, HIGH 10127-HIGH 10129, HIGH 10130-HIGH 10133, HIGH 10134-10135 and HIGH 10144-10177. The documents bearing the production numbers set forth above are being filed under seal because, although Plaintiffs has redacted all substantive information from the documents, Plaintiffs nonetheless designated them "Highly Confidential" under the Protective Order. Under Paragraph 15 of the Protective Order, SCOR is obligated to file these documents under seal because of their "Highly Confidential" designation – even when, as in this circumstance, there does not appear to be any justification for that designation. Pursuant to Paragraphs 15 of the Protective Order, SCOR must also file copies of those documents for the public record.

- 6 -

Inasmuch as those documents are devoid of any substantive content, SCOR is filing electronically for the public record copies of those documents that are identical to the ones that SCOR must file under seal as a result of Plaintiffs' confidentiality designation.

Executed in Boston, Massachusetts on June 8, 2006.

_____/s/ Douglas H. Meal_____
Douglas H. Meal
