**MEAL DECLARATION
EXHIBIT 11**

## SULLIVAN & CROMWELL LLP

A LIMITED LIABILITY PARTNERSHIP

TELEPHONE: +44 (0) 20-7959-8900
FACSIMILE: +44 (0) 20-7959-8950
WWW.SULLCROM.COM

*One New Fetter Lane*
*London EC4A 1AN, England*

FRANKFURT • PARIS

LOS ANGELES • NEW YORK • PALO ALTO • WASHINGTON, D.C.

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 9, 2006

*Via Electronic Transfer*
*and Facsimile Transmission*

Lisa C. Wood, Esq.,
   Foley Hoag LLP,
      155 Seaport Blvd.,
         Boston, MA 02210-2600.

         Re:    <u>Highfields Capital Ltd. v. SCOR, S.A.</u>, CA 04-10624

Dear Lisa:

        I write in response to your letter to Doug Meal of May 5, 2006, and to confirm that SCOR objects to your request that we return to you twelve documents that you characterize as inadvertently disclosed privileged materials. In particular, we do not agree that documents bearing production numbers HIGH 10115-17, HIGH 10118-19 and HIGH 10127-29 (the "Investor Documents") reasonably could be recognized or classified as Privileged Material under Paragraph 21 of the Stipulation and Protective Order, dated February 27, 2006 (the "Stipulation"). SCOR does not address in this letter plaintiffs' attempt to designate and recover as Privileged Material the other documents identified in your May 5 letter because they relate to merits-based issues that should be addressed only after resolution of the jurisdictional questions raised by plaintiffs' pending motion to affirm subject matter jurisdiction. SCOR reserves all rights with respect to those documents, including, among other things, the right to challenge at a later date the designation of those documents as Privileged Material.

        The Investor Documents appear to be lists of investors in Highfields Capital Ltd., Highfields Capital I LP and Highfields Capital II LP, respectively, (collectively, "Highfields"), not communications of legal advice. Moreover, the lists appear to be the predicate, or a part of the predicate, for the assertions in at least one of the two affidavits submitted by Highfields in support of Highfields' pending motion to

Sullivan & Cromwell LLP is a registered limited liability partnership established under the laws of the State of New York.
The personal liability of our partners is limited to the extent provided in such laws. Additional information is available upon request or at www.sullcrom.com.

A list of the partners' names and professional qualifications is available for inspection at the above address.
All partners are either registered foreign lawyers in England and Wales or solicitors. Regulated by the Law Society.

Lisa C. Wood, Esq. -2-

affirm subject matter jurisdiction. Ken Leonetti's e-mail to Giselle Joffre of May 2, 2006 indicated that Highfields sought to change the confidentiality designation of certain of these documents from "Confidential" to "Highly Confidential." To date, however, we have not received from Highfields the replacement pages (bearing the new confidentiality designation) required by Paragraph 7 of the Stipulation in order to effectuate the designation change. It now appears, however, that Highfields seeks to excise these documents from the record altogether, even though they contain information that is directly responsive to SCOR's document requests relating to the subject matter jurisdiction issues that Highfields has raised in its motion.

SCOR does not believe that it is appropriate to either return or disregard documents that relate to matters that Highfields has placed at issue with its motion to affirm subject matter jurisdiction. SCOR would reconsider that view, however, if it could be established that the Investor Documents are protected by a legitimate privilege and that that privilege has not been waived. Accordingly, SCOR requests that Highfields promptly disclose the nature of and basis for the privilege being claimed over the Investor Documents and supply more information concerning the circumstances giving rise to your claim of inadvertent production. Please advise us before the close of business on May 10, 2006 whether and when Highfields intends to provide that information so that SCOR may determine whether and when it would be necessary to file a motion to challenge the designation of the Investor Documents as Privileged Material.

If you believe we have overlooked anything in coming to this conclusion, please let us know so that SCOR may reconsider its position.

Very truly yours,

Ellen V. Holloman

cc: Kenneth S. Leonetti, Esq.
Joshua A. McGuire, Esq.
Ian J. McLoughlin, Esq.
Jocelyn Heyman, Esq.
Patrick Vallely, Esq.
(Foley Hoag LLP)

James H. Carter, Esq.
(Sullivan & Cromwell LLP)

Lisa C. Wood, Esq. -3-

Douglas H. Meal, Esq.
(Ropes & Gray LLP)