**MEAL DECLARATION
EXHIBIT 12**



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

Lisa C. Wood
Partner
Boston Office
617.832.1117
lwood@foleyhoag.com

May 10, 2006

**.pdf File Via E-mail**

Ellen V. Holloman, Esq.
Sullivan & Cromwell LLP
One New Fetter Lane
London EC4A 1AN, England

   Re: ***Highfields Capital Ltd. v. SCOR, S.A.***
     **C.A. No. 04-10624-MLW**

Dear Ellen:

   I write in response your letter dated May 9, 2006, in which you appeared to indicate that SCOR does not intend to comply with the requirements of the February 27, 2006 Stipulation and Protective Order (the "Protective Order"). I am surprised that SCOR has taken a position that is at odds with the Protective Order, particularly in light of the fact that the terms of that order were negotiated by the parties. Indeed, I believe this provision in particular was originally proposed by SCOR.

   The documents identified in my May 5, 2006 letter are protected by the attorney-client privilege, and have been designated as "Privileged Materials" on that basis. Highfields declines to provide additional information about the "nature of and basis for" the privilege being claimed over the documents it has identified as Privileged Material, or the "circumstances giving rise to [Highfields'] claim of inadvertent production," as you requested in your letter. Highfields provided complete information on both of these topics in my letter of May 5, 2006. That the contents of the documents may relate to an issue that is before the Court (an assertion Highfields does not agree with) does not alter the fact that they are privileged and subject to the terms of the Protective Order. Similarly, these documents are not exempted from the Protective Order simply because they may be responsive to SCOR's document requests. I assume that SCOR is not taking the position that documents responsive to requests, or whose contents relate to matters at issue in the case, cannot be withheld on the basis of privilege, and that any such suggestion in your letter was a mistake.

B3200909.1

Ellen V. Holloman, Esq.
May 10, 2006
Page 2

Pursuant to the Protective Order, SCOR is required to set these documents aside and make no further use of them, until or unless the Court grants a motion challenging their designation. Highfields has no further obligation at this stage to explain or prove to your satisfaction the nature of the privilege or the inadvertence of the production. These are precisely the circumstances contemplated by the Protective Order, and I strongly suggest that SCOR abide by its terms.

If SCOR's real concern is how to address the fact that some of these documents have been filed with the Court in connection with SCOR's opposition to the motion to affirm subject matter jurisdiction, I would be happy to discuss how the parties should address that issue. I am available for a telephone conference on that matter any time this afternoon or tomorrow.

To be clear: Highfields expects that SCOR will set aside the documents identified in my May 5, 2006 letter and make no further use of those documents. If SCOR does not intend to comply with the Protective Order in this regard, please inform me immediately.

Very truly yours,

Lisa C. Wood

cc:     Kenneth S. Leonetti, Esq.
        Douglas H. Meal, Esq.
        Giselle J. Joffre, Esq.
        James H. Carter, Jr., Esq.

B3200909.1