UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP,<br><br>          Plaintiffs,<br><br>v.<br><br>SCOR, S.A.,<br><br>          Defendant. | Civil Action No. 04-10624 MLW |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL A SUPPORTING MEMORANDUM, EXHIBITS THERETO, AND AN AFFIDAVIT, AND FURTHER TO FILE CERTAIN MATERIALS FOR THE COURT'S *IN CAMERA* REVIEW

Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP (collectively, "Highfields"), respectfully request leave, pursuant to Local Rule 7.2, to file under seal the following documents: (1) Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Declare Highfields' Investor Lists Not "Privileged Material" and in Support of Plaintiffs' Cross-Motion for a Protective Order Barring Discovery from Plaintiffs' Investors (the "Opposition"); (2) a redacted version of the Affidavit of Joseph F. Mazzella, redacting certain privileged information; (3) all exhibits to the Opposition.

Plaintiffs further respectfully request leave to file with the Court, for its *in camera* review, (1) an unredacted version of the Affidavit of Joseph F. Mazzella and (2) the exhibit to the Affidavit of Joseph F. Mazzella, both of which contain attorney-client privileged information, including the three privileged documents which SCOR claims are not privileged (the "Privileged Documents).

As grounds for this motion, Highfields states the following:

    1.      Pursuant to the Stipulation and Protective Order negotiated by the parties and

ordered by the Court on February 27, 2006 (the "Protective Order"), the parties may designate material for protection under the Protective Order as either "Confidential" or "Highly Confidential." In addition, the Protective Order provides that a party's inadvertent disclosure of "Privileged Material" shall not constitute a waiver of any applicable privilege, and no use shall be made of any such "Privileged Material…without an express, written waiver" from the party that inadvertently produced the material.

Under the terms of the Protective Order:

(a) "Confidential Information" includes all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; current or former personnel, including officers, directors or employees, of any party to the Action; information or documents subject to confidentiality or non-disclosure agreements with third parties; medical information; or other commercially sensitive or proprietary information;

(b) "Highly Confidential Information" includes all non-public materials containing information related to trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7) including, but not limited to, minutes of meetings of the Board of Directors of both SCOR and IRP or committees of those Boards of Directors, that is entitled to a higher level of protection than Confidential Information because of its commercial sensitivity and the likelihood of harm resulting from disclosure, and;

(c) "Privileged Material" includes any material that a "party believes constitutes, contains or reflects information otherwise protected by any applicable privilege or immunity

from discovery, including without limitation the attorney-client privilege and the work product doctrine."

2. Pursuant to Paragraph 15 of the Protective Order, affidavits, briefs, memoranda, or other documents containing or disclosing Confidential Information or Highly Confidential Information must be filed under seal in accordance with the Court's rules, with redacted copies provided for the public record.

3. The Opposition, exhibits attached thereto, and the Affidavit of Joseph F. Mazzella[1] each contain and disclose Confidential Information and Highly Confidential Information. It is therefore appropriate and necessary to file these documents under seal. The Opposition and the Affidavit both discuss sensitive issues regarding Highfields' business. The exhibits to the Opposition are letters between counsel to the parties discussing some of those sensitive issues and characterizing documents that are themselves either Confidential Information or Highly Confidential Information under the Protective Order.

4. Under Paragraph 15 of the Protective Order, Plaintiffs are required to file for the public record redacted versions of the documents filed under seal. Accordingly, Plaintiffs have filed redacted versions of the documents described in the paragraph immediately above for the public record.

5. Paragraph 21 of the Protective Order further provides that a party receiving notice of an inadvertent disclosure of information designated as "Privileged Material" may move for an order challenging that designation, and may attach to its motions copies of the material in question for *in camera* review by the Court. Pursuant to this procedure, SCOR filed with the Court copies of the Privileged Documents. In its Opposition, Plaintiffs explain how in order for

---

[1] Redacted copies of the Opposition and Affidavit of Joseph F. Mazzella are attached hereto as Exhibits A and B for the public record.

examine the entire file in which such documents were contained. Accordingly, in accordance with the Protective Order, Plaintiffs submit the entire file in question, which includes the Privileged Documents as they were originally maintained by Highfields (except for the addition of Bates labels), for *in camera* review by the Court.

6. In addition, Mr. Mazzella explains in paragraph 5 of his Affidavit the nature of the legal advice he gave and the relationship of the Privileged Documents to that advice. Because this information is attorney-client privileged, Highfields also seeks to provide this information to the Court only, for its *in camera* review in connection with SCOR's motion.

WHEREFORE, Plaintiffs respectfully request that the Court allow this motion for leave (a) to file under seal (1) the Opposition (2) a redacted version of the Affidavit of Joseph F. Mazzella, redacting certain privileged information; (3) all exhibits to the Opposition; and further (b) to file with the Court, for its *in camera* review, (1) an unredacted version of the Affidavit of Joseph F. Mazzella, and (2) the exhibit to the Affidavit of Joseph F. Mazzella; and that the Court grant such other and further relief as is just and proper.

          FOLEY HOAG LLP

          /s/ *Ian J. McLoughlin*
          Lisa C. Wood, BBO# 543811
          Kenneth S. Leonetti, BBO #629515
          Ian J. McLoughlin, BBO # 647203
          Patrick J. Vallely, BBO # 663866 Seaport World Trade Center West
          155 Seaport Boulevard
          Boston, MA 02210-2600
          Tel: (617) 832-1000
          Fax: (617) 832-7000
          e-mail - lwood@foleyhoag.com

          Attorneys for Plaintiffs

June 22, 2006

## Rule 7.1 Certification

Pursuant to LR 7.1(A)(2), I hereby certify that counsel to Highfields has left voice-messages for counsel to SCOR in an effort to resolve or narrow the issues subject of this motion, but as of the filing of this motion had not yet heard back. The parties have not been able to fully agree upon the relief requested herein.

/s/    Kenneth S. Leonetti
Kenneth S. Leonetti, BBO# 629515


## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2006, a true copy of the above document was served by hand delivery upon Douglas H. Meal, the attorney of record for Defendant at Ropes & Gray LLP, One International Place, Boston, MA 02110-2624.

/s/    Ian J. McLoughlin
Ian J. McLoughlin, BBO# 647203