UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————x
HIGHFIELDS CAPITAL LTD.,                :
HIGHFIELDS CAPITAL I LP,                :
HIGHFIELDS CAPITAL II LP,               :
                                        :  Civ. No. 04-10624 (MLW)
                Plaintiffs,             :
        v.                              :
                                        :
SCOR, S.A.,                             :
                                        :
                Defendant.              :
———————————————————x

**DEFENDANT SCOR'S CROSS-MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RELATING TO SUBJECT MATTER JURISDICTION**

PLEASE TAKE NOTICE THAT, upon the accompanying Declaration of Douglas H. Meal and the exhibits appended thereto, a Memorandum of Law In Opposition to Plaintiffs' Cross-Motion for a Protective Order and in Support of Defendant SCOR's Cross-Motion to Compel Production of Documents Relating to Subject Matter Jurisdiction and any other submissions as shall be made in support of this Cross-Motion, Defendant SCOR, by and through its counsel, ROPES & GRAY LLP, hereby moves this Court for an order compelling Highfields Capital Ltd., Highfields Capital I LP and Highfields Capital II LP (collectively, "Highfields" or "the Plaintiffs") to provide discovery sufficient to substantiate the Court's subject matter jurisdiction over this case, including complying in full with Request Numbers 34, 35, 36, 37, 65 and 66 of *SCOR's First Request for the Production of Documents by Plaintiffs* ("SCOR's First Request"). SCOR submits this Cross-Motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37.1(b) of the Local Rules of the United States District Court for the District of Massachusetts.

In support of this Cross-Motion, SCOR states (and demonstrates more fully in the Memorandum of Law accompanying this Cross-Motion) that court-ordered jurisdictional discovery is required because Highfields has refused to provide the documents and information requested by SCOR that are unquestionably necessary to substantiate Highfields' invocation of this Court's subject matter jurisdiction and to justify Highfields' recent motion requesting that the Court "affirm" subject matter jurisdiction over this litigation.  The limited information that Highfields has provided voluntarily is plainly insufficient to establish the Court's jurisdiction, and Highfields' pretextual justifications for refusing to provide further information are entirely illegitimate.  Therefore, SCOR respectfully submits that the Court should compel Highfields to provide discovery sufficient to substantiate the Court's subject matter jurisdiction over this case, including all documents and information responsive to Request Numbers 34, 35, 36, 37, 65 and 66 of SCOR's First Request.

|  |  |
|---|---|
| Of Counsel:<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Tel:  212-558-4000<br>Fax:  212-558-3588 | Respectfully submitted,<br><br>ROPES & GRAY LLP<br><br>By:  */s/ Sara M. Beauvalot*<br>Douglas H. Meal (BBO#340971)<br>Giselle Joffre (BBO#658047)<br>Sara M. Beauvalot (BBO#658281)<br>One International Place<br>Boston, MA 02110-2624<br>Tel:  617-951-7000<br>Fax:  617-951-7050<br>Counsel for Defendant SCOR |

Dated: June 28, 2006
         Boston, Massachusetts

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

    I hereby certify that counsel for SCOR conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the areas of disagreement to the greatest possible extent.

                    */s/ Sara M. Beauvalot*
                    Sara M. Beauvalot, Esq.

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 28, 2006, Defendant's Cross-Motion to Compel Production of Documents Relating to Subject Matter Jurisdiction was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    */s/ Sara M. Beauvalot*
                    Sara M. Beauvalot, Esq.