# DECLARATION OF DOUGLAS H. MEAL
## EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HIGHFIELDS CAPITAL LTD., HIGHFIELDS CAPITAL I LP, HIGHFIELDS CAPITAL II LP, | ) ) ) ) | |
| Plaintiffs, | ) ) | **DEFENDANT SCOR'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS BY PLAINTIFFS** |
| v. | ) ) ) ) | |
| SCOR, S.A., | ) ) | Civ. No. 04-10624 (MLW) |
| Defendant. | ) ) ) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 34.1 of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), Defendant SCOR hereby requests, by and through its undersigned attorneys, that plaintiffs, Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, collectively produce for inspection and copying all documents in their possession, custody or control described in these *Defendant's First Request for the Production of Documents by Plaintiffs* (the "Request"), within thirty (30) days of the service of this Request, at the offices of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York, 10004-2498, or at such other time and place as may be mutually agreed, in the manner prescribed by the Federal Rules and Local Rules and in accordance with the Definitions and Instructions contained in this Request.

## DEFINITIONS

A.    The uniform definitions set forth in Local Rule 26.5 are hereby incorporated by reference and apply to these Requests as if fully set forth herein.

B.    The term "affiliates" means, with respect to any person, any other person who or which, directly or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, such person, as well as in the case of the Highfields Entities, any entity that manages those entities and any other entities that are managed by that entity.

C.    The term "Agreements" means the *Subscription Agreement* executed on or about December 21, 2001 by each of the Highfields entities, SCOR, and IRP and the *Shareholders Agreement* executed on or about December 28, 2001 by Highfields, SCOR, IRP Holdings Ltd., Westdeutsche Landesbank Girozentrale, BNP Paribas Ireland, and Compagnie Financiere Ottomane.

D.    The terms "communication" or "communications" have the broadest possible meaning accorded to them by Local Rule 26.5 and include the disclosure, transfer, or exchange of information by every manner or means, whether orally, by document, face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

E.    The term "Complaint" refers to the Complaint in the above-captioned action filed on or about March 31, 2004 in the United States District Court for the District of Massachusetts, Civ. No. 04-10624 (MLW).

F.    The term "concerning" has the broadest possible meaning accorded to it by Local Rule 26.5.

G.    The terms "document" or "documents" have the broadest possible meaning accorded to them by Federal Rule 34 and Local Rule 26.5 and include, without

- 2 -

limitation, any recording in any tangible form of any information, whether handwritten, typed, printed, stored on computer disks, tapes or databases, or otherwise retained or reproduced. "Document" or "documents" also include all drafts and copies that are not identical to the original in any way whatsoever, including copies or drafts with notations on the front or back of any of the pages thereof.

      H.     The terms "employee" or "employees" mean any person or persons who at any time during the relevant time period acted or purported to act on behalf of Highfields, including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors and consultants.

      I.     The terms "Highfields," "you" and "your" mean (i) Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP, individually and collectively (the "Highfields Entities"); (ii) any or all entities directly or indirectly related to, or affiliated with any of the Highfields Entities, including Highfields Capital Management LP, all entities managed by Highfields Capital Management LP, and all other predecessors, successors, parent companies, subsidiaries, joint ventures, divisions, general partners, limited partners, affiliates and assigns of any of the Highfields Entities (all the entities described in this clause (ii) being referred to herein as the "Highfields Affiliates," provided, however, that the IRP Entities shall not be deemed to be Highfields Affiliates); and (iii) each and every respective officer, director, employee, representative, and agent, of any of the Highfields Entities or the Highfields Affiliates, either individually or collectively, including Richard Grubman, Brian Chu, Kenneth Colburn, Joseph Mazella, and Matthew Botein.

      J.     The term "identify" has the broadest possible meaning accorded to it by Local Rule 26.5.

LONDON:252375.10

K.    The term "IRP" means (i) IRP Holdings Limited and Irish Reinsurance Partners Limited, individually and collectively (the "IRP Entities"); (ii) any or all entities directly or indirectly affiliated with any of the IRP Entities, including all predecessors, successors, parent companies, subsidiaries, joint ventures, divisions, affiliates and assigns of any of the IRP Entities (all the entities described in this clause (ii) being referred to herein as the "IRP Affiliates," provided, however, that neither SCOR nor the SCOR Affiliates, nor the Highfields Entities nor the Highfields Affiliates shall be deemed to be IRP Affiliates); and (iii) each and every officer, director, employee, representative, and agent of any of the IRP Entities or the IRP Affiliates, either individually or collectively.

L.    The term "Litigation" means the above-captioned litigation pending in the United States District Court for the District of Massachusetts.

M.    The term "person" has the broadest possible meaning accorded to it by Local Rule 26.5.

N.    The term "PPM" means the private placement memorandum initially provided to Highfields in November 2001 and dated December 21, 2001, and any modifications or revisions to, or supplements or versions of, that memorandum.

O.    The term "Quota Share Agreements" means the quota share retrocession agreements, including any modifications, revisions, supplements or renewals of any such agreements, entered into between IRP and SCOR on or about January 1, 2002.

P.    The terms "representative" or "representatives" mean any person who has worked or is working for, or has acted or is now acting on behalf or in the name of, the represented entity, including any agent, official, director, employee, trustee, officer, attorney, attorney-in-fact, consultant, accountant, servant, limited partner, general partner, investigator,

- 4 -

investment advisor, analyst, broker, broker-dealer, dealer or any other person acting or purporting to act on behalf of the represented entity.

      Q.    The term "SCOR" means (i) SCOR; (ii) any or all entities directly or indirectly affiliated with SCOR, including all predecessors, successors, parent companies, subsidiaries, joint ventures, divisions, affiliates and assigns of SCOR (all of the entities described in this clause (ii) being referred to herein as the "SCOR Affiliates," provided, however, that the IRP Entities shall not be deemed to be SCOR Affiliates); and (iii) each and every officer, director, employee, representative, and agent of SCOR or any of the SCOR Affiliates, either individually or collectively.

## INSTRUCTIONS

      A.    This Request calls for all documents in your possession, custody, or control, regardless of where those documents are located.

      B.    All documents are to be produced as they are kept in the usual course of business so that SCOR can ascertain the files in which they were located, their relative order in those files and how those files were maintained.

      C.    Documents not otherwise responsive to this Request shall be produced if those documents are attached to documents called for by this Request or constitute routing slips, transmittal memoranda, letters, comments, evaluations, notations or similar materials in respect of documents called for by this Request.

      D.    Documents attached to each other should not be separated.

      E.    All documents responsive to this Request that are maintained in the usual course of business in electronic format shall be produced in their native format along with software necessary to interpret those files if that software is not readily available in

- 5 -

accordance with the approach and procedures to be agreed upon by the parties to the Litigation or directed by the Court. SCOR requests that you preserve all electronic documents in their current native format, that no revisions to such documents be made, and that you preserve all metadata for such documents.

       F.    If you object to any portion of this Request, state with specificity the grounds for each such objection and produce all documents responsive to the remainder of the Request.

       G.    If you claim that a document is privileged or otherwise protected from disclosure, submit, at the time that a response to this Request is due, a written statement for each document that identifies:

      (i)    the type of document;

      (ii)    the subject matter of the document;

      (iii)    the date on which the document was prepared or transmitted;

      (iv)    any person participating in the preparation or transmission of the document;

      (v)    any person to whom the document or its contents have been disclosed;

      (vi)    if the document reflects or refers to a meeting or communication, any person who was present at, or was a party to, the meeting or communication; and

      (vii)    the nature of and specific basis for the claimed privilege or protection.

       H.    If information is redacted from a document produced pursuant to this Request, identify the redaction by stamping the word "Redacted" on the document at the place from which the information has been redacted and separately log each redaction on a redaction log, supplying information for each redaction that identifies:

- 6 -

(i)     the type of document

(ii)    the subject matter of the document;

(iii)   the date on which the document was prepared or transmitted;

(iv)    any person participating in the preparation or transmission of the document;

(v)     any person to whom the document or its contents have been disclosed;

(vi)    if the document reflects or refers to a meeting or communication, any person who was present at, or was a party to, the meeting or communication.

(vii)   the nature of and specific basis for the redaction.

I.    In construing this Request: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this Request all information that might otherwise be construed to be outside its scope; (iv) use of the past tense of a verb shall be read to include the present, and the use of the present tense shall be read to include the past; (v) the word "any" shall be read to mean each and every; and (vi) the word "including" shall be read to mean including without limitation.

J.    This Request and specific requests contained within it are continuing in nature and You are requested to supplement your responses to, and document production pursuant to, the Request in accordance with Federal Rule of Civil Procedure 26(e).

## RELEVANT TIME PERIOD

Unless otherwise stated in this Request, all the document requests in this Request refer to documents created, disseminated or considered during the period October 1, 2001 to July 31, 2005 (the "Relevant Time Period"), and to all documents and information concerning, in whole or in part, that period, or events or circumstances during that period,

even if dated, prepared, generated, used or received prior or subsequent to the Relevant Time Period. If a different time period is indicated in a particular document request, that time period shall similarly include all documents and information concerning, in whole or in part, that period, or events or circumstances during that period, even if dated, prepared, generated, used or received prior or subsequent to that period.

## DOCUMENTS REQUESTED

1.    All documents concerning, discussing, or prepared or reviewed in connection with, any contemplated, proposed or actual acquisition, purchase, sale, transfer, pledge, retention or disposition of any security of, or investment or interest in, IRP by, in the name of or on behalf of, Highfields.

2.    All documents concerning, discussing, or prepared or reviewed in connection with, any contemplated, proposed or actual acquisition, purchase, sale, transfer, pledge, retention or disposition of any security of, or investment or interest in, IRP by, in the name of or on behalf of, any person other than Highfields (with or without involvement by Highfields).

3.    All documents concerning, discussing, or prepared or reviewed in connection with, any proposal, consideration or decision by, in the name of or on behalf of, Highfields to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, IRP, including all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, Highfields or any employees, representatives, or advisors of Highfields concerning or relating to a possible investment in IRP.

- 8 -

4.    All documents concerning, discussing, or prepared or reviewed in connection

with, any proposal, consideration or decision by, in the name of or on behalf

of, any person other than Highfields—with or without involvement by

Highfields—to purchase, sell, transfer, pledge, retain or dispose of, or not to

purchase, sell, transfer, pledge, retain or dispose of, any security of, or

investment or interest in, IRP, including all documents concerning, discussing

or prepared or reviewed in connection with, any due diligence, investigation,

analysis, assessment, study, or inquiry by, in the name of or on behalf of, any

person other than Highfields or any employees, representatives, or advisors of,

any person other than Highfields concerning or relating to a possible

investment in IRP.

5.    All documents concerning, discussing, or prepared or reviewed in connection

with, any contemplated, proposed or actual acquisition, purchase, sale,

transfer, pledge, disposition or retention of any security of, or investment or

interest in, SCOR by, in the name of or on behalf of, Highfields.

6.    All documents concerning, discussing, or prepared or reviewed in connection

with, any contemplated, proposed or actual acquisition, purchase, sale,

transfer, pledge, disposition or retention of any security of, or investment or

interest in, SCOR by, in the name of or on behalf of, any person other than

Highfields (with or without involvement by Highfields).

7.    All documents concerning, discussing, or prepared or reviewed in connection

with, any proposal, consideration or decision by, in the name of or on behalf

of, Highfields to purchase, sell, transfer, pledge, retain or dispose of, or not to

purchase, sell, transfer, pledge, retain or dispose of, any security of, or

- 9 -

investment or interest in, SCOR, including, all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, Highfields or any employees, representatives, or advisors of Highfields concerning or relating to a possible investment in SCOR.

8.    All documents concerning, discussing, or prepared or reviewed in connection with, any proposal, consideration or decision by, in the name of or on behalf of, any person other than Highfields—with or without involvement by Highfields—to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, SCOR, including, all documents concerning, discussing or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, any person other than Highfields or any employees, representatives, or advisors of any person other than Highfields concerning or relating to a possible investment in SCOR.

9.    All documents concerning, discussing or prepared or reviewed in connection with, any information provided to, or reviewed, considered, or relied upon by, in the name of or on behalf of, Highfields in deciding whether to make an initial investment or any subsequent investment in IRP or any disposition of any interest or security in IRP, including all documents concerning, discussing or prepared or reviewed in connection with, any evaluation or consideration of any risks actually or potentially involved in investing, or retaining or disposing of any interest, in IRP.

- 10 -

10. All documents concerning, discussing, or prepared or reviewed in connection with, any assessment of, inquiry into, or analysis of, IRP's earnings, reserves, commercial, competitive or financial condition, credit rating or prospects.

11. All documents concerning, discussing, or prepared or reviewed in connection with, any assessment of, inquiry into, or analysis of, SCOR's earnings, reserves, commercial, competitive or financial condition, credit rating or prospects.

12. All documents concerning, discussing, or prepared or reviewed in connection with, any assessment of, inquiry into, or analysis of, the earnings, reserves, commercial, competitive or financial condition, credit rating or prospects of any insurance, reinsurance or retroscessionaire company other than SCOR or IRP.

13. All documents concerning or discussing any of the Agreements (including any draft, revision or modification thereof), including all documents concerning, discussing, or prepared or reviewed in connection with, the preparation, negotiation, execution or interpretation of any of the Agreements.

14. All documents concerning or discussing the PPM (including any draft, revision or modification thereof), including all documents concerning, discussing, or prepared or reviewed in connection with, the preparation, negotiation, distribution, analysis, execution or interpretation of the PPM.

15. All documents concerning or discussing the Quota Share Agreements (including any draft, revision or modification thereof), including all documents concerning, discussing, or prepared or reviewed in connection

- 11 -

with, (a) the drafting, preparation, negotiation, distribution, analysis, execution, interpretation, amendment or contemplated amendment, termination or contemplated termination of the Quota Share Agreements, or (b) any evaluation, analysis, understanding, communication, consideration or inquiry of or as to or relative to the terminability of, or the termination rights provided or not provided in, the Quota Share Agreements.

16.    All documents concerning or discussing any reinsurance or retrocessional agreement, including any quota share agreement or similar arrangement, (including any revision or modification thereof) involving any insurance, reinsurance or retrocessionaire company, including all documents concerning, discussing, or prepared or reviewed in connection with, the preparation, negotiation, distribution, analysis, execution, interpretation, amendment or contemplated amendment, termination, or contemplated termination of, or rights to terminate, any such agreement or arrangement, from the period October 1, 2001 to the present.

17.    All minutes, notes and other documents concerning, discussing, or prepared or reviewed in connection with, any communications in the course of which any of the following was discussed or referenced:  IRP; SCOR; any actual, proposed or contemplated investment in IRP or SCOR; any actual, proposed or contemplated disposition of any interest in, investment in, or security of, IRP or SCOR; the PPM; the Quota Share Agreements; the Agreements; potential claims against SCOR; or the Litigation.

- 12 -

18.   All documents concerning, discussing, or prepared or reviewed in connection with, the drafting of the allegations in paragraph 34 of the Complaint regarding "adverse selection."

19.   All documents concerning, discussing, or prepared or reviewed in connection with, any communications by, with or involving Mr. Serge Osouf.

20.   All documents concerning, discussing, or prepared or reviewed in connection with, any communication or event described in (including any document concerning or relied upon in drafting the allegations in) Paragraph 64 of the Complaint.

21.   All documents concerning, discussing, or prepared or reviewed in connection with, any communication by, to or with Highfields or any current or former, officer, director, partner, employee, representative or agent of Highfields, or any other person acting or purporting to act on Highfields' behalf concerning IRP, SCOR, any contemplated, potential or threatened claim against SCOR or IRP, or the Litigation.

22.   All documents concerning, discussing, or prepared or reviewed in connection with, any communications by, to or with Highfields or any current or former, officer, director, partner, employee, representative or agent of Highfields, or any other person acting or purporting to act on Highfields' behalf concerning any insurance, reinsurance or retroscessionaire company other than IRP or SCOR.

23.   All documents concerning, discussing, or prepared or reviewed in connection with, any communications by, to or with SCOR or any current or former

- 13 -

officer, director, employee, representative, agent, shareholder of, or investor in, SCOR, or any other person acting or purporting to act on SCOR's behalf concerning SCOR, IRP, Highfields, any contemplated potential or threatened claims against SCOR or IRP, or the Litigation.

24.     All documents concerning, discussing, or prepared or reviewed in connection with, any communication by, to or with IRP, or any current or former officer, director, employee, representative, agent, shareholder of, or investor in, IRP, concerning IRP, SCOR, Highfields, any contemplated, potential or threatened claims against SCOR or IRP, or the Litigation.

25.     All documents, including any correspondence or press releases, concerning, discussing, or prepared or reviewed in connection with, any communication by, to or with any securities analyst, media reporter or representative, investor or potential investor in IRP or SCOR, or any other person concerning SCOR, IRP, any actual or potential claims against SCOR, or the Litigation.

26.     All documents (including any annual, quarterly or other reports issued by SCOR or any other statement made by SCOR or any representative of SCOR or any presentation, press release, analyst's or broker's report, newspaper or magazine article, or any other publication) concerning SCOR or its securities.

27.     All documents concerning, discussing, or prepared or reviewed in connection with, any consideration of IRP's commercial, competitive or financial performance, including all documents concerning, discussing, or prepared or reviewed in connection with, any communication concerning IRP's commercial, competitive or financial performance.

- 14 -

28. All documents concerning, discussing, or prepared or reviewed in connection with, any actual, contemplated or proposed capital reduction by IRP.

29. All documents concerning, discussing, or prepared or reviewed in connection with, (a) any contemplated amendment(s) to the Agreements, or (b) any other proposal, attempt or suggestion by Highfields to change in any way the relationship between IRP and SCOR, IRP and Highfields, or Highfields and SCOR.

30. All documents concerning, discussing, or prepared or reviewed in connection with, any offer, proposal, suggestion or request, by Highfields or by any other person, that Highfields or any other person exchange, transfer or otherwise dispose of any contemplated, proposed or actual interest or investment in IRP, including all documents concerning, discussing, or prepared or reviewed in connection with, any consideration of, or response to, any such offer, proposal, suggestion or request.

31. All documents concerning, discussing, or prepared or reviewed in connection with, any actual, contemplated or proposed effort by Highfields or IRP to end IRP's exclusive business relationship with SCOR.

32. All documents concerning, discussing, or prepared or reviewed in connection with, the commercial, competitive or financial performance of any insurance, reinsurance or retrocessionaire companies other than IRP or SCOR, including all documents concerning, discussing, or prepared or reviewed in connection with, the monitoring, evaluation, assessment or analysis of the commercial, competitive or financial performance of any such companies.

- 15 -

33.   All documents concerning, discussing, or prepared or reviewed in connection with any analysis, assessment, evaluation or comparison of the business, earnings, commercial, competitive or financial condition or prospects, reserves or mix of customers of SCOR or IRP with respect or as compared to the business, earnings, commercial, competitive or financial condition or prospects, reserves or mix of customers of any other insurance, reinsurance or retroscessionaire company.

34.   Documents sufficient to show the ownership structure of the Highfields Entities and the Highfields Affiliates, including any changes to that ownership structure.

35.   Documents sufficient to identify every general and limited partner, owner or member of, or investor in, each of the Highfields Entities and the citizenship, place of incorporation or organization, principal place of business and residence of (i) each of the Highfields Entities and (ii) any general and limited partner, owner or member of, or investor in, each of the Highfields Entities, including the following:  For every general or limited partner, owner or member of, or investor in any of the Highfields Entities that is a corporation, provide documents sufficient to identify that corporation's place(s) of incorporation and principal place of business.  For every general or limited partner, owner or member of, or investor in, any of the Highfields Entities that is an unincorporated association, including, without limitation, a partnership, a limited partnership, or a limited liability company, provide documents sufficient to identify that unincorporated association and every general partner, limited partner, member, or owner of, or investor in that unincorporated

- 16 -

association, as well as the citizenship, place or organization, principal place of business and, where applicable, residence of each such association, general partner, limited partner, member, owner or investor. For every general or limited partner, owner or member of, or investor in, either (i) any Highfields Entity or (ii) any partner, owner or member of, or investor in, any such entity who is an individual, provide documents sufficient to identify his or her citizenship and home address. If the individual has resided at his or her current home address for less than one year, provide documents sufficient to identify his or her previous home address.

36. To the extent not already requested, documents sufficient to identify the form of association, including, without limitation, a corporation, a limited liability company, a partnership, or a limited partnership, of each of the Highfields Entities.

37. All agreements and other documents that govern, or establish the terms of, the relationship between any of the Highfields Entities and any partner, investor, or other person with a financial interest, in any of the Highfields Entities.

38. All of Highfields' financial statements or compilations, including any projections, budgets, profit and loss statements, and balance sheets, from, concerning or relating to the Relevant Time Period.

39. All documents concerning, discussing, or prepared or reviewed in connection with, any evaluation, by Highfields or any other person, of the assets held by, or the financial performance of, or the value of any investment made by, any of the Highfields Entities or any of the Highfields Affiliates.

- 17 -

40.    All documents concerning, discussing, or prepared or reviewed in connection
with, any communication by, to or with any investor or partner in, or other
person with a financial interest in, any of the Highfields Entities or any of the
Highfields Affiliates, concerning or discussing any valuation of any of the
assets held by, or the financial performance of, or the value of or the return on
or the profitability of any investment made by, any of the Highfields Entities
or any of the Highfields Affiliates.

41.    All documents concerning, discussing, or prepared or reviewed in connection
with, any transaction, instrument, or investment that Highfields considered,
reviewed, analyzed, assessed, investigated, or discussed from January 1, 1999
to the present.

42.    All documents concerning, discussing, or prepared or reviewed in connection
with any proposed, contemplated or actual acquisition, purchase, sale, transfer,
pledge, disposition or retention of any security of, or investment or interest in,
any insurance, reinsurance or retrocessionaire company other than IRP or
SCOR by, in the name of or on behalf of, Highfields, from the period October
1, 2001 to the present.

43.    All documents concerning or discussing any ownership interest in any
insurance, reinsurance or retrocessionaire company by Highfields or any entity
in which Highfields has an ownership or financial interest, from the period
October 1, 2001 to the present.

44.    All documents concerning, discussing, or prepared or reviewed in connection
with, any proposal, consideration or decision by, in the name of or on behalf

- 18 -

of, Highfields to purchase, sell, transfer, pledge, retain or dispose of, or not to purchase, sell, transfer, pledge, retain or dispose of, any security of, or investment or interest in, any insurance, reinsurance or retrocessionaire other than IRP or SCOR, including all documents concerning, discussing, or prepared or reviewed in connection with, any due diligence, investigation, analysis, assessment, study, or inquiry by, in the name of or on behalf of, Highfields or any representative of Highfields concerning or conducted in connection with a possible investment in any insurance, reinsurance or retrocessionaire company other than IRP or SCOR, from the period October 1, 2001 to the present.

45. All documents concerning or discussing any insurance, reinsurance or retrocessionaire company, including, all documents concerning, discussing, or prepared or reviewed in connection with, the financial, commercial or competitive performance or condition, quota share arrangement, credit rating, rating agency evaluations, earnings, reserves, underwriting practices, reserving practices or quality of underwritten risks of any such company.

46. All documents concerning IRP or any securities of, or interest or investment in, IRP that Highfields has not produced in response to any other request of these Requests.

47. All documents concerning SCOR or the financial condition, performance, prospects, ratings, results, strategy or business practices of SCOR that Highfields has not produced in response to any other request of these Requests.

- 19 -

48. All documents concerning any insurance, reinsurance or retrocessionaire company other than SCOR or IRP that Highfields has not produced in response to any other request of these Requests.

49. All documents concerning or discussing the terms of, including the exchange ratio for, any actual, proposed or contemplated sale, transfer or disposition of any interest or investment in IRP.

50. All documents concerning or discussing any actual, proposed or contemplated indemnification arrangement relating to any actual, proposed or contemplated sale, transfer or disposition of any interest in IRP.

51. All documents concerning, discussing, or prepared or reviewed in connection with, any proposed, contemplated or actual investment by Highfields during the period October 1, 2001 to the present, including all documents concerning, discussing, or prepared or reviewed in connection with, the decision whether to make the investment, the value of the investment, any appreciation or depreciation in the value of the investment, and the profitability of, or return on, the investment.

52. Documents sufficient to show the sources of any funds used by or on behalf of Highfields to acquire any interest or investment in IRP.

53. Documents sufficient to show the uses by or on behalf of Highfields, or the recipients, of the proceeds of Highfields' exchange of any interest or investment in IRP.

- 20 -

54.     All documents (regardless of whether they were created during the Relevant
Time Period) concerning, discussing, or prepared or reviewed in connection
with, any effort by Highfields to raise, acquire or solicit funds or capital
commitments for, or in connection with, any actual, contemplated or proposed
investment, investment vehicle, investment fund or investment partnership
managed or to be managed by Highfields Capital Management L.P. or any
other Highfields Affiliate, including all documents (regardless of whether they
were created during the Relevant Time Period) concerning, discussing, or
prepared or reviewed in connection with, any effort by which any funds or
capital commitments were ever actually or proposed to be or contemplated to
be raised, acquired or solicited for any of the Highfields Entities.

55. .    All documents concerning or discussing any guidelines, policies, procedures,
practices, rules, goals, or criteria regarding investments or investment
decisions that are or may be made or considered by, in the name of or on
behalf of, Highfields, including all documents concerning, discussing or
reflecting: (i) Highfields' investment objectives; (ii) permissible investments
by, in the name of or on behalf of, Highfields; (iii) any risk analysis or risk
evaluation with respect to the purchase, ownership, sale or disposition of
securities or other investments by, in the name of or on behalf of, Highfields;
(iv) Highfields' risk tolerance with respect to the purchase, ownership, sale or
disposition of securities or other investments; (v) any use of consultants or
other advisors with respect to the purchase, ownership, sale or disposition of
securities or other investments by, in the name of or on behalf of, Highfields;
or (vi) any internal and external analysts used by, in the name of or on behalf
of, Highfields for the purpose of acquisition or disposition of securities or

- 21 -

other investments or any evaluation of the results, performance, profitability or return of those securities or investments, from the period October 1, 2001 to the present.

56. All documents concerning, discussing or prepared or reviewed in connection with, any calculation, analysis, or report of any gain or loss from, or any appreciation or depreciation in, each and any investment made or held by, in the name of or on behalf of, Highfields during the period October 1, 2001 to the present.

57. Documents sufficient to identify all persons responsible for advising Highfields concerning any investment decisions during the period October 1, 2001 to the present.

58. Documents sufficient to identify all persons involved in any proposed, contemplated or actual investment in, or any proposed, contemplated or actual disposition of, any interest or investment in any insurance, reinsurance or retrocessionaire company during the period October 1, 2001 to the present, by, in the name or on behalf of, Highfields.

59. Documents sufficient to identify all persons involved in or responsible for Highfields' dealings with either SCOR or IRP and the involvement or responsibilities of each such person in those dealings.

60. Documents sufficient to identify all persons involved in or responsible for monitoring, analyzing, evaluating or assessing Highfields' investment in any insurance, reinsurance or retrocessionaire company and the involvement or

- 22 -

responsibilities of each such person in those matters, during the period October 1, 2001 to the present.

61.  All documents concerning, discussing, or prepared or reviewed in connection with drafting, any of the allegations of the Complaint that Highfields has not produced in response to any other request of these Requests, including the following sources identified or referenced in the Complaint:

(a)  Public filings made with the United States Securities and Exchange Commission;

(b)  Press releases;

(c)  Information regarding the trading of SCOR's securities, including the trading price or trading volumes of any of SCOR's securities;

(d)  Articles in the general press, the financial press and wire services;

(e)  Any public statements by any current or former officer, director, employee, agent, representative or person acting or purporting to act on behalf of SCOR or IRP;

(f)  Any other publicly-available information concerning SCOR or IRP or of any current or former officer, director, employee, agent, representative or person acting or purporting to act on behalf of SCOR or IRP; and

(g)  Any other documents that Highfields or anyone in Highfields' name or on Highfields' behalf relied on, reviewed, referenced, consulted or considered in connection with the preparation of the Complaint.

62.  To the extent not already produced in response to a previous request, all documents supporting, contradicting, prepared or reviewed in drafting, or in any way bearing upon, the allegations of the Complaint.

63.  All documents concerning, discussing, calculating, estimating, analyzing or quantifying to any degree, or reviewed or prepared in connection with any analysis or consideration of, any damages or other pecuniary loss that Highfields claims to have suffered or might have suffered or might suffer by

- 23 -

reason of, or in connection with, Highfields' investment in IRP (whether or not such claimed damages or other pecuniary loss currently is claimed by Highfields in, or in connection with, the Litigation).

64. All documents concerning the location of any communications or other activities concerning, or made or conducted in connection with, Highfields' investment in IRP.

65. Documents sufficient to identify all partners, officers, employees, directors, representatives or any other personnel of Highfields and their respective positions during the period October 1, 2001 to the present.

66. All agreements and other documents concerning or identifying Highfields' organization, structure and ownership during the period October 1, 2001 to the present.

67. Documents sufficient to identify all affiliates of Highfields, including any investment funds, investment vehicles or investment partnerships managed by Highfields Capital Management LP or any of its affiliates, during the period October 1, 2001 to the present.

68. All agreements and other documents concerning or discussing Highfields' investment policies and procedures during the period October 1, 2001 to the present.

69. All documents concerning, discussing, or prepared or reviewed in connection with, any actual, proposed, contemplated or threatened litigation, complaint, demand, challenge, arbitration, hearing, tribunal, or any other dispute

- 24 -

resolution proceeding, adversarial or *ex parte*, involving Highfields

concerning or (allegedly or actually) arising out of any actual, proposed or

contemplated investment or disposition by, in the name of or on behalf of,

Highfields, including all memoranda, correspondence (internal and external,

including e-mail and other electronic means of communication), briefs,

affidavits, discovery requests or responses, transcripts, exhibits or other

documents, during the period October 1, 2001 to the present.

70.     All documents concerning or describing any document retention or destruction

policies, procedures, or practices in effect at Highfields during the period

October 1, 2001 to the present, including any revisions to those policies,

procedures or practices.



Dated:  January 31, 2006
        Boston, Massachusetts


                                Respectfully Submitted,

                                Douglas H. Meal (BBO#340971)
                                Giselle Joffre (BBO#658047)
                                ROPES & GRAY LLP
                                One International Place
                                Boston, MA  02110-2624
                                Tel: (617) 951-7000
                                Fax: (617) 951-7050


                                *Of Counsel*:
                                SULLIVAN & CROMWELL LLP
                                125 Broad Street
                                New York, New York 10004-2498
                                Tel:  (212) 558-4000
                                Fax: (212) 558-3588

                                *Counsel for Defendant SCOR*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January 2006, I caused a true

and correct copy of the foregoing document, DEFENDANT SCOR'S FIRST REQUEST

FOR THE PRODUCTION OF DOCUMENTS BY PLAINTIFFS, to be served by hand upon:

> Lisa C. Wood, Esq.
> FOLEY HOAG LLP
> Seaport World Trade Center West
> 155 Seaport Boulevard
> Boston, MA 02210

Giselle J. Joffre

- 26 -