# DECLARATION OF DOUGLAS H. MEAL
## EXHIBIT 3

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 2 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 1 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 2 of 21

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Highfields Capital Ltd., Highfields Capital I : 
LP, Highfields Capital II LP,                  :
                                               :
                        Plaintiffs,            :   Civ. No. 04-10624 (MLW)
                                               :
              v.                               :
                                               :
SCOR, S.A.,                                    :
                                               :
                        Defendant.             :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, by and between counsel for the parties to the above-

captioned action (the "Action"), subject to the approval of the Court, that the following

Stipulation and Order shall govern the handling of documents and any deposition

testimony, deposition exhibits, interrogatory responses, admissions, and any other

information produced or provided by a party or non-party to this Action in connection

with discovery in the Action (such information is hereinafter referred to as "Discovery

Material").

1.      Discovery Material, or information derived therefrom, shall be

used solely for prosecution or defense of this Action and shall not be used for any other

purpose.

2.      For purposes of this Stipulation and Order, Confidential

Information and Highly Confidential information shall mean the following:

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 3 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 2 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 3 of 21

(a)    "Confidential Information" may include all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; current or former personnel, including officers, directors or employees, of any party to the Action; information or documents subject to confidentiality or non-disclosure agreements with third parties; medical information; or other commercially sensitive or proprietary information.

(b)    "Highly Confidential Information" may include non-public materials containing information related to trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7), including, but not limited to, minutes of meetings of the Board of Directors of both SCOR and IRP or committees of those Boards of Directors, that is entitled to a higher level of protection than Confidential Information because of its commercial sensitivity and the likelihood of harm resulting from disclosure. All protections applicable under this Stipulation and Order to Confidential Information also apply to Highly Confidential Information.

(c)    "Confidential Information" and "Highly Confidential Information" shall not include unaltered copies of any documents in the public domain.

3.    Confidential or Highly Confidential Information may be disclosed only to those persons identified in paragraphs 9 and 10, respectively, below. All persons receiving Confidential or Highly Confidential Information shall be bound by the terms of this Stipulation and Order. If any person violates or threatens to violate any of the terms

-2-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 4 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 3 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 4 of 21

of this Stipulation and Order, the aggrieved party may seek any appropriate relief in this Court.

      4.      Any party may designate documents that are produced as Confidential Information or Highly Confidential Information by (a) stamping each page containing Confidential Information or Highly Confidential Information with the legend "Confidential" or "Highly Confidential," as appropriate, before that page is produced, or (b) by separate written notification of such designation, which may be sent within thirty (30) days after production or such other date as may be agreed upon by the parties to the Action.

      5.      Transcripts of depositions shall be given the protections afforded Highly Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel to give the parties an opportunity to designate information contained in that transcript as Confidential Information or Highly Confidential Information.  A deponent or counsel for the deponent shall designate the portions of the deponent's deposition transcript that qualify as "Confidential" or "Highly Confidential" by page and line number.  Except as otherwise may be agreed to by the parties to the Action, such designations shall be made no more than thirty (30) days after receipt of the complete transcript and shall be communicated to the parties.

      6.      Responses to document requests, interrogatories, and requests for admission may be designated "Confidential" or "Highly Confidential" by (a) so indicating in the response or (b) by separate written notification of such designation within twenty (20) days of the service of the response.

-3-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 5 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 4 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 5 of 21

7.     Failure to designate Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not waive a party's right to later designate such Discovery Material as "Confidential" or "Highly Confidential" or to alter the confidentiality designation of any Discovery Material previously produced or provided in the Action.  No party shall be deemed to have violated this Stipulation and Order, however, if, prior to any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with such later designation.  If a party designates as Confidential or Highly Confidential, or changes the designation of, any Discovery Material after provision of the Discovery Material to any party to the Action, the party making or changing the designation shall provide to all parties to the Action replacement pages bearing a legend indicating the new confidentiality designation.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the new designation and counsel for each party shall be responsible for marking all previously unmarked copies of the designated material in their respective possession or control with the specified designation.

8.     In addition to assigning confidentiality designations to any Discovery Material that it provides, any party to the Action may designate as either Confidential or Highly Confidential any Discovery Material provided by any other person if, in the good faith opinion of that party, the Discovery Material contains information of that party that may be designated as Confidential Information or Highly Confidential Information pursuant to this Stipulation and Order, by providing written notice of the relevant document numbers or other identification within thirty (30) days

-4-

after receiving the Discovery Material. If a party designates as Confidential or Highly Confidential, or changes the designation of, any documents or information, in accordance with this Paragraph 8, after provision of the document or information to any party to the Action, the party making or changing the designation, shall provide to all parties to the Action replacement pages bearing a legend indicating the new confidentiality designation. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the new designation and counsel for each party shall be responsible for marking all previously unmarked copies of the designated material in their respective possession or control with the specified designation. Any disclosure or use of the newly-designated documents or information by another party that was not at the time of the disclosure or use a violation of the terms of this Stipulation and Order shall not be deemed a violation of this Stipulation and Order.

9.    Any party receiving Confidential Information may disclose or make available such information only to the following persons:

(a)    this Court (and any appellate court having jurisdiction over the Action), including court personnel, jurors and alternate jurors;

(b)    the named parties to this Action and their personnel (including without limitation, any officers, directors or employees of any such party) and, counsel to the parties to this Action, and the paralegal, clerical, secretarial, and other staff employed by such counsel;

(c)    court officials involved in this Action (including court reporters or persons operating video equipment at depositions);

-5-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 7 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 6 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 7 of 21

(d)    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(e)    outside services, such as copy services, providing assistance to a party or to counsel for a party to the Action in connection with the Action;

(f)    a witnesses in a deposition, *provided that* that witness is first advised of and agrees on the record to the terms and conditions of this Stipulation and Order or, if that witness refuses to provide that agreement, then counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to the witness, shall explain its terms to the witness, and shall instruct the witness that all persons who view Confidential Information are bound by the terms of this Stipulation and Order. All deposition witnesses to whom such disclosure, advice and instruction have been given shall be bound by this Stipulation and Order;

(g)    deponent and trial fact witnesses and any other witness or potential witness in the Action whom a party believes in good faith will be aided by reviewing the document in preparation for that person's deposition or testimony, *provided that* prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such person is given access to Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A to this Stipulation and Order, to be bound by the terms of the Stipulation and Order. Counsel for the party disclosing the Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

-6-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 8 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 7 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 8 of 21

(h)    outside experts, advisors or consultants retained by any party or by counsel to any party to this Action in connection with the Action, *provided that* prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person.  Before any such expert, advisor or consultant is given access to Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A to this Stipulation and Order, to be bound by the terms of the Stipulation and Order.  Counsel for the party disclosing the Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

(i)    any mediator or arbitrator engaged by the parties to this Action;

(j)    any other person agreed to in writing by all parties and, in the case of Confidential Information produced by a non-party, by such non-party; and

(k)    any individual who authored or previously received the Confidential Information.

10.    Any party receiving Highly Confidential Information may disclose or make available such information only to the following persons:

(a)    this Court (and any appellate court having jurisdiction over the Action), including court personnel, jurors and alternate jurors;

(b)    counsel to the parties in this Action in connection with the Action and in-house counsel to the parties to this Action, and the paralegal, clerical, secretarial, and other staff employed by such counsel;

-7-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 9 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 8 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 9 of 21

(c)    court officials involved in this Action (including court reporters or persons operating video equipment at depositions);

(d)    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(e)    outside services, such as copy services, providing assistance to a party or to counsel for a party to the Action in connection with the Action;

(f)    a witnesses in a deposition, *provided that* that witness is first advised of and agrees on the record to the terms and conditions of this Stipulation and Order or, if that witness refuses to provide that agreement, then counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to the witness, shall explain its terms to the witness, and shall instruct the witness that all persons who view Highly Confidential Information are bound by the terms of this Stipulation and Order.  All deposition witnesses to whom such disclosure, advice and instruction have been given shall be bound by this Stipulation and Order;

(g)    deponent and trial fact witnesses and any other witness or potential witness in the Action whom a party believes in good faith will be aided by reviewing the document in preparation for that person's deposition or testimony, *provided that* prior to the disclosure to such persons of any Highly Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such person is given access to Highly Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A to this Stipulation and Order, to be bound by the terms of the Stipulation and Order.

-8-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 10 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 9 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 10 of 21

Counsel for the party disclosing the Highly Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

(h)    outside experts, advisors or consultants retained by any party or by counsel to any party to this Action in connection with this Action, *provided that* prior to the disclosure to such persons of any Highly Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person.  Before any such expert, advisor or consultant is given access to Highly Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A to this Stipulation and Order, to be bound by the terms of this Stipulation and Order.  Counsel for the party disclosing the Highly Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

(i)    any mediator or arbitrator engaged by the parties to this Action; and

(j)    any individual who authored or previously received the Highly Confidential Information.

11.    All persons who have received Confidential or Highly Confidential Information shall safeguard such information so as to avoid its disclosure to persons who are not eligible to receive that information.  Nothing in this Stipulation and Order shall preclude counsel from giving advice to his or her client in the Action that relies upon, or includes a general evaluation of, Highly Confidential Information; *provided that* counsel shall not disclose the specific contents of any Highly Confidential Information except as otherwise specifically provided in this Stipulation and Protective Order.

-9-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 11 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 10 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 11 of 21

12.     Any party to the Action to whom information designated "Confidential" or "Highly Confidential" is produced may object at any time during the pendency of the Action to the designation of Discovery Material by any other person as "Confidential" or "Highly Confidential." The objection shall be made in writing to counsel for the person making the confidentiality designation regarding the Discovery Material (the "Designator"). Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days of the date of service of the objection, the objecting party shall within ten (10) business days of the date of service of the objection move the Court for an order compelling re-designation of the material in question. The Designator shall have the burden of proof concerning confidentiality. Any opposition to such motion will be filed within ten (10) business days of such motion. In the event of the filing of such motion, all materials whose designation is so objected to shall continue to be treated as Confidential or Highly Confidential Information, as the case may be, until the Court rules to the contrary.

13.     No party to this Action concedes that any documents or information designated by any other person as "Confidential" or "Highly Confidential" actually is confidential or highly confidential.

14.     If any Designator disseminates information that that Designator has designated as "Confidential" or "Highly Confidential" in a manner inconsistent with the claim that it is confidential, any party may assert to the Court that such material is no longer entitled to be treated as Confidential or Highly Confidential Information.

-10-

Case 1:04-cv-10624-MLW   Document 75-4   Filed 06/28/2006   Page 12 of 21
Case 1:04-cv-10624-MLW   Document 48   Filed 02/27/2006   Page 11 of 20
Case 1:04-cv-10624-MLW   Document 47-2   Filed 02/10/2006   Page 12 of 21

15.    The parties shall comply with the Court's Individual Rules concerning the submission of materials under seal. Unless the Court orders otherwise, when affidavits, briefs, memoranda or other documents containing or disclosing Confidential or Highly Confidential Information are filed with the Court, they shall be placed in sealed envelopes or other appropriately sealed containers which shall bear the caption of the action and a notation to the effect that the information contained therein is Confidential or Highly Confidential (or both), as the case may be, and is subject to this Stipulation and Order, and may be examined only in accordance with the terms of this Stipulation and Order. *Redacted copies shall be filed for the public record.* MLW → 7/18

16.    Nothing herein shall prevent any party or third party who has received Confidential or Highly Confidential Information pursuant to this Stipulation (the "Receiver") from producing such Confidential or Highly Confidential Information in response to a lawful subpoena or other compulsory process, *provided that* any party or third party receiving such subpoena or process shall as soon as reasonably practical, prior to producing any Confidential or Highly Confidential Information pursuant to that subpoena or process, give notice thereof to the Designator by facsimile identifying the Confidential or Highly Confidential Information sought and furnish the Designator with a copy of the subpoena or other compulsory process so as to afford the Designator a reasonable opportunity to seek a protective order. If the Designator moves for a protective order, the Receiver shall not thereafter produce such Confidential or Highly Confidential Information except pursuant to a court order requiring compliance with the subpoena or other compulsory process. Nothing herein shall be construed, however, as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge

-11-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 13 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 12 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 13 of 21

any such order requiring production of Confidential or Highly Confidential Information,
or to subject herself, himself or itself to any penalties for noncompliance with any such
order, or to seek any relief from this Court.

17.    Nothing herein shall prevent any party from presenting
Confidential or Highly Confidential Information to the original recipient or author of
such Confidential or Highly Confidential Information.

18.    If Confidential or Highly Confidential Information is produced
pursuant to subpoena or other compulsory process, that information shall continue to be
treated as Confidential or Highly Confidential Information, as the case may be, by all
persons subject to this Stipulation and Order unless and until this Court otherwise directs.

19.    Entering into, agreeing to, producing Confidential or Highly
Confidential Information pursuant to, and/or otherwise complying with the terms of this
Stipulation and Order shall not:

(a)    operate as an admission by any party that any particular
Confidential or Highly Confidential Information designated Confidential or Highly
Confidential by any other person contains or reflects trade secrets or any other type of
Confidential or Highly Confidential information;

(b)    prejudice in any way the rights of any party to object to the
production of documents that that party considers not to be subject to discovery;

(c)    prejudice in any way the rights of any party to object to the
authenticity or admissibility into evidence of any document, testimony or other evidence
subject to this Stipulation and Order;

-12-

Case 1:04-cv-10624-MLW     Document 75-4     Filed 06/28/2006     Page 14 of 21
Case 1:04-cv-10624-MLW     Document 48     Filed 02/27/2006     Page 13 of 20
Case 1:04-cv-10624-MLW     Document 47-2     Filed 02/10/2006     Page 14 of 21

(d)      prejudice in any way the rights of a party as to whether any Confidential or Highly Confidential Information produced by any other person should be subject the terms of this Stipulation and Order; or

(e)      prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Information, or otherwise limit the right of any party to seek enhanced or different protections from the restrictions and procedures set forth in this Stipulation and Order for any particular information deemed by that party to be Confidential or Highly Confidential Information.

20.      Any party may apply to the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application.  This Stipulation and Order also may be modified with the consent of all parties to this Stipulation and Order or by the Court on its own motion, and nothing in this Stipulation and Order shall be deemed to prevent such modification.

21.      A party's inadvertent disclosure in connection with this Action of Discovery Material that that party believes constitutes, contains or reflects information otherwise protected by any applicable privilege or immunity from discovery, including without limitation the attorney-client privilege and the work product doctrine ("Privileged Material"), shall not constitute a waiver, with respect to such Privileged Material or generally, of any such privilege or immunity.  In addition, no use shall be made of any materials that a reasonable attorney would recognize as properly protected by any privilege or immunity without an express, written waiver by the entity that provided the material, referring specifically to the material, and any such specific waiver shall not

-13-

waive any privilege or immunity that may exist as to any other document and will not be considered a general waiver of any privilege or immunity. In the event of an inadvertent disclosure of Privileged Material, the producing party at any time may provide notice to the other parties directing that all copies of the inadvertently disclosed Privileged Material be returned to the producing party and barring any other party from using that material or any copies of that material, or any information derived from that material in this Action or otherwise. The parties receiving that notice shall immediately set aside all copies of the Privileged Material described in the notice and shall not use the Privileged Material, or any information derived from that material, *provided, however*, that any party receiving the notice, after setting aside the Privileged Material, may move, on reasonable notice, and on such grounds other than the inadvertent production of the material, for an order challenging the designation of the material as Privileged Material, and may attach to the motion copies of the material in question for *in camera* review by, or filing under seal with, the Court.

22.    In the event of disclosure of any Confidential Information or Highly Confidential Information to any person or other entity not authorized under the terms of this Stipulation and Order to have access to that information, the party responsible for having made, and any party having knowledge of, that disclosure shall inform counsel for the Designator, within a reasonable time not to exceed ten (10) days, of all information concerning the nature and circumstances of the disclosure. The responsible party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of such information or materials is made by anyone, and each party shall cooperate in good faith in that effort. Nothing provided in

-14-

LONDON:253046.7

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 16 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 15 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 16 of 21

this paragraph shall limit any party's right to seek sanctions from the Court for violation of this Stipulation and Order.

  23. The parties will negotiate in good faith at an appropriate time regarding the protections that should apply at a trial of this Action to information designated by any person as Confidential or Highly Confidential pursuant to this Stipulation and Order, and shall abide by any such protections and/or any orders or directions of the Court concerning the protections to be applied at trial to any such information.

  24. Within sixty (60) days after a judgment in, or dismissal or other resolution of, this Action becomes final and non-appealable, the attorneys for each party that received Confidential or Highly Confidential Information shall (a) return to each person that produced Confidential or Highly Confidential Information all copies of the Confidential or Highly Confidential Information produced by that person or (b) destroy all documents containing Confidential or Highly Confidential Information (including without limitation all copies of Confidential or Highly Confidential Information and documents containing Confidential or Highly Confidential Information made by the recipient and other persons to whom the recipient disclosed Confidential or Highly Confidential Information), and (c) provide a certification of compliance with this paragraph. Counsel for any party to the Action, however, may retain court papers, deposition, hearing and trial transcripts and attorney work product (including without limitation Confidential or Highly Confidential Information that is referenced in, or attached to, any attorney work product), but any Confidential or Highly Confidential Information contained in those materials may not be disclosed to any other person.

-15-

LONDON:253046.7

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 17 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 16 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 17 of 21

25.    In the event additional parties join or are joined in this Action, they shall not have access to Discovery Material until the newly-joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

26.    Each person to whom Confidential Information or Highly Confidential Information is made available under the terms of this Stipulation and Order, consents to jurisdiction of the Court to enforce the terms of this Stipulation and Order, including without limitation being held in contempt of court for violating its terms, and consents to jurisdiction of any other court of competent jurisdiction to enforce the terms of this Stipulation and Order, including without limitation the entry of injunctive relief and/or damages for a violation of its terms.

27.    This Stipulation and Order shall apply with equal force to any Discovery Material produced by any non-party to this Action.  Non-parties may avail themselves of the protections of this Stipulation and Order, and may designate materials produced by them as Confidential or Highly Confidential Information.

28.    This Stipulation and Order shall be effective immediately and shall survive the conclusion of this Action.

29.    This Stipulation and Order shall be without prejudice to the right of any party to seek to modify it, and any party shall have the right to oppose production of any information on any grounds other than confidentiality.  Nothing in this Stipulation and Order shall preclude the Court from modifying it or imposing different or other terms on any Discovery Material or other information provided or generated in the Action.

30.  This Order does not control the use of Confidential Information at trial, which must be addressed separately.  MW 5/27/08

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 18 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 17 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 18 of 21

Dated: January 30 2006

Lisa C. Wood, BBO #5439111
Kenneth S. Leonetti, BBO #629515
Ian J. McLoughlin, BBO #647203
Joshua A. McGuire, BBO #651877
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Counsel for Plaintiffs*

Douglas H. Meal (BBO#340971)
Giselle Joffre (BBO#658047)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Tel: (617) 951-7000
Fax: (617) 951-7050

- and -

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 19 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 18 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 19 of 21

*Of Counsel*:
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for Defendant SCOR*

SO ORDERED this 27 day of ~~January~~ February 2006:

_____

Hon. Mark L. Wolf, U.S.D.J.

-18-

Case 1:04-cv-10624-MLW    Document 75-4    Filed 06/28/2006    Page 20 of 21
Case 1:04-cv-10624-MLW    Document 48    Filed 02/27/2006    Page 19 of 20
Case 1:04-cv-10624-MLW    Document 47-2    Filed 02/10/2006    Page 20 of 21

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
Highfields Capital Ltd., Highfields Capital I :
LP, Highfields Capital II LP,                      :
                                                   :
                        Plaintiffs,                :    Civ. No. 04-10624 (MLW)
                                                   :
            v.                                     :
                                                   :
SCOR, S.A.,                                        :
                                                   :
                        Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER**

      1.     I hereby certify my understanding that Discovery Material is being

provided to me pursuant to the terms and restrictions of the Stipulation and Order entered

by the United States District Court for the District of Massachusetts on January ___,

2006, in the matter of *Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital

II LP,* v. *SCOR, S.A.,* Civ No. 04-10624 (MLW).

      2.     I have read the Stipulation and Order and understand its terms.

Case 1:04-cv-10624-MLW   Document 75-4   Filed 06/28/2006   Page 21 of 21
Case 1:04-cv-10624-MLW   Document 48   Filed 02/27/2006   Page 20 of 20
Case 1:04-cv-10624-MLW   Document 47-2   Filed 02/10/2006   Page 21 of 21

3.       I agree to be fully bound by the Stipulation and Order, and I hereby

submit to the jurisdiction of the United States District Court for the District of

Massachusetts for purposes of enforcement of the Stipulation and Order.  I understand

that violation of the Stipulation and Order is punishable by sanctions, including without

limitation, contempt of court.

Dated: _____, 200_

Signature:_____

Name (Printed):_____

Title & Company_____

_____

-2-