**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

—————————————————————X

HIGHFIELDS CAPITAL LTD.,    :
HIGHFIELDS CAPITAL I LP,    :
HIGHFIELDS CAPITAL II LP,    :
             : Civ. No. 04-10624 (MLW)
        Plaintiffs, :
     v.      :
             :
SCOR, S.A.,        :
             :
       Defendant.

—————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SCOR'S
EMERGENCY MOTION TO STAY ALL NON-JURISDICTIONAL
PROCEEDINGS PENDING RESOLUTION OF THE JURISDICTIONAL
<u>DISPUTE</u>**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and

Rule 37.1(b) of the Local Rules of the United States District Court for the District of

Massachusetts, Defendant SCOR respectfully submits this Memorandum of Law in

support of its emergency Motion to stay all non-jurisdictional proceedings in this matter

pending resolution of the issues that Highfields Capital Ltd., Highfields Capital I LP and

Highfields Capital II LP (collectively, "Highfields" or "the Plaintiffs") have recently

raised concerning the existence of diversity jurisdiction over this action.  Because of the

overriding significance of the threshold matter of whether this Court has subject matter

jurisdiction over this litigation and, therefore, whether there is any basis for the parties to

continue with the litigation activities contemplated by the Court's September 29, 2005
Scheduling Order (the "Scheduling Order"), SCOR respectfully submits that all non-
jurisdictional proceedings should be stayed pending the resolution of those issues.
Moreover, because the deadlines set forth in the Scheduling Order are fast approaching, it
is important for such a stay to be entered immediately—and accordingly for SCOR's
present motion to be considered on an expedited basis—otherwise the parties would be
compelled, given the current deadlines, to proceed with non-jurisdictional proceedings
that could prove wasteful or null if the Court ultimately determines that it lacks subject
matter jurisdiction over this action.

## PRELIMINARY STATEMENT

Highfields has alleged that this Court has subject matter jurisdiction over
its state law claims against SCOR based on the diversity of citizenship between the
parties under 28 U.S.C. § 1332. (Compl. ¶17). Subsequently, Highfields has
acknowledged uncertainty as to the veracity of that allegation and has filed a motion
requesting that the Court "affirm" the existence of subject matter jurisdiction in this
action. (*See* Highfields' *Motion to Affirm Subject Matter Jurisdiction Or, In the
Alternative, to Refer Case to State Court*.) This uncertainty is further highlighted in
Highfields' *Proposed Reply Memorandum of Law in Support of Plaintiffs' Motion to
Affirm Subject Matter Jurisdiction Or, In the Alternative, to Refer Case to State Court*, in
which Highfields effectively concedes that the current record is insufficient to
substantiate an "affirmation" of jurisdiction, and in Highfields' most recent submission,

*Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Declare Highfields' Investor Lists Not "Privileged Material" and in Support of Plaintiffs' Cross-Motion for a Protective Order* (cited herein as "Prot. Order Mem."), in which Highfields contends that it is "almost certain" that subject matter jurisdiction is lacking. (Prot. Order Mem. 15.) .

Proceeding with merits-related discovery in the face of uncertainty as to whether this Court has subject matter jurisdiction over this action—and by extension, the legitimacy of any merits-related discovery between the parties or from nonparties—is both inefficient and potentially duplicative. Because of the disruptive impact that the jurisdictional issues raised by Highfields already have had on the progress of this litigation and their potential to derail this action completely, SCOR submits that all further non-jurisdictional activities in this action should be stayed pending resolution of those jurisdictional issues after the completion of appropriate jurisdictional discovery.

### STATEMENT OF RELEVANT FACTS

The uncertainty as to the existence of this Court's subject matter jurisdiction over this case is highlighted in recent submissions by both parties. Accordingly, SCOR respectfully refers the Court to (i) Highfields' *Memorandum of Law in Support of Plaintiffs' Motion to Affirm Subject Matter Jurisdiction Or, In the Alternative, to Refer Case to State Court*, filed April 19, 2006; (ii) SCOR's *Memorandum of Law in Opposition to Plaintiffs' Motion to Affirm Subject Matter Jurisdiction Or, In The Alternative, to Refer Case to State Court*, filed May 2, 2006; (iii) Highfields'

*Proposed Reply Memorandum of Law in Support of Plaintiffs' Motion to Affirm Subject Matter Jurisdiction Or, In the Alternative, to Refer Case to State Court,* filed May 12, 2006; and (iv) SCOR's *Sur-Reply Memorandum of Law in Opposition to Plaintiffs' Proposed Reply Memorandum of Law in Support of Their Motion to Affirm Subject Matter Jurisdiction Or, In the Alternative, to Refer Case to State Court*, re-filed June 1, 2006, for a description of the jurisdictional dispute implicating the viability of this litigation.

## ARGUMENT

## ALL NON-JURISDICTIONAL PROCEEDINGS, INCLUDING ALL NON-JURISDICTIONAL DISCOVERY, SHOULD BE STAYED PENDING RESOLUTION OF THE JURISDICTIONAL ISSUE.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Air Line Pilots Ass'n* v. *Miller*, 523 U.S. 866, 880 n.6 (1998) (citation omitted); *Microfinancial, Inc.* v. *Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). A court has broad discretion to use that inherent power to stay discovery proceedings while motions that may be dispositive of litigation are pending. *See Aponte-Torres* v. *Univ. of Puerto Rico*, 445 F.3d 50, 58-59 (1st Cir. 2006); *see also Sebago, Inc.* v. *Beazer East, Inc.*, 18 F. Supp. 2d 70, 78 (D. Mass. 1998) (noting grant of discovery stay during pendency of motion to dismiss); *Kleinerman* v. *United States Postal Serv.*, 100 F.R.D. 66, 68 (D. Mass. 1983)

-4-

("[I]t is appropriate to defer discovery until preliminary questions that may dispose of the case are determined."). Accordingly, district courts routinely institute stays of non-jurisdictional proceedings, including merits-related discovery, pending the resolution of jurisdictional questions. *See*, *e.g.*, *Dynamic Image Techs., Inc.* v. *United States*, 221 F.3d 34, 38-39 (1st Cir. 2000) (upholding district court's use of its "broad discretion" to defer discovery pending resolution of a question concerning the court's subject matter jurisdiction); *Kleinerman*, 100 F.R.D. at 68 (noting that it is generally appropriate to stay discovery until the "crucial issue" of jurisdiction is addressed).

Subject matter jurisdiction implicates the "fundamental institutional competence of the court." *McBee* v. *Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). Absent subject matter jurisdiction, a federal court is "powerless to act." *Espinal-Dominguez* v. *Commonwealth of Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003). Thus, discovery orders related to the merits of the action are void if issued under a misapprehension of subject matter jurisdiction. *See United States Catholic Conference* v. *Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988); *Ins. Corp. of Ireland* v. *Compagnie des Bauxites Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."). Resolution of jurisdictional questions, therefore, ordinarily should be a federal court's foremost priority. *See Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also Comfort* v. *Lynn School Comm.*, 418 F.3d 1, 11 (1st Cir. 2005) ("'The general rule is that a court should first confirm the existence of rudiments such as

-5-

jurisdiction and standing before tackling the merits of a controverted case.'") (citation

omitted); *Boston Reg'l Med. Ctr.* v. *Ricks*, 328 F. Supp. 2d 130, 139 (D. Mass. 2004)

("Generally, when a party raises a challenge to the court's subject matter jurisdiction, the

court should address that challenge before turning to any other issues.").  Accordingly,

"[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings

at the outset to a determination of jurisdictional matters."  *United States Catholic*

*Conference*, 487 U.S. at 79-80.

        Notwithstanding these well-settled legal principles, and without any

authority to the contrary, Highfields apparently believes that merits-related discovery

from SCOR and third parties should continue here (*see* Proposed Rep. Mem. 10 n.6),

although Highfields itself has not produced any exclusively merits-related documents to

SCOR since April 6, 2006.  It is clear, however, that proceeding with non-jurisdictional

discovery at this point in this litigation risks wasting the Court's time and resources

issuing potentially void orders resolving merits discovery disputes that Highfields now

suggests the Court might lack the power to adjudicate.[1]  Therefore, because of the

---

[1]        There are significant unresolved disputes between SCOR and Highfields concerning the scope of
substantive discovery that likely would require the Court's intervention in the near future if a stay
were not instituted.  If the Court ultimately concludes that it does not have jurisdiction, any such
intervention would be a nullity and the proceedings relating to that discovery and intervention
would have wasted the Court's and the parties' time and resources.  Further, if it becomes
necessary because of the requirements of French law applicable to SCOR for Highfields to seek
discovery from SCOR pursuant to the *Hague Convention on the Taking of Evidence Abroad in
Civil and Commercial Matters,* Art. 1, et seq., 23 U.S.T. 2555, T.I.A.S. No. 7444, codified at 28
U.S.C. § 1781, this Court would be powerless to issue a letter of request to the appropriate French
tribunal if it were determined that the Court lacks subject matter jurisdiction over this action.

importance of the jurisdictional issues raised by Highfields to the continuing conduct of this litigation, especially the prospect that any further proceedings in this case could be nullified by a determination that subject matter jurisdiction is lacking here, SCOR respectfully requests that the Court stay all non-jurisdictional proceedings pending resolution of the jurisdictional issues.

## REQUEST FOR EXPEDITED CONSIDERATION

SCOR respectfully requests that this Court consider its motion expeditiously because the issues raised by the motion require immediate attention. The jurisdictional issues raised by Highfields cast uncertainty and doubt over the continuing validity and viability of this action. As a result, there exists the distinct possibility that the Court will conclude that it does not have subject matter jurisdiction over this action, rendering null and void any activities taken with respect to the merits of this litigation. Thus, it would be imprudent, if not improper, for the parties to continue with the discovery and other activities subsumed within the Scheduling Order pending resolution of the jurisdictional issues that Highfields has raised. However, without the requested stay, the parties must either attempt to comply with the timing requirements of the Scheduling Order by continuing with merits-related activities while Highfields' motion remains pending with the possible consequence that all such proceedings would be for naught, or risk violating the Scheduling Order. Thus, SCOR respectfully submits that it is necessary for the Court to stay non-jurisdictional proceedings in this matter

-7-

immediately and, accordingly, that the Court consider SCOR's motion for such a stay on an expedited basis.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, SCOR hereby requests an oral argument in support of its Motion.

## CONCLUSION

For the foregoing reasons, SCOR respectfully requests that the Court stay, pending resolution of the jurisdictional issues that Highfields has raised, all non-jurisdictional proceedings in this action; and that the Court grant to SCOR any such other and further relief that the Court may deem just and proper.

Respectfully submitted,

ROPES & GRAY LLP

By:  */s/ Sara M. Beauvalot*
       Douglas R. Meal (BBO#340971)
       Giselle Joffre (BBO#658047)
       Sara M. Beauvalot (BBO#658281)

       One International Place
       Boston, MA 02110-2624
       Tel:  617-951-7000
       Fax:  617-951-7050

       Of Counsel:
       SULLIVAN & CROMWELL LLP
       125 Broad Street
       New York, NY 10004-2498
       Tel:  212-558-4000
       Fax:  212-558-3588

       *Counsel for Defendant SCOR*

Dated: June 29, 2006
       Boston, Massachusetts

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2006, Defendant's Cross-Motion to Compel Production of Documents Relating to Subject Matter Jurisdiction was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


*/s/ Sara M. Beauvalot*
Sara M. Beauvalot, Esq.