UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Highfields Capital Ltd., Highfields Capital I LP, Highfields Capital II LP,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SCOR, S.A.,<br><br>　　　　　Defendant. | Civil Action No.  04-10624 MLW |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO STAY ALL NON-JURISDICTIONAL PROCEEDINGS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION TO STAY ALL PROCEEDINGS**

Plaintiffs Highfields Capital Ltd., Highfields Capital I LP, and Highfields Capital II LP (collectively, "Highfields" or "Plaintiffs") submit this memorandum of law in response to Defendant SCOR, S.A.'s ("SCOR") Motion to Stay All Non-Jurisdictional Proceedings Pending Resolution of the Jurisdiction Dispute (the "Motion"), and in support of Plaintiffs' Cross-Motion to Stay All Proceedings Pending Resolution of the Jurisdiction Motion (the "Cross-Motion").

Highfields does not oppose the partial relief requested by SCOR, per se; namely, that all proceedings in this action related to the underlying merits be stayed pending the resolution by the Court of Highfields' pending subject matter jurisdiction motion (the "Jurisdiction Motion"). Nevertheless, as Highfields has pointed out previously to SCOR, the relief sought by SCOR is incomplete and, instead, *all* proceedings in this case should be stayed pending resolution of the Jurisdiction Motion. The Court may very well determine on the present record that it lacks subject matter jurisdiction and, therefore, the Court may either dismiss this case or refer it to state court without the need for any further discovery or other proceedings. Accordingly,

Highfields respectfully submits that the Court should stay all proceedings, including jurisdictional discovery, pending a ruling on the Jurisdiction Motion. SCOR's continued refusal to agree to a stay only demonstrates further that the purpose of SCOR's discovery demands is to harass Highfields and its investors, rather than to resolve the issues before the Court.

### Relevant Facts and Procedural History[1]

On April 19, 2006, the Plaintiffs filed the Jurisdiction Motion, in which Plaintiffs requested that the Court affirm that it has jurisdiction over this matter or, if the Court determines it lacks subject matter jurisdiction, that the Court refer the case to state court.[2] Highfields filed with the Jurisdiction Motion an affidavit of Joseph Mazzella, Highfields' General Counsel, containing the salient facts concerning the organization and membership of the three Highfields entities that were relevant to any jurisdictional determination. Specifically, Highfields informed the Court that at the time of filing of the Complaint, the general partner of two of the Plaintiffs, Highfields Capital I LP and Highfields Capital II LP, was a limited liability company. *See* Mazzella Aff. ¶ 4. Highfields further informed the Court that one of the members of this limited liability company was a Canadian national residing in Massachusetts. *Id.* Additionally, Highfields provided the Court with organizational information concerning Plaintiff Highfields Capital Ltd. -- most importantly, that this entity is an exempted company organized under the laws of the Cayman Islands. *Id.* at ¶ 7. Highfields has also informed the Court that the owners

---

[1] Because SCOR is seeking a determination of the Motion on an "emergency" basis, Highfields is providing herein a more extensive discussion of the procedural history in the event the Motion is heard by the emergency judge.

[2] Throughout its memoranda relating to the Jurisdiction Motion and other, related, motions, SCOR makes much of the fact that the Jurisdiction Motion contains the word "affirm" in its title. Focusing almost single mindedly on one word in a long title, SCOR has pressed Highfields for extensive and invasive jurisdictional discovery, and SCOR has announced an intent to seek discovery directly from Highfields' investors. SCOR's emphasis is misplaced and mischaracterizes the Jurisdiction Motion. The full title of the Jurisdiction Motion is "Motion to Affirm Jurisdiction, *or, in the Alternative, to Refer Case to State Court*." (emphasis added). Thus, contrary to SCOR's suggestion, Highfields did not merely request an affirmation of jurisdiction. Rather, Highfields recognizes in the Jurisdiction Motion, in both its title and content, that the Court might lack subject matter jurisdiction and requests that if the Court finds it lacks subject matter jurisdiction, that the case should be referred to state court.

of Highfields Capital Ltd. include foreign entities, to the extent such information becomes relevant to any jurisdictional determination.  *See* Plaintiffs' Proposed Reply Memorandum in Support of the Jurisdiction Motion ("Jurisdiction Reply"), at 7 n.5.

In its pleadings concerning the Jurisdiction Motion as well as in papers filed in connection with other discovery disputes initiated by SCOR, Highfields has taken the consistent position that there are a few core legal issues, unresolved in this Circuit, that will determine whether the Court has subject matter jurisdiction.  These issues are essentially pure issues of law, the resolution of which does not require further factual investigation.

Moreover, Highfields concedes that, based on those facts set forth in Mr. Mazzella's affidavit, if the Court follows the weight of authority outside this Circuit, then it would lack subject matter jurisdiction and no amount of factual development will change that result.  *See* Jurisdiction Reply, at 3–10; *see also* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Declare Highfields' Investor Lists Not "Privileged Material," at 13–15 ("Privilege Motion Opposition").  Accordingly, the probable outcome of the Jurisdiction Motion will be either referral of the case to state court or, if this Court deems such a procedure improper, dismissal.[3]  In its opposition to the Jurisdiction Motion, SCOR essentially agrees with Highfields on the pertinent questions of law and at least implies that the Court lacks subject matter jurisdiction.  *See* Jurisdiction Opposition at 8–10 (arguing that a "corporation is a citizen of [every] nation in which it is incorporated" and that only one decision of "any continuing validity" would support an argument that Highfields Capital Ltd.'s foreign country of incorporation can be ignored for jurisdictional purposes); *see also id.* at 11–13 & n.7 (arguing

---

[3] If, in the alternative, the Court determines that the jurisdictional question is unresolvable on the current facts, then there are several efficient and accurate means to gather additional facts without empowering SCOR to engage in the intrusive and unnecessary personal discovery on hundreds of individuals and institutions that have both a legal and a customary expectation of privacy.  *See* Privilege Motion Opposition at 18–19.

that the general partner of two of the Highfields plaintiffs, which is an LLC, has as one of its members a Canadian national who "cannot have been a citizen of a U.S. state," and further arguing that this Canadian individual's citizenship should be imputed to these two Highfields plaintiffs).

Despite the fact that the logical result of SCOR's arguments is that the Court lacks subject matter jurisdiction, SCOR has pressed for deeper, more invasive discovery concerning the jurisdictional citizenship of the three Plaintiffs. SCOR has focused in particular on the identity of the investors in the three Highfields entities in a purported attempt to gather jurisdictional facts that SCOR claims are necessary to resolve the Jurisdiction Motion. To this end, SCOR has filed a motion to deem certain of Highfields' documents not attorney-client privileged information, and has moved to compel Highfields to produce additional discovery concerning its investors.

While Highfields has provided SCOR, and this Court, information concerning the organizational detail of the three Plaintiffs as well as, to the extent relevant, the Plaintiffs' investors, Highfields has refused to disclose to SCOR the identity of its investors for two reasons. First, revealing the identity of those investors would facilitate SCOR's illegitimate attempt to gather discovery directly from Highfields' investors, which would constitute a significant and unnecessary invasion of privacy of such investors. *See* Privilege Motion Opposition at 15–19. Second, such information is irrelevant to the Jurisdiction Motion, since the Court has before it a sufficient record to resolve the Jurisdiction Motion or at least to narrow those issues for further discovery. *See* Privilege Motion Opposition at 13–15. Highfields has already thoroughly briefed its position relating to the privacy concerns of Highfields and its investors in its memorandum in opposition to the Privilege Motion, and incorporates by

reference its arguments therein.  Even if those privacy concerns were not present, however, no further discovery of any sort, be it merits-based or jurisdictional, would be warranted.

### Argument

Further discovery of any sort at this stage of the proceedings is unnecessary and potentially wasteful because there are a number of potential legal rulings that would result in a finding that the Court lacks subject matter jurisdiction.  SCOR admits as much in its citation to numerous cases that stand for the unremarkable proposition that it is appropriate to stay discovery pending the resolution of a preliminary question that may dispose of the case, such as lack of jurisdiction.  *See Aponte-Torres v. Univ. of Puerto Rico,* 445 F.3d 50, 58–59 (1st Cir. 2006); *Sebago, Inc. v. Beazer East, Inc.,* 18 F. Supp. 2d 70, 78 (D. Mass. 1998); *Kleinerman v. United States Postal Serv.,* 100 F.R.D. 66, 68 (D. Mass. 1983); *Dynamic Image Techs., Inc. v. United States,* 221 F.3d 34, 38–39 (1st Cir. 2000).

The possible legal rulings that could end this case without need for any further action by the parties or the Court are set forth in Highfields' reply brief on the Jurisdiction Motion, at page 2.  As SCOR has pressed, the presence of *only one* alien among the Plaintiffs would destroy diversity.  *See* Jurisdiction Opposition at 7 ("[I]f any of the Plaintiffs is also a foreign citizen, complete diversity is lacking and the Court does not have a basis upon which to exercise subject matter jurisdiction.").[4]  If this rule is adopted by the Court, because two of the Plaintiffs are limited partnerships, the presence of *only one* alien among the limited or general partners of

---

[4] This conclusion assumes the Court follows the complete diversity rule of alienage jurisdiction as other courts have applied it.  The complete diversity rule under 28 U.S.C. 1332(a)(2) is an issue that has not yet been determined in the First Circuit or U.S. Supreme Court, although the Supreme Court has referred to the issue in passing.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) (mentioning alienage jurisdiction only in description of procedural history).  While it is uncertain whether the First Circuit would rule counter to the weight of authority on this subject, the fact remains that this issue has not been resolved by any controlling authority and at least one court of appeals has noted the absurdity of this approach.  *Cf. Allendale Mutual Insurance Co. v. Bull Data Systems,* 10 F.3d 425, 428 (7th Cir. 1993) ("[W]hy should the presence of citizens of foreign states destroy diversity unless…they are citizens of the same foreign state? …Exactly what sense this makes rather eludes us.").

plaintiffs Highfields Capital I LP or Highfields Capital II LP would result in the imputation of such foreign citizenship to those entities, thus destroying alienage diversity jurisdiction. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 195 (1990). Moreover, because at least one of the partners is a limited liability company, the presence of only one alien among the members of that company would be imputed to Highfields Capital I LP and Highfields Capital II LP. *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006). In addition, the third plaintiff, Highfields Capital Ltd., is a Cayman Islands exempt company, which could be a foreign citizen for jurisdictional purposes under 28 U.S.C. § 1332(c), if the Court follows the weight of authority holding that foreign corporations are afforded dual citizenship for alienage jurisdiction purposes, with each citizenship being capable of destroying diversity, and refuses to adopt the contrary minority position reflected in *Trans World Hosp. Supplies Ltd. v. Hospital Corp. of America,* 524 F. Supp. 869, 878–79 (M.D. Tenn. 1982).[5] Any one of these legal issues would be dispositive of the jurisdictional dispute, thereby making further jurisdictional discovery both unnecessary and improper. *See Rothrock v. United States,* 62 F.3d 196, 200 (7th Cir. 1995) (holding that it is proper to deny jurisdictional discovery where court's finding of a lack of subject matter jurisdiction is grounded in "applicable statutes and regulations" rather than the additional jurisdictional facts sought through discovery).

      The cases cited by SCOR for the proposition that only proceedings on the merits should be stayed pending resolution of the Jurisdictional Motion in fact support Highfields' position that all proceedings, including jurisdictional discovery, should be stayed. Where a court's jurisdiction is called into question, "the court has broad discretion to defer…discovery if the

---

[5] Again, this issue has not been decided in this Circuit and Highfields cannot presume to know how it would be resolved. SCOR, however, asserts that the Court should follow the weight of authority, which would mean that there is no subject matter jurisdiction over this case, making any further proceedings pointless. *See* Memorandum of Law in Support of SCOR's Motion to Compel at 8–9.

record indicates that discovery is unnecessary (or at least, is unlikely to be useful) in regard to establishing the *essential* jurisdictional facts." *Dynamic Image,* 221 F.3d at 38 (emphasis added). The record before the Court, when viewed in light of the questions of law presented, reveals that the present situation is precisely such a situation where further discovery is "unnecessary" and "unlikely to be useful" to establish the "essential" jurisdictional facts. Accordingly, SCOR's proposal to conduct jurisdictional discovery should be stayed because "[n]othing…suggests that discovery would be remotely productive." *Eastern Food Svcs., Inc. v. Pontifical Catholic Univ. Servs. Assn.,* 357 F.3d 1, 9 (1st Cir. 2004); *see also Goodman Holdings v. Rafidain Bank,* 26 F.3d 1143, 1147 (D.C. Cir. 1994) (upholding denial of jurisdictional discovery where the court could "not see what facts additional discovery could produce that would affect [the court's] jurisdictional analysis"); *see also Hay v. Ind. St. Bd. of Tax Comm'rs,* 312 F.3d 876, 882 (7th Cir. 2002) (holding that a court need not allow jurisdictional discovery where it could find that subject matter jurisdiction is lacking "based on the information before it").[6]

Finally, even if the Court could not resolve the Jurisdiction Motion on the present record, the scattershot approach contemplated by SCOR would be wasteful. Rather, what makes more sense would be for the Court to rule initially on the Jurisdiction Motion, which might narrow any issues requiring further factual development. But what does not make sense is for SCOR to conduct a free ranging investigation of each of the 350 investors in Highfields prior to any ruling

---

[6] SCOR's purported need to "verify" the facts in Mr. Mazzella's affidavit is unsupported by any suggestion that these facts are inaccurate. Accordingly, SCOR should not be permitted to further expend time and resources verifying uncontested facts. *See, e.g., Poe v. Babcock Int'l PLC,* 662 F. Supp. 4, 7 (M.D. Pa. 1985) (holding that where one party presents affidavits containing sufficient facts to resolve jurisdictional questions, and the other party contests facts of affidavit with "mere speculation," that party's request to conduct further discovery on the facts contained in the affidavit "must be denied"); *see also Caribbean Broad Sys. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C. Cir. 1998) (denying jurisdictional discovery where "uncontested affidavit" contained sufficient facts to resolve jurisdictional dispute).

from the Court for the sole purpose of proving what is already known, that if the Court follows the weight of authority from outside this Circuit, at least one of the Plaintiffs is a foreign citizen (in addition to a U.S. citizen) for jurisdictional purposes.  Thus, because the further discovery SCOR wishes to pursue will likely have no utility whatsoever to the present case, the Court should stay all proceedings, including the further jurisdictional discovery proposed by SCOR, and the Court should instead resolve the Jurisdiction Motion on the present record.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant Plaintiffs' Cross-Motion, stay all discovery pending a ruling on the Jurisdiction Motion, and grant such other and further relief as is just and proper.

FOLEY HOAG LLP

/s/  *Patrick J. Vallely*
Lisa C. Wood, BBO # 543811
Kenneth S. Leonetti, BBO # 629515
Ian J. McLoughlin, BBO # 647203
Patrick J. Vallely, BBO # 663866
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000
e-mail - imclough@foleyhoag.com

Attorneys for Plaintiffs

July 7, 2006

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of July, 2006, a true copy of the above document was served by hand delivery upon Douglas H. Meal, the attorney of record for Defendant at Ropes & Gray LLP, One International Place, Boston, MA 02110-2624.

                                             /s/   *Patrick J. Vallely*
                                             Patrick J. Vallely, BBO # 663866

B3225147.4