UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


HIGHFIELDS CAPITAL, LTD.,            )
HIGHFIELDS CAPITAL I LP,             )
HIGHFIELDS CAPITAL II LP             )
        Plaintiffs,                  )    C. A. No. 04-10624-MLW
                                     )
        v.                           )
                                     )
SCOR, S.A.                           )
        Defendants                   )


                         MEMORANDUM AND ORDER

WOLF, D.J.                                           August 1, 2006

     On April 19, 2006, the plaintiffs filed a motion raising questions about whether this court has subject matter jurisdiction over this case. See Dkt. Nos. 51-52. Although they asked this court to affirm that it has subject matter jurisdiction, the plaintiffs candidly acknowledged that "the basis for federal subject matter jurisdiction over Plaintiff's claims may be questionable." Dkt. No. 52 at 1. Indeed, in a later sealed filing, the plaintiffs further stated that "this court likely lacks subject matter jurisdiction." Dkt. No. 69 at 4. The defendant opposed the motion, arguing that the plaintiff has not presented enough evidence to allow the court to affirm subject matter jurisdiction. In addition, it argued, the court cannot determine whether it has jurisdiction without having additional information "solely in the control of the Plaintiffs." As a result, it asked the court to stay all discovery in this case except discovery relating to the jurisdiction issue. Dkt. No. 56 at 7.

The defendant is correct that the current record is not sufficiently developed to allow this court to "affirm" subject matter jurisdiction. Nonetheless, it does not appear that additional discovery is necessary because the current record appears sufficient to demonstrate that this court lacks subject matter jurisdiction.

Since no federal question is at issue, this court can exercise subject matter jurisdiction only if there is complete diversity of citizenship. See 28 U.S.C. § 1332. There is complete diversity of citizenship if every plaintiff is a citizen of a different state than every defendant, Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1998), or if all parties on one side of the case are aliens, and no party on the other side is a citizen of a foreign country. Growth Fund v. Morgan Stanley & Co. Intern. Ltd., 1998 WL 375201, *2 (S.D.N.Y. July 2, 1998) (citing cases). However, if all the parties on one side are aliens, diversity jurisdiction is destroyed if any of the parties on the other side is a citizen of a foreign country. Id. Here, the parties agree that the defendant is an alien for diversity purposes. As a result, diversity of citizenship will exist only if none of the plaintiffs is a citizen of a foreign country. Id. Based on the current record, it appears that the parties are not completely diverse because at least two of the plaintiffs, Highfields Capital I LP and Highfields Capital II LP are citizens of Canada.

Since both Highfields Capital I LP and Highfields Capital II

LP are unincorporated limited partnerships, Mazzella Aff. (Dkt. No. 53) ¶3, they are citizens of every state in which one of their partners is a citizen. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); see also Consumers Savings Bank v. Touche Ross & Co., 613 F. Supp. 249, 251 (D. Mass. 1985). According to an affidavit submitted by the plaintiffs, the general partner of both companies is Highfields Associates LLC. Mazella Aff. ¶4. Highfields Associates LLC is also an unincorporated association and is therefore a citizen of every state in which one of its members is a citizen. Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 55 (1st Cir. 2006). One member of Highfields Associates LLC is a Canadian national residing in the United States on an H-1B visa. Mazella Aff. ¶4; Pl. Memo. re Motion to Affirm Jurisdiction (Dkt. No. 52) at 8.

This Canadian national's citizenship is determined by his domicile. A non-United States citizen cannot have a United States domicile unless he has obtained a visa allowing him permanent residence. See Krause v. Forex Exchange Market, Inc., 356 F. Supp. 2d 332, 337 (S.D.N.Y. 2005) ("only 'an alien admitted to the United States for permanent residence may be deemed a citizen of a state'"); Funygin v. Yukos Oil Co., 2005 WL 1840147, *1 (S.D.Tex. July 28, 2005); Abbott v. Good Sheperd Med. Ctr., 2004 WL 2847903, *3 (D. Ore. Dec. 9, 2004); Kato v. Cty. of Westchester, 927 F. Supp. 714, 716 (S.D.N.Y. 1996); Foy v. Schantz, Schatzman & Aaronson, 108 F.3d 1347, 1349 (11th Cir. 1997); see also 13B Moore's

Federal Practice & Procedure § 3604. Since the Canadian national in this case does not have a visa allowing him to be a permanent resident, he is a citizen of Canada, not the United States. See Funyqin, 2005 WL 1840147 at *1 (H-1B visa is a temporary non-immigrant visa).

Since this Canadian citizen is a member of Highfields Associates LLC, the LLC is also a citizen of Cananda. Pramco, LLC, 435 F.3d 55. Moreover, since the LLC is a partner in both Highfields Capital I LP and Highfields Capital II LP, both of these limited partnerships are also citizens of Canada. Carden, 494 U.S. at 187.

If, as appears, two of the three plaintiffs are citizens of Canada, and every defendant is also an alien, diversity of citizenship is destroyed. Thus, it appears that this court does not not have subject matter jurisdiction.

Defendant SCOR, S.A., has requested additional discovery to determine whether the court has subject matter jurisdiction. However, additional discovery would not be relevant unless it would reveal evidence tending to show that neither of the plaintiff partnerships is a citizen of Canada. The court questions whether, in view of the foregoing preliminary analysis, defendant would assert that additional discovery is necessary or appropriate.

If the court has no subject matter jurisdiction, the plaintiff has requested it to "refer" the case to the Massachusetts state courts using the procedure outlined in Pallazola v. Rucker, 621 F.

Supp. 764, 769-71 (D. Mass. 1985). In Pallazola, the court discovered that it lacked subject matter jurisdiction four and a half years after the lawsuit was filed. Id. at 769. Because the statute of limitations had run, the court realized that it faced a distressing and inequitable possibility": if it dismissed the suit, "it may never be heard on its merits." As a result, it searched for a procedure that would allow it to send the case to the state courts rather than dismiss it outright. Id. The court acknowledged that it had no jurisdiction to "transfer" the case because it lacked subject matter jurisdiction. Id. at 769-70. However, it reasoned that it could "refer" the case to state court – essentially draw the case to the state court's attention – and allow the state court to choose whether to accept jurisdiction. Id.

It is doubtful that this court has the authority to "refer" a case to the state court when it lacks subject matter jurisdiction. Ordinarily, once a court determines that it has no subject matter jurisdiction, "the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1244 (2006); Mills v. State of Maine, 118 F.3d 37, 51 (1st Cir. 1997). Moreover, as the plaintiffs acknowledge, no other court has used this procedure in the 20 years since Pallazola.

Nevertheless, even if it were sometimes appropriate to "refer" a case to the state court rather than dismiss it, doing so does not appear to be appropriate here. In Pallazola, the court was faced with the "distressing and inequitable possibility" that if it

dismissed the case, it "may never be heard on its merits." By contrast, the plaintiffs acknowledge that the state courts will hear this case if this court dismisses it without prejudice. Pl. Memo. (Dkt. No. 52) at 15. The plaintiffs argue that they may needlessly have to recommence discovery if the case is not "referred" to state court. However, the parties may move in state court for the authority to use the discovery obtained in this case, a request likely to be granted.

    Accordingly, it is hereby ORDERED that:

    1. Since it appears that this court has no subject matter jurisdiction over this case, it will be dismissed, without prejudice, on August 15, 2006, unless either party states with particularity good cause why further jurisdictional discovery should be conducted or provides persuasive authority that diversity of citizenship exists despite this court's tentative analysis.

    2. The previously-scheduled August 21, 2006 hearing is CANCELLED because no hearing is currently necessary.

    3. The parties' Assented-To Motion to Continue that hearing (Dkt. No. 85) is MOOT.

                                          /s/ MARK L. WOLF
                                          UNITED STATES DISTRICT JUDGE